ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 0 3 2006

at 2 o'clock and 08 min P M
SUE BEITIA, CLERK

DAPHNE E. BARBEE     2911
Attorney & Counselor at Law
Century Square, Suite 1909
1188 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 533-0275

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE,<br><br>        Plaintiff,<br><br>vs.<br><br>SIDNEY HAYAKAWA, Director of Transportation Security Administration - Honolulu, KEN KAMAHELE, Deputy Director, Transportation Security Administration–Honolulu; TRANSPORTATION SECURITY ADMINISTRATION; THOMAS J. RIDGE, Secretary, Department of Homeland Security, DEPARTMENT OF HOMELAND SECURITY; JOHN DOES 2-5,<br><br>        Defendants. | CIVIL NO. 04-00671 HG/LEK<br><br>PLAINTIFF'S REPLY TO FEDERAL DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL DISCOVERY AND FORMER DEFENDANT LOCKEED-MARTIN'S MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL DISCOVERY FILED 12/12/05; EXHIBITS 1-5; CERTIFICATE OF SERVICE<br><br>Hearing:   1-13-06<br>Time:       9:00 a.m.<br>Judge:     Leslie E. Kobayashi |

PLAINTIFF'S REPLY TO FEDERAL DEFENDANTS' MEMORANDUM
IN OPPOSITION TO MOTION TO COMPEL DISCOVERY AND
FORMER DEFENDANT LOCKHEED-MARTIN'S MEMORANDUM IN
OPPOSITION TO MOTION TO COMPEL DISCOVERY FILED 12/12/05

1. Preliminary Statement

Federal Defendants' preliminary statement presents incorrect facts. Plaintiff worked for Federal Defendants who failed to promote him from screening supervisor to manager,

and promoted non African American employees. Plaintiff filed EEO charges against defendant alleging race discrimination and retaliation. After filing EEO charges, Defendant, not Lockheed-Martin made Plaintiff undergo a recertification test. It is undisputed that Plaintiff passed the first two portions of this test, which was written and was objectively graded.

A third portion of the test was given by two unknown, unnamed men who prior to filing the instant Motion to Compel, had been identified as Lock heed Martin employees by Federal Defendant. See <u>Defendant's Answers to Plaintiff's Interrogatories, signed under penalty of perjury, identifying testers as employees of Lockheed Martin, Exhibit 1, verified by MR. Valasco, and sworn statement by TSA tester Mr. Byrne, page 2, Exhibit 2</u>. This third portion of the test was a subjective performance test.

Defendant told Plaintiff he failed the test. When plaintiff requested how and what manner he failed the test, he was not told. See <u>Exhibit 3, portion of the Investigative Report</u>.

Because Defendant swore under oath that Lockheed Martin employees gave plaintiff the third portion of the recertification test, Plaintiff amended his complaint to include Lockheed Martin and served a subpoena duces tecum upon Lockheed Martin for the test criteria and result. No motion to Quash was filed by either the Federal Defendant or Lockheed-Martin. After filing the Motion to Compel, Lockheed Martin stated it did not perform the tests and could not identify who tested Plaintiff or where the test results were. However, documents were turned over to Mr. Valasco, attorney for TSA, in California. Plaintiff still does not know what documents Lockheed Martin turned over to Mr. Valasco. These existing documents should be produced pursuant to the Subpoena Duces Tecum.

II.  Personnel Records and Files of Persons who were Given Promotions over Plaintiff are Relevant in Employment Discrimination Cases

Plaintiff requested personnel files of persons who were promoted by TSA over him when he applied for a promotion as screening manager in June 2003 and August 2003.

See Exhibit 4, Defendant's Response to Plaintiff's first Request for Production of Records, (No. 20 Personnel records and files of all employees who received a promotion to screening manager while Plaintiff was employed with defendant., No. 22 All documents, personnel records and data concerning person who were promoted to screening supervisors and screening manager during 2002-2004., No. 39. Personnel records and resumes of all employees selected to be screening manger in May 2003, August 2003 and September 2003." )

Pursuant to a telephonic meet-and-confer discussion, Defendant agreed to turn over the personnel files pursuant to a Protective Order. Plaintiff agreed to the Protective Order, and it was drafted and filed after being reviewed and signed by the judge. See Plaintiff's Exhibit "D". After reviewing the discovery submitted by Defendant, the personnel files and records of persons promoted over Plaintiff were not included.

In failure to promote cases, it is very relevant to review the personnel files and records of persons who were promoted over the plaintiff. See University of Pennsylvania v. E.E.O.C., 493 U.S. 182 (1990); Garrett v. City and County of San Francisco, 818 F. 2d 1515, 1519 (9th Cir. 1987). Defendant seeks a blanket exemption by merely stating these records are not relevant. It is not for Defendant to decide relevancy for discovery purposes. Under Rule 26 (b), discovery is liberal and the burden is on the party opposing discovery to explain why discovery should not be had. This is especially true in discrimination cases as "the imposition of unnecessary limitations on discovery is especially frowned upon in Title VII cases"Trevino v. Celanese Corp., 701 F. 3d 397, 406 (5th Cir. 1983). Plaintiff requests that this Court order Defendant to turn over the personnel files of the persons promoted over Plaintiff for review. Such files are relevant as

Defendant has stated its reason for denying promotion is that Plaintiff had complaints. Therefore, it is imperative that a comparative review of those promoted employees is made and this can only occur by seeing their files. The documents found in F-10 are insufficient as they do not contain personnel files of persons promoted and the information sought by Plaintiff.

III. Federal Defendants Should Turn Over Test Results and Name the Persons who Tested Plaintiff

      Defendant asserted in its Answer that Plaintiff was terminated because he failed the recertification test. Plaintiff asserts this is untrue as he passed the recertification test. It is undisputed Plaintiff passed two written tests given to him in November 2003. See Exhibit 2, Affidavit of Ken Byrns and Exhibit 3, Portion of Investigative Report. Defendant TSA, Sidney Hayakawa told Plaintiff he failed a portion of the test which was subjectively tested by two unnamed males. Plaintiff requested information as to how he failed this test. Defendant did not provide this information to Plaintiff. Given Plaintiff's history of filing EEO complaints on race discrimination and the fact that he was the only African American TSA screening supervisor and that he had trained many of the screeners who passed the recertification test, Plaintiff believes his termination was in retaliation for his prior EEO complaints and a subterfuge to eliminate him as a complaining whistle-blower.

    Federal Defendants now claim they do not have to produce this test nor indicate who performed the test. Defendants have already misled Plaintiff into believing the test was performed by Lockheed-Martin. See Exhibit 1, Sworn Answers to Interrogatories by Federal Defendants :
   ( No. 11. Identify the independent contractors who performed the recertification test in November 2003. Answer: (privilege asserted)... Defendant responds that Lockheed-Martin was the contractor that administered module 3 of the recertification process in November 2003.",No.13. Names, address and telephone numbers of persons who conducted screening certification test on Plaintiff in November 2003 at Honolulu Airport? Answer: (privileged

asserted SSI) Defendant responds that it believes that the individuals who administered module 3 of the Recertification process at Honolulu International Airport in November 2003 were either employees or contractors of Lockheed-Martin.", No. 14, What portion of the screening recertification test did Plaintiff fail? Answer: Defendant responds that according to the information provided by Lockheed-Martin, Plaintiff failed module 3 of the recertification process.")

Defendant TSA terminated Plaintiff based upon a test performed by these unnamed unknown testers. If Defendant is going to terminate Plaintiff based on test results, the testers should be identified and the results should be produced. Plaintiff specifically requested this discovery in Requests for Production of Documents and in Interrogatories and by subpoena duces tecum.

Defendant claims a privilege exists. Under Rule 26(b)(5)FRCP, :

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged .. The party shall make the claim expressly and shall describe the nature of documents, communications, or things not produced or disclose in a manner that without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privileged..,."

In the instant case, Defendant gave no description or even indicated it reviewed the test or testers data.

There is no statutory privilege relied upon by Defendant. The Constitution requires that even the Federal government must provide due process of law to its employees. See Fifth Amendment, United States Constitution. Due process of law requires notice and meaningful opportunity to rebut an allegation of wrongdoing. The regulation, 49 CFR part 1520 cited by Defendant has not been Constitutionality reviewed in Court before. It is a new regulation promulgated by the Dpt. of Homeland Security. A court in New York recently ruled regulations promulgated by the Department of Homeland Security TSA were unconstitutional. See Exhibit

5

5. The same is true for the regulations cited by Defendant in this instance.

Defendant should not be able to hide behind a cloak of secrecy by merely claiming SSI privilege. They have to establish these documents are SSI and the burden is on Defendant. In the instant case, Defendant presented no declaration or affidavit by Mr. Velasco or Mr. Michael Chertoff, head of the Department of Homeland Security, asserting that the test results were reviewed and considered privileged. This is a requirement prior to determining whether a document is privileged. See Ellsberg v. Mitchell, 709 F. 2d 51 (1983) and National Lawyers Guild v. Attorney General, 96 F.R.D.390 (1982). There is no assertion that the documents were reviewed by anyone in the Department of Homeland Security other than Defendant Sidney Hayakawa, who told Plaintiff he was fired because he did not pass the test. It is inconceivable that Defendant Department of Homeland Security does not have these test results, especially since people are fired based upon the test results. These test results should be produced and, at a minimum, the Court should be able to review the results to determine whether or not Defendants' assertion of privilege is bona fide. It should be noted that Department of Homeland Security TSA has consistently changed its testing procedures since 2003. There is no secret that needs to be hidden from view.

To rule the results are privilege would allow Federal Defendant employer unfettered discretion to terminate anyone by alleging a failed test and shield itself from verifying the test results. This is contrary to the purpose of Title VII, Civil Rights Act of 1964 and the United States Constitution. Therefore, it is requested that this Court order defendant to identify the testers, produce the test results and criteria for test grading for November 2003 or at a minimum, do an in camera inspection of the test and test results. Plaintiff has no objection to having the test

results sealed under a protective order, as long as it can be used in this case.

IV.     Documents by Lockheed-Martin

Plaintiff filed a Subpoena Duces Tecum on October 7, 2005 and served it upon Lockheed-Martin's attorney, who indicated he would be the custodian of records. It is undisputed from the correspondence that documents obtained by Lockheed-Martin were produced to Mr. Velasco in California, attorney for TSA, for review. Plaintiff requests this Court Order the Subpoena Duces Tecum be complied with. The Subpoena Duces Tecum was not quashed either by Federal Defendants or Lockheed-Martin. There can be no claim of privilege for these documents by the Federal government as the Federal government has stated under oath that Lockheed-Martin, a third party performed the tests. Therefore, any privilege has been waived.

V. Conclusion

For the above-stated reasons, Plaintiff requests that this Court grant its Motion to Compel Discovery and order the production of documents immediately.

DATED:  Honolulu, Hawaii, 1-3-06

DAPHNE E. BARBEE
Attorney for Plaintiff

7