Exhibit No. 1

In TSA Honolulu from 2002 to 2003, how many screeners were employed at HNL?

(a) Of these screeners, how many were managers?

(b) Of these screeners, how many were African-American?

(c) Of these African American screeners, how many were supervisors?

**ANSWER:** Defendant objects to this request on the grounds that it is vague, overbroad, unduly burdensome, and because it is not calculated to lead to the discovery of admissible evidence.

_____
Thomas A. Helper

Subject to and without waiving the foregoing objections, Defendant responds by referring Plaintiff to Exhibit G3 of the Report of Investigation, which was previously provided to Plaintiff.

11. Identify the independent contractors who performed the recertification test in November 2003.

**ANSWER:** Defendant objects to this request on the grounds that it is vague, overbroad, unduly burdensome, and because it is not calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it seeks Sensitive Security Information, the release of which to Plaintiff is not permitted under 49 C.F.R. §§ 1520.9 (2).

_____
Thomas A. Helper

Subject to and without waiving the foregoing objections, Defendant responds that Lockheed-Martin was the contractor that administered module 3 of the recertification process in November 2003.

12. Who contracted with Lockheed Martin to perform recertification testing on screeners in November 2003? Where is a copy of the contract located?

    **ANSWER:** Defendant objects to this request on the grounds that it is vague, overbroad, unduly burdensome, and because it is not calculated to lead to the discovery of admissible evidence.

    _____
    Thomas A. Helper

    Subject to and without waiving the foregoing objections, Defendant responds that TSA's contract with Lockheed-Martin was not limited to Honolulu International Airport but was nationwide in scope. Defendant further responds that management at Honolulu International Airport had no role in the contracting process.

13. Names, address and telephone numbers of persons who conducted screening certification test on Plaintiff in November 2003 at Honolulu Airport?

    **ANSWER:** Defendant objects to this request on the grounds that it is vague, overbroad, unduly burdensome, and because it is not calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it seeks Sensitive Security Information, the release of which to Plaintiff is not permitted under 49 C.F.R. §§ 1520.9 (2).

    _____
    Thomas A. Helper

    Subject to and without waiving the foregoing objections, Defendant responds that it believes that the individuals who administered module 3 of the recertification process at Honolulu International Airport in November 2003 were either employees or contractors of Lockheed-Martin.

5

14. What portion of the screening recertification test did Plaintiff fail?

    **ANSWER:** Defendant responds that according to the information provided by Lockheed-Martin, Plaintiff failed module 3 of the recertification process.

15. Describe in detail how Plaintiff failed the test?

    **ANSWER:** Defendant objects to this request on the grounds that it seeks Sensitive Security Information, the release of which to Plaintiff is not permitted under 49 C.F.R. §§ 1520.9 (2).

    _____
    Thomas A. Helper

    Subject to and without waiving the foregoing objection, Defendant responds that, according to information provided by Lockheed Martin, Plaintiff failed the sections of module 3 that required him to demonstrate proficiency in using the handheld metal detector, performing pat down procedures, and utilizing an ETD machine to screen bags.

16. How many other TSA screeners failed this portion of the test in November 2003?

    **ANSWER:** Defendant objects to this request on the grounds that it is vague.

    _____
    Thomas A. Helper

    Subject to and without waiving the foregoing objection, Defendant responds that two other Screeners failed module 3 of the recertification process in November 2003.

6

I, Jeffrey Velasco, I swear or affirm that the foregoing Responses are true and correct to the best of my knowledge based on information provided to me in the course of my official duties.

_[signature]_                                      Dated: 11/22/05

Jeffrey J. Velasco
Attorney-Advisor
Transportation Security Administration
San Francisco Mission Support Center
1001 Bayhill Drive, Second Floor
San Bruno, CA  94066
(650) 616-4361
(650) 616-4201 (fax)


As to form and objections only:

EDWARD H. KUBO, JR.
UNITED STATES ATTORNEY

By: _[signature]_
THOMAS A. HELPER
ASSISTANT UNITED STATES ATTORNEY