Exhibit No. 3

part three of the examination and was terminated in accordance with regulations. (Exhibits F-2, F-5)

**Kevin R. Byrnes** (White, no prior EEO), Training Coordinator, TSA, HNL, testifies that all screeners are required to undergo an Annual Proficiency Review or Re-certification in accordance with the Aviation and Transportation Security Law. The Re-certification is comprised of three mandatory modules: Job Knowledge, Image Proficiency and Practical Skills Demonstration. Kathleen Yee, another training coordinator, and he administered modules 1 and 2 to all screeners. TSA contractor Lockheed-Martin administered Module 3 to all screeners, including the complainant. The complainant passed modules 1 and 2, but he failed both the test and a re-take of the test for Module 3 administered by Lockheed-Martin. TSA Management Directive No. 1900.4 requires the removal of any screener who fails the re-certification examination. (Exhibit F-4)

**Ms. Abreu** testifies that all Supervisory Transportation Security Screeners assigned to HNL who failed the mandatory annual proficiency review for re-certification were removed from employment as required by regulations. (Exhibit F-3)

## V.     THE COMPLAINANT'S REBUTTAL:

The complainant rebuts the testimony of Mr. Hayakawa that he was given due process before he was terminated. He was not told what test he failed, why, of who failed him. Mr. Byrnes' statement was no more enlightening, as he merely reiterated what he was told by some unknown person. He attempts to rebut Mr. Kamahele's statement that he had recorded counseling regarding poor judgment and lack of basic screening knowledge. He does not have a disciplinary file and disciplinary problems were not the reason he was not rotated with other screeners. Documentation that was included in the "so-called" disciplinary file was prepared after he complained of discrimination. Noteworthy are the Inter-office memoranda by Leo Ventura dated September 15, 2003, and by Lizette Heneberg dated September 11, 2003. Both were prepared well after the fact, in Ms. Heneberg's case a year after they had worked together. (Exhibit F-6)

The complainant testifies that he was not a discipline problem or a poor performer. The one objective and timely document is his annual performance rating which was signed October 25, 2003. The performance evaluation shows outstanding performance as opposed to poor judgement. (Exhibit F-6)

## VI.    RESOLUTION REQUESTED (EXHIBIT F-1):

The complainant requests:

1. Restoration to employment as a Screening Manager with all lost pay and benefits.
2. Retroactive promotion to Screening Manager with pay effective back to June 2003 when new screening managers were hired.
3. Full seniority for future reduction-in-force.

6