Exhibit No. 4

2004V00291
EDWARD H. KUBO, JR.  (2499)
United States Attorney
District of Hawaii
THOMAS A. HELPER (5676)
Room 6-100, PJKK Federal Bldg.
Assistant U.S. Attorney
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE,<br><br>             Plaintiff,<br><br>     v.<br><br>SIDNEY HAYAKAWA, Director of Transportation Security Administration - Honolulu, KEN KAMAHELE, Deputy Director, TRANSPORTATION SECURITY ADMINISTRATION; THOMAS J. RIDGE, Secretary, Department of Homeland Security, DEPARTMENT OF HOMELAND SECURITY; JOHN DOES 1-5,<br><br>             Defendants. | CIVIL NO. 04-00671 HG LEK<br><br>DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS |

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

Comes now Federal Defendants and responding to Plaintiff's First Request for Production of Documents to Defendants as follows:

17. Congratulatory letters, memoranda, e-mails and announcements concerning Plaintiff's position, job performance, compensation changes and awards.

    Answer: Defendant objects to this request on the grounds that it is vague, overbroad, unduly burdensome, and because it is not calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, Defendant does not have any documents responsive to this request.

18. Plaintiff's job description.

    Answer: Enclosed is the listing of the duties and responsibilities of a Transportation Security Screener.

19. All documents, e-mail and interoffice memoranda pertaining to Plaintiff's EEO complaint for failure to promote to screening manager while working for Defendants.

    Answer: Defendant objects to this request on the grounds that it is vague, overbroad, unduly burdensome, and because it is not calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, the Defendant refers Plaintiff to Tab F-12 of the EEO Report of Investigation 7-03-7200.

20. Personnel records and files of all employees who received a promotion to screening manager while Plaintiff was employed with Defendants.

    Answer: Defendant objects to this request on the grounds that it is overbroad, vague and unduly burdensome. Defendant further objects to this request because it seeks information maintained in a system of records protected by the Privacy Act. Defendant also objects to this request on the grounds that it seeks information that is not calculated to lead to the discovery of admissible evidence.

21. All documents and records, formal or informal, and e-mail pertaining to Plaintiff's EEO complaint on August 19, 2003.

    Answer: Defendant objects to this request on the grounds that it is vague, overbroad, unduly burdensome, and because it is not calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, the Defendant refers Plaintiff to Tab F-12 of the EEO Report of Investigation 7-03-7200.

22. All documents, personnel records and data concerning persons who were promoted to screening supervisors and screening manager during 2002-2004.

    Answer: Defendant objects to this request on the grounds that it is overbroad, vague and unduly burdensome. Defendant further objects to this request because it seeks information maintained in a system of records protected by the Privacy Act. Defendant also objects to this request on the grounds that it seeks information that is not calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to Tab F-10 of the EEO Report of Investigation 7-03-7200.

23. All documents, formal or informal, and e-mail concerning Plaintiff's EEO complaint dated September 8, 2003.

    Answer: Defendant objects to this request on the grounds that it is vague, overbroad, unduly burdensome, and because it is not calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, the Defendant refers Plaintiff to Tab F-12 of the EEO Report of Investigation 7-03-7200.

24. All documents, formal or informal, and e-mail concerning Plaintiff's amended EEO complaint on September 5, 2003.

    Answer: Defendant objects to this request on the grounds that it is vague, overbroad, unduly burdensome, and because it is not calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, the Defendant refers Plaintiff to Tab F-12 of EEO Report of Investigation 7-03-7200.

37. All documents concerning prior complaints of discrimination and retaliation at TSA Honolulu.

    Answer: Defendant objects to this request on the grounds that it is overbroad, vague and unduly burdensome. Defendant further objects to this request because it seeks information maintained in a system of records protected by the Privacy Act. Defendant also objects to this request on the grounds that it seeks information that is not calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant responds that there has been no judiciary or administrative findings that TSA Honolulu has engaged in unlawful discrimination.

38. All documents reflecting the criteria and evaluations and decision making used to select employees promoted to the position of screening manager in May 2003, August 2003 and September 2003.

    Answer: Defendant objects to this request on the grounds that it is overbroad, vague and unduly burdensome. Defendant further objects to this request because it seeks information maintained in a system of records protected by the Privacy Act. Defendant also objects to this request on the grounds that it seeks information that is not calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to Tabs, F8, F9, and F10 of Report of Investigation 7-03-7200.

39. Personnel records and resumes of all employees selected to be screening manager in May 2003, August 2003 and September 2003.

    Answer: Defendant objects to this request on the grounds that it is overbroad, vague and unduly burdensome. Defendant further objects to this request because it seeks information maintained in a system of records protected by the Privacy Act. Defendant also objects to this request on the grounds that it seeks information that is not calculated to lead to the discovery of admissible evidence.

DATED: April 22, 2005, at Honolulu, Hawaii.

>EDWARD H. KUBO, JR.
>United States Attorney
>District of Hawaii
>
>By /s/
>THOMAS A. HELPER
>Assistant U.S. Attorney
>
>Attorneys for Federal
>Defendants