Exhibit No. 5

# Homeland Security Dept. Loses Fight on Labor Rules

### By ROBERT PEAR

WASHINGTON, Aug. 13 — A federal court has struck down personnel rules adopted by the Department of Homeland Security, saying they violate the rights and protections given to employees by Congress.

In a ruling on Friday night, Judge Rosemary M. Collyer of Federal District Court said the rules did not "ensure collective bargaining" as required by the law that created the department. The rules were to take effect on Monday.

Employee rights were a huge political issue in debates over creation of the department, which consolidated 22 federal agencies with nearly 180,000 employees in an effort to prevent terrorist attacks in the United States.

Judge Collyer, who was appointed by President Bush, said the 2002 law gave federal officials "extraordinary authority" to develop a personnel system without regard to many of the constraints normally imposed by Civil Service laws. But, she said, the Bush administration exceeded even the "broad authority" granted by Congress.

"Significant aspects of the human resources system fail to conform to the express dictates of the Homeland Security Act," Judge Collyer wrote.

The decision applies just to the Homeland Security Department. But it has broader implications because the White House has described the rules there as a model for changes it would like to make at other federal agencies, including the Defense Department.

Joseph W. LoBue, a Justice Department lawyer who worked on the case, refused to say whether the government would appeal the decision. "We don't have any comment," said Mr. LoBue, who was reached at his office on Saturday. "We are reviewing it."

Under the personnel rules, Judge Collyer said, "the Department of Homeland Security may be required to bargain in good faith," but "there is no effective way to hold it to that bargain." Under such circumstances, she said, "a deal is not a deal, a contract is not a contract, and the process of collective bargaining is a nullity."

In other words, Judge Collyer said, "collective bargaining would be on quicksand" because the department could unilaterally "absolve itself of contract obligations" while employees and their unions would be bound by those agreements.

"The Department of Homeland Security has reserved for itself the right to declare any part of any collective bargaining agreement null and void" by issuing directives or taking "whatever other actions may be necessary to carry out the department's mission," she said.

The rules, issued in February by the Department of Homeland Security and the federal Office of Personnel Management, said the agency needed "flexibility to carry out its vital mission." Homeland security officials "must be able to make split-second decisions to deal with operational realities," the department said.

Judge Collyer also criticized procedures adopted by the Bush administration to dismiss, demote and discipline employees of the Department of Homeland Security.

These rules, she said, do not provide "fair treatment" or "due process" for employees who appeal disciplinary actions.

The lawsuit was filed in January by the National Treasury Employees Union, the American Federation of Government Employees and several other unions. Together, they represent 60,000 career employees of the Homeland Security Department, including customs and border protection officers, immigration officers

## A federal judge says employees' rights and protections had not been ensured.

and agricultural inspectors.

Judge Collyer has experience in labor law. President Ronald Reagan appointed her general counsel of the National Labor Relations Board, a position she held from 1984 to 1989. The procedures at the Homeland Security Department, she said, do not meet any definition of collective bargaining.

"Collective bargaining," she said, "has at least one irreducible minimum that is missing" at the department: a binding contract.

"A system of 'collective bargaining' that permits the unilateral repudiation of agreements by one party is not collective bargaining at all," she said.

Colleen M. Kelley, president of the treasury employees union, described the ruling as "a victory for the rights of employees in all federal agencies."

She predicted that it would "reverberate through the entire federal employee community, inasmuch as the administration has proposed extending the department's personnel model" to other agencies.

