IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE,<br><br>            Plaintiff,<br><br>       vs.<br><br>SIDNEY HAYAKAWA, Director of Transportation Security Administration - Honolulu, KEN KAMAHELE, Deputy Director, Transportation Security Administration–Honolulu; TRANSPORTATION SECURITY ADMINISTRATION; THOMAS J. RIDGE, Secretary, Department of Homeland Security, DEPARTMENT OF HOMELAND SECURITY; JOHN DOES 2-5,<br><br>            Defendants. | CIVIL NO. 04-00671 HG/LEK<br><br>**DECLARATION OF COUNSEL; EXHIBITS "1" "2" & "3"** |

## DECLARATION OF COUNSEL

DAPHNE E. BARBEE hereby declares under penalty of perjury as follows:

1. She is the attorney representing Plaintiff RAYMOND WARE.

2. Plaintiff filed the instant Complaint alleging race discrimination in Defendants' failure to promote him from screening supervisor to screening manager on two occasions, and retaliation when Defendants terminated Plaintiff after filing his EEO complaint.

3. Plaintiff was a screening supervisor at TSA, Honolulu Airport from August 2002 - November 26, 2003.

4. Prior to his termination, Plaintiff passed all certification exams and, in fact, was the person who trained and certified many other screeners. His work evaluations were excellent.

5. Plaintiff is African-American.

6. In August 2003, Plaintiff filed an informal EEO complaint alleging race discrimination. He applied for promotion from screening supervisor to screening manager and was not selected by then TSA Director, SIDNEY HAYAKAWA and Deputy Director KEN KAMAHELE.

7. After filing his EEO complaint, Plaintiff was denied other promotion opportunities to become a screening manager in August 2003. Less qualified non-African-Americans were promoted to screening manager by Defendants.

8. Plaintiff filed another EEO complaint in September 2003 alleging race and retaliation discrimination by Defendants.

9. In November 2003, Plaintiff was requested by Defendants to undergo recertification training by unknown testers.

10. On or about November 6, 2003, Plaintiff was given a recertification test by an unknown person. Plaintiff passed the written exam.

11. After taking the recertification test, Plaintiff was informed that he failed the third portion of the test. The third portion of the test was a practical test and there were no objective criteria or standards showing in what manner Plaintiff failed this test.

12. Plaintiff believes he passed the test.

2

13. Plaintiff was given another recertification test on November 7, 2003. Defendants informed Plaintiff that he failed the recertification test.

14. Plaintiff has requested a copy of the grading criteria and the manner in which he allegedly failed the third portion of the test from Defendants.

15. Defendants have refused to provide this information claiming it is Sensitive security information (SSI) under 49 C.F.R. Sec. 1520.5.

16. Plaintiff previously filed a Motion To Compel which was denied without prejudice to allow the parties to see if this matter can be resolved. The original Motion To Compel was heard on January 13, 2006.

17. Plaintiff and Defendants have met by telephone and Defendants have submitted the attached documents. (See Exhibit "1".)

18. Plaintiff informed Defendants that the attached documents were insufficient to comply with Rule 26 discovery rule and the United States Constitution allowing parties due process in trials and Title VII which provides relief for persons who are victims of race discrimination and retaliation discrimination. (See Exhibit "2".)

19. After discussion by telephone, Defendants informed Plaintiff's counsel they would not provide any further information as this was "SSI privileged."

20. Plaintiff specifically requests the identities of who the testers were of the Plaintiff, objective criteria for grading the tests, whether the testers were certified by TSA as testers, and the complete results of Plaintiff's tests.

21. Looking at the documents which were provided by TSA, the test description is blacked out. For example, on page 1, it indicates that in 6.a. through 6.d., there is

3

"Yes" and "No, "Yes" and "No." (<u>See</u> Exhibit "1".) However, the specific test procedure is blacked out. In Section 6, it says "screens" (blacked out) "using correct procedure completes" (blacked out) and then "Does not meet standards." In 7.c. and 7.d. it says, "Pat down front, pat down front" (blanked out) and section says "No". It is unknown what "No" means. Does "No" mean Plaintiff passed or that he did not pass? There is also an entry for entering comments. The additional comments have been blacked out. Line i. says, "Does proper actions with respect to prohibitive item found," and "No," which means that he passed this section. Section J says, "Does not effectively explain regulations to passenger when prohibited it," with "No" which means that he passed this section.

22.  On the November 6 test at 12:00 a.m., Plaintiff received a score of 9, then the test description in Section 4, is completely blacked out, states "Does not meet standards" three times at to lines 4, 6 and 7. It is unknown what test procedures 4, 6 and 7 are. In items 9.a. through 9.c. there is "No," "No," "Yes." These test procedures are completely blacked out. These are just some examples of the inadequate response from TSA concerning the test results thereby depriving Plaintiff of due process. See <u>Exhibit 1</u>.

23. Defendant presented a summarized list of documents it has reviewed. See <u>Exhibit 2</u>. Plaintiff requests copies of un redacted the "Practical evaluation Checklists" (12 pages) and "Electronic Checklist" (10 pages) from the summarized list.

24.  Plaintiff states that said information is discoverable under 49 C.F.R. 1520.11 **"Persons with a need to Know**... (5) When the person needs the information to represent a covered person in connection with any judicial or administrative proceeding regarding those

4

requirements". Plaintiff is a covered person and in a judicial proceeding regarding the requirements. See 49 C.F.R. Sec. 1520.7 (k) (a person formerly employed by DHS)

25. Defendant's reliance on SSI privilege is inapplicable to this case, unconstitutional, contrary to statutory law enacted by Congress (Title VII Civil Rights Act) and should be voided as to this case in particular, an employee suing an employer based upon race and retaliation discrimination.

26. Plaintiff requests that this Court order Defendant TSA to turn over completely all of Plaintiff's test results as to the third portion of the recertification test in 2003. Plaintiff has no objection to this Court ordering a protection order or reviewing said documents in camera. Plaintiff specifically requests that the documents be turned over either to the Court or to Plaintiff so that a complete record can be made in this case.

27. Attached hereto as Exhibit "1" are true and correct copies of the documents produced by Defendants to Plaintiff.

28. Attached hereto as Exhibit "2" are true and correct copies of the document list reviewed by Defendant TSA.

29. Attached hereto as Exhibit "3 is a true and correct copy of a letter written to Defendants concerning the requested discovery

FURTHER DECLARANT SAYETH NAUGHT.

DAPHNE E. BARBEE
Attorney at Law

5