IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE, | CIVIL NO. 04-00671 HG/LEK |
| Plaintiff, | **MEMORANDUM OF LAW** |
| vs. | |
| SIDNEY HAYAKAWA, Director of Transportation Security Administration - Honolulu, KEN KAMAHELE, Deputy Director, Transportation Security Administration–Honolulu; TRANSPORTATION SECURITY ADMINISTRATION; THOMAS J. RIDGE, Secretary, Department of Homeland Security, DEPARTMENT OF HOMELAND SECURITY; JOHN DOES 2-5, | |
| Defendants. | |

## MEMORANDUM OF LAW

Defendants argue they do not have to provide Plaintiff's test results from the recertification test in 2003 because it is security sensitive information (SSI). Yet, they use these same test results to fire Plaintiff after he complained of race discrimination. Defendants rely on a recently drafted regulation by Department of Homeland Security, which has not been subjected to constitutional scrutiny. Additionally, the SSI privilege claimed by Defendant has exceptions. One exception which applies is 49 C.F.R. 1520.11 **"Persons with a need to Know**... (5) When the person needs the information to represent a covered person in connection with any judicial or administrative proceeding regarding those requirements". Plaintiff is a covered person and in a judicial proceeding regarding the requirements. See 49 C.F.R. Sec. 1520.7 (k) (a covered person

is a person formerly employed by DHS) Therefore, discovery should be granted as Plaintiff, a covered persons is in a judicial proceeding regarding the requirements.

Under Title VII, in employment, race and retaliation cases, the plaintiff is entitled to full discovery, which includes discovery about the defendant's defenses. In this case, Defendant alleged that Plaintiff was fired because he allegedly failed a test. Plaintiff is entitled to request and receive information pertinent to this test and his alleged failure of it. See Rule 26 FRCP allowing liberal discovery for relevant information.

Employment tests have been struck down in courts for not being related to employment and discriminatory. See Albermarle Paper Co. v. Moody, 422 U.S. 405 (1975).

In Albermarle v. Moody, the Court referred to EEOC guidelines, 29 C.F.R. Sec.1607 in finding an employment test was invalid. The Court stated: "The message of these Guidelines is the same as that of the *Griggs* case —— that discriminatory tests are impermissible unless shown, by professionally acceptable methods, to be "predictive of or significantly correlated with important elements of work behavior which comprise or are relevant to the job or jobs for which candidates are being evaluated." 29 C. F. R. Sec. 1607.4 (c). See also Pettway v. Am.Cast Iron Pipe Co., 494 F.2d 211 (5th Cir. 1974) where the court ruled that the employer did not attempt to validate is tests under the EEOC guidelines, and therefore invalid. The Court followed Griggs v. Duke Power Co., 401 U.S. 424(1971) by ruling that Title VII proscribes not only overt discrimination but also practices that are fair in form, but discriminatory in operation."

In 1991, the Civil Rights Act was amended by Congress to include employment tests which cause disparate impacts as an unlawful practice. See 42 U.S.C. Sec. 20003-2(k)(1)(A)(i): (A)n employment test that causes a disparate impact is unlawful unless the employer can persuade

the court that the test is "job related for the position in question and consistent with business necessity". If the employer is shielded from disclosing the test, then the employee will never be able to prove the test is not related to the positions, consistent with business necessity and discriminatory. Employment tests must be validated, according to the Uniform Guidelines on Employee Selection Procedures, 29 C.F.R. Sec. 1607.16(f). When an employer never reveals its test results and objective criteria for passing the test, it can not be validated. See also Kirkenburg v. Albertson's Inc, 143 F 3d 1228, 12343, 1239 (9th Cir. 1998) (Court invalidated test which had discriminatory effect on disabled persons).

The Courts have found regulations to be unconstitutional. See Woodford v. Cmty. Action of Greene County, 268 F.3d 51, 57 (2nd Cir 2001) (regulation pertaining to Family Medical Leave Act is struck down as invalid) and Bell v. Reno, 218 F. 3d 218 (2nd Cir. 2000) (regulation pertaining to Immigration Act is struck down as invalid).

In general, Court have held regulations to be invalid by applying the two part test laid out in Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984), for review of administrative regulations. The Chevron test requires a court first to ask "whether Congress has directly spoken to the precise question at issue." Id. at 842. If congressional intent is clear, then the regulation may not contradict it. Id. at 842-43. However, if "the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." Id. at 843.

In the instant case, the Homeland Security Act of 2002 is silent as to the specific issue of an employee obtaining test results after being terminated for failing a test. When a regulation contravenes statutory law which has been passed by Congress and contravenes the United States Constitution, that regulation cannot and should not be used to prohibit a plaintiff-employee from

receiving his fair day in court. In the instant case, the regulation cited by Defendant's contradicts the expressed intent of Congress in enacting Title VII, Civil Rights Act and amending the Act to include employer testing. 42 U.S.C.2000e-2 adding subsection on the prohibition against discriminatory use of test scores, and the express purpose of prohibiting employment discrimination. See Albermarle Paper Co. v. Moody, 422 U.S. 405, 418-419 (1975).

In the instant case, there is no excuse for Defendants not providing Plaintiff with the information sought. There is no issue of national security as this test is no longer in use. The test has not been validated. Furthermore, weighing the regulations against the United States Constitution and Title VII requirements mandates discovery of the test results and objective criteria to grade the test in this case. The purpose of Title VII cases is to make sure that employers do not violate peoples' civil rights in employment and Defendant TSA is not excluded from its requirements. Defendant TSA's refusal to provide Plaintiff with his test results is an additional violation of his Constitutional and civil rights as a citizen in the United States. Defendant TSA should not be insulated from all discrimination cases merely by claiming an employee failed a test without disclosing the test, the test results, objective grading criteria and showing that the test is related to the job and consistent with business necessity.

### CONCLUSION

Plaintiff requests this Court grant his Second Motion To Compel against Defendant TSA and order Defendant TSA to produce the test results unredacted and listed items in Exhibit 2, immediately.

DATED: Honolulu, Hawaii, 3-20-06

DAPHNE E. BARBEE, Attorney for Plaintiff

-4-