EDWARD H. KUBO, JR.  (2499)
United States Attorney
District of Hawaii

THOMAS A. HELPER (5676)
Room 6-100, PJKK Federal Bldg.
Assistant U.S. Attorney
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG LEK |
| | ) | |
| Plaintiff, | ) | FEDERAL DEFENDANTS' OPPOSITION |
| | ) | TO PLAINTIFF'S SECOND MOTION |
| v. | ) | TO COMPEL DISCOVERY; |
| | ) | CERTIFICATE OF SERVICE |
| SIDNEY HAYAKAWA, Director of | ) | |
| Transportation Security | ) | |
| Administration - Honolulu, | ) | |
| KEN KAMAHELE, Deputy | ) | |
| Director, TRANSPORTATION | ) | |
| SECURITY ADMINISTRATION; | ) | DATE:  May 15, 2006 |
| MICHAEL CHERTOFF, Secretary, | ) | TIME:  9:30 |
| Department of Homeland | ) | JUDGE: Leslie E. Kobayashi |
| Security, DEPARTMENT OF | ) | |
| HOMELAND SECURITY; JOHN DOES | ) | |
| 1-5, | ) | |
| Defendants. | ) | |
| _____ | ) | |

FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFF'S
SECOND MOTION TO COMPEL DISCOVERY

I.   INTRODUCTION

    Plaintiff, a former screener for the Transportation Security

Administration (TSA), was terminated for failing a

recertification test of his screening skills administered by a

TSA contractor. He now seeks to compel TSA to release the test, despite TSA's determination, pursuant to law, that the information is Sensitive Security Information (SSI) which cannot be produced in the circumstances present here.

The court should deny plaintiff's motion to compel on two grounds. First, the court lacks jurisdiction over the motion because the SSI regulations place exclusive jurisdiction over SSI determinations in the courts of appeal. Second, even if the court did have jurisdiction, production wold be unwarranted because defendant relied on a third party's administration of the test in determining that plaintiff had failed recertification.

Plaintiff contends that defendant's proffered reason for terminating from his employment as a security screener – the fact that a contractor, Lockheed Martin, informed defendant that plaintiff had failed a required recertification test – was in fact a pretext for discrimination.

II. LEGAL STANDARDS

    A.   The Relevant Statutes

In order to improve the security of the nation's aviation system following September 11, 2001, Congress passed the Aviation and Transportation Security Act ("ATSA"), by which it created TSA and charged it with oversight of the nation's aviation security system. See Pub. L. No. 107-71, § 101, 115 Stat. 597, 597-604 (2001). Subsequently, Congress transferred TSA to the newly

created United States Department of Homeland Security ("DHS"), whose primary mission is to "prevent terrorist attacks within the United States, . . . [and] reduce the vulnerability of the United States to terrorism."  Homeland Security Act of 2002, Pub. L. 107-296, § 101(6)(1), 116 Stat. 2135, 2142 (2002).  As part of ATSA, and again under the Homeland Security Act, Congress directed TSA, as it had previously directed the Federal Aviation Administration (FAA), to prohibit disclosure of sensitive information regarding transportation security.  Specifically, Congress directed the Under Secretary of Transportation for Security, now the Assistant Secretary for TSA, to "prescribe regulations prohibiting the disclosure of information obtained or developed in carrying out [civil aviation] security ... if the Under Secretary decides that disclosing the information would ... be detrimental to the security of transportation."

    B.  <u>The Relevant Regulations</u>

In accordance with its statutory mandate, TSA adopted regulations regarding the protection of SSI, which largely recodified prior SSI regulations issued by the FAA.  49 C.F.R. Part 1520; 67 Fed. Reg. 8340, 8342-43 (Feb. 22, 2002), as amended 68 Fed. Reg. 28066 (June 17, 2004).  Under TSA's regulations, SSI is "information obtained or developed in the conduct of security activities . . . which TSA has determined would . . . be detrimental to the security of transportation."  49 C.F.R. §

1520.5(a)(3).

In its regulations, TSA established a non-exhaustive list of information that constitutes SSI. See 49 C.F.R. § 1520.5(b). The regulatory definition of SSI also includes general categories of sensitive information relating to civil aviation security, which may be contained in documents generated by the aviation industry as well as by DOT or DHS. See id. § 1520.5(4) (performance specifications for explosive or incendiary devices or substances); id. § 1520.5(5) (vulnerability assessments directed, approved by, or provided to DOT or DHS); id. § 1520.5(6) (details of any security inspection or investigative information); id. § 1520.5(8) (specific details of transportation security measures). SSI is explicitly defined to include information regarding screener testing. Id. § 1520.5(9). SSI also includes "[a]ny information not otherwise described in [§ 1520.5) that TSA determines is SSI under 49 U.S.C. § 114(s)." 49 C.F.R. § 1520.5(16). Thus, information that is not specifically identified in the regulations may be considered SSI if, in TSA's judgment, its disclosure would be detrimental to the security of transportation. 49 U.S.C. § 114(s)(I)(c); 49 C.F.R. § 1520.5(a).

TSA's regulations restrict disclosure of SSI to those persons with a regulatory need to know the information. 49 C.F.R. §§ 1520.7, 1520.11. A private citizen has a need to know SSI when the person needs the specific information: (1) to carry

4

out government-approved, - accepted, -funded, -recommended, or -directed security activities, including trainees, supervisors, and managers; (2) to advise covered persons, including airport operators, air carriers or their employees, regarding federal security requirements; or (3) to represent covered persons, including airport operators, air carriers or their employees, in judicial or administrative proceedings regarding federal security requirements.  Id. § 1520.11(a).  Members of the public, however, including civil litigants and their attorneys, do not come within the regulatory need-to-know category and therefore are barred from gaining access to SSI.  Id. §§ 1520.7, 1520.11.

For covered persons, including private parties, who are authorized to have access to SSI, the regulations impose an express duty to protect the information.  49 C.F.R. § 1520.9. Specifically, the regulations require that such persons must "take reasonable steps to safeguard SSI . . . from unauthorized disclosure, . . . and refer requests by other persons for SSI to TSA."  Id. § 1520.9(a).  Violation of these and additional non-disclosure requirements "is grounds for a civil penalty and other enforcement or corrective action."  Id. at § 1520.17.

    C.   The Role of the Federal Courts.

Congress has vested exclusive jurisdiction in the United States Courts of Appeals to review TSA's final security decisions regarding the disclosure of SSI.  Under 49 U.S.C. § 46110, in

5

pertinent part:

> a person disclosing a substantial interest in an order issued by .. . the Under Secretary of Transportation for Security with respect to security duties and powers designated to be carried out by the Undersecretary ... in whole or in part under this part, Part B, or subsection (1) or (s) of section 114 may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business.

49 U.S.C. § 46110(a). The courts of appeals, in turn, have "<u>exclusive</u> jurisdiction to affirm, amend, modify, or set aside any part of the order." 49 U.S.C. § 46110(c) (emphasis added). <u>See</u> <u>Suburban O'Hare Comm'n v. Dole</u>, 787 F.2d 186, 192-93 (7th Cir. 1986) (predecessor statute to 49 U.S.C. § 46110 "dictates broad construction" of what constitutes an order); <u>Sima Products Corp. v. McLucas</u>, 612 F.2d 309, 312-14 (7th Cir. 1980) (same); <u>see also</u> <u>Public Citizen v. FAA</u>, 988 F.2d 186, 196-98 (D.C. Cir. 1993).

    TSA's SSI determinations are among the security duties and powers designated to be carried out by the agency under 49 U.S.C. § 114(s), among other statutes, and are therefore subject to Section 46110(a). Indeed, Congress recently amended Section 46110(a) to make clear that it applies to orders issued pursuant to 49 U.S.C. § 114(s), the primary source of TSA's authority to prohibit disclosure of SSI. <u>See</u> Pub. L. No. 108-176, § 228, 117

Stat. 2490, 2532 (2003).  See Suburban O'Hare, 787 F.2d at 193 ("since the FAA chose to rely on [the predecessor statute to 49 U.S.C. § 46110], petitioners are effectively foreclosed from pursuing their claims in the district court").

### III. APPLICATION OF LAW TO PLAINTIFF'S CURRENT REQUEST

#### A. Facts

Here, TSA has considered and rendered an opinion on plaintiff's request for SSI materials.  See Exhibit A (April 25, 2006 decisions from TSA).  As is apparent from a review of those decisions, TSA performed a line-by-line analysis of plaintiff's discovery requests, and released substantial portions of the testing materials that it determined to not to be SSI.  For the redacted portions of the documents, TSA cited the applicable portion of the regulations which bars disclosure.

#### B. The Court Lacks Jurisdiction Over the Motion to Compel Release of SSI

As noted above, the Ninth Circuit has exclusive jurisdiction to review TSA's decision.  Accordingly, the court should deny the motion to compel.

#### C. The Materials Are Not Relevant to This Litigation.

The details of how plaintiff failed the recertification tests are not in fact relevant.  Defendant did not administer the test, it only received the results from a third party, and then terminated plaintiff on the basis of that information.  Plaintiff can inquire as to whether the third party really did inform

defendant that plaintiff had failed, or whether defendant treated other persons who failed the test differently. The details of how the third party determined that plaintiff failed the test simply are not relevant to plaintiff's claims. Accordingly, the court should reject plaintiff's motion to compel production of SSI materials.

IV. CONCLUSION

For the foregoing reasons, the court should deny plaintiff's motion to compel.

DATED: April 27, 2006, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

/s/ Thomas A. Helper

By _____
THOMAS A. HELPER
Assistant U.S. Attorney

Attorneys for Federal Defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the methods of service noted below, a true and correct copy of the foregoing document was served on the following at their last known address:

Served by First Class Mail:

    Daphne Barbee, Esq.        April 27, 2006
    1188 Bishop Street, Suite 1909
    Honolulu, HI 96813

    Attorney for Plaintiff

DATED: April 27, 2006, at Honolulu, Hawaii.

                                            /s/ Myra Y. Peterson
                                            _____