DAPHNE E. BARBEE        2911
Attorney & Counselor at Law
Century Square, Suite 1909
1188 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 533-0275

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE, | CIVIL NO. 04-00671 HG/LEK |
| Plaintiff, | **PLAINTIFF'S REPLY MEMORANDUM TO FEDERAL DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY; DECLARATION OF COUNSEL; EXHIBITS "4" & "5"; "CERTIFICATE OF SERVICE** |
| vs. | |
| SIDNEY HAYAKAWA, Director of Transportation Security Administration - Honolulu, KEN KAMAHELE, Deputy Director, Transportation Security Administration–Honolulu; TRANSPORTATION SECURITY ADMINISTRATION; THOMAS J. RIDGE, Secretary, Department of Homeland Security, DEPARTMENT OF HOMELAND SECURITY; JOHN DOES 2-5, | |
| | DATE:   May 15, 2006 |
| | TIME:   9:30 a.m. |
| | JUDGE:  Mag. Leslie E. Kobayashi |
| Defendants. | |

**PLAINTIFF'S REPLY MEMORANDUM IN
OPPOSITION TO FEDERAL DEFENDANTS' OPPOSITION
TO PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY**

Plaintiff RAYMOND WARE and Plaintiff's counsel take offense at Defendant TRANSPORTATION SECURITY ADMINISTRATION's (hereinafter "TSA") determination that the test results are confidential because the "disclosure of even small pieces of seemingly

innocuous information can be used by terrorists, .... If access in civil litigation is provided, the number of persons with access to SSI necessarily multiplies with each new lawsuit filed. ... TSA also cannot rule out the possibility that terrorists might seek access to SSI by filing frivolous lawsuits and pursuing discovery, or that civil litigants might disclose SSI to terrorists." See Exhibit "A" at pages 2, 4 and 5, attached to Defendants' Memorandum In Opposition to Plaintiff's Motion To Compel. Plaintiff is an American citizen who passed FBI tests and was a former police officer. There is no need to infer he brought this lawsuit in an effort to assist "terrorists." He brought this lawsuit to ensure discrimination on the basis of race is prohibited in employment.

Defendants ignore the U.S. Constitution and statutory provisions of Title VII which are the law of the land, and of a higher authority than regulations propounded by the newly created Department of Homeland Security. None of the cases cited by Defendants address whether an agency regulation can overrule the U.S. Constitution and Congressionally approved anti-discrimination laws and Civil Procedure rules on discovery (FRCP 26).

Defendants' Memorandum failed to explain why 49 C.F.R.1520.11 does not apply since the instant case is "a judicial proceeding regarding those requirements (federal security)." This is a Title VII case wherein Plaintiff alleges he was wrongfully terminated on the basis of race. Defendant claims that the reason fro Plaintiff's termination was that he failed a test. Plaintiff disagrees and states Defendant's reason is pretextual. The test results have not been presented to him for verification. Indeed, Defendant TSA claims not to know who tested Plaintiff and, therefore, <u>cannot</u> validate the test as is required under 29 C.F.R. § 1607.

a) **Jurisdiction.** This court has jurisdiction as this case is filed pursuant to Title VII, 42 U.S.C. § 2000 et seq. which authorizes jurisdiction in the U.S. District Court where the termination occurred. Termination occurred in Honolulu, Hawaii. Plaintiff alleges Defendant TSA discriminated by failing to promote him on several occasions and by terminating him after he filed EEO discrimination complaints about the failure to promote.

b) **Facts.** In this case, Defendant TSA no longer uses the re-certification test performed upon Plaintiff due to the heavy criticism it encountered from screeners, and the unusual high failure rate. See Exhibit "4" attached. Therefore, to say national security could be jeopardized with the release of the test results is absurd. Additionally, this Court can order the results under seal and a protection order for which Plaintiff has no objection to.

c) **Relevance.** Defendants terminated Plaintiff on the grounds that he failed a re-certification test. The definition of relevance under Rule 401, Federal Rules of Evidence, "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of action more probable or less probable than it would be without the evidence."

Defendants raised Plaintiff's alleged failure to pass the re-certification test in their answer. See Exhibit "5", portions of Defendant's Answer attached. To argue that the test results are irrelevant is disingenuous. When an employer fires an employee for a specific reason, i.e. failure of a test, that reason is subject to scrutiny and, indeed, the reason for contested legal recourse. Defendants present no case authorities to support their argument that the test results are "irrelevant." Defendants hired a third party to give tests for airport screeners, and have an obligation to ensure the test and testers perform the tests in a fair and non-discriminatory manner,

especially when an employee's continued ability to work depends on the test outcome. See Albermarle Paper Co v. Moody, 422 U.S. 405 (1975); Griggs v. Duke Power Co., 401 U.S. 424 (1971); and 42 U.S.C. § 20003-2(k)(1)(A)(i). Under Executive Order 11478, discrimination federal employment is prohibited, including discriminatory testing. 3 C.F.R. Codified Presidential Proclamations and Executive Orders, p. 73-75. The newly drafted regulations by the Dpt. of Homeland Security do not nullify these Presidential Executive Orders, precedential case law of the U.S. Supreme Court nor Title VII, the Civil Rights Act of 1964 as amended and to the extent these new regulations are contrary to law, they should be deemed unconstitutional and void as applied in this case and other cases involving employment discrimination based upon test results.

## CONCLUSION

For the above reasons and authorities, this Court should grant Plaintiff's Motion To Compel and order disclosures immediately.

DATED: Honolulu, Hawaii, 5-4-06.

_____
DAPHNE E. BARBEE
Attorney for Plaintiff