DAPHNE E. BARBEE        2911
Attorney & Counselor at Law
Century Square, Suite 1909
1188 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 533-0275

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 0 8 2006

2 o'clock and 23 min. M
SUE BEITIA, CLERK

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG/LEK |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S SUPPLEMENTAL** |
| | ) | **AUTHORITY IN SUPPORT OF** |
| vs. | ) | **PLAINTIFF'S SECOND MOTION TO** |
| | ) | **COMPEL DISCOVERY;  EXHIBITS "8"-** |
| SIDNEY HAYAKAWA, Director of | ) | **"10"; CERTIFICATE OF SERVICE** |
| Transportation Security Administration - | ) | |
| Honolulu, KEN KAMAHELE, Deputy | ) | |
| Director, Transportation Security | ) | |
| Administration–Honolulu; | ) | |
| TRANSPORTATION SECURITY | ) | **DATE:      May 15, 2006** |
| ADMINISTRATION; THOMAS J. | ) | |
| RIDGE, Secretary, Department of | ) | **TIME:      9:30 a.m.** |
| Homeland Security, DEPARTMENT OF | ) | |
| HOMELAND SECURITY; JOHN DOES | ) | **JUDGE:    Mag. Leslie E. Kobayashi** |
| 2-5, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S SUPPLEMENTAL AUTHORITIES IN SUPPORT OF
## PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY

Plaintiff RAYMOND WARE by and through his Attorney Daphne E. Barbee and

submits the following supplemental authorities in support of Plaintiff's Second Motion to Compel

Discovery:

**Exhibit 8**: Government Accountability Office Audit, evaluation and investigative arm of Congress Report concerning TSA, "Clear Policies and Oversight Needed for Designation of Sensitive Security Information" dated June 29,2005.  GAO Findings conclude TSA does not have adequate guidance, procedures, policies and internal controls on  criteria for determining what constitutes SSI , training for persons making SSI decisions and internal controls to ensure SSI designation process is consistently applied.

**Exhibit 9**: In Re September 11 Litigation (S.D.N.Y. 2006)(March 31, 2006).  This order concerns defendant TSA's assertion that deponents did not have to answer questions in pretrial depositions concerning matters they felt were SSI.  The Court ruled the depositions should proceed with complete answers, and then later, if TSA attorneys concluded the answers contained SSI, that portion of the deposition would be redacted and sent to the Court of Appeals for a decision.  This way, court can proceed.    As stated by the Court "...creation of the TSA did not divest the District Courts of their inherent authority to regulate pre-trial  and trial procedures in cases over which they preside and to create a proper record of these proceedings for appellate review of their final and in some cases, interlocutory orders." Id. page 13.

**Exhbit10:** Washington Post article demonstrating the changes in TSA screening in 2005 allowing sharp objects such as scissors and changes in the screening standards.

DATED:  Honolulu, Hawaii, _____5-8-06_____.

DAPHNE E. BARBEE
Attorney for Plaintiff