IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SIDNEY HAYAKAWA, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY

Before the Court is Plaintiff Raymond Ware's ("Plaintiff") Second Motion to Compel Discovery ("Motion"), filed March 20, 2006. Defendants Sidney A. Hayakawa, Director of Transportation Security Administration – Honolulu ("TSA – Honolulu"), Ken Kamahele, Deputy Director of TSA – Honolulu, the TSA, Thomas J. Ridge, Secretary of the Department of Homeland Security ("DHS"), and the DHS (collectively "Defendants") filed their opposition on April 27, 2006. Plaintiff filed his reply on May 4, 2006 and supplemental authorities in support of the Motion on May 8, 2006. This matter came on for hearing on May 15, 2006. Daphne Barbee, Esq., appeared on behalf of Plaintiff, who was also present, and Assistant United States Attorney Thomas Helper appeared on behalf of Defendants. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

Plaintiff was a Checkpoint Screening Supervisor with TSA – Honolulu from May 2002 until his termination on November 25, 2003. Plaintiff is an African-American and alleges that Defendants treated him differently from non-African-Americans in similar positions. He claims that Defendants did not assign Plaintiff as a rotating screening manager from October 2002 to February 2003 and did not give him training, while non-African American screening supervisors were given those opportunities. Further, in May and August 2003, Plaintiff applied for promotions to the position of screening manager. Both times, Defendants denied Plaintiff the promotion and gave the position to a non-African-American. [First Amended Complaint at 5-6.]

In May 2003, Plaintiff filed an informal complaint with TSA, alleging that Defendants discriminated against him by failing to promote him and denying him the rotating manager assignments. On August 19, 2003, Plaintiff filed a formal discrimination complaint, which he later amended to add a retaliation claim. Plaintiff was subsequently required to undergo a recertification test. Plaintiff did not pass the test, and was terminated on November 25, 2003. Plaintiff asked to see his test results, but Defendants refused, claiming it was privileged. Plaintiff believes that he was terminated in

retaliation for his discrimination complaints. [Id. at 5-7.] Plaintiff initiated the instant Title VII action on November 12, 2004 and filed his First Amended Complaint on July 26, 2005.

During discovery, Plaintiff sought copies of his recertification tests and other information related to the testing. Defendants refused to produce the requested discovery, citing the sensitive security information ("SSI") privilege. On December 12, 2005, Plaintiff filed a motion to compel this and other discovery. Following the January 13, 2006 hearing, Defendants produced redacted documents and an index of the documents that they redacted or withheld based on privilege.

Plaintiff filed the instant Motion on March 20, 2006. Plaintiff seeks an order compelling Defendants to disclose: the identities of the persons who administered Plaintiff's recertification tests; the objective criteria for evaluating the tests; whether the test administrators were certified by the TSA; and the complete results of Plaintiff's tests. [Motion, Decl. of Counsel at ¶ 20.] Plaintiff also seeks an order compelling Defendants to produce unredacted versions of the "Practical Evaluation Checklists" and "Plaintiff's Electronic Checklist" noted on their privilege log. [Id. at ¶ 23.] Plaintiff argues that the SSI privilege is inapplicable because it does not apply under the facts of this case and, even assuming *arguendo* that the privilege were applicable, the TSA regulations establishing the

3

privilege are unconstitutional and contrary to Title VII.

On April 25, 2006, TSA issued two administrative orders regarding the production of documents responsive to discovery in the instant case ("TSA Orders"). The first order addressed Plaintiff's requests for access to documents ("TSA Order I"). It noted that SSI is at issue in dozens of civil lawsuits at any given time and in each there is at least one party or attorney who requests access to SSI. TSA believes that granting access to all such persons would exponentially increase the danger of inadvertent or intentional release of SSI or other misuse. For example, terrorists could file a frivolous lawsuit to obtain SSI in discovery. TSA therefore denies all requests for SSI by civil litigants who do not have a need to know SSI independent of the litigation. The second order addressed documents that Defendants produced to TSA before giving them to Plaintiff in response to discovery ("TSA Order II"). TSA stated that it performed line-by-line reviews of the documents and redacted any SSI material, paying particular attention to identifying older information that was no longer protected.

Defendants filed their opposition to the Motion on April 27, 2006. They argue that the Court should deny the Motion because the United States Courts of Appeals have exclusive jurisdiction to review the TSA Orders. [Mem. in Opp. at 5-7 (citing 49 U.S.C. § 46110).] In the alternative, Defendants

4

argue that the testing information Plaintiff seeks is either irrelevant or of such marginal relevance that its value is outweighed by the national interest in protecting SSI. [Id. at 7-8.]

Plaintiff filed his reply on May 4, 2006, reiterating the points raised in the Motion. Plaintiff also states that he takes offense to the implication in TSA Order I that he brought the instant suit to assist terrorists. He emphasizes that he is an American citizen and a former police officer. [Reply at 1-2.]

## DISCUSSION

TSA regulations define SSI as

> information obtained or developed in the conduct of security activities . . . the disclosure of which TSA has determined would –
> . . . .
> (3) Be detrimental to the security of transportation.

49 C.F.R. § 1520.5(a); see also 49 U.S.C. § 114(s)(1) (authorizing TSA to promulgate regulations). Expressly included in the list of information constituting SSI is security screening information, such as "[a]ny procedures, including selection criteria and any comments, instructions, and implementing guidance pertaining thereto, for screening of persons, accessible property, checked baggage, U.S. mail, stores, and cargo, that is conducted by the Federal government or any other authorized person[,]" and "[a]ny security screener test and scores of such tests." § 1520.5(b)(9)(i), (iv). Only covered persons who have

a need to know SSI, or persons who have written authorization from TSA, may be given access to SSI. See 49 C.F.R. § 1520.9(a)(2); see also 49 C.F.R. § 1520.7 (defining covered persons). TSA regulations establish that:

> A person has a need to know SSI in each of the following circumstances:
> (1) When the person requires access to specific SSI to carry out transportation security activities approved, accepted, funded, recommended, or directed by DHS or DOT.
> (2) When the person is in training to carry out transportation security activities approved, accepted, funded, recommended, or directed by DHS or DOT.
> (3) When the information is necessary for the person to supervise or otherwise manage individuals carrying out transportation security activities approved, accepted, funded, recommended, or directed by the DHS or DOT.
> (4) When the person needs the information to provide technical or legal advice to a covered person regarding transportation security requirements of Federal law.
> (5) When the person needs the information to represent a covered person in connection with any judicial or administrative proceeding regarding those requirements.

49 C.F.R. § 1520.11(a).

TSA has determined that: 1) the discovery Plaintiff seeks is SSI; and 2) Plaintiff is not entitled to access to SSI. Plaintiff argues that these determinations are erroneous and that this Court should rule that the TSA regulations are unconstitutional and contrary to Title VII. Defendants argue that Plaintiff must appeal the TSA Orders to the Ninth Circuit

pursuant to 49 U.S.C. § 46110. That section provides, in pertinent part:

> [A] person disclosing a substantial interest in an order issued by the Secretary of Transportation (or the Under Secretary of Transportation for Security with respect to security duties and powers designated to be carried out by the Under Secretary or the Administrator of the Federal Aviation Administration with respect to aviation duties and powers designated to be carried out by the Administrator) in whole or in part under this part, part B, or subsection (l) or (s) of section 114 may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business. . . .

49 U.S.C. § 46110(a). The applicable court of appeals has the exclusive jurisdiction to "affirm, amend, modify, or set aside any part of" a subsection (a) order. § 46110(c); see also Americopters, LLC v. Fed. Aviation Admin., 441 F.3d 726, 735 (9th Cir. 2006). The district courts may have residual jurisdiction over certain types of challenges that do not fall within the scope of § 46110(c), such as a claim for damages. See Americopters, 441 F.3d at 735. Insofar as Plaintiff seeks access to the documents and information deemed SSI in the TSA Orders, he seeks to amend, modify, or set aside all or part of the TSA Orders. Thus, if the TSA Orders constitute final orders for purposes of § 46110, Plaintiff must avail himself of the § 46110 remedy.

The Ninth Circuit broadly construes the term "order" in § 46110 and emphasizes the finality of the administrative determination.  See Gilmore v. Gonzales, 435 F.3d 1125, 1132 (9th Cir. 2006).

> "Order" carries a note of finality, and applies to any agency decision which imposes an obligation, denies a right, or fixes some legal relationship. In other words, if the order provides a "definitive" statement of the agency's position, has a "direct and immediate" effect on the day-to-day business of the party asserting wrongdoing, and envisions "immediate compliance with its terms," the order has sufficient finality to warrant the appeal offered by section [46110].

Id. (quoting Crist v. Leippe, 138 F.3d 801, 804 (9th Cir. 1998)) (some citations omitted) (alteration in original).  In the present case, the TSA Orders deem materials SSI and deny Plaintiff access to those materials.  The TSA Orders are definitive statements of TSA's position and they have a direct and immediate effect on Plaintiff.  The TSA Orders also envisioned that Defendants would immediately comply with their terms by withholding the requested discovery from Plaintiff.  This Court therefore finds that the TSA Orders are final orders for purposes of § 46110.

Plaintiff's argues that the recertification test that he took is no longer in use, and therefore is no longer SSI. Further, even assuming *arguendo* that the test is SSI, he is a person with a need to know under § 1520.11(a)(5).  These arguments are direct challenges to the merits of the TSA Orders

and this Court lacks jurisdiction to rule upon them. First, TSA Order II acknowledged that, "only if a security countermeasure is obsolete, in that it will not be revived and therefore reveals nothing about current or future security countermeasures, or if security intelligence is overtaken by events, will information lose its SSI protection and be released publicly." [TSA Order II at 2.] TSA further stated that when it reviewed the proposed discovery in this case, it paid particular attention to identifying information that no longer needed SSI protection. [Id. at 1.] Thus, TSA has determined that the information it instructed Defendants to withhold is not obsolete. Second, TSA stated that it denies SSI access to all civil litigants and their counsel unless they otherwise have a need to know. [TSA Order I at 5.] This constitutes a ruling that civil litigants do not have a need to know under § 1520.11(a)(5).

Plaintiff also argues that, regardless of his available § 46110(c) remedy, this Court has jurisdiction to determine whether the TSA regulations are unconstitutional and contrary to Title VII. District courts have jurisdiction to hear broad constitutional challenges to § 46110 orders under certain circumstances.

> The question presented is whether Plaintiffs'
> claims are "inescapably intertwined" with a review
> of the procedures and merits surrounding the
> [orders], or raise broad constitutional challenges
> which do not require a review of the procedures
> and merits of the [orders] themselves. Crist, 138

>F.3d at 803; Mace [v. Skinner], 34 F.3d [854,] 858 [(9th Cir. 1994)].  If the challenge is inescapably intertwined with a review of the procedures and merits surrounding the [orders], jurisdiction is solely with the courts of appeal. Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 975 (9th Cir. 1994); Tur v. Fed. Aviation Admin., 104 F.3d 290, 291-92 (9th Cir. 1997).  On the other hand, if the claims raise broad constitutional challenges that are not inescapably intertwined with the [orders], this Court would have jurisdiction to consider the issues raised notwithstanding the fact that they constitute orders within the meaning of § 46110.  Crist, 138 F.3d at 803.

Green v. Transp. Sec. Admin., 351 F. Supp. 2d 1119, 1125-26 (W.D. Wash. 2005).  In the present case, Plaintiff argues that Defendants' failure to promote him and their ultimate decision to terminate him were acts of racial discrimination and retaliation.  He contends that Defendants' claim that TSA – Honolulu terminated because he failed his recertification test is pretextual.  Plaintiff argues that the TSA regulations are unconstitutional and contrary to Title VII because Defendants are using the SSI privilege to conceal their discriminatory actions.  At the hearing on the Motion, Plaintiff's counsel argued that the TSA regulations are unconstitutional as applied to Plaintiff.  Thus, Plaintiff's constitutional challenge is "inescapably intertwined" with a review of the TSA Orders.  This Court therefore finds that it does not have jurisdiction to consider Plaintiff's argument that the TSA regulations are unconstitutional and contrary to Title VII.  Plaintiff must bring the aforementioned challenges to

the TSA Orders before the Ninth Circuit.[1]

In so ruling, this Court acknowledges Plaintiff's position that the discovery he seeks is critical to his prosecution of this action.  Thus, seeking review of the TSA Orders before the Ninth Circuit will undoubtedly delay the instant case and cause prejudice to Plaintiff.  This Court shares Plaintiff's hope that the Ninth Circuit will resolve a petition to review the TSA Orders in an expeditious manner,[2] which will minimize the prejudice to Plaintiff.

Finally, Plaintiff asks this Court to order Defendants to submit the unredacted discovery materials to this Court under seal so that they may be available to the Ninth Circuit.  The Court finds that this is unnecessary.  Plaintiffs must file a petition for review of TSA Orders before the Ninth Circuit.  Thus, the record on appeal is the TSA's administrative record, not the record of the proceedings in this district.  See §

---

[1] Plaintiff may petition for review before the Court of Appeals for the District of Columbia Circuit, but Plaintiff has expressed an intent to file any petition for review of the TSA Orders before the Ninth Circuit.

[2] Plaintiff has expressed concern over the fact that the Ninth Circuit apparently does not have established procedures for reviewing TSA SSI orders because the TSA regulations are "brand new".  This Court, however, notes that, while Congress recently amended § 46110 to apply to § 114(s) orders, the § 46110 review mechanism itself is not new.  The Ninth Circuit has dealt with numerous § 46110 petitions for review of orders by the Federal Aviation Administration.  See, e.g., Americopters, 441 F.3d 726; Safari Aviation Inc. v. Garvey, 300 F.3d 1144 (9th Cir. 2002).

46110(b) ("The Secretary, Under Secretary, or Administrator shall file with the court a record of any proceeding in which the order was issued, as provided in section 2112 of title 28."); see also Gilmore, 435 F.3d at 1133 ("The existence of a reviewable administrative record is the determinative element in defining an FAA decision as an 'order' for purposes of Section [46110]." (citation and quotation marks omitted) (alteration in original)). The administrative record of the TSA Orders includes the unredacted documents. See TSA Order II at 1 (stating that counsel for Defendants "forwarded to TSA's SSI Office 21 pages of documents . . . for review and final SSI determination"). This Court therefore denies Plaintiff's request for an order requiring Defendants to submit the unredacted discovery documents to this Court under seal.

## **CONCLUSION**

On the basis of the foregoing, Plaintiff's Second Motion to Compel Discovery, filed March 20, 2006, is HEREBY DENIED.

IT IS SO ORDERED.

DATED at Honolulu, Hawai`i, May 19, 2006.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**RAYMOND WARE V. SIDNEY HAYAKAWA, ET AL.; CIVIL NO. 04-00671 HG-LEK; ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY**