DAPHNE E. BARBEE   2911
Attorney & Counselor at Law
Century Square, Suite 1909
1188 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 533-0275
Attorney for Plaintiff Raymond Ware

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 3 0 2006

at 8 o'clock and 30 min. A M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

RAYMOND WARE,                                         )   CIVIL NO. 04-00671 HG LEK
                                                      )
            Plaintiff,                                )   PLAINTIFF'S STATEMENT ON
                                                      )   APPEAL OF NON-DISPOSITIVE
    vs.                                               )   MAGISTRATE JUDGE'S ORDER
                                                      )   DENYING PLAINTIFF'S SECOND
SIDNEY HAYAKAWA, Director of                          )   MOTION TO COMPEL DISCOVERY
Transportation Security                               )   DATED 5-20-06; **EXH. 1**;
Administration - Honolulu, KEN                        )   DEFENDANT'S ORDER DENYING
KAMAHELE, Deputy Director,                            )   PLAINTIFF'S REQUEST FOR
Transportation Security                               )   INFORMATION ; **EXH. 2**,
Administration–Honolulu;                              )   PLAINTIFF'S SECOND MOTION TO
TRANSPORTATION SECURITY                               )   COMPEL DISCOVERY AND
ADMINISTRATION; THOMAS J.                             )   ATTACHED EXHIBITS 1-9; **EXH. 3**,
RIDGE, Secretary, DEPARTMENT                          )   PLAINTIFF'S REPLY
OF HOMELAND SECURITY;                                 )   MEMORANDUM IN OPPOSITION TO
JOHN DOES 1-5,                                        )   FEDERAL DEFENDANTS'S
                                                      )   OPPOSITION TO PLAINTIFF'S
            Defendant.                                )   SECOND MOTION TO COMPEL
                                                      )   DISCOVERY; **EXH. 4**, PLAINTIFF'S
                                                          SUPPLEMENTAL AUTHORITIES IN
                                                          SUPPORT OF PLAINTIFF'S SECOND
                                                          MOTION TO COMPEL DISCOVERY;
                                                          **EXH. 5**; CERTIFICATE OF SERVICE

                                                          Judge:   The Honorable Helen Gillmor

1

PLAINTIFF'S APPEAL OF NON-DISPOSITIVE MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY DATED MAY 20, 2006

Comes now, Plaintiff Raymond Ware, by and through his attorney, Daphne E. Barbee, and appeals the non-dispositive Order denying Plaintiff's Second Motion to Compel Discovery filed May 20, 2006. This appeal is made pursuant to LR74.1 and 28 U.S.C. Sec.636(b)(1)(A).

The basis for appeal is set forth in the attached Statement on Appeal, and Exhibits, FRCP 26, the records and files in this case, and such further matters as may be presented to this Court at a hearing on said appeal.

Dated: Honolulu, HI   5-30-06

_____
DAPHNE E. BARBEE
ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE,<br><br>   Plaintiff,<br><br>vs.<br><br>SIDNEY HAYAKAWA, Director of Transportation Security Administration - Honolulu, KEN KAMAHELE, Deputy Director, Transportation Security Administration–Honolulu; TRANSPORTATION SECURITY ADMINISTRATION; THOMAS J. RIDGE, Secretary, DEPARTMENT OF HOMELAND SECURITY; JOHN DOES 1-5,<br><br>   Defendant. | CIVIL NO. 04-00671 HG LEK<br><br>PLAINTIFF'S STATEMENT ON APPEAL OF NON-DISPOSITIVE MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY DATED 5-20-06; **EXH. 1**; DEFENDANT'S ORDER DENYING PLAINTIFF'S REQUEST FOR INFORMATION ; **EXH. 2**, PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY AND ATTACHED EXHIBITS 1-9; **EXH. 3**, PLAINTIFF'S REPLY MEMORANDUM IN OPPOSITION TO FEDERAL DEFENDANTS'S OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY; **EXH. 4**, PLAINTIFF'S SUPPLEMENTAL AUTHORITIES IN SUPPORT OF PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY; **EXH. 5**; CERTIFICATE OF SERVICE |

Judge:   The Honorable Helen Gillmor

## PLAINTIFF'S STATEMENT ON APPEAL

Plaintiff appeals the Magistrate Judge's Non Dispositive Order denying Plaintiff's Second Motion to Compel Discovery dated May 20, 2006 on the grounds

that the Order is contrary to law and clearly erroneous. The Order denying said Motion is attached as **Exh. 1.**

## I. FACTS

Plaintiff filed a Title VII race and retaliation discrimination lawsuit against Defendants TSA when he was not promoted, filed an EEO charge for race discrimination and then was terminated after filing his EEO charge.

Plaintiff worked as a screening supervisor at the Honolulu Airport from August 2002-November 2003. He applied for promotions to screening manager several times and was turned down. In August 2003 Plaintiff filed a EEO charge of discrimination against Defendants. On November 4, 2003, while Plaintiff's EEO charge was pending investigation, Defendants ordered Plaintiff to take a re-certification test. He passed the objective written portion of the test but was told by Federal Defendants that he failed the subjective third portion of the test.

When plaintiff requested how and what manner he failed the test, he was not told. When he asked to see the test results, he was denied. When he asked for the criteria for test grades, he was denied.

It is undisputed that Plaintiff passed the first two portions of this test, which was written and was objectively graded. The third portion of the test was given by two unknown, unnamed men who prior to filing the instant Motion to Compel, had

been identified as Lock heed Martin employees by Federal Defendant. See <u>Defendant's Answers to Plaintiff's Interrogatories, signed under penalty of perjury, identifying testers as employees of Lockheed Martin, Exhibit 1, verified by Mr. Valasco, and sworn statement by TSA tester Mr. Byrne, page 2, Exhibit 2</u>. This third portion of the test was subjectively graded.

After Plaintiff filed his first Motion to Compel Discovery, Lockheed Martin stated it did not perform the tests and could not identify who tested Plaintiff or where the test results were. However, Lockheed Martin turned over documents to Mr. Valasco, attorney for Defendant TSA, in California. Defendant TSA refused to provide Plaintiff with the test results claiming the results are SSI.

Given Plaintiff's history of filing EEO complaints on race discrimination and the fact that he was the only African American TSA screening supervisor and that he had trained many of the screeners who passed the recertification test, Plaintiff believes his termination was in retaliation for his prior EEO complaints and a subterfuge to eliminate him as a complaining whistle-blower.

Defendant TSA terminated Plaintiff based upon a recertification test performed by unnamed unknown testers.

Plaintiff requested as discovery pursuant to Rule 26 FRCP the identification

of testers and an uredacted copy of the test results and standards, test criteria for grading. See <u>Exhib. 3,4 & 5 attached and previously filed Motion to Compel in the records.</u>

At the first Motion to Compel Discovery, the Magistrate Judge ordered defendants to produce an index of documents it claimed was privileged and submit these documents to Plaintiff. Pursuant to this Order, Defendant submitted "test result documents" to Plaintiff which are blacked out and undecipherable. See <u>Exhibit 1 attached to Plaintiff's Second Motion to Compel</u> and <u>Exhibit 2</u>. The blacked out test results is incomplete discovery. For instance, there is no criteria indicating what no, and yes means, and what the specific test procedures and standards were in most of the testing. Defendant TSA, issued an Order dated 4-25-06, signed by Andrew Cosly, Director fo SSI Office, refusing to turn over additional documents as "the withheld information is SSI pursuant to 49 U.S. C. Sec. 114(s) and 49 C.F.R. Part 1520. See <u>Exhibit 2.</u>

Therefore, Plaintiff filed a Second Motion to Compel Discovery requesting unredacted test results and standards and criteria for grading, and identity of the testers.

## II. ARGUMENT

**THE MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S**

6

## SECOND MOTION TO COMPEL WAS ERRONEOUS.

The United States Constitution requires that the Federal government must provide due process of law to its employees. See Fifth Amendment, United States Constitution. Weahkee v. Norton, 621 F. 2d 1080 (10th Cir. 1980). Due process of law requires notice and meaningful opportunity to bring a dispute to court with full discovery.

Rule 26 FRCP provides for liberal discovery in civil trials. The purpose of liberal discovery in civil litigation is to afford "wide access to relevant facts as this serves the integrity and fairness of the judicial process by applauding the search for the truth." Shoen v. Shoen, 5 F. 3d 1282, 1292 (9th Cir. 1993); Rule 26 FRCP. Under Rule 26(b)(1) a party can discover any non privileged information relevant to the claims or defenses of any other party. In the instant case the requested discovery goes directly to part of defendant's defense- ie. it terminated Plaintiff because he failed a recertification test. As defendant has presented these reasons to explain plaintiff's termination, plaintiff is entitled to seek discovery on these reasons. Courts have held that "' the imposition of unnecessary limitations on discovery is especially to be avoided in Title VII cases, "because the nature of the proof required to demonstrate unlawful discrimination may often be indirect or circumstantial" Miles v. Boeing,Co., 154 F. R.D. 117,119 (E.D. Pa. 1994); Trevino

v. Celanese Corp, 701 F. 2d 397, 405 (5th Cir. 1983)(the imposition of limitations on discovery is especially frowned upon in Title VII cases); Sweat v.Miller Brewing Co., 708 F. 2d 655, 658 (11th Cir. 1983); Diaz vs. American Telegraph, .752 F 2d 1356. 1362-63 (9th Cir. 1985); Sigmon v. Parker, Chapin, Flatlau & Klimpl, 901 F. Supp. 667 (S.D.N.Y. 1995); Quarantino v.Tiffany & Co., 71 F. 3d 58 (2nd Cir. 1995), Denardo v. Clarence House Imports, 870 F. Supp. 227 (N.D. Ill. 1994)

Title VII of the Civil Rights Act prohibits discrimination in employment and provides for civil enforcement legal action. See 42 U.S.C. Sec. 2000 et seq. Employment tests which are discriminatory are included as an unlawful employment practice in 42 U.S.C. Sec. 20003-2(k)(1)(A)(i) and is an unlawful practice. See Albermarle Paper Co. v. Moody, 422 U.S. 405 (1975); Kirkenburg v.Albertson's Inc., 143 F.2d 1228 (9th Cir. 1998) (Courts invalidate test which has discriminatory effect). Furthermore, under the Uniform Guidelines on Employee Selection Procedures, 29 C.F.R. Sec. 1607.16 (f), employment tests must be validated and job related. When an employer is allowed to never reveal its employment test results, the test can not be validated and therefore the law can be violated without impunity.

Balancing the Civil Rights Act under Title VII, the large volume of case law on discovery under Title VII, the Rules of Discovery in Federal Court which provide for liberal discovery, and the Rules and regulations pertaining to

8

discrimination and employer testing, the newly promulgated rules of Defendant TSA, does not hold weight and flies in the face of legal precedent and the United States Constitution. Thus, the U.S. Magistrate Judge clearly erred when she ruled in favor of the Federal Employer TSA's claim that they did not have to turn over for discovery, the test results and criteria used as a basis for terminating Plaintiff until and unless the Ninth Circuit reverses the agency Order.

The Magistrate Judge ruled that the only recourse Plaintiff has in obtaining the test results to determine if he did indeed fail and if the test was validated, is by filing an Agency Appeal with the Ninth Circuit. However, the District Court can rule that a regulation is unconstitutional and retain jurisdiction. See In Re: September 11 Litigation, Exhibit 9 to Plaintiff's Supplemental Memorandum. Plaintiff urges this Court to do so, considering that Defendant raises as its defense, Plaintiff failed the test.

Regulation, 49 C.F.R. part 1520 cited by Defendant has not passed Constitutionality scrutiny in Court before. It is a new regulation promulgated by the Dpt. of Homeland Security. The Courts are the protectors and interpreters of the Constitution and serve as a check and balance on Federal Agency decisions and regulations. See Chevron U.S.A. Inc. v. Natural Resources Defense Counsil, Inc., 467 U.S. 837 (1984); Bell v.Reno, 218 F. 3d 218 (2nd Cir. 2000)(Court struck

down regulation of Immigration Act).

Defendant should not be able to hide behind a cloak of secrecy by merely claiming SSI privilege. These test results should be produced and, at a minimum, the Court should be able to review the results to determine whether or not Defendants' assertion of privilege is bona fide.

Not providing Plaintiff with the complete test results permits the Federal Defendant employer an automatic defense when it terminates an airport screener for allegedly failing a recertification test without any verification. This is contrary to the purpose of Title VII, Civil Rights Act of 1964 and the United States Constitution. Therefore, it is requested that this Court order defendant to identify the testers, produce the test results and criteria for test grading for November 2003 or at a minimum, do an in camera inspection of the test and test results. See Nixon v.Sirica, 487 F. 2d 700 (D.C.Cir. 1973). Plaintiff has no objection to having the test results sealed under a protective order, as long as it can be used in this case.

The requested discovery goes directly to part of defendant's defense- ie. it terminated Plaintiff because he failed a recertification test. As defendant has presented these reasons to explain plaintiff's termination, plaintiff is entitled to seek discovery on these reasons. . In the instant case, discovery of the test results could lead to information that may refute defendant's defense that Plaintiff failed the test.

Thus, the Magistrate Judge was clearly erroneous in denying this discovery request.

Under Rule 26(b)(1) a party can discover any non privileged information relevant to the claims or defenses of any other party. In the instant case, plaintiff seeks discovery relevant to defendant's defense. Only defendant has the information requested. Without the requested discovery, plaintiff is at a disadvantage to show that defendant's reason for his termination were pretextual. Thus, Plaintiff is prejudiced by the Order denying his second Motion to compel discovery.

### III. CONCLUSION.

Plaintiff respectfully requests that this Court reverse the decision by the Magistrate Judge denying Plaintiff's Second Motion to Compel and order that the full underacted test results and identity of testers and standards for the test be provided to Plaintiff, or that they be provided to the Court for an in camera inspection.

DATED: Honolulu, Hawaii, 5-30-06

DAPHNE E. BARBEE
Attorney for Plaintiff