# EXHIBIT No. 2

Transportation
Security
Administration

## Final Order on Request for Conditional Disclosure of SSI
in Documents Responsive to Discovery in *Ware v. Hayakawa*, Civ. No. 04-00671 (D. Haw.)

I.  **Request for Conditional Disclosure of Sensitive Security Information ("SSI")**

In connection with *Ware v. Hayakawa*, Civ. No. 04-00671 (D. Haw.), Plaintiff Ware (hereinafter "Plaintiff Requester") requests access to SSI contained in documents that are responsive to discovery requests served in the litigation.

II. **Standard for Determination**

Whether the disclosure of the requested SSI, subject to the proposed conditions, "would not be detrimental to transportation security." 49 C.F.R. § 1520.15(e).

III. **Statutory and Regulatory Background**

In furtherance of a congressional mandate to "prescribe regulations prohibiting the disclosure of information obtained or developed in carrying out [civil aviation] security . . . if the [TSA Administrator] decides that disclosing the information would . . . be detrimental to the security of transportation," see 49 U.S.C. § 114(s)(1)©, TSA regulations prescribe the maintenance, safeguarding, and disclosure of SSI. See 49 C.F.R. Part 1520. SSI, by definition, is "information obtained or developed in the conduct of security activities, including research and development, the disclosure of which TSA has determined would . . . be detrimental to the security of transportation." 49 C.F.R. § 1520.5(a)(3).

Access to SSI is strictly limited to those persons with a need to know, as defined in 49 C.F.R. § 1520.11, and to those persons to whom TSA authorizes disclosure under 49 C.F.R. § 1520.15. In general, a person has a need to know specific SSI when he or she requires access to the information: (1) to carry out transportation security activities that are government-approved, -accepted, -funded, -recommended, or -directed, including for purposes of training on, and supervision of, such activities; (2) to provide legal or technical advice to airport operators, air carriers or their employees regarding security-related requirements; or (3) to represent airport operators, air carriers or their employees in judicial or administrative proceedings regarding security-related requirements. 49 C.F.R. § 1520.11(a). Members of the public, including civil litigants, do not have a regulatory need to know, unless they fall into the categories noted above. 49 C.F.R. §§ 1520.11, 1520.15(a).

3

TSA may authorize a conditional disclosure of specific SSI to a person who does not otherwise have a regulatory need to know "upon written determination by TSA that disclosure of such records or information . . . would not be detrimental to transportation security." 49 C.F.R. § 1520.15(e). TSA also grants access to prescribed groups of persons without a regulatory need to know, including members of Congress and persons who require access to specific SSI in order to respond to enforcement actions brought by the agency. 49 C.F.R. § 1520.15©, (d).

IV. Analysis

Since its inception in the wake of the devastating attacks of September 11, 2001, TSA has placed stringent protections on SSI, as the agency has determined that it is in the best interests of the public to restrict, to the greatest extent possible, the dissemination of any information that could be used to thwart security countermeasures by those intent upon committing criminal acts against civil aviation. Since September 11, 2001, it has been the consistent policy of TSA that the present and continuing threat of terrorist attacks against aviation interests requires that the number of persons having access to SSI be significantly and continually decreased, rather than increased. TSA initially reached this conclusion in significant part because intelligence reports indicated that al-Qa'ida operatives have, through media sources and other publicly available research, obtained access to information concerning existing security vulnerabilities at American airports.

Current intelligence information indicates that the terrorist threat against civil transportation targets continues to be a grave and ongoing concern. Reports indicate that al-Qa'ida and other terrorist operatives continue to develop plans for catastrophic attacks against targets in the United States and against United States' interests overseas. Intelligence information demonstrates that terrorists actively seek to discover security methods and vulnerabilities they can exploit in planning future attacks against civil aviation.

This intelligence information is supported by the recent audiotape warnings issued by Usama Bin Ladin and Ayman Al-Zawahiri in January and March 2006, the deadly attacks carried out on the London subway and bus lines in July 2005, the Madrid subway bombings in March 2004, and the very real possibility of future (as yet undiscovered) plans for attacks on the United States.

TSA must assess the security risks inherent in granting the requested conditional disclosure by also considering the risk of granting all similar requests in all civil litigation involving SSI. SSI is at issue in dozens of civil lawsuits at any given time, including in lawsuits alleging discriminatory application of security requirements, employment actions, patent infringement, and personal injury. In each of these lawsuits, there is at least one attorney or party who seeks access to SSI for purposes of pursuing the litigation. If access in civil litigation is provided, the number of persons with access to SSI necessarily multiplies with each new lawsuit filed, and the likelihood of inadvertent or intentional release or other misuse of SSI grows exponentially. Importantly, TSA also cannot rule out the possibility that terrorists might seek

4

access to SSI by filing frivolous lawsuits and pursuing discovery, or that civil litigants might disclose SSI to terrorists. The agency cannot make meaningful security distinctions between civil litigants and has been unwilling to favor certain litigants over others based on the perceived importance of any particular litigation. Accordingly, consistent with its goal to reduce significantly the number of persons with access to SSI, since September 11, 2001, TSA has denied all requests to see SSI by civil litigants and/or their attorneys who do not otherwise have a need to know, as defined in 49 C.F.R. Part 1520.

V. **Determination**

I deny the instant request for conditional disclosure of SSI under 49 C.F.R. § 1520.15(e), as I do not find that such disclosure "would not be detrimental to transportation security."

This Order is issued under 49 U.S.C. § 114(s) and is final. Pursuant to 49 U.S.C. § 46110, any person disclosing a substantial interest in this Order may, within 60 days of its issuance, apply for review by filing a petition for review in an appropriate U.S Court of Appeals.

Date: 4/25/2006

Andrew Colsky
Director, SSI Office

5


Transportation
Security
Administration

**Final Order on Requests for Identification of Sensitive Security Information
in Documents Responsive to Discovery in *Ware v. Hayakawa*, Civ. No. 04-00671 (D. Haw.)**

I. **Requests for Identification of Sensitive Security Information (SSI) in Submitted Documents**

In connection with *Ware v. Hayakawa*, Civ. No. 04-00671 (D. Haw.), the Transportation Security Administration ("TSA") has reviewed documents responsive to discovery requests in the above-captioned litigation in order to make a final determination as to whether they contain SSI. Attorneys for Defendant TSA (hereinafter "Defendant Submitter") forwarded to TSA's SSI Office 21 pages of documents (hereinafter "submitted documents") for review and final SSI determination, as discussed herein.

II. **Delegation of Authority to Make Final SSI Determination**

The authority to identify information pertaining to transportation security as SSI is delegated to the Director of the SSI Office, pursuant to a delegation order signed by then Acting Deputy Administrator, Kenneth Kasprisin, on April 29, 2005. This delegation order is in effect as of the date of this Final Order and has not been amended.

III. **Review Process**

Pursuant to 49 U.S.C. § 114(s) and 49 C.F.R. Part 1520, TSA's security experts carefully reviewed each page of the submitted documents for the purpose of identifying SSI therein and redacting the documents to delete SSI where possible. To minimize the impact on the litigation, TSA's review withheld the minimum SSI material necessary to protect transportation security.

To that end, agency security and SSI experts performed multiple reviews of each document. Each page was subjected to a line-by-line review for SSI, which review included consultation with subject-matter experts, and reference to past precedents and open-source (media and other public) information. For example, in order to ensure consistency in SSI decision-making, and to ensure that no sensitive security information is inadvertently released, TSA compared each document to the database it maintains of all documents that have been reviewed previously for public release. TSA also paid particular attention to identifying any older information that no longer needed to be protected, and TSA has authorized the disclosure of all such information.

1



TSA's SSI determinations are based on the knowledge that the disclosure of even small pieces of seemingly innocuous information could be used by terrorists to construct a mosaic that can be analyzed and synthesized to reveal existing security measures and vulnerabilities. As provided in 49 C.F.R. Part 1520, only if a security countermeasure is obsolete, in that it will not be revived and therefore reveals nothing about current or future security countermeasures, or if security intelligence is overtaken by events, will information lose its SSI protection and be released publicly.

IV.  **Final SSI Determination**

TSA has completed its review of each document submitted by the Defendant Submittors, has identified SSI contained therein, if any, and has created redacted versions of the documents, where possible. The agency returned the submitted documents to the Defendant Submittor, together either with authorization to release the document as redacted or with instructions to withhold the document in full. The SSI Office has reviewed each submitted document, and I have determined that the withheld information is SSI, pursuant to 49 U.S.C. § 114(s) and 49 C.F.R. Part 1520.

The documents, as returned to the Defendant Submittor, are attached. As indicated on the attached pages, the redacted information constitutes SSI under 49 C.F.R. §§ 1520.5(b)(5), 1520.5(b)(8)(i), 1520.5(b)(9)(i), and 1520.5(b)(10).

V.  **Final Order**

This Order is issued under 49 U.S.C. § 114(s) and is final. Pursuant to 49 U.S.C. § 46110, any person disclosing a substantial interest in this Order may, within 60 days of its issuance, apply for review by filing a petition for review in an appropriate U.S. Court of Appeals.

Date: 4/25/2006

Andrew Colsky
Director, SSI Office

2

file:///C|/Documents%20and%20Settings/sara.hicks/Local%20Settings/Temp/EEO-Ware-03-Patdown-Retest%20[...]06.html

| | | |
|---|---|---|
| 0 | Employee | ware, raymond |
| 0 | Score | 12 |
| 0 | Date | Nov 7 2003 12:00AM |
| 0 | Retest | Yes |
| 0 | Pass | No |
| 1 | Informs person and asks to divest; (offers private screening) | Meets Standard |
| 2 | Asks person to remove outer articles, belt, and shoes | Meets Standard |
| 3 | Tells person to take stance with arms stretched outward (slightly forward | Meets Standard |
| 4 | Position person facing his/her property | Meets Standard |
| 5 | Check head, collar, shoulder | Meets Standard |
| 6 | Screens ▇▇▇ using correct procedures; completes | Meets Standard |
| 6a | | |
| 6b | | 1520.5(b)(9)(i) |
| 6c | | |
| 6d | | |
| 7 | Screens ▇▇▇ using correct procedures; completes | Meets Standard |
| 7a | Ask to lower arms | |
| 7b | Pat down chest (females correctly) | |
| 7c | Pat down front ▇▇▇ | |
| 7d | Pat down front ▇▇▇ | |
| 7e | Crotch area | |
| 7f | Leg and Foot | |
| 8 | Asks person to sit down; pats down feet | Meets Standard |
| 9 | Refers shoes to further inspection (x-ry or examination) | Meets Standard |
| 10 | Communicates to person throughout process, explaining in clear and, conci | Meets Standard |
| 11 | Communicates with person in polite and respectful manner. | Meets Standard |
| 12 | When conducting the pat-down procedures uses back of hand in sensitive ar | Meets Standard |
| 13 | Finds Prohibited Item: | No |
| * | Please enter any additional comments: | Does not Meet Standard |
| a | Does not follow SOPs | No |
| b | Does not have ready familiarity of procedures | No |
| c | Too assertive when dealing with passenger | No |
| d | Too passive when dealing with passenger | No |
| e | Applies too much physical force with passengerr | No |
| f | Applies too little physical force with passenger | No |
| * | Please enter any additional comments: | Does not Meet Standard |
| g | Takes too much time performing function | No |
| h | Rushes through function | No |
| i | Does not proper actions with respect to prohibitive item found | No |
| j | Does not effectively explain regulations to passenger when prohibitive it | No |
| k | Does not exercise care when dealing with passengers' property | No |

file:///S|/TSASharedFolders/COS/SSI/9000_Miscellaneous_Records/9895_Ware_v_Hayakawa/EEO-Ware-03-Patdo...st%2001-09-06.htm

| 0 | Employee | ware, raymond |
|---|---|---|
| 0 | Score | 7 |
| 0 | Date | Nov 6 2003 12:00AM |
| 0 | Retest | No |
| 0 | Pass | No |
| 1 | Informs person and asks to divest; (offers private screening) | Does not Meet Standard |
| 2 | Asks person to remove outer articles, belt, and shoes | Does not Meet Standard |
| 3 | Tells person to take stance with arms stretched outward (slightly forward | Meets Standard |
| 4 | Position person facing his/her property | Meets Standard |
| 5 | Check head, collar, shoulder | Does not Meet Standard |
| 6 | Screens ████ using correct procedures; completes | Does not Meet Standard |
| 6a | ████ | Yes |
| 6b | ████ | No |
| 6c | ████ | Yes  1520S(b)(9)(i) |
| 6d | ████ | No |
| 7 | Screens ████ using correct procedures; completes | Does not Meet Standard |
| 7a | Ask to lower arms | No |
| 7b | Pat down chest (females correctly) | No |
| 7c | Pat down front ████ | No |
| 7d | Pat down front ████ | No |
| 7e | Crotch area | Yes |
| 7f | Leg and Foot | Yes |
| 8 | Asks person to sit down; pats down feet | Meets Standard |
| 9 | Refers shoes to further inspection (x-ry or examination) | Meets Standard |
| 10 | Communicates to person throughout process, explaining in clear and, conci | Meets Standard |
| 11 | Communicates with person in polite and respectful manner. | Meets Standard |
| 12 | When conducting the pat-down procedures uses back of hand in sensitive ar | Meets Standard |
| 13 | Finds Prohibited Item: | Yes |
| * | Please enter any additional comments: | Does not Meet Standard |
| a | Does not follow SOPs | Yes |
| b | Does not have ready familiarity of procedures | Yes |
| c | Too assertive when dealing with passenger | No |
| d | Too passive when dealing with passenger | No |
| e | Applies too much physical force with passengerr | No |
| f | Applies too little physical force with passenger | No |
| * | Please enter any additional comments: | Does not Meet Standard |
| g | Takes too much time performing function | No |
| h | Rushes through function | No |
| i | Does not proper actions with respect to prohibitive item found | No |
| j | Does not effectively explain regulations to passenger when prohibitive it | No |
| k | Does not exercise care when dealing with passengers' property | No |

file:///S|/TSASharedFolders/COS/SSI/9000_Miscellaneous_R..._Ware_v_Hayakawa/EEO-Ware-03-Patdown-Test%2001-09-06.htm2/10/2006 3:44:28 PM

file:///S|/TSA.SharedFolders/COS/SSI/9000_Miscellaneous_Records/9895_Ware_v_Hayakawa/EEO-Ware-03-ETD-...%2001-09-06.htm

| | | |
|---|---|---|
| 0 | Employee | ware, raymond |
| 0 | Score | 11 |
| 0 | Date | Nov 7 2003 12:00AM |
| 0 | Retest | Yes |
| 0 | Pass | No |
| 1 | ███ | Meets Standard |
| 2 | ███ | Meets Standard |
| 3 | ███ | Does not Meet Standard |
| 4 | ███ | Meets Standard |
| 5 | ███ | Meets Standard |
| 6 | ███ | Meets Standard |
| 7 | ███ | Does not Meet Standard |
| 8 | ███ | Meets Standard |
| 9 | Electronic Items: Uses correct sampling procedures | Meets Standard |
| 9a | ███ | 1520.5(b)(4)(i) |
| 9b | ███ | |
| 9c | ███ | |
| 10 | Inspects items for signs ███ | Meets Standard |
| 11 | Communicates to person throughout process, explaining in clear and concis | Does not Meet Standard |
| 12 | Communicates with person in polite and respectful manner | Meets Standard |
| 13 | Thanks and offers passenger opportunity to repack bag/item | Meets Standard |
| 14 | Demonstrates correct bag control procedures | Meets Standard |
| * | Please enter any additional comments: | Does not Meet Standard |
| a | Does not follow SOPs | Yes |
| b | Does not have ready familiarity of procedures | No |
| c | Too assertive when dealing with passenger | No |
| d | Too passive when dealing with passenger | No |
| e | Applies too much physical force with passengerr | No |
| f | Applies too little physical force with passenger | No |
| * | Please enter any additional comments: | Does not Meet Standard |
| g | Takes too much time performing function | No |
| h | Rushes through function | No |
| i | Does not proper actions with respect to prohibitive item found | No |
| j | Does not effectively explain regulations to passenger when prohibitive it | No |
| k | Does not exercise care when dealing with passengers' property | No |

file:///S|/TSA.SharedFolders/COS/SSI/9000_Miscellaneous_...5_Ware_v_Hayakawa/EEO-Ware-03-ETD-Retest%2001-09-06.htm2/10/2006 3:28:54 PM

file:///S|/TSASharedFolders/COS/SSI/9000_Miscellaneous_Records/9895_Ware_v_Hayakawa/EEO-Ware-03-ETD...%2001-09-06.htm

| | | |
|---|---|---|
| 0 | Employee | ware, raymond |
| 0 | Score | 9 |
| 0 | Date | Nov 6 2003 12:00AM |
| 0 | Retest | No |
| 0 | Pass | No |
| 1 | | Meets Standard |
| 2 | | Meets Standard |
| 3 | | Meets Standard |
| 4 | | Does not Meet Standard |
| 5 | | Meets Standard |
| 6 | | Does not Meet Standard |
| 7 | | Does not Meet Standard |
| 8 | | |
| 9 | Electronic Items: Uses correct sampling procedures | Does not Meet Standard |
| 9a | | No    1520.5(b)(1)(i) |
| 9b | | No |
| 9c | | Yes |
| 10 | Inspects items for signs | Meets Standard |
| 11 | Communicates to person throughout process, explaining in clear and concis | Meets Standard |
| 12 | Communicates with person in polite and respectful manner | Meets Standard |
| 13 | Thanks and offers passenger opportunity to repack bag/item | Meets Standard |
| 14 | Demonstrates correct bag control procedures | Meets Standard |
| * | Please enter any additional comments: | Does not Meet Standard |
| a | Does not follow SOPs | Yes |
| b | Does not have ready familiarity of procedures | No |
| c | Too assertive when dealing with passenger | No |
| d | Too passive when dealing with passenger | No |
| e | Applies too much physical force with passengerr | No |
| f | Applies too little physical force with passenger | No |
| * | Please enter any additional comments: | Does not Meet Standard |
| g | Takes too much time performing function | No |
| h | Rushes through function | No |
| i | Does not proper actions with respect to prohibitive item found | No |
| j | Does not effectively explain regulations to passenger when prohibitive it | No |
| k | Does not exercise care when dealing with passengers' property | No |

file:///S|/TSASharedFolders/COS/SSI/9000_Miscellaneous_Records/9895_Ware_v_Hayakawa/EEO-Ware-03-HHM... est%2001-09-06.htm

| 0 | Employee | ware, raymond |
|---|---|---|
| 0 | Score | 11 |
| 0 | Date | Nov 6 2003 12:00AM |
| 0 | Retest | No |
| 0 | Pass | No |
| 1 | Informs person of HHMD search | Meets Standard |
| 2 | Asks person to divest metallic items | Meets Standard |
| 3 | Asks person if there is anything on his/her person that may cause the HHM | Does not Meet Standard |
| 4 | Tests the HHMD before screening person | Meets Standard |
| 5 | Positions person facing his/her property §1520.5(b)(1)(i) | Meets Standard |
| 6 | Asks person to be seated | Does not Meet Standard |
| 7 | Hand wands footwear and removes if alarms | Does not Meet Standard |
| 8 | Hand wands feet without shoes | Does not Meet Standard |
| 9 | Asks person to stand with feet shoulder-width apart; arms outstretched | Meets Standard |
| 10 | Starts | Meets Standard |
| 11 | Uses correct HW | Does not Meet Standard |
| 12 | Hand wands between | Meets Standard |
| 13 | Wands       using correct procedures; completes | Does not Meet Standard |
| 13b | | No |
| 13c | | No |
| 13d | | No — 1520.5(b)(1) |
| 13e | | No |
| 13f | | No |
| 13g | | Yes |
| 13h | | No |
| 14 | Wands    correct procedures; completes | Does not Meet Standard |
| 14b | | No |
| 14c | | No |
| 14d | | No |
| 14e | | No |
| 14f | Leg to the foot | Yes |
| 14g | | No |
| 15 | Informs and asks person to divest | Does not Meet Standard |
| 16 | Re-wands alarmed area, if items are divested | |
| 17 | Informs and conducts pat-down | |
| 18 | On alarm, ask to | |
| 19 | | Meets Standard |
| 20 | Re-wand area | Meets Standard |
| 21 | On alarm, ask for | Does not Meet Standard |
| 22 | Correctly and completely performs step forward method | Does not Meet Standard |
| 22a | Screens front: asks person to step forward | No |
| 22b | HW | Yes |

file:///S|/TSASharedFolders/COS/SSI/9000_Miscellaneous_Records/9895_Ware_v_Hayakawa/EEO-Ware-03-HHMD...Test%2001-09-06.htm

| | | |
|---|---|---|
| 22c | Repeat with opposite leg: HW | Yes |
| 22d | Screens back: Ask the person to step forward | No |
| 22e | HW | No |
| 22f | Repeat with opposite leg. Ask the person to return to the original stance | No |
| 23 | Communicates to person throughout process, explaining in clear and concis | Meets Standard |
| 24 | Communicates with person in polite and respectful manner | Meets Standard |
| 25 | When conducting the ▓ pat-down procedures uses back of hand in sens | Does not Meet Standard |
| 26 | Finds prohibitive Item: | N/A |
| * | Please enter any additional comments: | Does not Meet Standard |
| a | Does not follow SOPs | Yes |
| b | Does not have ready familiarity of procedures | No (520 5(b)(9)(i) |
| c | Too assertive when dealing with passenger | No |
| d | Too passive when dealing with passenger | No |
| e | Applies too much physical force with passengerr | No |
| f | Applies too little physical force with passenger | No |
| * | Please enter any additional comments: | |
| g | Takes too much time performing function | No |
| h | Rushes through function | No |
| i | Does not proper actions with respect to prohibitive item found | No |
| j | Does not effectively explain regulations to passenger when prohibitive it | No |
| k | Does not exercise care when dealing with passengers' property | No |

file:///S|/TSASharedFolders/COS/SSI/9000_Miscellaneous_Records/9895_Ware_v_Hayakawa/EEO-Ware-03-HHMD...etest%2001-09-06_HTML.htm

| 0 | Employee | ware, raymond |
|---|---|---|
| 0 | Score | 22 |
| 0 | Date | Nov 7 2003 12:00AM |
| 0 | Retest | Yes |
| 0 | Pass | No |
| 1 | Informs person of HHMD search | Meets Standard |
| 2 | Asks person to divest metallic items | Meets Standard |
| 3 | Asks person if there is anything on his/her person that may cause the HH | Does not Meet Standard |
| 4 | Tests the HHMD before screening person | Meets Standard |
| 5 | Positions person facing his/her property §1520.5(b)(4)(i) | Meets Standard |
| 6 | Asks person to be seated | Meets Standard |
| 7 | Hand wands footwear and removes if alarms | Meets Standard |
| 8 | Hand wands feet without shoes | Does not Meet Standard |
| 9 | Asks person to stand with feet shoulder-width apart; arms outstretched | Meets Standard |
| 10 | Starts | Meets Standard |
| 11 | Uses correct HW | Meets Standard |
| 12 | Hand wands between | Meets Standard |
| 13 | Wands  using correct procedures; completes | Meets Standard |
| 13b | | |
| 13c | | |
| 13d | | |
| 13e | | §1520.5(b)(4)(i) |
| 13f | | |
| 13g | | |
| 13h | | |
| 14 | Wands  correct procedures; completes | Meets Standard |
| 14b | | |
| 14c | | |
| 14d | | |
| 14e | | |
| 14f | Leg to the foot | |
| 14g | | |
| 15 | Informs and asks person to divest | Yes |
| 16 | Re-wands alarmed area, if items are divested | Meets Standard |
| 17 | Inform and conduct pat-down | Meets Standard |
| 18 | On alarm, ask to | Meets Standard |
| 19 | | Meets Standard |
| 20 | Re-wand area | Meets Standard |
| 21 | On alarm, ask for | Meets Standard |
| 22 | Correctly and completely performs step forward method | N/A |
| 22a | Screens front: asks person to step forward | |
| 22b | HW | |

file:///S|/TSASharedFolders/COS/SSI/9000_Miscellaneous_Records/9895_Ware_v_Hayakawa/EEO-Ware-03-HH▮▮-Retest%2001-09-06_HTML.htm

| | | |
|---|---|---|
| 22c | Repeat with opposite leg: HW ▮▮▮▮ | |
| 22d | Screens back: Ask the person to step forward | |
| 22e | HW ▮▮▮▮ | |
| 22f | Repeat with opposite leg. Ask the person to return to the original stance | (522.5(b)(9)(i)) |
| 23 | Communicated to person throughout process, explaining in clear and concis | Meets Standard |
| 24 | Communicates with person in polite and respectful manner | Meets Standard |
| 25 | When conducting the ▮▮▮ pat-down procedures uses back of hand in sens | Meets Standard |
| 26 | Finds prohibitive Item: | No |
| * | Please enter any additional comments: | Does not Meet Standard |
| a | Does not follow SOPs | No |
| b | Does not have ready familiarity of procedures | No |
| c | Too assertive when dealing with passenger | No |
| d | Too passive when dealing with passenger | No |
| e | Applies too much physical force with passengerr | No |
| f | Applies too little physical force with passenger | No |
| * | Please enter any additional comments: | |
| g | Takes too much time performing function | No |
| h | Rushes through function | No |
| i | Does not proper actions with respect to prohibitive item found | No |
| j | Does not effectively explain regulations to passenger when prohibitive it | No |
| k | Does not exercise care when dealing with passengers' property | No |

file:///S|/TSASharedFolders/COS/SSI/9000_Miscellaneous_Records/9895_Ware_v_Hayakawa/EEO-Ware-03-HH...2-Test%2001-09-06_HTML.htm

| 0 | Employee | ware, raymond |
|---|---|---|
| 0 | Score | 17 |
| 0 | Date | Nov 6 2003 12:00AM |
| 0 | Retest | No |
| 0 | Pass | No |
| 1 | Informs person of HHMD search | Meets Standard |
| 2 | Asks person to divest metallic items | Does not Meet Standard |
| 3 | Asks person if there is anything on his/her person that may cause the HH | Does not Meet Standard |
| 4 | Tests the HHMD before screening person | Does not Meet Standard |
| 5 | Positions person facing his/her property | Meets Standard |
| 6 | Asks person to be seated §1520.5(b)(4)(i) | Does not Meet Standard |
| 7 | Hand wands footwear and removes if alarms | Does not Meet Standard |
| 8 | Hand wands feet without shoes | Does not Meet Standard |
| 9 | Asks person to stand with feet shoulder-width apart; arms outstretched | Meets Standard |
| 10 | Starts | Meets Standard |
| 11 | Uses correct HW | Meets Standard |
| 12 | Hand wands between | Meets Standard |
| 13 | Wands using correct procedures; completes | Meets Standard |
| 13b | | |
| 13c | | |
| 13d | | |
| 13e | | |
| 13f | | 1520.5(b)(4) |
| 13g | | |
| 13h | | |
| 14 | Wands correct procedures; completes | Meets Standard |
| 14b | | |
| 14c | | |
| 14d | | |
| 14e | | |
| 14f | Leg to the foot | |
| 14g | | |
| 15 | Informs and asks person to divest | Yes |
| 16 | Re-wands alarmed area, if items are divested | Meets Standard |
| 17 | Inform and conduct pat-down | Meets Standard |
| 18 | On alarm, ask to | Meets Standard |
| 19 | | Does not Meet Standard |
| 20 | Re-wand area | Meets Standard |
| 21 | On alarm, ask for | Meets Standard |
| 22 | Correctly and completely performs step forward method | N/A |
| 22a | Screens front: asks person to step forward | |
| 22b | HW | |

file:///S|/TSASharedFolders/COS/SSI/9000_Miscellane...Hayakawa/EEO-Ware-03-HHMD2-Test%2001-09-06_HTML.htm (1 of 2)2/10/2006 3:44:11 PM

file:///S|/TSASharedFolders/COS/SSI/9000_Miscellaneous_Records/9895_Ware_v_Hayakawa/EEO-Ware-03-HH...2-Test%2001-09-06_HTML.htm

| | | |
|---|---|---|
| 22c | Repeat with opposite leg: HW | 1520.5(b)(9)(i) |
| 22d | Screens back: Ask the person to step forward | |
| 22e | HW | |
| 22f | Repeat with opposite leg. Ask the person to return to the original stance | |
| 23 | Communicated to person throughout process, explaining in clear and concis | Meets Standard |
| 24 | Communicates with person in polite and respectful manner | Meets Standard |
| 25 | When conducting the ▓ pat-down procedures uses back of hand in sens | Meets Standard |
| 26 | Finds prohibitive Item: | Yes |
| * | Please enter any additional comments: | Does not Meet Standard |
| a | Does not follow SOPs | Yes |
| b | Does not have ready familiarity of procedures | Yes |
| c | Too assertive when dealing with passenger | No |
| d | Too passive when dealing with passenger | No |
| e | Applies too much physical force with passengerr | No |
| f | Applies too little physical force with passenger | No |
| * | Please enter any additional comments: | |
| g | Takes too much time performing function | No |
| h | Rushes through function | No |
| i | Does not proper actions with respect to prohibitive item found | No |
| j | Does not effectively explain regulations to passenger when prohibitive it | No |
| k | Does not exercise care when dealing with passengers' property | No |