# EXHIBIT No. 3

DAPHNE E. BARBEE   2911
Attorney & Counselor at Law
Century Square, Suite 1909
1188 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 533-0275

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 20 2006

at ____ o'clock and ____ min. ____ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SIDNEY HAYAKAWA, Director of Transportation Security Administration - Honolulu; KEN KAMAHELE, Deputy Director, Transportation Security Administration–Honolulu; TRANSPORTATION SECURITY ADMINISTRATION; THOMAS J. RIDGE, Secretary, Department of Homeland Security, DEPARTMENT OF HOMELAND SECURITY; JOHN DOES 2-5,<br><br>　　　　　Defendants. | CIVIL NO. 04-00671 HG/LEK<br><br>**PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY; DECLARATION OF COUNSEL; EXHIBITS "1", "2" & "3"; MEMORANDUM OF LAW; CERTIFICATE OF SERVICE**<br><br>DATE: _____<br><br>TIME: _____<br><br>JUDGE:　Mag. Leslie E. Kobayashi |

TO:   EDWARD H. KUBO, JR., ESQ.
　　　U.S. Attorney
　　　THOMAS HELPER, ESQ.
　　　Assistant U.S. Attorney
　　　U.S. Attorney's Office, District of Hawaii
　　　Room 6-100, PJKK Federal Building
　　　300 Ala Moana Blvd.
　　　Honolulu, Hawaii 96850

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE, | CIVIL NO. 04-00671 HG/LEK |
| Plaintiff, | **PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY** |
| vs. | |
| SIDNEY HAYAKAWA, Director of Transportation Security Administration - Honolulu, KEN KAMAHELE, Deputy Director, Transportation Security Administration–Honolulu; TRANSPORTATION SECURITY ADMINISTRATION; THOMAS J. RIDGE, Secretary, Department of Homeland Security, DEPARTMENT OF HOMELAND SECURITY; JOHN DOES 2-5, | |
| Defendants. | |

## PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY

Comes now Plaintiff RAYMOND WARE, by and through his attorney, Daphne E. Barbee, and hereby files this Second Motion To Compel to order Defendant to provide discovery requested in his Request For Production of Documents and Request For Answers To Interrogatories to Defendant.

This Motion is made pursuant to Rules 26 , 33, 34 and 37, Federal Rules of Civil Procedure, the United States Constitution, 42 U.S.C. Sec. 2000e et.seq. and made after meet-and-confer telephone discussion held on March 3, 2006 by and between Assistant U.S. Attorney Thomas Helper and Attorney Jim Velascos of TSA in California.

DATED: Honolulu, Hawaii, 3-20-04

_____
DAPHNE E. BARBEE
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE,<br><br>         Plaintiff,<br><br>vs.<br><br>SIDNEY HAYAKAWA, Director of Transportation Security Administration - Honolulu, KEN KAMAHELE, Deputy Director, Transportation Security Administration–Honolulu; TRANSPORTATION SECURITY ADMINISTRATION; THOMAS J. RIDGE, Secretary, Department of Homeland Security, DEPARTMENT OF HOMELAND SECURITY; JOHN DOES 2-5,<br><br>         Defendants. | CIVIL NO. 04-00671 HG/LEK<br><br>**DECLARATION OF COUNSEL; EXHIBITS "1" "2" & "3"** |

## DECLARATION OF COUNSEL

DAPHNE E. BARBEE hereby declares under penalty of perjury as follows:

1. She is the attorney representing Plaintiff RAYMOND WARE.

2. Plaintiff filed the instant Complaint alleging race discrimination in Defendants' failure to promote him from screening supervisor to screening manager on two occasions, and retaliation when Defendants terminated Plaintiff after filing his EEO complaint.

3. Plaintiff was a screening supervisor at TSA, Honolulu Airport from August 2002 - November 26, 2003.

4. Prior to his termination, Plaintiff passed all certification exams and, in fact, was the person who trained and certified many other screeners. His work evaluations were excellent.

5. Plaintiff is African-American.

6. In August 2003, Plaintiff filed an informal EEO complaint alleging race discrimination. He applied for promotion from screening supervisor to screening manager and was not selected by then TSA Director, SIDNEY HAYAKAWA and Deputy Director KEN KAMAHELE.

7. After filing his EEO complaint, Plaintiff was denied other promotion opportunities to become a screening manager in August 2003. Less qualified non-African-Americans were promoted to screening manager by Defendants.

8. Plaintiff filed another EEO complaint in September 2003 alleging race and retaliation discrimination by Defendants.

9. In November 2003, Plaintiff was requested by Defendants to undergo recertification training by unknown testers.

10. On or about November 6, 2003, Plaintiff was given a recertification test by an unknown person. Plaintiff passed the written exam.

11. After taking the recertification test, Plaintiff was informed that he failed the third portion of the test. The third portion of the test was a practical test and there were no objective criteria or standards showing in what manner Plaintiff failed this test.

12. Plaintiff believes he passed the test.

2

13. Plaintiff was given another recertification test on November 7, 2003. Defendants informed Plaintiff that he failed the recertification test.

14. Plaintiff has requested a copy of the grading criteria and the manner in which he allegedly failed the third portion of the test from Defendants.

15. Defendants have refused to provide this information claiming it is Sensitive security information (SSI) under 49 C.F.R. Sec. 1520.5.

16. Plaintiff previously filed a Motion To Compel which was denied without prejudice to allow the parties to see if this matter can be resolved. The original Motion To Compel was heard on January 13, 2006.

17. Plaintiff and Defendants have met by telephone and Defendants have submitted the attached documents. (See Exhibit "1".)

18. Plaintiff informed Defendants that the attached documents were insufficient to comply with Rule 26 discovery rule and the United States Constitution allowing parties due process in trials and Title VII which provides relief for persons who are victims of race discrimination and retaliation discrimination. (See Exhibit "2".)

19. After discussion by telephone, Defendants informed Plaintiff's counsel they would not provide any further information as this was "SSI privileged."

20. Plaintiff specifically requests the identities of who the testers were of the Plaintiff, objective criteria for grading the tests, whether the testers were certified by TSA as testers, and the complete results of Plaintiff's tests.

21. Looking at the documents which were provided by TSA, the test description is blacked out. For example, on page 1, it indicates that in 6.a. through 6.d., there is

3

"Yes" and "No, "Yes" and "No." (See Exhibit "1".) However, the specific test procedure is blacked out. In Section 6, it says "screens" (blacked out) "using correct procedure completes" (blacked out) and then "Does not meet standards." In 7.c. and 7.d. it says, "Pat down front, pat down front" (blanked out) and section says "No". It is unknown what "No" means. Does "No" mean Plaintiff passed or that he did not pass? There is also an entry for entering comments. The additional comments have been blacked out. Line i. says, "Does proper actions with respect to prohibitive item found," and "No," which means that he passed this section. Section J says, "Does not effectively explain regulations to passenger when prohibited it," with "No" which means that he passed this section.

    22. On the November 6 test at 12:00 a.m., Plaintiff received a score of 9, then the test description in Section 4, is completely blacked out, states "Does not meet standards" three times at to lines 4, 6 and 7. It is unknown what test procedures 4, 6 and 7 are. In items 9.a. through 9.c. there is "No," "No," "Yes." These test procedures are completely blacked out. These are just some examples of the inadequate response from TSA concerning the test results thereby depriving Plaintiff of due process. See Exhibit 1.

    23. Defendant presented a summarized list of documents it has reviewed. See Exhibit 2. Plaintiff requests copies of un redacted the "Practical evaluation Checklists" (12 pages) and "Electronic Checklist" (10 pages) from the summarized list.

    24. Plaintiff states that said information is discoverable under 49 C.F.R. 1520.11 **"Persons with a need to Know**... (5) When the person needs the information to represent a covered person in connection with any judicial or administrative proceeding regarding those

4

requirements". Plaintiff is a covered person and in a judicial proceeding regarding the requirements. See 49 C.F.R. Sec. 1520.7 (k) (a person formerly employed by DHS)

25. Defendant's reliance on SSI privilege is inapplicable to this case, unconstitutional, contrary to statutory law enacted by Congress (Title VII Civil Rights Act) and should be voided as to this case in particular, an employee suing an employer based upon race and retaliation discrimination.

26. Plaintiff requests that this Court order Defendant TSA to turn over completely all of Plaintiff's test results as to the third portion of the recertification test in 2003. Plaintiff has no objection to this Court ordering a protection order or reviewing said documents in camera. Plaintiff specifically requests that the documents be turned over either to the Court or to Plaintiff so that a complete record can be made in this case.

27. Attached hereto as Exhibit "1" are true and correct copies of the documents produced by Defendants to Plaintiff.

28. Attached hereto as Exhibit "2" are true and correct copies of the document list reviewed by Defendant TSA.

29. Attached hereto as Exhibit "3 is a true and correct copy of a letter written to Defendants concerning the requested discovery

FURTHER DECLARANT SAYETH NAUGHT.

DAPHNE E. BARBEE
Attorney at Law

5

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE,<br><br>        Plaintiff,<br><br>vs.<br><br>SIDNEY HAYAKAWA, Director of Transportation Security Administration - Honolulu, KEN KAMAHELE, Deputy Director, Transportation Security Administration–Honolulu; TRANSPORTATION SECURITY ADMINISTRATION; THOMAS J. RIDGE, Secretary, Department of Homeland Security, DEPARTMENT OF HOMELAND SECURITY; JOHN DOES 2-5,<br><br>        Defendants. | CIVIL NO. 04-00671 HG/LEK<br><br>**MEMORANDUM OF LAW** |

## MEMORANDUM OF LAW

Defendants argue they do not have to provide Plaintiff's test results from the recertification test in 2003 because it is security sensitive information (SSI). Yet, they use these same test results to fire Plaintiff after he complained of race discrimination. Defendants rely on a recently drafted regulation by Department of Homeland Security, which has not been subjected to constitutional scrutiny. Additionally, the SSI privilege claimed by Defendant has exceptions. One exception which applies is 49 C.F.R. 1520.11 **"Persons with a need to Know... (5)** When the person needs the information to represent a covered person in connection with any judicial or administrative proceeding regarding those requirements". Plaintiff is a covered person and in a judicial proceeding regarding the requirements. See 49 C.F.R. Sec. 1520.7 (k) (a covered person

is a person formerly employed by DHS) Therefore, discovery should be granted as Plaintiff, a covered persons is in a judicial proceeding regarding the requirements.

Under Title VII, in employment, race and retaliation cases, the plaintiff is entitled to full discovery, which includes discovery about the defendant's defenses. In this case, Defendant alleged that Plaintiff was fired because he allegedly failed a test. Plaintiff is entitled to request and receive information pertinent to this test and his alleged failure of it. See Rule 26 FRCP allowing liberal discovery for relevant information.

Employment tests have been struck down in courts for not being related to employment and discriminatory. See Albermarle Paper Co. v. Moody, 422 U.S. 405 (1975).

In Albermarle v. Moody, the Court referred to EEOC guidelines, 29 C.F.R. Sec.1607 in finding an employment test was invalid. The Court stated: "The message of these Guidelines is the same as that of the *Griggs* case —— that discriminatory tests are impermissible unless shown, by professionally acceptable methods, to be "predictive of or significantly correlated with important elements of work behavior which comprise or are relevant to the job or jobs for which candidates are being evaluated." 29 C.F.R. Sec. 1607.4 (c). See also Pettway v. Am.Cast Iron Pipe Co., 494 F.2d 211 (5th Cir. 1974) where the court ruled that the employer did not attempt to validate is tests under the EEOC guidelines, and therefore invalid. The Court followed Griggs v. Duke Power Co., 401 U.S. 424(1971) by ruling that Title VII proscribes not only overt discrimination but also practices that are fair in form, but discriminatory in operation."

In 1991, the Civil Rights Act was amended by Congress to include employment tests which cause disparate impacts as an unlawful practice. See 42 U.S.C. Sec. 20003-2(k)(1)(A)(i): (A)n employment test that causes a disparate impact is unlawful unless the employer can persuade

the court that the test is "job related for the position in question and consistent with business necessity". If the employer is shielded from disclosing the test, then the employee will never be able to prove the test is not related to the positions, consistent with business necessity and discriminatory. Employment tests must be validated, according to the Uniform Guidelines on Employee Selection Procedures, 29 C.F.R. Sec. 1607.16(f). When an employer never reveals its test results and objective criteria for passing the test, it can not be validated. See also Kirkenburg v. Albertson's Inc, 143 F 3d 1228, 12343,1239 (9th Cir. 1998) (Court invalidated test which had discriminatory effect on disabled persons).

The Courts have found regulations to be unconstitutional. See Woodford v.Cmty. Action of Greene County, 268 F.3d 51,57(2nd Cir 2001) (regulation pertaining to Family Medical Leave Act is struck down as invalid) and Bell v. Reno, 218 F. 3d 218 (2nd Cir. 2000) (regulation pertaining to Immigration Act is struck down as invalid).

In general, Court have held regulations to be invalid by applying the two part test laid out in Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984), for review of administrative regulations. The Chevron test requires a court first to ask "whether Congress has directly spoken to the precise question at issue." Id. at 842. If congressional intent is clear, then the regulation may not contradict it. Id. at 842-43. However, if "the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." Id. at 843.

In the instant case, the Homeland Security Act of 2002 is silent as to the specific issue of an employee obtaining test results after being terminated for failing a test. When a regulation contravenes statutory law which has been passed by Congress and contravenes the United States Constitution, that regulation cannot and should not be used to prohibit a plaintiff- employee from

receiving his fair day in court. In the instant case, the regulation cited by Defendant's contradicts the expressed intent of Congress in enacting Title VII, Civil Rights Act and amending the Act to include employer testing. 42 U.S.C.2000e-2 adding subsection on the prohibition against discriminatory use of test scores, and the express purpose of prohibiting employment discrimination. See Albermarle Paper Co. v. Moody, 422 U.S. 405, 418-419 (1975).

In the instant case, there is no excuse for Defendants not providing Plaintiff with the information sought. There is no issue of national security as this test is no longer in use. The test has not been validated. Furthermore, weighing the regulations against the United States Constitution and Title VII requirements mandates discovery of the test results and objective criteria to grade the test in this case. The purpose of Title VII cases is to make sure that employers do not violate peoples' civil rights in employment and Defendant TSA is not excluded from its requirements. Defendant TSA's refusal to provide Plaintiff with his test results is an additional violation of his Constitutional and civil rights as a citizen in the United States. Defendant TSA should not be insulated from all discrimination cases merely by claiming an employee failed a test without disclosing the test, the test results, objective grading criteria and showing that the test is related to the job and consistent with business necessity.

## CONCLUSION

Plaintiff requests this Court grant his Second Motion To Compel against Defendant TSA and order Defendant TSA to produce the test results unredacted and listed items in Exhibit 2, immediately.

DATED: Honolulu, Hawaii, 3-20-06

DAPHNE E. BARBEE, Attorney for Plaintiff

-4-