EXHIBIT No. 4

DAPHNE E. BARBEE        2911
Attorney & Counselor at Law
Century Square, Suite 1909
1188 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 533-0275

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 04 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

RAYMOND WARE,

        Plaintiff,

    vs.

SIDNEY HAYAKAWA, Director of
Transportation Security Administration -
Honolulu, KEN KAMAHELE, Deputy
Director, Transportation Security
Administration–Honolulu;
TRANSPORTATION SECURITY
ADMINISTRATION; THOMAS J.
RIDGE, Secretary, Department of
Homeland Security, DEPARTMENT OF
HOMELAND SECURITY; JOHN DOES
2-5,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL NO. 04-00671 HG/LEK

**PLAINTIFF'S REPLY MEMORANDUM
TO FEDERAL DEFENDANTS'
MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S SECOND MOTION TO
COMPEL DISCOVERY; DECLARATION
OF COUNSEL; EXHIBITS "4" & "5";
"CERTIFICATE OF SERVICE**


**DATE:**    **May 15, 2006**

**TIME:**    **9:30 a.m.**

**JUDGE:**    **Mag. Leslie E. Kobayashi**


## PLAINTIFF'S REPLY MEMORANDUM IN OPPOSITION TO FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY

      Plaintiff RAYMOND WARE and Plaintiff's counsel take offense at Defendant

TRANSPORTATION SECURITY ADMINISTRATION's (hereinafter "TSA") determination

that the test results are confidential because the "disclosure of even small pieces of seemingly

innocuous information can be used by terrorists, .... If access in civil litigation is provided, the number of persons with access to SSI necessarily multiplies with each new lawsuit filed. ... TSA also cannot rule out the possibility that terrorists might seek access to SSI by filing frivolous lawsuits and pursuing discovery, or that civil litigants might disclose SSI to terrorists." See Exhibit "A" at pages 2, 4 and 5, attached to Defendants' Memorandum In Opposition to Plaintiff's Motion To Compel. Plaintiff is an American citizen who passed FBI tests and was a former police officer. There is no need to infer he brought this lawsuit in an effort to assist "terrorists." He brought this lawsuit to ensure discrimination on the basis of race is prohibited in employment.

Defendants ignore the U.S. Constitution and statutory provisions of Title VII which are the law of the land, and of a higher authority than regulations propounded by the newly created Department of Homeland Security. None of the cases cited by Defendants address whether an agency regulation can overrule the U.S. Constitution and Congressionally approved anti-discrimination laws and Civil Procedure rules on discovery (FRCP 26).

Defendants' Memorandum failed to explain why 49 C.F.R.1520.11 does not apply since the instant case is "a judicial proceeding regarding those requirements (federal security)." This is a Title VII case wherein Plaintiff alleges he was wrongfully terminated on the basis of race. Defendant claims that the reason fro Plaintiff's termination was that he failed a test. Plaintiff disagrees and states Defendant's reason is pretextual. The test results have not been presented to him for verification. Indeed, Defendant TSA claims not to know who tested Plaintiff and, therefore, cannot validate the test as is required under 29 C.F.R. § 1607.

a) **Jurisdiction.** This court has jurisdiction as this case is filed pursuant to Title VII, 42 U.S.C. § 2000 et seq. which authorizes jurisdiction in the U.S. District Court where the termination occurred. Termination occurred in Honolulu, Hawaii. Plaintiff alleges Defendant TSA discriminated by failing to promote him on several occasions and by terminating him after he filed EEO discrimination complaints about the failure to promote.

b) **Facts.** In this case, Defendant TSA no longer uses the re-certification test performed upon Plaintiff due to the heavy criticism it encountered from screeners, and the unusual high failure rate. See Exhibit "4" attached. Therefore, to say national security could be jeopardized with the release of the test results is absurd. Additionally, this Court can order the results under seal and a protection order for which Plaintiff has no objection to.

c) **Relevance.** Defendants terminated Plaintiff on the grounds that he failed a re-certification test. The definition of relevance under Rule 401, Federal Rules of Evidence, "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of action more probable or less probable than it would be without the evidence."

Defendants raised Plaintiff's alleged failure to pass the re-certification test in their answer. See Exhibit "5", portions of Defendant's Answer attached. To argue that the test results are irrelevant is disingenuous. When an employer fires an employee for a specific reason, i.e. failure of a test, that reason is subject to scrutiny and, indeed, the reason for contested legal recourse. Defendants present no case authorities to support their argument that the test results are "irrelevant." Defendants hired a third party to give tests for airport screeners, and have an obligation to ensure the test and testers perform the tests in a fair and non-discriminatory manner,

3

especially when an employee's continued ability to work depends on the test outcome. <u>See</u> <u>Albermarle Paper Co v. Moody</u>, 422 U.S. 405 (1975); <u>Griggs v. Duke Power Co.</u>, 401 U.S. 424 (1971); and 42 U.S.C. § 20003-2(k)(1)(A)(i). Under Executive Order 11478, discrimination federal employment is prohibited, including discriminatory testing. 3 C.F.R. <u>Codified Presidential</u> <u>Proclamations and Executive Orders</u>, p. 73-75. The newly drafted regulations by the Dpt. of Homeland Security do not nullify these Presidential Executive Orders, precedential case law of the U.S. Supreme Court nor Title VII, the Civil Rights Act of 1964 as amended and to the extent these new regulations are contrary to law, they should be deemed unconstitutional and void as applied in this case and other cases involving employment discrimination based upon test results.

## **CONCLUSION**

For the above reasons and authorities, this Court should grant Plaintiff's Motion To Compel and order disclosures immediately.

DATED: Honolulu, Hawaii, _____5-4-06_____.


_____
DAPHNE E. BARBEE
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE, ) | CIVIL NO. 04-00671 HG/LEK |
| ) | |
| Plaintiff, ) | **DECLARATION OF COUNSEL;** |
| ) | **EXHIBITS "4" & "5"** |
| vs. ) | |
| ) | |
| SIDNEY HAYAKAWA, Director of ) | |
| Transportation Security Administration - ) | |
| Honolulu, KEN KAMAHELE, Deputy ) | |
| Director, Transportation Security ) | |
| Administration–Honolulu; ) | |
| TRANSPORTATION SECURITY ) | |
| ADMINISTRATION; THOMAS J. ) | |
| RIDGE, Secretary, Department of ) | |
| Homeland Security, DEPARTMENT OF ) | |
| HOMELAND SECURITY; JOHN DOES ) | |
| 2-5, ) | |
| ) | |
| Defendants. ) | |
| ———————————————— ) | |

## <u>DECLARATION OF COUNSEL</u>

DAPHNE E. BARBEE hereby declares under penalty of perjury as follows:

1.    She is the attorney representing Plaintiff RAYMOND WARE.

2.    Attached hereto as Exhibit "4" is a true and correct copy of new articles pertaining to the recertification tests in 2003 for TSA airport screeners.

3.    Attached hereto as Exhibit "5" is a true and correct copy of relevant portion of Defendants' Answer to Plaintiff's complaint.

FURTHER DECLARANT SAYETH NAUGHT.

DATED:  Honolulu, Hawaii, ___5-4-06_____.


_____
DAPHNE E. BARBEE

**Exhibit   No.** 4



WHEN OUR WAY OF

# GOVEXEC.COM




Printer Friendly Version

E-mail this Story to A Friend

Search
Advanced Search

Home
Pay & Benefits
Management
Homeland Security
Defense
E-Government
Per Diems & Travel
Jobs & Careers
Procurement
A-76 & Outsourcing
Bill Tracker
Calendar
Mailbag

Print Subscriptions
E-Newsletters
Events & Awards
Editorial Calendar
Media Kit
Reprints
FAQ
Privacy Policy
About Us
Contact Us

DAILY BRIEFING
**October 18, 2004**

## TSA revamps annual screener recertification tests

By Chris Strohm
cstrohm@govexec.com

The Transportation Security Administration is testing and recertifying its workforce of about 45,000 airport passenger and baggage screeners.

The second annual screener recertification program began last month and will run through June 2005, according to Peter Marcello, TSA's recertification program manager. Under the program, screeners must prove their proficiency using X-ray and explosive detection machines, and perform a physical demonstration of passenger and baggage screening skills.

The agency spent months retooling the recertification program to avoid problems that plagued the first annual tests, which wrapped up in May, said Elizabeth Kolmstetter, TSA's acting assistant administrator for workforce performance and training.

**RELATED STORIES**

**TSA executive bonu[?] draws fire** (10/15/04[?]

**Covert tests reveal [?] screening failures** (

**Outgoing TSA officia[?] progress, challenge[?]** (07/21/04)

**TSA gives airports i[?] guidance on using p[?] screeners** (06/23/04[?]

**Union calculates ne[?] battle to organize a[?] screeners** (05/21/04[?]



HP Servers and Storage. Powering optimal, seamless IT integration.

TECH MA[?]

Click here. Optimize storage today.

...com - Airport screeners allege discrimination in recertification ...sts (11/2/... Page 1 of 4



HP Servers and Storage.
Powering optimal,
seamless IT integration.

**TECHMATES**

Click here. Optimize storage today.

# GOVEXEC.COM



Search
Advanced Search

Home
Pay & Benefits
Management
Homeland Security
Defense
E-Government
Per Diems & Travel
Jobs & Careers
Procurement
A-76 & Outsourcing
Bill Tracker
Calendar
Mailbag

Print Subscriptions
E-Newsletters
Events & Awards
Editorial Calendar
Media Kit
Reprints
FAQ
Privacy Policy
About Us
Contact Us

DAILY BRIEFING
November 2, 2004

## Airport screeners allege discrimination in recertification tests

By Chris Strohm
cstrohm@govexec.com

An organization representing airport screeners is alleging that recertification tests discriminate against workers with medical disabilities and should be suspended until necessary modifications are made.

The recertification tests discriminate against screeners based on their age, race or disability, according to a complaint filed last week with the Justice Department by the Metropolitan Airport Workers Association, which is based in New York, but represents screeners nationwide. The complaint was filed against the Transportation Security Administration and two contractors.

In a statement Monday, TSA said that screeners must be medically and physically able to perform their duties. The agency has required screeners to meet validated medica... since March 2002, when the federal screener workforce was create...

 

Printer
Friendly
Version

E-mail this
Story to
A Friend

RELATED STORIES

**TSA revamps annua recertification tests** (10/18/04)

**Covert tests reveal screening failures**

**Study shows human resources outsourci rise** (08/11/04)

**TSA alters two pay regulations** (08/09/0

**TSA gives airports i guidance on using p screeners** (06/23/04

Print more copies in less time Spend less, too.    Lexm...

Save u
select

Starti
*After

**LEXMARK.**



"All screeners had to meet these standards upon hire and are requir[...] able to meet those standards in order to safely perform the critical [...] of the screener position," TSA said.

The recertification program runs until June and has three test modu[...] the program, screeners must prove their proficiency using X-ray m[...] using and explosive detection machines, and performing a physica[...] demonstration of passenger and baggage screening skills. TSA ren[...] contract with Lockheed Martin for $20 million to conduct the phys[...] evaluation of screeners' skills.

Confusion exists, however, over how medical information is used [...] recertification program.

TSA said it is developing a new module for the recertification prog[...] will specifically evaluate the ability of screeners to meet medical s[...] The new module is not in place yet because the agency hasn't recei[...] funds to implement it.

"TSA has been working on adding a module to the recertification t[...] screeners meet the medical standards for the position," TSA said. "[...] module will require contractor support, thus we will need to identi[...] funding."

The handbook for this year's recertification program, however, inc[...] section called "Medical Standards Evaluation." Portions of the han[...] that medical information factors into the recertification program ar[...] determines, in part, whether screeners pass or fail.

"For FY 04-05, screeners will be asked to complete a medical ques[...] and get further assessment if their medical condition requires addit[...] evaluation," the handbook states.

The "Frequently Asked Questions" section of the handbook states [...] medical standards evaluation is involved in the recertification proc[...] flow chart indicates that a medical standards evaluation is a compo[...] recertification program. According to the chart, if a screener passe[...] modules and receives a rating of acceptable of above on his or her [...] performance assessment but does not meet the screener medical gu[...] because of a medical condition that is permanent, then the screene[...] removed from employment.

Bob Marchetta, MAWA's director of administration, claimed the n[...]

portion of the tests violate up to four federal laws, including the 19
Americans with Disabilities Act and the 1974 Privacy Act.

MAWA's complaint alleges that TSA and Lockheed Martin are
discriminating against screeners by administering the tests. MAW/
meeting with officials from the federal agency and Lockheed Mart
criteria for the tests.

In the complaint, MAWA says that screeners who have been suspe
fired based on the medical portion of the tests should be immediat
reinstated.

Lockheed Martin spokeswoman Jeanine Zeitvogel said the compar
"received official notification about this complaint, so we have not
about it at this time nor can we speculate on the content."

In some cases, Marchetta said, the recertification tests do not make
accommodations for screeners with medical disabilities.

"You might have a problem in a certain area where you need certai
accommodations," he said. "To not have this means you run the ris
performing poorly and being fired."

MAWA also filed eight complaints during the past two weeks with
Office of Civil Rights over the recertification tests, Marchetta adde

TSA said it is in compliance with appropriate laws. "Also, to the e:
possible, we make adjustments for screeners who are temporarily i
the agency said. "We review each individual situation, taking certa
into consideration, such as the prognosis for recovery, whether the
or will be, able to effectively perform the full range of screener du
compromising security, and the operational feasibility of any
accommodation."

"If a screener cannot perform all necessary security screening func
whether due to a medical condition or for some other reason, such
substandard performance, we cannot retain that individual as a scre
agency statement added. "Whether that individual can be employe
in the agency generally depends on factors such as TSA's operatio
and the availability of vacant positions for which the individual is

**Exhibit   No.** 5

2004V00291
EDWARD H. KUBO, JR.  (2499)
United States Attorney
District of Hawaii
THOMAS A. HELPER (5676)
Room 6-100, PJKK Federal Bldg.
Assistant U.S. Attorney
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Federal Defendants

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 2 6 2005

at 3 o'clock and 2 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

RAYMOND WARE,                        )    CIVIL NO. 04-00671 HG LEK
                                     )
              Plaintiff,             )    FEDERAL DEFENDANTS' ANSWER TO
                                     )    FIRST AMENDED COMPLAINT;
       v.                            )    CERTIFICATE OF SERVICE
                                     )
SIDNEY HAYAKAWA, Director of )
Transportation Security              )
Administration - Honolulu,           )
KEN KAMAHELE, Deputy                 )
Director, TRANSPORTATION             )
SECURITY ADMINISTRATION;             )
THOMAS J. RIDGE, Secretary,          )
Department of Homeland               )
Security, DEPARTMENT OF              )
HOMELAND SECURITY; JOHN DOES )
1-5,                                 )
              Defendants.            )
_____)

FEDERAL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

       Federal Defendants Sidney Hayakawa, Ken Kamahele, and Thomas

J. Ridge, Secretary, Department of Homeland Security (Federal

Defendants), by and through undersigned counsel respectfully

29.   Federal Defendants admit the allegations in paragraph 29.

30.   Federal Defendants are without sufficient information to admit or deny the allegations contained in this paragraph of Plaintiff's complaint.

31.   Federal Defendants admit that Plaintiff was advised that he did not pass the recertification and that he was removed effective November 25, 2003.

32.   Federal Defendants aver that it has provided Plaintiff with information indicating that he failed the recertification. The Agency admits that the recertification results are privileged Sensitive Security Information.  Federal Defendants deny the remaining allegations of this paragraph of Plaintiff's complaint.

33.   Federal Defendants are without sufficient information to admit or deny the allegations contained in this paragraph of Plaintiff's complaint.  Federal Defendants aver that Plaintiff was removed from employment because he failed the screener recertification.

34.   Federal Defendants deny the allegations contained in this paragraph of Plaintiff's complaint.

35.   Federal Defendants deny the allegations contained in this paragraph of Plaintiff's complaint.

7

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE,<br><br>    Plaintiff,<br><br> vs.<br><br>SIDNEY HAYAKAWA, Director of<br>Transportation Security Administration -<br>Honolulu, KEN KAMAHELE, Deputy<br>Director, Transportation Security<br>Administration–Honolulu;<br>TRANSPORTATION SECURITY<br>ADMINISTRATION; THOMAS J.<br>RIDGE, Secretary, Department of<br>Homeland Security, DEPARTMENT OF<br>HOMELAND SECURITY; JOHN DOES<br>2-5,<br><br>    Defendants. | CIVIL NO. 04-00671 HG/LEK<br><br>**CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing document was duly served upon the following party at their last-known address by hand delivery, on 5-4-06 . . .

  THOMAS A. HELPER, ESQ.
  Assistant U.S. Attorney
  Rm. 6-100, Federal Building
  300 Ala Moana Blvd.
  Honolulu, Hawaii  96850
  Attorney for Defendant

  DATED:  Honolulu, Hawaii, 5-4-06

           DAPHNE E. BARBEE
           Attorney for Plaintiff