EDWARD H. KUBO, JR.  (2499)
United States Attorney
District of Hawaii
THOMAS A. HELPER (5676)
Room 6-100, PJKK Federal Bldg.
Assistant U.S. Attorney
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG LEK |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S MEMORANDUM IN |
| | ) | OPPOSITION TO PLAINTIFF'S |
| v. | ) | APPEAL OF MAGISTRATE JUDGE'S |
| | ) | ORDER DENYING SECOND |
| SIDNEY HAYAKAWA, Director of | ) | MOTION TO COMPEL DISCOVERY |
| Transportation Security | ) | DATED 5-20-2006; CERTIFICATE |
| Administration - Honolulu, | ) | OF SERVICE |
| KEN KAMAHELE, Deputy | ) | |
| Director, TRANSPORTATION | ) | |
| SECURITY ADMINISTRATION; | ) | |
| MICHAEL CHERTOFF, Secretary, | ) | |
| Department of Homeland | ) | |
| Security, DEPARTMENT OF | ) | |
| HOMELAND SECURITY; JOHN DOES | ) | |
| 1-5, | ) | |
| Defendants. | ) | |
| _____ | ) | |

DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
APPEAL OF MAGISTRATE JUDGE'S ORDER DENYING SECOND
MOTION TO COMPEL DISCOVERY DATED 5-20-2006

I.  PRELIMINARY STATEMENT

Plaintiff appeals the Magistrate's May 20, 2006 Order

Denying Plaintiff's Second Motion to Compel Discovery.  Because

the Magistrate correctly determined that the district courts lack jurisdiction to require production of the Sensitive Security Information ("SSI") sought by plaintiff, the court should affirm the Magistrate's Order.

Plaintiff, a former screener for the Transportation Security Administration (TSA), was terminated for failing a recertification test of his screening skills administered by a TSA contractor. He sought to compel TSA to release the test, despite TSA's determination, pursuant to law, that the information is Sensitive Security Information (SSI) which cannot be produced in the circumstances present here. The Magistrate denied the motion, finding that the Ninth Circuit has exclusive jurisdiction to review TSA's determination.

The court should deny plaintiff's appeal. The Magistrate correctly concluded that this court lacks jurisdiction over the motion because the SSI regulations place exclusive jurisdiction over SSI determinations in the courts of appeal.

II.  LEGAL STANDARDS

   A.  The Relevant Statutes

In order to improve the security of the nation's aviation system following September 11, 2001, Congress passed the Aviation and Transportation Security Act ("ATSA"), by which it created TSA and charged it with oversight of the nation's aviation security system. See Pub. L. No. 107-71, § 101, 115 Stat. 597, 597-604

(2001). Subsequently, Congress transferred TSA to the newly created United States Department of Homeland Security ("DHS"), whose primary mission is to "prevent terrorist attacks within the United States, . . . [and] reduce the vulnerability of the United States to terrorism." Homeland Security Act of 2002, Pub. L. 107-296, § 101(6)(1), 116 Stat. 2135, 2142 (2002). As part of ATSA, and again under the Homeland Security Act, Congress directed TSA, as it had previously directed the Federal Aviation Administration (FAA), to prohibit disclosure of sensitive information regarding transportation security. Specifically, Congress directed the Under Secretary of Transportation for Security, now the Assistant Secretary for TSA, to "prescribe regulations prohibiting the disclosure of information obtained or developed in carrying out [civil aviation] security ... if the Under Secretary decides that disclosing the information would ... be detrimental to the security of transportation."

    B.   The Relevant Regulations

In accordance with its statutory mandate, TSA adopted regulations regarding the protection of SSI, which largely recodified prior SSI regulations issued by the FAA. 49 C.F.R. Part 1520; 67 Fed. Reg. 8340, 8342-43 (Feb. 22, 2002), as amended 68 Fed. Reg. 28066 (June 17, 2004). Under TSA's regulations, SSI is "information obtained or developed in the conduct of security activities . . . which TSA has determined would . . . be

detrimental to the security of transportation."  49 C.F.R. § 1520.5(a)(3).

In its regulations, TSA established a non-exhaustive list of information that constitutes SSI.  See 49 C.F.R. § 1520.5(b).  The regulatory definition of SSI also includes general categories of sensitive information relating to civil aviation security, which may be contained in documents generated by the aviation industry as well as by DOT or DHS.  See id. § 1520.5(4) (performance specifications for explosive or incendiary devices or substances); id. § 1520.5(5) (vulnerability assessments directed, approved by, or provided to DOT or DHS); id. § 1520.5(6) (details of any security inspection or investigative information); id. § 1520.5(8) (specific details of transportation security measures).  SSI is explicitly defined to include information regarding screener testing.  Id. § 1520.5(9).  SSI also includes "[a]ny information not otherwise described in [§ 1520.5) that TSA determines is SSI under 49 U.S.C. § 114(s)." 49 C.F.R. § 1520.5(16).  Thus, information that is not specifically identified in the regulations may be considered SSI if, in TSA's judgment, its disclosure would be detrimental to the security of transportation.  49 U.S.C. § 114(s)(I)(c); 49 C.F.R. § 1520.5(a).

TSA's regulations restrict disclosure of SSI to those persons with a regulatory need to know the information.  49 C.F.R. §§ 1520.7, 1520.11.  A private citizen has a need to know

SSI when the person needs the specific information: (1) to carry out government-approved, - accepted, -funded, -recommended, or -directed security activities, including trainees, supervisors, and managers; (2) to advise covered persons, including airport operators, air carriers or their employees, regarding federal security requirements; or (3) to represent covered persons, including airport operators, air carriers or their employees, in judicial or administrative proceedings regarding federal security requirements.  Id. § 1520.11(a).  Members of the public, however, including civil litigants and their attorneys, do not come within the regulatory need-to-know category and therefore are barred from gaining access to SSI.  Id. §§ 1520.7, 1520.11.

For covered persons, including private parties, who are authorized to have access to SSI, the regulations impose an express duty to protect the information.  49 C.F.R. § 1520.9.  Specifically, the regulations require that such persons must "take reasonable steps to safeguard SSI . . . from unauthorized disclosure, . . . and refer requests by other persons for SSI to TSA."  Id. § 1520.9(a).  Violation of these and additional non-disclosure requirements "is grounds for a civil penalty and other enforcement or corrective action."  Id. at § 1520.17.

    C.   <u>The Role of the Federal Courts</u>.

Congress has vested exclusive jurisdiction in the United States Courts of Appeals to review TSA's final security decisions

regarding the disclosure of SSI.  Under 49 U.S.C. § 46110, in pertinent part:

> a person disclosing a substantial interest in an order issued by .. . the Under Secretary of Transportation for Security with respect to security duties and powers designated to be carried out by the Undersecretary ... in whole or in part under this part, Part B, or subsection (1) or (s) of section 114 may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business.

49 U.S.C. § 46110(a).  The courts of appeals, in turn, have "<u>exclusive</u> jurisdiction to affirm, amend, modify, or set aside any part of the order."  49 U.S.C. § 46110(c) (emphasis added).  <u>See</u> <u>Suburban O'Hare Comm'n v. Dole</u>, 787 F.2d 186, 192-93 (7th Cir. 1986) (predecessor statute to 49 U.S.C. § 46110 "dictates broad construction" of what constitutes an order); <u>Sima Products Corp. v. McLucas</u>, 612 F.2d 309, 312-14 (7th Cir. 1980) (same); <u>see also</u> <u>Public Citizen v. FAA</u>, 988 F.2d 186, 196-98 (D.C. Cir. 1993).

TSA's SSI determinations are among the security duties and powers designated to be carried out by the agency under 49 U.S.C. § 114(s), among other statutes, and are therefore subject to Section 46110(a).  Indeed, Congress recently amended Section 46110(a) to make clear that it applies to orders issued pursuant to 49 U.S.C. § 114(s), the primary source of TSA's authority to

prohibit disclosure of SSI.  <u>See</u> Pub. L. No. 108-176, § 228, 117 Stat. 2490, 2532 (2003).   <u>See</u> <u>Suburban O'Hare</u>, 787 F.2d at 193 ("since the FAA chose to rely on [the predecessor statute to 49 U.S.C. § 46110], petitioners are effectively foreclosed from pursuing their claims in the district court").

III. <u>APPLICATION OF LAW TO PLAINTIFF'S CURRENT APPEAL.</u>

    A.   <u>Facts</u>

Here, TSA has considered and rendered an opinion on plaintiff's request for SSI materials.  <u>See</u> Exhibit A (April 25, 2006 decisions from TSA).  As is apparent from a review of those decisions, Exhibit 2 to Plaintiff's Appeal, TSA performed a line-by-line analysis of plaintiff's discovery requests, and released substantial portions of the testing materials that it determined to not to be SSI.  For the redacted portions of the documents, TSA cited the applicable portion of the regulations which bars disclosure.

    B.   <u>The Court Lacks Jurisdiction Over the Motion to Compel Release of SSI</u>

As noted above, the Ninth Circuit has exclusive jurisdiction to review TSA's decision.  The court should also deny plaintiff's request that this court find the SSI regulations and the TSA's Orders unconstitutional.  As the Magistrate's Order notes, this court lacks jurisdiction over a constitutional challenge because such a challenge is "inextricably intertwined" with a review of the orders themselves.  May 20, 2006 Order at 10.  Plaintiff does

not even attempt to address this finding.  Accordingly, the court should deny the motion to compel.

IV.  CONCLUSION

For the foregoing reasons, the court should deny plaintiff's appeal of the Magistrate's well-reasoned order.

DATED: June 9, 2006, at Honolulu, Hawaii.

          EDWARD H. KUBO, JR.
          United States Attorney
          District of Hawaii

          /s/ Thomas A. Helper

By _____
    THOMAS A. HELPER
    Assistant U.S. Attorney

Attorneys for Federal Defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing document was served on the following at their last known address:

Served Electronically through CM/ECF:

    Daphne Barbee          desekmet@aloha.net
    June 9, 2006


DATED: June 9, 2006, at Honolulu, Hawaii.

                                          /s/ Myra Y. Peterson
                                          _____