IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG LEK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | FEDERAL DEFENDANTS' MOTION TO |
| v. | ) | DISMISS AND FOR SUMMARY |
| | ) | JUDGMENT |
| SIDNEY HAYAKAWA, Director of | ) | |
| Transportation Security | ) | |
| Administration - Honolulu, | ) | |
| KEN KAMAHELE, Deputy | ) | |
| Director, TRANSPORTATION | ) | |
| SECURITY ADMINISTRATION; | ) | |
| MICHAEL CHERTOFF, Secretary, | ) | |
| Department of Homeland | ) | |
| Security, DEPARTMENT OF | ) | |
| HOMELAND SECURITY; JOHN DOES | ) | |
| 1-5, | ) | |
| Defendants. | ) | |
| _____ | ) | |

MEMORANDUM IN SUPPORT OF FEDERAL DEFENDANTS'
MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

Plaintiff Raymond Ware alleges that defendants Sidney

Hayakawa, Kenneth Kamahele, the Transportation Security

Administration (TSA) and the Department of Homeland Security

(DHS) (collectively, the federal defendants) discriminated

against him in connection with his employment as a TSA airport

security screener.  His First Amended Complaint ("Complaint")

claims that the federal defendants discriminated against him on

the basis of his race by not rotating him to into screening

manager positions between October 2002 and February 2003 and by

not selecting him for a screening manager position in June 2003.

After he filed an EEO complaint about these decisions in August,

2003, he complains, TSA discriminated against him on the basis of race and protected activity in two more decisions: the decision not to select him for a screening manager position in September 2003, and the decision to terminate his employment in November 2003.

Plaintiff cannot maintain any of these claims.  Because the only proper defendant in a Title VII case against an agency of the United States is the secretary of that agency, the court should dismiss the complaint against the other defendants.  The court should also dismiss plaintiff's claim about his nonselection as a rotating screening manager ending in February 2003; since plaintiff did not consult with an EEO counselor until June 2003, well after the 45-day time limit, the court lacks jurisdiction over the claim because he failed to exhaust his administrative remedies.

The court should also grant summary judgment to defendants on all four of plaintiff's claims of discriminatory personnel actions.  The undisputed facts show that TSA made each of the decisions for nondiscriminatory reasons, and plaintiff will be unable to produce evidence of discriminatory intent to rebut that showing.  TSA did not select plaintiff as a rotating screening manager ending in February 2003 because the permanent screening managers did not mention him as one of the top performers.  TSA did not select plaintiff for screening manager positions in June

2003 because TSA did not consider any current employee for the

positions.  TSA did not select plaintiff for screening manager

positions in September 2003 because, unlike the successful

applicants, TSA supervisors had expressed substantial concerns

about plaintiff's performance and skills.  Finally, TSA

terminated plaintiff's employment in November 2003 pursuant to a

mandatory policy that required termination of any screener who

failed to pass a recertification test administered by a

contractor; plaintiff was terminated because the contractor told

TSA that plaintiff had failed the test.  Because plaintiff will

be unable to demonstrate that these reasons are a pretext for

discrimination, defendant will be entitled to summary judgment on

all of plaintiff's claims.

I.   THE COURT SHOULD DISMISS DEFENDANTS HAYAKAWA, KAMAHELE,
     DHS AND TSA, SUBSTITUTE SECRETARY CHERTOFF

     It has long been settled that Title VII is the exclusive

judicial remedy for claims of discrimination in federal

employment, and that the courts lack jurisdiction over all other

claims arising from federal personnel decisions.  Brown v.

General Servs. Admin., 425 U.S. 820, 835 (1976).  Due to its

comprehensive scope, Title VII preempts other causes of action

seeking to redress the same wrong, including constitutional

claims or tort claims based upon the same discriminatory

employment actions.  Brown, 425 U.S. at 835; Williams v. General

<u>Servs. Admin.</u>, 905 F.2d 308, 311 (9th Cir. 1990).  The only proper defendant in a Title VII case is the secretary in charge of the relevant Cabinet department.  42 U.S.C. § 2000e-16(c) ("the head of the department, agency, or unit shall be the defendant"); <u>Romain v. Shear</u>, 799 F.2d 1416, 1418 (9th Cir. 1986) (defining these terms to require suit against Secretary only, and dismissing individual defendants).

Here, plaintiff is a former employee of the Department of Homeland Security.  Therefore, Secretary Chertoff is the only proper defendant, and defendants Sidney Hayakawa, Director of Transportation Security Administration-Honolulu, Ken Kamahele, Deputy Director, Transportation Security Administration-Honolulu, the Transportation Security Administration, and the U.S. Department of Homeland should be dismissed from this lawsuit.

II.   THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS ABOUT THE
      ROTATING SCREENING MANAGER POSITION BECAUSE PLAINTIFF
      FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES

To present a claim under Title VII of the Civil Rights Act, an employee must exhaust his administrative remedies by contacting an Equal Employment Opportunity (EEO) counselor "within 45 days of the date of the matter alleged to be discriminatory or ... within 45 days of the effective date of the [personnel] action."  29 C.F.R. § 1614.105(a)(1).  Failure to raise an issue within 45 days deprives the court of subject

4

matter jurisdiction over the claim.  Lyons v. England, 307 F.3d

1092, 1105 (9th Cir. 2002).  The 45-day time requirement

functions as a "statute of limitations for filing suit."  Johnson

v. United States Treasury Department, 27 F.3d 415, 416 (9th Cir.

1994).

     Here, plaintiff claims that TSA discriminated against him

"by not assigning him as a rotating screening manager from

October 2002 through February 2003."  Compl., ¶ 15.  Plaintiff

did not contact an EEO counselor, however, until June 23, 2003,

well outside the 45-day limitations period.  Ex. C to Concise

Statement.

     This fact does not end the inquiry, however.  The timely

filing of a charge of discrimination with the EEO "is not a

jurisdictional prerequisite to suit in federal court, but a

requirement that, like a statute of limitations, is subject to

waiver, estoppel, and equitable tolling."  Zipes v. Trans World

Airlines, Inc., 455 U.S. 385, 393 (1982).  The Ninth Circuit has

noted that the doctrine has been applied "sparingly; for example,

the Supreme Court has allowed equitable tolling when the statute

of limitations was not complied with because of defective

pleadings, when a claimant was tricked by an adversary into

letting a deadline expire, and when the EEOC's notice of the

statutory period was clearly inadequate."  Scholar v. Pacific

Bell, 963 F.2d 264, 268 (9th Cir. 1992).  In Santa Maria v.

Pacific Bell, 202 F.3d 1170 (9th Cir. 2000), the court

distinguished between equitable estoppel, "sometimes called

fraudulent concealment", which applies where a defendant has

misled plaintiff in delaying a filing, and equitable tolling,

which may be available when a reasonable plaintiff would not have

known of the possibility of an EEO claim within the limitations

period.  Id. at 1176-79.

Plaintiff here will be unable to establish entitlement to

equitable estoppel, equitable tolling or any other grounds to

escape the running of the statute.  Defendant did nothing to

mislead plaintiff, and plaintiff was aware that he was not being

assigned as a rotating screening manager when the assignments

were made.  Accordingly, the court should dismiss these claims

for lack of subject matter jurisdiction.

III. THE COURT SHOULD GRANT SUMMARY JUDGMENT TO DEFENDANTS
     ON ALL FOUR OF THE PERSONNEL ACTIONS

     A.    Legal Standards

          1.    General Standards Governing Motions
                for Summary Judgment

Federal Rule of Civil Procedure 56(c) allows a district

court to grant summary judgment "if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with

affidavits, if any, show that there is no genuine issue of

material fact and that the moving party is entitled to a judgment

as a matter of law."

In Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1047

(9th Cir. 1995), the Ninth Circuit succinctly described the

showing a party moving for summary judgment must make and the

corresponding burden a party opposing summary judgment must carry

to thwart the motion.  A party seeking summary judgment must

"identify those parts of the record that indicate the absence of

a genuine issue of material fact."  Id. at 1048 (citing Celotex

Corp. v. Catrett, 477 U.S. 317, 323 (1986); Anderson v. Liberty

Lobby Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial

Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)).  Once the party

seeking summary judgment meets its burden, the nonmoving party

must "designate 'specific facts showing that there is a genuine

issue for trial.'"  Id. (quoting Celotex, 477 U.S. at 324).  The

party opposing summary judgment "must do more than simply show

that there is some metaphysical doubt as to the material facts. .

. .  Where the record taken as a whole could not lead a rational

trier of fact to find for the nonmoving party, there is no

'genuine issue for trial.'"  Matsushita, 475 U.S. at 587.

Further, if the evidence proffered by the party opposing the

motion is "merely colorable, or is not significantly probative,"

summary judgment may appropriately be granted.  Id. (quoting

Liberty Lobby, 477 U.S. at 249-50).  "The possibility that the

plaintiff may discredit the defendant's testimony at trial is not

enough for the plaintiff to defeat a properly presented [summary

judgment] motion." United Steelworkers of America v. Phelps

Dodge, 865 F.2d 1539, 1542 (9th Cir. 1989) (en banc), cert.

denied, 493 U.S. 809, 110 S.Ct. 51.

The party opposing summary judgment must demonstrate that

the fact in contention is material, i.e., that it might affect

the outcome of the suit under the governing law, Liberty Lobby,

477 U.S. at 248; T.W. Elec. Serv., Inc. v. Pacific Elec.

Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that

the dispute is genuine, i.e., the evidence is such that a

reasonable jury could return a verdict for the nonmoving party,

Anderson, 477 U.S. at 248-49.  "[A] complete failure of proof

concerning an essential element of the nonmoving party's case

necessarily renders all other facts immaterial." Celotex, 477

U.S. at 322.

2.   Summary judgment in Title VII cases

"Liability in a disparate treatment case 'depends on whether

the protected trait [national origin, race, and gender] actually

motivated the employer's decision.'" Raytheon Company v.

Hernandez, 540 U.S. 44 (2003) (quoting Hazen Paper Co. v.

Biggins, 507 U.S. 604, 610 (1993).  Accordingly, this race,

national-origin and gender-based non-selection claim can be

analyzed with the three-part burden shifting scheme first

enunciated in McDonnell Douglas v. Green, 411 U.S. 792 (1973).

In keeping with this scheme, plaintiff has the initial burden to

establish a prima facie case of discrimination.  If the plaintiff

establishes a prima facie case, the burden shifts to the

defendant to articulate some legitimate, nondiscriminatory reason

for taking the action.  McDonnell Douglas Corp. v. Green, 411

U.S. 792, 802 (1973).  The burden on the employer is one of

production rather than proof or persuasion.  Texas Dept. of

Community Affairs v. Burdine, 450 U.S. 248, 254 (1981) ("The

defendant need not persuade the court that it was actually

motivated by the proffered reasons").

       If the defendant meets this burden, the plaintiff must then

prove by a preponderance of the evidence that the employer's

articulated reasons are a pretext for discrimination.  Id.  The

"ultimate burden of persuading the trier of fact that the

defendant intentionally discriminated against the plaintiff

remains at all times with the plaintiff."  Id.  Plaintiffs may

establish pretext (1) by direct evidence if it proves the fact of

discriminatory animus without inference or presumption, or (2) by

specific and substantial indirect circumstantial evidence.

Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1221-22 (9th Cir.

1998).

      B.    Defendants Had Legitimate Reasons for Each of
             the Personnel Actions Complained of by
             Plaintiff

       As set forth in the declarations attached to the

government's Concise Statement, TSA had legitimate non-

discriminatory reasons for each of the personnel actions
challenged by lawsuit.  The first three decisions were made by
Kenneth Kamahele.  As set forth in detail in defendant's Concise
Statement, Kamahele did not select plaintiff as a rotating
screening manager from October 2002 to February 2003 (Compl., ¶
14) because the permanent screening managers told Kamahele that
other screening supervisors were more qualified.  Kamahele did
not select plaintiff for promotion to screening manager (Compl.,
¶¶ 16, 18) because he did not consider any current TSA employees
for those temporary positions.  Kamahele did not select plaintiff
for promotion to screening manager in September 2003 (Compl., ¶¶
20, 22) because Kamahele was aware that, unlike the successful
applicants, plaintiff had a history of counselings, disciplinary
reports and negative reports from supervisors.  TSA terminated
plaintiff from his position (Compl., ¶¶ 29-31) because
termination was required after he failed a mandatory
recertification test administered by a contractor.

Plaintiff will be unable to produce evidence of
discriminatory intent, arising from either a racial or
retaliatory animus, to rebut this showing of a legitimate non
discriminatory grounds for each of the personnel actions.
Accordingly, defendants will be entitled to summary judgment on
all of plaintiff's claims.

IV.   <u>CONCLUSION</u>

    For the foregoing reasons, the court should dismiss

plaintiff's claim and grant summary judgment to defendants.

    DATED: June 14, 2006, at Honolulu, Hawaii.

                                    EDWARD H. KUBO, JR.
                                    United States Attorney
                                    District of Hawaii


                                        /s/ Thomas A. Helper
                                    By _____
                                       THOMAS A. HELPER
                                       Assistant U.S. Attorney

                                    Attorneys for Federal
                                    Defendants