UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SIDNEY HAYAKAWA, Director of )<br>Transportation Security Administration- )<br>Honolulu, KEN KAMAHELE, Deputy Director, )<br>Transportation Security Administration- )<br>Honolulu; TRANSPORTATION SECURITY )<br>ADMINISTRATION; MICHAEL CHERTOFF, )<br>SECRETARY, Department of Homeland )<br>Security; U.S. DEPARTMENT OF )<br>HOMELAND SECURITY; JOHN DOES 1-5 )<br>)<br>Defendant. )<br>_____) | Case No. CV:04-00671-HG-LEK |

### DECLARATION OF PETE MARCELLO

I, Pete Marcello, make the following declaration in lieu of an affidavit, as permitted by Section 1746 of Title 28 of the United States Code. I am aware that this declaration will be filed with the United States District Court for the District of Hawaii and that it is the legal equivalent of a statement under oath.

1. I am the Program Manager for re-certification in the Office of Human Capital for the Transportation Security Administration (TSA) in Arlington, Virginia. I have served in that capacity since October 2003. My office is responsible for the development and implementation of the assessment test modules that are used in the re-certification of Screeners. I helped design the TSA database that contains the results of the re-certification tests for all Screeners nationwide. The

1

*P.m.*

information contained in this declaration that is specific to Plaintiff Raymond Ware is based on information that I obtained from the TSA database

2.    The Aviation and Transportation Security Act (ATSA), Public Law 107-71, 115 Stat. 597, requires that all Screeners, including Lead and Supervisory Transportation Security Screeners, have an annual proficiency review (re-certification). Effective October 17, 2003, TSA Management Directive 1900.4, Annual Proficiency Review, governed Screener re-certification tests. A copy of that Directive is attached as Exhibit A. As set forth in Section 6.2, on page 6, Screeners who initially fail the re-certification process are provided an opportunity to complete remedial training. If the Screener again fails the re-certification process, the Screener must be removed.

4.    In 2003, Raymond Ware, like all other passenger Screeners, was required to pass three modules. Module 1 was a job knowledge, occupation specific (baggage or passenger) multiple choice test that assessed a Screener's knowledge of the standard operating procedures. Module 2, for passenger Screeners only, measured a screener's skill and ability in the detection of threat/prohibited items within x-ray images of baggage. Module 3 was an occupation specific (baggage or passenger) practical skills or hands-on skills demonstration, used to evaluate a Screener's knowledge, skill, and ability when performing specific Screener tasks.

5.    A TSA employee administered Modules 1 and 2 to Mr. Ware, and found that he had passed those modules. Module 3 was administered by employees or contractors of Lockheed Martin. No TSA employees at an airport were involved in the evaluation/scoring of any Screener's performance in Module 3. The Lockheed Martin employee or subcontractor would observe the Screener performing the tasks on Module 3 and mark results on a checklist which was on a handheld electronic device. At the end of the test the Lockheed Martin employee or subcontractor would link

Q. M.

the device to a laptop computer. In turn, the re-certification test results on the laptop would be transmitted to the TSA database.

6..  Module 3 had six discrete sections for passenger Screeners. In order to pass the test and remain employed, the Screeners were required to demonstrate proficiency in each section. I have reviewed Mr. Ware's scores in the TSA database from the 2003 re-certification process and have confirmed that on November 6, 2003 Mr. Ware failed four sections of Module 3. My records indicate that Mr. Ware was provided a second attempt on November 7, 2003 to pass the four sections of Module 3 that he initially failed. Mr. Ware failed three sections of Module 3 on the retest.

7.  I have attached a printout of Mr. Ware's scores to this declaration as Exhibit B. A Screener must score 80% or higher on each section to pass module 3. Because Mr. Ware scored under 80% on three (3) sections within Module 3, TSA policy required that Mr. Ware be removed from his screener position.

I have read the above pages, and I declare under penalty of perjury that the information stated there is true and correct to the best of my knowledge.

Executed on May 10, 2006

_____
PETE MARCELLO

**Sensitive Security Information**

Re-certification 03-04

Test results for Mr. Raymond Ware (SSN: 4947)

| Iteration | Date | Module 3 | | | | | |
|---|---|---|---|---|---|---|---|
| | | Hand Held Metal Detector 1 | Hand Held Metal Detector 2 | Full Body Pat Down | Explosive Trace Detection (ETD) | Physical Bag Search 1 | Physical Bag Search 2 |
| Test | 11/6/03 | 50% | 71% | 58% | 69% | 100% | 93% |
| Retest | 11/7/03 | 96% | 0%* | 0%* | 79% | | |

**Scoring**:
- A score of 80% or higher was required in order to pass each demonstration.
- A score of 0 means a screener failed to locate a prohibited item during the demonstration. It is a critical failure and results in an automatic failure regardless of the actual score.



WARNING: This document contains Sensitive Security Information that is controlled under 49 CFR Part 1520. No part of this document may be released to persons without a need to know, as defined in 49 CFR 1520, except with the written permission of the Administrator of the Transportation Security Administration, Washington, DC. Unauthorized release may result in civil penalty or other action. For U.S. Government agencies, public release is governed by 5 U.S.C. 552.