IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE,<br><br>        Plaintiff,<br><br>vs.<br><br>SIDNEY HAYAKAWA, Director of Transportation Security Administration - Honolulu, KEN KAMAHELE, Deputy Director, Transportation Security Administration–Honolulu; TRANSPORTATION SECURITY ADMINISTRATION; THOMAS J. RIDGE, Secretary, Department of Homeland Security, DEPARTMENT OF HOMELAND SECURITY; JOHN DOES 2-5,<br><br>        Defendants. | CIVIL NO. 04-00671 HG/LEK<br><br>**DECLARATION OF COUNSEL; EXHIBITS "1-5"; CERTIFICATE OF SERVICE**<br><br><br>**JUDGE:   HELEN GILMORE** |

## DECLARATION OF COUNSEL

DAPHNE E. BARBEE declares under penalty of perjury as follows:

1. Declarant represents Plaintiff in his Title VII race discrimination case wherein he alleges race and retaliation discrimination in failure to promote and in termination by his former employer, Transportation Security Administration (TSA), part of the Department of Homeland Security.

2. In his discovery requests to Defendant, Plaintiff requested a copy of the recertification test he took in November 2003 which defendants alleged he failed, and personnel files and records of employees who were promoted over him.

3. Defendant assert the test results are sensitive security information (SSI) which they will not disclose. See Exhibits 1,2 .

4. Plaintiff filed a Motion to Compel Discovery on December 12, 2005. The Motion was heard by U.S. Magistrate Judge Leslie Kobayashi and ruled moot to allow for a meet and confer with Defendant's TSA attorney Mr. Velasco about the test results and to provide an itemized description of the documents withheld.

5. Plaintiff filed a Second Motion to Compel Discovery on March 20, 2006 which requested the unredacted recertification test results for Plaintiff. This Motion was heard and denied by U.S. Magistrate Judge Leslie Kobayashi on May 15, 2006.

6. Plaintiff filed an appeal of the Magistrate Judge's Order denying his Second Motion to Compel on May 30, 2006. This appeal is still pending.

7. Plaintiff filed a Petition with the Ninth Circuit Court of Appeals on JunE 22, 2006 regarding the Federal Agency's decision to deny Plaintiff full disclosure of the recertification test criteria and results, pursuant to 49 U.S. C. 46610(c). See Exhibit 3 .

8. Plaintiff is hindered in establishing a pretext by Defendant's refusal to disclose his test results and the grading criteria and the name of persons who performed the test. In defendant's answers, they assert Plaintiff was fired because he failed this test.

9. Defendant's do not know who tested Plaintiff in November 2003 so Plaintiff is unable to depose these persons.

10. Plaintiff requested copies of the personnel files and resumes of persons who were promoted in June 2003 from screening supervisor to screening managers. See Exhibit 4 .

11. Defendant has not replied to Plaintiff's 4th Request for Production of documents or provided resumes of persons promoted in June 2003 as discovery. See Exhibit 5.

12. The discovery requested of defendant is necessary to establish material issues of fact that the defendant's reason for terminating plaintiff is pretextual, which contradicts assertion made by Defendant in its Motion for Summary Judgement.

13. Under Federal Rules of Civil Procedure Rule 56 (f) a continuance based upon a need for additional evidence before hearing a Summary Judgment can be made and granted in the interest of justice. See Celetex Corp v.Catrett, 477 U.S.

317, 326 (1986) ("Any potential problem with premature motions can be adequately dealt with under Rule 56 (f) which allows a summary judgement motion to be denied, or the hearing on motion be continued if the nonmoving party has not had an opportunity to make full discovery") and <u>Vance ex rel. Hammons v. United States</u>, 90 F. 3d 1145, 1148 (6th Cir. 1996) ("The general rule is that summary judgement is improper if the non-movant is not afforded a sufficient opportunity for discovery").

14. Therefore, in the interest of fairness, plaintiff requests this court grant Plaintiff's Motion to continue Defendant's Motion for Summary Judgment in this case until Defendant's Response to his fourth Request for Production of documents is answered, allowing Plaintiff to review personnel files and resumes of persons promoted in June 2003, allowing a decision on his appeal of the Magistrate's denial of his Second Motion to Compel and until full discovery is given to him pertaining to the recertification test results of November 2003.

FURTHER DECLARANT SAYETH NAUGHT.

_____

DAPHNE E. BARBEE

Attorney for Plaintiff