Exhibit No. 1

2004V00291
EDWARD H. KUBO, JR.   (2499)
United States Attorney
District of Hawaii

THOMAS A. HELPER (5676)
Room 6-100, PJKK Federal Bldg.
Assistant U.S. Attorney
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE, ) | CIVIL NO. 04-00671 HG LEK |
| ) | |
| Plaintiff, ) | DEFENDANTS' RESPONSE TO |
| ) | PLAINTIFF'S FIRST REQUEST FOR |
| v. ) | ANSWERS TO INTERROGATORIES TO |
| ) | SIDNEY HAYAKAWA AND KEN |
| SIDNEY HAYAKAWA, Director of ) | KAMAHELE |
| Transportation Security ) | |
| Administration - Honolulu, ) | |
| KEN KAMAHELE, Deputy ) | |
| Director, TRANSPORTATION ) | |
| SECURITY ADMINISTRATION; ) | |
| MICHAEL CHERTOFF, Secretary, ) | |
| Department of Homeland ) | |
| Security, DEPARTMENT OF ) | |
| HOMELAND SECURITY; JOHN DOES ) | |
| 1-5, ) | |
| Defendants. ) | |
| ) | |

DEFENDANTS' RESPONSE TO PLAINTIFF'S
FIRST REQUEST FOR ANSWERS TO INTERROGATORIES
TO SIDNEY HAYAKAWA AND KEN KAMAHELE

12. Who contracted with Lockheed Martin to perform recertification testing on screeners in November 2003? Where is a copy of the contract located?

    **ANSWER:** Defendant objects to this request on the grounds that it is vague, overbroad, unduly burdensome, and because it is not calculated to lead to the discovery of admissible evidence.

    _____
    Thomas A. Helper

    Subject to and without waiving the foregoing objections, Defendant responds that TSA's contract with Lockheed-Martin was not limited to Honolulu International Airport but was nationwide in scope. Defendant further responds that management at Honolulu International Airport had no role in the contracting process.

13. Names, address and telephone numbers of persons who conducted screening certification test on Plaintiff in November 2003 at Honolulu Airport?

    **ANSWER:** Defendant objects to this request on the grounds that it is vague, overbroad, unduly burdensome, and because it is not calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it seeks Sensitive Security Information, the release of which to Plaintiff is not permitted under 49 C.F.R. §§ 1520.9 (2).

    _____
    Thomas A. Helper

    Subject to and without waiving the foregoing objections, Defendant responds that it believes that the individuals who administered module 3 of the recertification process at Honolulu International Airport in November 2003 were either employees or contractors of Lockheed-Martin.

5

What portion of the screening recertification test did Plaintiff fail?

**ANSWER:** Defendant responds that according to the information provided by Lockheed-Martin, Plaintiff failed module 3 of the recertification process.

15. Describe in detail how Plaintiff failed the test?

**ANSWER:** Defendant objects to this request on the grounds that it seeks Sensitive Security Information, the release of which to Plaintiff is not permitted under 49 C.F.R. §§ 1520.9 (2).

_____
Thomas A. Helper

Subject to and without waiving the foregoing objection, Defendant responds that, according to information provided by Lockheed Martin, Plaintiff failed the sections of module 3 that required him to demonstrate proficiency in using the handheld metal detector, performing pat down procedures, and utilizing an ETD machine to screen bags.

16. How many other TSA screeners failed this portion of the test in November 2003?

**ANSWER:** Defendant objects to this request on the grounds that it is vague.

_____
Thomas A. Helper

Subject to and without waiving the foregoing objection, Defendant responds that two other Screeners failed module 3 of the recertification process in November 2003.

6

What was the objective criteria for scoring the 2003 recertification test.

**ANSWER:** Defendant objects to this request on the grounds that it is vague and because it is not calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it seeks Sensitive Security Information, the release of which to Plaintiff is not permitted under 49 C.F.R. §§ 1520.9 (2).

_____
Thomas A. Helper

18. Names of persons who witnessed the 2003 testing of Plaintiff?

**ANSWER:** Defendant objects to this request on the grounds that it is vague and because it is not calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it seeks Sensitive Security Information, the release of which to Plaintiff is not permitted under 49 C.F.R. §§ 1520.9 (2).

_____
Thomas A. Helper

Subject to and without waiving the foregoing objection, Defendant responds that it does not believe that any TSA employee witnessed Plaintiff undergo the recertification process in November 2003.

21. Describe the test used in recertification in November 2003, date test given, skills the test was designed to measure, title and description of jobs test was used to evaluate.

    **ANSWER:** Defendant objects to this request on the grounds that it is vague and because it is not calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it seeks Sensitive Security Information, the release of which to Plaintiff is not permitted under 49 C.F.R. §§ 1520.9 (2).

    _____
    Thomas A. Helper

    Subject to and without waiving the foregoing objection, Defendant responds that the recertification process was administered between October and November 2003 at Honolulu International Airport. The recertification process tested screeners' knowledge of and ability to apply the screening procedures, use of screening equipment, and processes outlined in the standard operating procedure.

22. Describe the evaluation measure used to rate testees, the weight given to test relative to evaluation and how the test was scored, and state the passing score or rate.

    **ANSWER:** Defendant objects to this request on the grounds that it is vague and because it is not calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it seeks Sensitive Security Information, the release of which to Plaintiff is not permitted under 49 C.F.R. §§ 1520.9 (2).

    _____
    Thomas A. Helper

23. Describe how the 2003 recertification test was administered and instructions given to persons taking the test.

    **ANSWER:** Defendant objects to this request on the grounds that it is vague and because it is not calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it seeks Sensitive Security Information, the release of which to Plaintiff is not permitted under 49 C.F.R. §§ 1520.9 (2).

    _____
    Thomas A. Helper

24. Attach a copy of Plaintiff's test results and objective criteria used to determine its results.

    **ANSWER:** Defendant objects to this request on the grounds that it is vague. Defendant further objects to this request on the grounds that it seeks Sensitive Security Information, the release of which to Plaintiff is not permitted under 49 C.F.R. §§ 1520.9 (2).

    _____
    Thomas A. Helper

    Subject to and without waiving the foregoing objection, see attached document.

10