DAPHNE E. BARBEE   2911
Attorney & Counselor at Law
Century Square, Suite 1909
1188 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 533-0275

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE,<br><br>              Plaintiff,<br><br>vs.<br><br>SIDNEY HAYAKAWA, Director of Transportation Security Administration - Honolulu, KEN KAMAHELE, Deputy Director, Transportation Security Administration–Honolulu; TRANSPORTATION SECURITY ADMINISTRATION; THOMAS J. RIDGE, Secretary, Department of Homeland Security, DEPARTMENT OF HOMELAND SECURITY; JOHN DOES 2-5,<br><br>              Defendants. | CIVIL NO. 04-00671 HG/LEK<br><br>**PLAINTIFF WARE'S CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF WARE, EXHIBITS 1-18; DECLARATION OF COUNSEL, EXHIBITS 19-23; CERTIFICATE OF COMPLIANCE; CERTIFICATE OF SERVICE**<br><br>DATE:    September 18, 2006<br><br>TIME:    9:45 a.m.<br><br>JUDGE:    Hon. Helen Gillmor |

**PLAINTIFF WARE'S CONCISE STATEMENT OF FACTS
IN OPPOSITION TO DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff RAYMOND WARE hereby submits his Concise Statement of Facts in Opposition to Defendant's Motion for Summary Judgment filed June 14, 2006, pursuant to Rule 56.1 of the local rules for the U.S. District Court for the District of Hawaii. Plaintiff's numbers refer to defense's Statement of Facts.

Facts 1 through 14 correspond to the facts and supporting evidence presented in Defendant's Separate Concise Statement in Support of Federal Defendant's Motion for Summary Judgment. Where appropriate, Plaintiff has indicated that the facts relied on by Defendants are controverted. These are followed by additional material facts and supporting evidence that Plaintiff intends to demonstrate the existence of a genuine issue of material fact.

<u>PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF FACTS</u>

<u>EVIDENTIARY SUPPORT:</u>

1. Plaintiff agrees.

2. Plaintiff denies and is without knowledge as to who ultimately was responsible for selecting persons for the Screening Manager positions. Plaintiff denies that Mr. Kamahele was unaware that he filed an EEO complaint in August and September. See <u>Plaintiff's Decl, Exh. 2</u>.

3. Plaintiff denies. There is no showing that a general consensus was that other Screening Supervisors were better qualified for the Rotation Screening

Manager details. Plaintiff disputes several Screening Managers reported problems with his performance. See <u>Decl of Ware</u>.

4. Plaintiff denies that the six Screening Managers were placed in temporary positions. All six Screening Managers have permanent positions. It is untrue that the persons hired were current FAA Assistant Security Inspectors. See <u>Decl of Counsel, Exh. 19</u>.

5. Plaintiff denies. Plaintiff informed management he wanted to have a Screening Manager position. Additionally, all the Screening Manager positions are no longer temporary.

6. Plaintiff denies. Plaintiff did not have a disciplinary record at the time he applied for the manager position. Plaintiff disputes that Kamahele was informed that Plaintiff had poor decision making and a weak grasp of standard operating procedures before making a decision on promotion. Furthermore, Plaintiff's only performance rating was outstanding. See <u>Decl of Ware, Exh. 8</u>.

7. Plaintiff denies. Plaintiff is aware that Jose Abrante is not Jamaican or African American. Mr. Abrante is Hispanic. See <u>Decl of Ware</u>.

8. Plaintiff denies. See <u>Decl of Ware</u>.

9. Plaintiff is unable to admit or deny as he is not familiar with the requirements and whether all TSA Screeners and Supervisors had to undergo the test. See <u>Decl of Ware</u>.

10. Plaintiff admits.

11. Plaintiff denies. Plaintiff is unaware who administrated the test. Defendant has not given Plaintiff requested discovery about the identity of the persons who administered the test. Plaintiff does not know how the testers graded him. See <u>Decl of Ware</u>.

12. Plaintiff denies. Plaintiff passed the test and found objects on the tester. Plaintiff disputes the test results and has requested a copy of the results.

Defendants have not produced the test results and claim it is SSI. See <u>Decl of Ware, Exh. 10</u>; <u>Decl of Counsel, Exh. 24</u>.

13. Plaintiff admits.

14. Plaintiff denies. Plaintiff has requested the criteria for scoring. When Plaintiff was first informed he failed, he was told it was a pass-fail score. Later after filing the lawsuit, Plaintiff was informed it was a percentage score. Plaintiff has been given inconsistent reasons. See <u>Decl of Ware, Exhs. 11, 13, 14</u>.

Plaintiff submits the following additional facts in support of his opposition to Defendants' motion.

15. Before Plaintiff began working as a Supervisor Screener for TSA Honolulu in September 2002, he was a Mobile Screener Supervisor with TSA based in Washington, D.C. See <u>Decl of Ware, Exh. 1</u>.

16. Plaintiff was told when he arrived at TSA Honolulu that all Screening Supervisors would receive an opportunity to become Rotating Screening Managers to develop skills and training to become Screening Managers. See <u>Decl of Ware</u>.

17. Plaintiff was never given a Rotating Screening Manager position. He was passed over as a Rotating Screening Manager all the way until September 2003. See <u>Decl of Ware, Exh. 7</u>.

18. Plaintiff was not informed of any complaints by his Screening Managers about his work performance before filing EEO complaints. See <u>Decl of Ware</u>.

19. Six persons were hired as Screening Managers over Plaintiff who was a Screening Supervisor in June 2003. None of these six persons were African American. Two of the six persons had failed the screening test. One of the six persons had no prior screening experience with FAA. See <u>Decl of Ware; Decl of Counsel, Exh. 19</u>.

20. Plaintiff contacted the EEO in June 2003 after the six Screening Managers were hired. The complaint became formal in August 2003. See <u>Decl of Ware, Exh. 2</u>.

21. In addition to filing an EEO complaint, Plaintiff scheduled a meeting with Mr. Hayakawa and met with him in September 2003 to discuss Plaintiff's concerns about discrimination and promotions. See <u>Decl of Ware, Exh.</u>

22. After meeting with Mr. Hayakawa and filing EEO complaints, Plaintiff learned he was again not selected for Screening Manager in September 2003 and as a Rotating Screening Manager. Plaintiff filed another EEO complaint of discrimination. See <u>Decl of Ware, Exh. 3</u>.

23. In October 2003, Plaintiff met with Mr. Kamahele. At the meeting, Plaintiff learned for the first time that were "complaints" in his personnel file. Plaintiff requested to review this personnel file. See <u>Decl of Ware</u>.

24. In reviewing the complaints in his personnel file, Plaintiff noted that they were back-dated and written after Plaintiff met with Mr. Hayakawa by persons Plaintiff had not worked with for over a year. Plaintiff disputes all allegations in these complaints. Plaintiff was never told about these complaints. See <u>Decl of Ware, Exh. 4</u>.

25. After filing the two EEO complaints which were under investigation, Plaintiff was told he had to undergo a recertification test in November 2003. See <u>Decl of Ware</u>.

26. The recertification test was given by two unknown male testers. Plaintiff passed all written objective tests. After the third hands-on test, which is subjective, the testers informed Plaintiff he failed. Plaintiff requested to be told how he failed. Defendants refused. See <u>Decl of Ware</u>.

27. Plaintiff disputes that he failed the recertification test hands-on portion as he found objects on the testers contrary to Defendants' assertions. See <u>Decl of Ware</u>.

28. Plaintiff was told first that he failed four parts, then three parts, then two parts by Mr. Hayakawa. Plaintiff disputed failing the test and requested to review the results. Defendants refused. The Recertification test has not been validated and the same test is no longer used by TSA. See Decl of Ware, Exh. 9, 11, 12, 13, 14 and Decl of Counsel, Exh. 22.

29. Plaintiff is aware that other non-African American Screeners who failed the recertification test were allowed to remain employed by TSA. See Decl of Ware.

30. Mr. Kamahele no longer works for TSA Honolulu and has been terminated due to an investigation about his improper promotions and retaliation against Screeners. See Decl of Ware, Exh. 16, Decl. of Counsel, Exh. 20.

DATED: Honolulu, Hawaii, 8-28-06.

_____
DAPHNE E. BARBEE
Attorney for Plaintiff RAYMOND WARE