IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE,<br><br>             Plaintiff,<br><br>     vs.<br><br>SIDNEY HAYAKAWA, Director of<br>Transportation Security<br>Administration - Honolulu; KEN<br>KAMAHELE, Deputy Director,<br>Transportation Security<br>Administration - Honolulu;<br>TRANSPORTATION SECURITY<br>ADMINISTRATION; MICHAEL<br>CHERTOFF, Secretary, Department<br>of Homeland Security;<br>DEPARTMENT OF HOMELAND<br>SECURITY; JOHN DOES 2-5,<br><br>             Defendants.<br>_____ | CIVIL NO. 04-00671 HG LEK<br><br>**ORDER DENYING PLAINTIFF'S<br>APPEAL AND AFFIRMING ORDER<br>DENYING PLAINTIFF'S SECOND<br>MOTION TO COMPEL DISCOVERY** |

**ORDER DENYING PLAINTIFF'S APPEAL AND AFFIRMING ORDER DENYING
PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY**

Plaintiff Raymond Ware has brought a Title VII, 42 U.S.C. § 2000e et seq., employment discrimination case against Defendants Sidney A. Hayakawa, Director of Transportation Security Administration - Honolulu, Ken Kamahele, Deputy Director, Transportation Security Administration - Honolulu, Michael

1

Chertoff, Secretary of the Department of Homeland Security[1], Transportation Security Administration, and the Department of Homeland Security.  Plaintiff was a Checkpoint Screen Supervisor. Plaintiff alleges that Defendants discriminated against him by failing to promote him.  Plaintiff also alleges that Defendants terminated him in retaliation for his discrimination complaints. Defendant Transportation Security Administration contends that it terminated Plaintiff because he failed a re-certification test of his screening skills.

During discovery, Plaintiff sought the unredacted test results from his re-certification test, the criteria for grading the test, and other related information.  The Transportation Security Administration issued orders, pursuant to 49 U.S.C. § 114(s) and 49 C.F.R. Part 1520, limiting the disclosure of such information as sensitive security information.  Plaintiff filed a second motion to compel discovery seeking disclosure of this information which the magistrate judge denied.  Plaintiff appeals from the magistrate judge's non-dispositive order denying plaintiff's second motion to compel discovery.  Plaintiff also has a pending petition before the United States Court of Appeals for the Ninth Circuit to resolve the same discovery issues as presented in his second motion to compel.

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1) Michael Chertoff has been substituted for Thomas J. Ridge as the current Secretary of the Department of Homeland Security.

For the reasons that follow, Plaintiff's appeal is DENIED and the magistrate judge's order is AFFIRMED.

## PROCEDURAL HISTORY

On March 20, 2006, Plaintiff filed a Second Motion to Compel Discovery ("Motion", Doc. 50.)

On April 27, 2006, Defendants filed an Opposition to Plaintiff's Motion (Doc. 57.)

On May 20, 2006, the Court entered an Order Denying Plaintiff's Second Motion to Compel Discovery ("Order", Doc. 64.)

On May 30, 2006, Plaintiff filed a "Statement on Appeal of Non-Dispositive Magistrate Judge's Order Denying Plaintiff's Second Motion to Compel Discovery Dated 5-20-06", along with various exhibits ("Appeal", Doc. 65.)

On June 9, 2006, Defendants filed a memorandum in opposition to Plaintiff's Appeal ("Opposition", Doc. 66.)

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court.  A district judge may reconsider any pretrial matter decided by the magistrate judge pursuant to § 636(b)(1)(A) where it has been demonstrated that the magistrate judge's order is clearly erroneous or contrary to law.  Id.

## ANALYSIS

Because the background facts are known to the parties and set forth in the magistrate judge's Order, the Court need not repeat them in detail here.  On April 25, 2006, in response to Plaintiff's motion to compel discovery, Defendant Transportation Security Administration ("TSA") issued two administrative orders regarding the production of documents responsive to Plaintiff's discovery requests.  In those orders, the TSA withheld or redacted certain information and documents, in particular, Plaintiff's re-certification test results and the grading criteria for the re-certification test, as privileged "sensitive security information" ("SSI") as defined in 49 C.F.R. Part 1520 to which Plaintiff is not entitled access.

Plaintiff argued that the TSA decisions were erroneous and that the TSA regulations were unconstitutional and contrary to Title VII.  The magistrate judge found that the TSA orders were final orders under 49 U.S.C. § 46110 and that the appropriate United States Court of Appeals had exclusive jurisdiction over their review.  (Order at 8-10.)

Plaintiff appeals the magistrate judge's order denying his second motion to compel production of the re-certification test results and test grading criteria.  In accordance with 28 U.S.C. § 636(b)(1)(A), the Court considers whether the magistrate judge's denial of the motion was clearly erroneous or contrary to

4

law.

**The magistrate judge properly denied Plaintiff's Second Motion to Compel for lack of jurisdiction**

The magistrate judge properly denied Plaintiff's Motion, finding that the Court does not have jurisdiction to review the two administrative orders issued by the TSA regarding the production of documents responsive to Plaintiff's discovery requests in the instant case.  Review of the TSA orders is limited to the appropriate United States Court of Appeals as provided by 49 U.S.C. § 46110.  While, in certain circumstances, a district court may have jurisdiction to hear broad constitutional challenges to orders governed by Section 46110, this is not such a case.

Plaintiff challenges the TSA orders with respect to the withholding of information related to his Title VII case.  The TSA orders withhold, or permit only the redacted production of, certain documents.  Plaintiff asks the Court to compel the unredacted production of these documents.  In other words, Plaintiff's constitutional challenge goes to the manner in which the TSA orders applied the TSA regulations to the facts of this case.

The magistrate judge properly found that where, as here, the constitutional challenge is "inescapably intertwined" with a review of the TSA orders, the district court does not have jurisdiction.  (Order at 10.); see <u>Gilmore v. Gonzales</u>, 435 F.3d

1125, 1133 n.9 (9th Cir. 2006), *petition for cert. filed,* 75 U.S.L.W. 3074 (U.S. Aug. 4, 2006) (No. 06-211) ("Gilmore's due process vagueness challenge is 'inescapably intertwined' with a review of the order because it squarely attacks the orders issued by the TSA with respect to airport security.  Moreover, Gilmore's other claims are as-applied challenges as opposed to broad facial challenges.  Given that they arise out of the particular facts of Gilmore's encounter with Southwest Airlines, these claims must be brought before the courts of appeals").

### CONCLUSION

For the foregoing reasons, Plaintiff's "Statement on Appeal of Non-Dispositive Magistrate Judge's Order Denying Plaintiff's Second Motion to Compel Discovery Dated 5-20-06" (Doc. 65) is **DENIED** and the magistrate judge's Order Denying Plaintiff's Second Motion to Compel Discovery (Doc. 64) is **AFFIRMED**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 13, 2006.



   /s/ Helen Gillmor_____
Chief United States District Judge

---

Raymond Ware v. Sidney Hayakawa, Director of Transportation Security Administration, et al.; Civil No. 04-00671 HG-LEK; **ORDER DENYING PLAINTIFF'S APPEAL AND AFFIRMING ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY**