IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG/LEK |
| | ) | **DECLARATION OF PLAINTIFF;** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SIDNEY HAYAKAWA, Director of | ) | |
| Transportation Security | ) | |
| Administration - Honolulu, KEN | ) | **JUDGE:   HELEN GILMOR** |
| KAMAHELE, Deputy Director, | ) | |
| Transportation Security | ) | |
| Administration–Honolulu; | ) | |
| TRANSPORTATION SECURITY | ) | |
| ADMINISTRATION; THOMAS J. | ) | |
| RIDGE, Secretary, Department of | ) | |
| Homeland Security, DEPARTMENT | ) | |
| OF HOMELAND SECURITY; | ) | |
| JOHN DOES 2-5, | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF PLAINTIFF

RAYMOND E. WARE, Plaintiff in the above case declares under penalty of perjury as follows:

1. I have reviewed the Reply submitted by the Defendant in the above case;

3

2. I dispute that any complaints were made about me or considered by Mr. Kamahele in his decision not to promote me in June 2003 and September 2003.

3. In reviewing the personnel files of the persons who were promoted by Mr. Kamahele, none contained letters of reference from their supervisors stating they were "top performers".

4. The rotating screening manager positions were ongoing up until my termination. See Exh. 5 and 7 verifying on September 6, 2003, I was once again denied a rotating screening manager position.

5. I would like a continuance pursuant to Rule 56 (f) to depose Mr. Kamahele about the statements he made in his declaration. This request is made because Defendant relies on Mr. Kamahele's declaration which contains hearsay about me, and I want an opportunity to have him questioned under oath about his knowledge, and about the other persons who were promoted over me. Additionally, I know Mr. Kamahele was aware of my EEO complaint, which I reported in June 2003, and filed formally in August 2003.

6. Information was requested about my performance in September 2003, after my EEO complaint and complaint to Mr. Hayakawa. See Exhibit 4 .

7. Subsequent to filing my federal lawsuit, Mr. Kamahele was terminated for misconduct for being unfair in promotion opportunities at TSA Honolulu, amongst

other reasons.

8. I appealed Defendant's decision to terminate me, just as Mr. Kidani did. See <u>Exh. 24</u>.   Mr. Kidani was allowed to remain on the payroll pending a decision. Furthermore Mr. Kidani failed the written objective portion of the recertification test, which was graded by objective criteria and standards. I was immediately let go, demonstrating unfair discriminatory treatment.

9. It should not take beyond 60 more days to depose Mr. Kamahele and other witnesses to verify no complaints were made against me before I filed my EEO complaint in August 2003.

10. Lizette Haneberg was not my supervisor and I worked a different shift from her. I was unaware of complaints by Robin Wong and Leonard Ventura, who were my supervisors. I did not receive any verbal or written disciplinary actions or notices while I worked at TSA-Honolulu.

10. I make these statements based upon personal knowledge.

DATED: Honolulu, Hawaii  09/14/06

*[signature]*
RAYMOND E. WARE
ATTORNEY AT LAW

5