IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG/LEK |
| | ) | |
| Plaintiff, | ) | **DECLARATION OF COUNSEL;** |
| | ) | **EXHIBITS "24-26"** |
| vs. | ) | |
| | ) | |
| SIDNEY HAYAKAWA, Director of Transportation Security Administration - Honolulu, KEN KAMAHELE, Deputy Director, Transportation Security Administration–Honolulu; TRANSPORTATION SECURITY ADMINISTRATION; THOMAS J. RIDGE, Secretary, Department of Homeland Security, DEPARTMENT OF HOMELAND SECURITY; JOHN DOES 2-5, | ) ) ) ) ) ) ) ) ) ) ) ) | **JUDGE:   HELEN GILMOR** |
| Defendants. | ) | |

## DECLARATION OF COUNSEL

DAPHNE E. BARBEE declares under penalty of perjury as follows:

   1. I make these statements based upon personal knowledge.

   2. Mr. Ware appealed his termination to the Disciplinary Review Board, Dpt. of Homeland Security, December 31, 2003. Enclosed is a copy of his letter

requesting appeal. See Exh. 24.

3. During the appeal process, Mr. Ware was not allowed to continue working at TSA Honolulu.

4. The Disciplinary Review Board made a decision October 22, 2004, 10 months after Mr. Ware was terminated. See Exh. 25. The letter erroneously stated Mr. Ware was removed March 2, 2004.

5. Declarant wrote to the Disciplinary Review Board requesting reconsideration and an opportunity to review a March 2, 2004 letter or any information considered in its decision. See Exh. 26. The Disciplinary Review Board never responded to this letter.

6. A Motion for Rule 56 (f) continuance was previously made as Defendant has not produced full discovery and evidence establishing the recertification test was properly administered, who administered the test, the criteria of the test and the manner in which Mr. Ware allegedly failed.

7. Plaintiff additionally requests a Rule 56(f) continuance pertaining to Defendant's failure to promote him as several allegations made by Mr. Kamahele merit further discovery. Additional discovery on this area should be completed within 60 days.

8. The discovery requested of defendant is necessary to establish material

issues of fact that the defendant's reason for failure to promote and terminating plaintiff is pretextual, which contradicts assertion made by Defendant in its Motion for Summary Judgement.

    9. Under Federal Rules of Civil Procedure Rule 56 (f) a continuance based upon a need for additional evidence before hearing a Summary Judgment can be made and granted in the interest of justice. See Celetex Corp v.Catrett, 477 U.S. 317, 326 (1986) ("Any potential problem with premature motions can be adequately dealt with under Rule 56 (f) which allows a summary judgement motion to be denied, or the hearing on motion be continued if the nonmoving party has not had an opportunity to make full discovery") and Vance ex rel. Hammons v. United States, 90 F. 3d 1145, 1148 (6th Cir. 1996) ("The general rule is that summary judgement is improper if the non-movant is not afforded a sufficient opportunity for discovery").

    10. Therefore, in the interest of fairness, plaintiff requests this court grant Plaintiff's Motion to continue Defendant's Motion for Summary Judgment in this case.

    FURTHER DECLARANT SAYETH NAUGHT.

_____
DAPHNE E. BARBEE
Attorney for Plaintiff