# EXHIBIT "C"

EEO COUNSELING REPORT - INDIVIDUAL COMPLAINT
PART I (Through Initial Interview)
(Follow separate instructions)

| | |
|---|---|
| If grievance or appeal has been filed, what is its status?<br>There has been no response from the union regarding the complainant's grievance. ☐ Yes   No | |
| 16. Does Complainant elect to have a representative?<br><br>   Yes        X No | 17. Signature of Counselor and Date Signed |

TD F 62-03.1 (03/87) PREVIOUS EDITION TD F 67.13.1 (06.85) OBSOLETE.

EXHIBIT "C"

EEO COUNSELING REPORT - INDIVIDUAL COMPLAINT
PART I (Through Initial Interview)
(Follow separate instructions)

| 1. Regional Complaints Center Name, Address & Telephone Number | 2. EEO Officer Name, Address & Telephone Number | 3. EEO Counselor Name, Address & Telephone Number | 4. Date Counseling First Sought |
|---|---|---|---|
| Lois Hofmann<br>Treasury Complaint Center<br>1301 Clay Street, Ste 1020N<br>Oakland, CA 94612<br>(510) 637-3100 | Farha M Rahman<br>33 New Montgomery, Ste. 1608<br>San Francisco, CA 94105<br>(415) 744-1530 ext. 233 | Farha M Rahman<br>33 New Montgomery, Ste. 1608<br>San Francisco, CA 94105<br>(415) 744-1530 ext. 233 | 6/23/03<br><br>5. Date of First Interview<br>8/7/03 |

6. Employee or Applicant:
NAME
Raymond E. Ware
TITLE/SERIES/GRADE
Screening Supervisor
HOME ADDRESS
P.O. Box 38181
CITY, STATE ZIP CODE
Honolulu, HI 96837
WORK TELEPHONE NUMBER
808-779-4298

8. Matter Causing Complaint or Issue

☐ Appointment    ☐ Pay    ☐ Time/Attendance
☐ Assign of Duties    X Promotion    ☐ Training
☐ Awards    ☐ Reassignment    ☐ Within Grade Incr.

7. Basis or Type of Discrimination:

☐ AGE (Date of Birth)    X RACE    ☐ COLOR
_African American_
/ /
MM   DD   YY

☐ NATIONAL ORIGIN    ☐ SEX    ☐ RELIGION

HANDICAP:
☐ MENTAL
☐ PHYSICAL

X RETALIATION/REPRISAL for Involvement in Complaints Process

☐ Change to Lower Grade    ☐ Reinstatement    ☐ Working Conditions
☐ Classification    Removal/Separation    ☐ Other (Explain)
Conversion to Full Time/CC    ☐ Reprimand
☐ Evaluation/Appraisal    ☐ Retirement
☐ Exam/Test    ☐ Sexual Harassment
☐ Harassment    ☐ Suspension
☐ Overtime    Termination During Probation

9. An EEO Counselor cannot reveal the identity of a person who has come for counseling, except when authorized to do so by the person counseled. Is Complainant willing to have his/her name revealed during the counseling stage? Yes x No ☐. If answer is "Yes," Complainant must given permission by signing name in the space following:

10. Organization Where Alleged Discrimination Occurred and Date of Occurrence.
Transportation Security Administration (TSA)
June 23, 2003

11. Give date Complainant became aware of alleged discrimination if substantially different from that shown in 10. Explain.

12. If complaint appears to be untimely, what explanation is offered to explain why Counselor was not contacted within 45 (forty-five) days?
N/A

13. Provide a brief description of complaint, summarizing actions which caused counseling to be sought and which complainant believes are discriminatory.

Complainant Raymond E. Ware, Screening Supervisor, alleged discrimination due to his race (African American) and reprisal (prior EEO activity), when on June 7, 2003, he was not selected for a screening manager position, in June 2003 he was denied training and not allowed to rotate as other Mobile Screeners, and on July 11, 2003 he was reassigned to Hawaiian Airlines Checkpoint. Mr. Ware believe Sidney Hayakawa, Federal Security, and Ken Kamahele, Assistant Federal Security Director-In Charge of Screening are responsible for the alleged discriminatory action.

14. Remedial Action Desired by Complainant.
Promoted to Screening Manager

15. On the same matter, has Complainant filed a grievance under negotiated grievance procedure?  Yes __  X No
On the same matter, has Complainant filed a grievance under the Agency grievance system?  Yes __  No __
If the issue presented constitutes a Mixed-Case Complaint, has Complainant Appealed to the Merit Systems Protection Board?

EEO COUNSELING REPORT - INDIVIDUAL COMPLAINT
PART II (For counseling after initial interview)

18. Contacts During EEO Counseling Inquiry

| Date(s) of Contact (Col. 1) | Name, Title, Grade Telephone (Col. 2) | Organization Administrative Code (Col. 3) | REASON FOR CONTACT (Complainant, Witness, Management Official, Personnel, Etc.) (Col. 4) | Time Spent by Person Contacted (Col. 5) |
|---|---|---|---|---|
| 8/6/03 | Raymond E. Ware (Complainant) Screening Supervisor (808) 779-4298 | Transportation Security Administration | Initial Interview | 3-hour |

19. INFORMATION DEVELOPED DURING INQUIRY (Identify the source of each fact; attach relevant documents provided by employee/applicant, management officials involved, other witnesses, Personnel, etc., or those obtained by the Counselor.)

See #22

20. Counselor's suggestions to Management Official(s) to Resolve Complaint.

N/A

21. Final Action by Management Official(s) on Counselor's Suggestions

N/A

22. Summary description of Complaint Issues Developed During Counseling.

Complainant Raymond E. Ware, Screening Supervisor, alleged discrimination due to his race (African American) and reprisal (prior EEO activity), when on June 7, 2003, he was not selected for a screening manager position at the Honolulu International Airport (HNL), in June 2003 he was denied training and not allowed to rotate as other Mobile Screeners, and on July 11, 2003 he was reassigned to Hawaiian Airlines Checkpoint. Mr. Ware believes Sidney Hayakawa (Asian), Federal Security Director (FSD), and Ken Kamahele (Asian), Assistant Federal Security Director (AFSD)-In Charge of Screening are responsible for the alleged discriminatory action.

Mr. Ware stated that he applied and was placed on the best-qualified list for the position of Screening Manager prior to his arrival to the HNL. A list of approved candidates was forwarded to the FSD for selection of Screener Managers at the HNL. Upon his arrival, he inquired as to when the interviews would be held for the Screener Manager position, and was told by the FSD that he was going to rotate all sixteen Mobil Screeners into the Screener Manager position as a training opportunity for one month. Mr. Ware stipulated that he was never rotated into the Screening Manager's position for training nor did he receive an interview for the position. He stated that in June 2003, the position was awarded to Jill Masunaga (Asian) who was not on the best-qualified list, therefore, she was not a qualified candidate. Mr. Ware stated that on June 15, 2003 he was notified of the selection of four new screening managers (all Hawaiian or Japanese descent). The individuals who were selected for the position have no screening experience, but was rotated into the Screening Manager's position prior to promotion. Mr. Ware acknowledged that that he was a Screening Manager, a Screener, and participated in the pilot program for Baggage Screening for three years prior to joining TSA. He contends that he has been overlooked for promotional opportunities, and training. Additionally, he has been reassigned to the highest volume checkpoint at HNL without any assistance. When his supervisor requested assistance, the FSD responded that they were aware of the situation, and for the supervisor not to ask any questions. Mr. Ware said that that when he inquired as to why he was reassigned, he was told there was an investigation of the supervisor he had to switch with. However, he has more seniority than the other screener's do at HNL, including supervisors, and he was the only supervisor moved from his checkpoint. Mr. Ware believes that the reassignment is because he complained and filed an EEO complaint.

Prior to interview with management, Mr. Ware was issued his NORTF on August 8, 2003.

23. Remedial Action Desired

Promoted to Screening Manager

24. Grievance and Appeals

| 25. Total Number of Hours Spent Counseling this Case. (Include all contacts, preparation and travel time.)  TOTAL HOURS = 6 Hours | 26. Date of Final Interview  8/7/03 | 27. Date of this Report  8/8/03 |
|---|---|---|

EEO COUNSELING REPORT - INDIVIDUAL COMPLAINT
PART II (For counseling after initial interview)

| 28. Signature of Counselor | 29. Date Report Sent or Delivered to Complaints Center |
|---|---|
|  | 8/8/03 |

30. Enclosures (List and Tab and give duplicate legible copies to complainant.)

*COPY OF PART II, PLUS APPROPRIATE ATTACHMENTS, MUST BE DELIVERED TO COMPLAINANT OR COMPLAINANT'S REPRESENTATIVE, WHEN COMPLAINT IS FILED.

| Section No. | COMMENTS |
|---|---|
| 22 |  |

| ATTACHMENT# | COMMENTS AND/OR DESCRIPTION |
|---|---|
| 1 | Letter Dated June 13, 2003 relative to the promotion of four employees to Screening Managers, effective June 15, 2003 |
| 2 | Letter of Reassignment dated July 11, 2003, to Hawaiian Airlines Checkpoint effective July 13, 2003. |
| 3 |  |

TD F 62-03.1a (09/87)

EEO COUNSELING REPORT - INDIVIDUAL COMPLAINT
PART I (Through Initial Interview)
(Follow separate instructions)

| | |
|---|---|
| If grievance or appeal has been filed, what is its status? There has been no response from the union regarding the complainant's grievance. ☐ Yes   No | |
| 16. Does Complainant elect to have a representative?  Yes   X No | 17. Signature of Counselor and Date Signed  *[signature]* |

TD F 62-03.1 (03/87) PREVIOUS EDITION TD F 67.13.1 (06.85) OBSOLETE.

| Department of Homeland Security | FOR FORMAL COMPLAINT OF DISCRIMINATION IN THE FEDERAL GOVERNMENT | (FOR AGENCY USE) |
|---|---|---|

PRIVACY ACT STATEMENT (USC 552a)

AUTHORITY: Public law 92-261.

Principle Purpose: Formal filing of allegation of discrimination because of race, color, religion, sex, national origin age, handicap, reprisal, or sexual orientation.

Routine Uses: This form and the information on this form may be used (a) as a data source for complaint information for production of summary descriptive statistics and analytical studies of complaints processing and resolution efforts and may also be used to respond to general requests for information under the Freedom of Information Act, (b) to respond to requests from legitimate outside individuals or agencies (e.g., Members of Congress, the White House, and the Equal Employment Opportunity Commission (EEOC)) regarding the status of the complaint or appeal; and (c) to adjudicate complaint or appeal.

Disclosure: Voluntary, however, failure to complete all appropriate portions of this form may lead to rejection of complaint on the basis of inadequate data on which to determine if complaint is acceptable.

1. NAME OF COMPLAINANT (Last, First, Middle Initial): WARE, RAYMOND E

2. SSN:

3a. HOME TELEPHONE NO.: (808) 779-4298
3b. WORK TELEPHONE NO.: (808) 779-4298

4. ADDRESS (Include City, State and ZIP Code): P.O. BOX 38181 HONOLULU, HI. 96837

5. ARE YOU BEING REPRESENTED?
a. YES (complete 5c)
b. NO (Skip to item 6a) ✓

5c. IF YES, NAME, TELEPHONE AND ADDRESS OF REPRESENTATIVE.

6a. NAME OF DOT OPERATING ADMINISTRATION YOU BELIEVE DISCRIMINATED AGAINST YOU: TRANSPORTATION SECURITY ADMIN.

6b. ADDRESS OF ALLEGED DISCRIMINATION ORGANIZATION (Include City, State and ZIP Code): 4601 FAIRFAX DR. 4TH. FLOOR ARLINGTON, VA. 22203

7. DATE ON WHICH MOST RECENT ALLEGED DISCRIMINATION OCCURRED: JULY 11, 2003

8. ARE YOU WORKING FOR THE FEDERAL GOVERNMENT?
a. YES (Complete items 9, 10 and 11) ✓
b. NO (Skip to item 12)

9. NAME OF AGENCY WHERE YOU ARE CURRENTLY EMPLOYED: HONOLULU INTERNATIONAL AIRPORT

10. ADDRESS OF YOUR CURRENT EMPLOYER (Include City, State and ZIP Code): 300 RODGERS BLVD #45 HONOLULU, HI 96819-1897

11a. TITLE OF YOUR CURRENT POSITION: CHECKPOINT SCREENER SUPV.

11b. GRADE/SERIES OR PAY BAND: GG

12. REASON YOU BELIEVE YOU WERE DISCRIMINATED AGAINST (Check below)

| | | |
|---|---|---|
| X A. RACE (Specify) → AFRICAN-AMERICAN | F. SEX (Specify) → | |
| B. COLOR (Specify) → | G. DISABILITY (Specify) | |
| C. RELIGION (Specify) → | H. SEXUAL ORIENTATION | |
| D. NATIONAL ORIGIN (Specify) | I. REPRISAL (Specify protected activity) | |
| E. AGE → (Specify Date of Birth mm/dd/yyyy) | | |

| 13. I HAVE DISCUSSED MY COMPLAINT WITH AN EEO COUNSELOR | 13c. IF YES, NAME OF EEO COUNSELOR | 14. DATE OF FINAL INTERVIEW |
|---|---|---|
| a. YES (Complete 13c) ☑   b. NO | FARHA M. RAHMAN | 080803 |

**15. EXPLAIN SPECIFICALLY HOW YOU WERE DISCRIMINATED AGAINST** (That is, treated differently from other employees or applicants, because of your race, color, religion, sex national origin, age mental or physical handicap, or reprisal). (If your complaint involves more than one basis for your dissatisfaction list and number each such allegation separately and furnish specific, factual information in support of each). (Use additional sheet(s), if necessary).

**Allegation No. 1:**

—SEE ENCLOSED—

**16.** LIST IN ITEM 19 THE NAMES OF YOUR WITNESSES AND WHAT FACTUAL INFORMATION EACH WILL BE EXPECTED TO CONTRIBUTE THROUGH HIS/HER TESTIMONY TO THE INVESTIGATON OF YOUR COMPLAINT

**17.** WHAT SPECIFIC CORRECTIVE ACTION DO YOU WANT TAKEN ON YOUR COMPLAINT? (If more than one allegation state overall corrective action desired and the specific corrective action desired for each separate allegation).

OVERALL, I WANT TO BE PROMOTED TO A HIGHER POSITION AND LEVEL. I ALSO WANT TO RECEIVE UNSPECIFIED MONETARY REPARATION, DATING BACK TO THE DATE I ARRIVED AT HONOLULU AIRPORT. I ALSO SEEK A SALARY EQUAL TO OR HIGHER THEN THE CURRENT SCREENING MANAGER.

**18.** HAVE THE MATTERS LISTED IN ITEM 15 BEEN APPEALED TO THE MERIT SYSTEMS PROTECTION BOARD?
a. YES (Explain in number item 19)    b. No ☑

**19. REMARKS** MS. MILIGROS DRAKE WILL TESTIFY TO THE UNJUST AND UNFAIR TREATMENT WHICH I RECEIVED. I SUPERVISED MS. DRAKE FOR ABOUT 6 MONTHS. SHE ALSO SUCESSFULLY FILED AN EEOC COMPLAINT ON FEBRUARY 14, 2003. HER COMPLAINT RESULTED IN THE DISMISSAL OF A SCREENING MANAGER.

| 20. SIGNATURE OF COMPLAINANT | 21. DATE SIGNED (MM/DD/YYYY) |
|---|---|
| /s/ Raymond E. Ware | August 19, 2003 |

### INFORMATION CONCERNING THE PROCESSING OF YOUR COMPLAINT OF DISCRIMINATION

This form will be used only if you, as a TSA employee or as an applicant for Federal employment, believe you have been treated unfairly because of your race, color, religion, sex, national origin, age, mental or physical disability, reprisal or sexual orientation. If you have questions concerning the completion of this form, you may call the TSA Civil Rights Office at (571) 227-2349.

Your written, formal complaint must be filed within 15 calendar days of the date of your final interview with the EEO counselor. This time may be extended if you can give a good reason for not submitting the complaint within the 15 calendar day limit.

If the matter has not been resolved to your satisfaction within 30 calendar days of your first interview with the EEO counselor and the final counseling interview has not been completed within that time, you have the right to file a formal complaint at any time thereafter up to 15 days after the final interview.

Your written formal complaint must be signed, dated and filed in person by you or your attorney or sent by mail to the U.S. Department of Transportation, Departmental Office of Civil Rights, 400 7th Street, S.W. Room 2104, Washington, DC 20590, Attention: Caffin Gordon, Chief, Compliance Operations Division (S-34).

You may have a representative at all stages of the processing of your complaint.

ALLEGATION NO. 1

Last year, I applied and was accepted for the position of Screening Manager. I applied prior to arriving to Honolulu International Airport (HNL). This was accomplished by applying to Washington D.C. Once approved, my name was forwarded to the Federal Security Director (FSD) at HNL, Sidney Hayakawa. Mr. Hayakawa was expected to select from the best qualified list. Upon arrival here in Honolulu, I asked Mr. Hayakawa when he expected to hold interviews for the position. Mr. Hayakawa informed me that what he was going to do instead of selecting from the list was to rotate all of the Mobile Screeners (such as myself) into the position on an interim basis. He further stated that each member would remain in the position for 1 month, that way he would be able to determine who was "best suited" for the position.

What I didn't realize at the time was that in spite of Mr. Hayakawa's assertions, it was alleged that he did hire Mobile Screener Jill Masunaga for the position prior to our arrival. It was further alleged that Ms. Masunaga's father is Mr. Hayakawa's Orthodontist and golfing partner. It is uncertain whether Ms Masunaga ever applied or was selected as best qualified through the normal process. This appears to violate the established procedure by the TSA and Washington D.C. for the selection process. It was also alleged by 42 screeners via letters to Washington, that Ms Masunaga was inadequate, un-qualified and un-professional as a Supervisor and Screening Manager. The allegations led to an investigation by the EEOC, conducted by Mr. Danny Agor, (808) 478-0420. Ms. Masunaga was subsequently fired.

ALLEGATION NO. 2

Mr. Hayakawa stated he would rotate all of the Mobile Screeners, however, he only rotated 6 of us, 7 if you include Ms. Masunaga. Neither I nor the only other African-American, David Norton, were included in the rotation. Fact is, no White or African-American were selected as a Screening Manager.

ALLEGATION NO. 3

On June 15, 2003, we were notified of the selection of Warren Kadakawa, Danny Cappo, Edward Morin and William Waters as new Screening Managers. None of the 4 had any prior screening experience. The only things the had in common were that they were either former Honolulu Police Officers, former AKAL Officers (airport police) or a combination of both. Assistant Federal Security Director for Screening, Mr. Ken Kamahele is also a former Honolulu Police Officer, and was the Director for AKAL, prior to joining the TSA. Also, 3 of the 4 newly hired Screening Managers are of either Hawaiian or Japanese descent as are the FSD Mr. Hayakawa, the A-FSD Mr. Kamahele, AFSD Mr. Standford Miyamoto, and Scheduling Operation Officer, Mr. Lance Kaonohi. It is uncertain how, when or if the newly hired Screening Managers ever applied for their positions. It is alleged that Mr. Kadokawa and Mr. Cappo failed the test for the position of Screener. That position is 2 levels BELOW the position they are currently holding. I am a former Police Officer from 2 different States, Hawaii not being one of them.

ALLEGATION NO. 4

Recently, 2 new Screening Managers were hired. They are either former Honolulu Police Officers or AKAL officers or worked at HNL. They are either of Japanese or Hawaiian descent also. In addition there are currently 3 new Screening Manager positions available. It is listed on Vacancy Announcement TSA-03-836. It is alleged that the vacancies will be filled by interim managers Leonard Ventura and Charlie Duboyce. Mr. Duboyce was a former Honolulu Police Officer and AKAL Officer, and is of Hawaiian descent. Both Mr. Ventura and Mr. Duboyce were afforded the opportunity to rotate from the Mobile Screener/Checkpoint Supervisor position. It is unknown what criteria was used to determine who rotated although experience was not one of the factors. Mr. Hayakawa has stated in different medias that experience is not important. That could explain his selections. Mr. Duboyce was temporarily re-assigned to a Checkpoint Supervisor around April. This allegedly was because he was told that he could not keep his mouth shut by revealing who would rotate next into the Screening manager position. After 1 month he again was promoted to interim where he remains today. The third position is alleged to be filled by Alvin Kahalewai. He started aout as a Screener and then was promoted to Checkpoint Supervisor without taking the test for Supervisor. He the was assigned to handle the scheduling of screeners without the position being posted and despite the fact that Mr. Kaonohi is the Scheduling Operation Officer. Mr. Kahalewai is of Hawaiian-Japanese descent and wears plain clothes instead of a uniform.

ALLEGATION NO. 5

Despite the fact that I was either a Screening Manager or a Screener Supervisor for 3 years prior to joining the TSA, and the fact that I participated in the pilot program for 3 months for the TSA, when I arrived at HNL, I was assigned to the Commuter Checkpoint. This location has only 3 percent of the passenger flow of the other checkpoints. When HNL began it's baggage screening system, I never participated or was consulted. When I complained that I felt my vast knowledge was being wasted, I was the re-assigned to Checkpoint 5 which is the busiest checkpoint. However, I was sent to Checkpoint 5 without ANY supervisory assistance. ALL of the other Checkpoints had at least 2 supervisors and some had as many as 6 per shift, however I had NONE. I complained to my Supervisor Robin Wong and she mentioned it to her supervisor Mr. Kamahele. She was told that they were aware of the situation and that she was not to mention it again.

ALLEGATION NO. 6

Even though I didn't have any supervisory assistance, I managed, because of my abilities and experience to have the best checkpoint month after month. This was based on statistics and lack of passenger and screener complaints. On July 11, 2003 I was involuntarily assigned to Hawaiian Checkpoint. At the time it was considered the worst checkpoint because of the number of breaches and low screener morale. I was told that

the reason for the reassignment was because there needed to be an investigation of the Hawaiian Checkpoint supervisor and I would return to Checkpoint 5 after the investigation was complete. I was the only Supervisor reassigned to another checkpoint involuntarily. I was told un-officially that the reason for my transfer was so that I could "whip" the Hawaiian Checkpoint into shape. The truth is Hawaiian Checkpoint is now considered among the best and now Checkpoint 5 has numerous problems. I believe that if I am considered good enough to repair and properly supervise a checkpoint, then I should be good enough to be a Screening Manager. I feel my transfer was in retaliation in anticipation of my filing a complaint.

ALLEGATION NO. 7

I believe that because I was not rotated into the position of Screening Manager, as others, that I was denied the opportunity of additional training which was afforded other Mobile Screeners.