EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

THOMAS A. HELPER    5676
Room 6-100, PJKK Federal Bldg.
Assistant U.S. Attorney
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG LEK |
| | ) | |
| Plaintiff, | ) | STIPULATED PROTECTIVE ORDER |
| | ) | PERTAINING TO SENSITIVE |
| v. | ) | SECURITY INFORMATION; ORDER |
| | ) | |
| MICHAEL CHERTOFF, Secretary | ) | |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

STIPULATED PROTECTIVE ORDER
PERTAINING TO SENSITIVE SECURITY INFORMATION

WHEREAS certain documents and other information pertinent to this litigation constitute Sensitive Security Information ("SSI"), as defined in 49 C.F.R. Part 1520, and all parties and their attorneys and the Court and its employees are Covered Persons, as defined in 49 C.F.R. §1520.7,

IT IS HEREBY ORDERED, AS FOLLOWS:

1. This Order permits the sharing through discovery in this civil action of information and materials that are marked as Sensitive Security Information (SSI) or may contain SSI, provided that the information is relevant to the case and that Plaintiff had access to such information during his employment with Defendant.

2. SSI is a specific category of information that requires protection against unauthorized disclosure, pursuant to 49 U.S.C. § 114(s) & 49 C.F.R. Part 1520. Unauthorized disclosure of SSI may be detrimental to the security of transportation, may constitute an unwarranted invasion of personal privacy, or may reveal a trade secret or privileged or confidential commercial or financial information. Unauthorized disclosure may also result in a civil enforcement penalty or other enforcement action by the Transportation Security Administration ("TSA") against the party making the unauthorized disclosure.

3. Discovery Material encompassed in this protective order includes, without limitation, deposition testimony, deposition transcripts, deposition exhibits, interrogatory responses, admissions, affidavits, declarations, test results, documents produced pursuant to compulsory process or voluntarily in lieu of process, and any other documents or information produced or given to one party by another party or by a third party in connection with discovery in this matter. Information taken from Discovery

Material that reveals its substance shall also be considered Discovery Material.

4. SSI should be safeguarded in such a way that it is not physically or visually accessible to persons who do not have a "need to know," as defined in 49 C.F.R. Part 1520. When unattended, SSI must be secured in a locked container or office or other restricted access area.

5. SSI must not be disclosed to any person or entity other than those enumerated below in paragraph seven. SSI may not be further disseminated, including to a jury, except with written permission from TSA or upon court order.

6. Documents that are marked SSI or, though not marked, contain SSI, shall be treated as confidential and shall not be published or made available to the general public in any form (whether in paper or electronic form), but instead shall be filed under seal. Material filed under seal will be available only to the persons enumerated in paragraph seven.

7. The right of access to all materials marked SSI or containing SSI shall be limited to TSA, the U.S. Attorneys Office, the plaintiff, and counsel for the plaintiff. Court reporters or stenographers engaged to record SSI testimony in this proceeding must have a current federal government security clearance and must sign a non-disclosure agreement.

8.  Plaintiff and plaintiff's counsel may use SSI disclosed to them in this litigation only for the purposes of this litigation.

9.  All Discovery Materials subject to this Order in the possession of plaintiff or plaintiff's counsel shall be returned to TSA within 30 days of termination of this litigation, including any appellate proceedings, or shall be certified in writing to have been destroyed by plaintiff's counsel.

10. Nothing in this Order shall preclude any disclosure of documents subject to this Order to any Judge, Magistrate, or employee of the Court for purposes of this action.

11. This Order is without prejudice to the rights of any party to make any objection to discovery or use of SSI, or documents that may contain SSI, permitted by the Federal Rules of Civil Procedure, or any statute, regulation, or other authority. Nothing contained herein shall be deemed an admission by TSA or any party as to the proper interpretation of any SSI-related statute or regulation or of 49 U.S.C. 46110; nor shall anything contained herein prejudice the right of TSA or any party to make any argument, in this litigation or in any other forum, with respect to the interpretation of any SSI-related statute or regulation or of 49 U.S.C. 46110.

```
                                    EDWARD H. KUBO, JR.
                                    United States Attorney
                                    District of Hawaii


/s/ Daphne Barbee                       /s/ Thomas A. Helper
_____       By _____
DAPHNE BARBEE                           THOMAS A. HELPER
Attorney for Plaintiff                  Assistant U.S. Attorney

                                    Attorneys for Defendant


APPROVED AND SO ORDERED:
```



```
                                     /S/ Leslie E. Kobayashi
                                    _____
                                    Leslie E. Kobayashi
                                    United States Magistrate Judge
```

Raymond Ware v. Michael Chertoff; Civil No. 04-00671 HG LEK
STIPULATED PROTECTIVE ORDER PERTAINING TO SENSITIVE SECURITY
INFORMATION; ORDER