

DAPHNE E. BARBEE  2911
Attorney & Counselor at Law
Century Square, Suite 1909
1188 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 533-0275

Attorney for Plaintiff

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 03 2007

at 9 o'clock and 20 min. ___M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL CHERTOFF, Secretary, Department of Homeland Security; JOHN DOES 2-5,<br><br>　　　　　　Defendants. | CIVIL NO. 04-00671 HG/LEK<br><br>**PLAINTIFF WARE'S CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANT'S SECOND MOTION FOR DISMISSAL AND SUMMARY JUDGMENT; DECLARATION OF WARE, EXHIBITS 1-14, 16-18; DECLARATION OF COUNSEL; EXHIBITS 19-23; PLAINTIFF'S THIRD DECLARATION; DECLARATION OF MILAGROS DRAKE; DECLARATION OF ALLEN WILLEY; SECOND DECLARATION OF COUNSEL, EXHIBITS 24-32; (25, 27 & 28 Under Seal)** ~~CERTIFICATE OF SERVICE~~  db<br><br>DATE:　　July 23, 2007<br>TIME:　　10:30 a.m.<br>JUDGE: Hon. Helen Gillmor |

## PLAINTIFF WARE'S CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANT'S SECOND MOTION FOR DISMISSAL AND SUMMARY JUDGMENT

Plaintiff RAYMOND WARE hereby submits his Concise Statement of Facts in Opposition to Defendant's Second Motion for Dismissal and Summary Judgment filed May 14, 2007, pursuant to Rule 56.1 of the local rules for the U.S. District Court for the District of Hawaii. Plaintiff's numbers refer to defense's Statement of Facts.

Facts 1 through 15 correspond to the facts and supporting evidence presented in Defendant's Separate Concise Statement in Support of Federal Defendant's Motion for Summary Judgment. Where appropriate, Plaintiff has indicated that the facts relied on by Defendants are controverted. These are followed by additional material facts and supporting evidence that Plaintiff intends to demonstrate the existence of a genuine issue of material fact.

## PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF FACTS EVIDENTIARY SUPPORT:

1.  Plaintiff agrees.

2.  Plaintiff denies and is without knowledge as to who ultimately was responsible for selecting persons for the Screening Manager positions. Plaintiff denies that Mr. Kamahele was unaware that he filed an EEO complaint in August and September. See Plaintiff's Decl. Exh. 2, Exh. 24, Deposition of Kamahele, pg 63-64. In a deposition Mr. Kamahele admits he knew about Mr. Ware's prior EEO complaint.

3.  Plaintiff denies. There is no showing that a general consensus was that other Screening Supervisors were better qualified for the Rotation Screening Manager details. Plaintiff disputes several Screening Managers reported problems with his performance. See Decl of Ware, Exh. 6, Exh. 26. Deposition of Kamahele, pg 72 (No complaints in file.) No problems with performance were reported by Plaintiff's supervisors Wong, Ventura, and Abrante.

4.  Plaintiff denies that the six Screening Managers were placed in temporary positions. All six Screening Managers were given permanent positions. None of the hired screening managers had screening experience. See Decl of Counsel, Exh 19, Exh. 26 page 36-37. Other airports hired mobile screeners for Screening Manager positions. See Third Decl of Ware.

5.  Plaintiff denies. Plaintiff informed management he wanted to be promoted to the Screening Manager position. All the Screening Manager positions are permanent.

6.  Plaintiff denies. Plaintiff did not have a disciplinary record at the time he applied for the manager position. Plaintiff disputes that Kamahele was informed that Plaintiff had poor decision making and a weak grasp of standard operating procedures. Kamahele testified Mr. Ware did not have complaints prior to requesting complaints. See Exh. 26, Kamahele Depo., pg 63-64. Plaintiff's only performance rating was outstanding. See Decl of Ware, Exh. 8. Kamahele did not review applications for screening manager. He promoted people who previously worked with him at AKAL or HPD. See Exh. 26, pg 39, 42-43, 47, 49-51.

7.  Plaintiff denies. Plaintiff's Third Declaration. Plaintiff was not told how he failed test. Test was subjective. Others who "failed" the test were allowed to keep their job. See Exh. 26, Kamahele Depo. Defendant has not provided grading criteria. See Exh 25. (Under Seal), Plaintiff's Third Declaration.

8.  Plaintiff denies. Plaintiff is aware that Jose Abrante is not Jamaican or African American. Mr. Abrante is Hispanic. See Decl of Ware.

9.  Plaintiff denies. See Decl of Ware, Exh 1. EEO Complaint.

3

10. Plaintiff is unable to admit or deny as he is not familiar with the requirements and whether all TSA Screeners and Supervisors had to undergo the test. See <u>Decl of Ware</u>. Plaintiff is aware of other screeners who failed and kept their job. See <u>Third Declaration of Plaintiff</u>. A screener witness says screeners who failed were given training more than twice. See <u>Decl of Drake</u>.

11. Plaintiff admits.

12. Plaintiff denies. Plaintiff is unaware who administrated the test and Lockheed Martin states it did not perform test. Defendants have not given Plaintiff requested information about the identity of the persons who administered the test. See <u>Exh 24, Defendant's Answer to Plaintiff's Fourth Interrogatory</u>. Plaintiff does not know how the testers graded him. See <u>Plaintiff's Third Decl</u>. Plaintiff believes he passed the test.

13. Plaintiff denies. Plaintiff passed the test and found objects on the tester. Plaintiff disputes the alleged test results. The tests were never verified by the testers or certified as a valid test for TSA screeners. See <u>Plaintiff's Third Decl., Exh. 10</u>; <u>Decl of Counsel, Exh 24</u>.

14. Plaintiff denies. Plaintiff has requested the criteria for scoring. When Plaintiff was first informed he failed, he was told it was a pass-failed score. Later after filing the lawsuit, Plaintiff was informed it was a percentage score. Plaintiff has been given inconsistent reasons. See <u>Decl of Ware, Exh 11, 13, 14</u>. No criteria for grading has been produced.

15. Plaintiff admits.

Plaintiff submits the following additional facts in support of his opposition to Defendants' motion.

16. The hostile work environment arose from Mr. Kamahele's retaliation against employees who complained about his promotions. See <u>Decl of Ware, Exh 27 and 28, Decl. of Willey</u>. The hostile work environment was condoned by Mr. Hayakawa. <u>Exh 28</u>.

4

17. Before Plaintiff began working as a Supervisor Screener for TSA Honolulu in September 2002, he was a Mobile Screener Supervisor with TSA based in Washington, D.C. See Decl of Ware, Exh. 1.

18. Plaintiff was told when he arrived at TSA Honolulu that all Screening Supervisors would receive an opportunity to become Rotating Screening Managers to develop skills and training to become Screening Managers. See Decl of Ware.

19. Plaintiff was never given a Rotating Screening Manager position. He was passed over as a Rotating Screening Manager all the way until September 2003. See Decl of Ware, Exh 7.

20. Plaintiff was not informed of any complaints by his Screening Managers about his work performance. See Decl of Ware and Plaintiff's Third Decl.

21. Six persons were hired as Screening Managers over Plaintiff who was a Screening Supervisor in June 2003. None of these six persons were African American. Two of the six persons had failed the screening test. None of the six persons had prior screening experience. See Decl of Ware; Decl of Counsel, Exh. 26 pages 36-37.

22. Plaintiff contacted the EEO in June 2003 after the six Screening Managers were hired. The complaint became formal in August 2003. See Decl of Ware, Exh. 2.

23. In addition to filing an EEO complaint, Plaintiff scheduled a meeting with Mr. Hayakawa and met with him in September 2003 to discuss Plaintiff's concerns about discrimination and promotions. See Decl of Ware, Exh 5.

24. After meeting with Mr. Hayakawa and filing EEO complaints, Plaintiff learned he was again not selected for Screening Manager in September 2003 and as a Rotating Screening Manager. Plaintiff filed another EEO complaint of discrimination. See Decl of Ware, Exh 3.

25. In October 2003, Plaintiff met with Mr. Kamahele. At the meeting, Plaintiff learned for the first time that were allegedly "complaints" in his personnel file. Plaintiff requested to review this personnel file. See <u>Decl of Ware</u>.

26. In reviewing the complaints in his personnel file, Plaintiff noted that they were back-dated and written <u>after</u> Plaintiff met with Mr. Hayakawa by persons Plaintiff had not worked with for over a year. Plaintiff disputes all allegations in these complaints. Plaintiff was never told about these complaints. See <u>Decl of Ware, Exh 4, Plaintiff's Third Decl.</u>

27. After filing the two EEO complaints which were under investigation, Plaintiff was told he had to undergo a recertification test in November 2003. See <u>Decl of Ware</u>.

28. The recertification test was given by two unknown male testers. Plaintiff passed all written objective tests. After the third hands-on test, which is subjective, the testers informed Plaintiff he failed. Plaintiff requested to be told how he failed. Defendants refused. See <u>Decl of Ware, Exh 21</u>. Defendants have not identified the testers. <u>Decl. of Counsel</u>.

29. Plaintiff disputes that he failed the recertification test hands-on portion as he found objects on the testers contrary to Defendants' assertions. See <u>Plaintiff's Third Declaration</u>.

30. Plaintiff was told first that he failed four parts, then three parts, then two parts by Mr. Hayakawa. Plaintiff disputed failing the test and requested to review the results. Defendants refused. See <u>Decl of Ware, Exh 9, 11, 12, 13, 14</u> and <u>Decl of Counsel, Exh. 22</u>.

31. Plaintiff is aware that other non-African American Screeners who failed the recertification test were allowed to remain employed by TSA and given the test multiple times before they passed. See <u>Decl of Drake; Decl of Ware.</u>

32. Mr. Kamahele no longer works for TSA Honolulu and has been terminated due to an investigation into his improper promotions, retaliation against Screeners, has lack of credibility, and his creation of a hostile work

environment. See <u>Decl of Ware, Exh 16</u> and <u>Decl of Counsel, Exh 20, 27, 27</u>.

33. Defendant TSA provided the recertification test results which do not show grading criteria, are not verified by the tester, and do not explain results. <u>Exh 24</u>. (Under Seal)

34. Defendant's still have not identified the testers. <u>Exh 24</u>.

35. Under present TSA practices, screeners are <u>not terminated</u> for failing recertification test. See <u>Exh. 24, pg 5, Decl. of Drake</u>. Screeners are given more than 2 tries to pass the test.

36. Both Mr. Kamahele and Mr. Hayakawa are no longer managers for TSA Honolulu. See <u>Exh.27, 28</u> (under Seal).

DATED: Honolulu, Hawaii, 7-3-07

DAPHNE E. BARBEE
Attorney for Plaintiff RAYMOND WARE

7