EXHIBIT – Second Declaration of Counsel

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE, ) | CIVIL NO. 04-00671 HG/LEK |
| ) | |
| Plaintiff, ) | **SECOND DECLARATION OF COUNSEL;** |
| ) | **EXHIBITS 24 THROUGH 32** |
| vs. ) | |
| ) | |
| MICHAEL CHERTOFF, Secretary, ) | |
| Department of Homeland Security; ) | |
| JOHN DOES 2-5, ) | |
| ) | |
| Defendants. ) | |

## SECOND DECLARATION OF COUNSEL

DAPHNE BARBEE, declares under penalty of perjury, as follows:

1. She is the attorney for Raymond Ware.

2. She makes this Declaration upon personal knowledge.

3. The attached Exhibit 19 is a true and accurate copy of a job application and Resume of one of the six persons hired to be a Screening Manager in June 2003 by Mr. Kamahele. The employer's name is deleted and re-labeled A pursuant to a Protective Oder in this case. The employee was not a former FAA Inspector.

4. Attached Exhibit 20 is a true and accurate copy of a portion of the management investigator's (MI) report pertaining to promotions by TSA Honolulu in 2003 resulting in Mr. Kamahele's termination., which was produced pursuant to

discovery.

5.  Attached Exhibit 21 is a true and accurate copy of a letter to Mr. Hayakawa requesting copies of the recertification test results and criteria for Mr. Ware.

6.  Attached Exhibit 22 is a copy of Defendant's Answers to Plaintiff's Request for Production of documents pertaining to the recertification test, objective grading criteria and validation of the test.

7.  Attached Exhibit 23 is a true and accurate copy of news articles pertaining to recertification tests by TSA that are no longer used due to complaints of discrimination.

8.  Attached Exhibit 24 is Plaintiff's Fourth Request for Answers to Interrogatories pertaining to the test results for Mr. Ware.

9.  Attached Exhibit 25, submitted under seal, is a true and accurate copy of documents Defendant claims are SSI, and testing material used on Mr. Ware. The materials do not show the manner in which Mr. Ware "failed" nor material for test, nor identifies the persons who tested Mr. Ware.

10. Attached Exhibit 26 is a true and accurate copy of relevant portions of the deposition of Kenneth Kamahele, Plaintiff's supervisor and person who was in charge of promotion.

11. Attached Exhibit 27 is a true copy of Mr. Kamahele's termination letter. (Under seal – pursuant to Protective Order).

12. Attached Exhibit 28 is a true and accurate copy of portions of documents from Mr. Kamahele's MSPB case, wherein his termination for misconduct is pending decision by Administrative Judge Berg. The credibility of Mr. Kamahele and Lizette Hanenberg were an issue as to their acts and retaliation by Mr. Kamahele against Screeners who complained about management, such as Mr. Ware, and irregularities pertaining to promotion. (Under seal – pursuant to Protective Order).

13. Plaintiff appealed to Defendant's removal on December 31, 2003 to Discipline Review Board. See Exhibit 29.

14. Attached Exhibit 30 is a true and accurate copy of a letter saying Mr. Ware was terminated based upon a removal letter of March 2, 2004, which was never seen or received by Plaintiff.

15. Attached Exhibit 31 is a true and accurate copy of a letter requesting to see the "removal letter" of March 2, 2004.

16. There was no response to the letter, Exhibit 31, by Defendant.

17. Attached Exhibit 32 is a true and accurate copy of the amended law regarding SSI and copies of related articles.

18. As part of continuing discovery under Rule 26 FRCP, I requested copies of Mr. Hayakawa's personnel file to determine reasons why he is no longer worker for TSA as Director in Honolulu. This discovery request has not yet been answered.

FURTHER DECLARANT SAYETH NAUGHT.

DATED: Honolulu, Hawaii, 7-3-07.

_____
DAPHNE BARBEE
Attorney at Law

4