EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

THOMAS A. HELPER    5676
Room 6-100, PJKK Federal Bldg.
Assistant U.S. Attorney
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE, <br><br>          Plaintiff, <br><br>     v. <br><br> MICHAEL CHERTOFF, Secretary <br> DEPARTMENT OF HOMELAND <br> SECURITY, <br><br>          Defendants. | CIVIL NO. 04-00671 HG LEK <br><br> DEFENDANT'S RESPONSE TO PLAINTIFF'S FOURTH REQUEST FOR ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS |

DEFENDANT'S RESPONSE TO PLAINTIFF'S FOURTH REQUEST
FOR ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS

1.   For all recertification employment tests given to TSA Honolulu screeners from 2002 to present, please state:

   a)   Date of administration of tests;

   b)   Names of each test and job categories for which the job categories are given;

   c)   Whether any tests have changed from the date of 2003 to 2006.

ANSWER:   Defendant objects to this request on the grounds that it is vague, and because it is not calculated to lead to the discovery of admissible evidence. Subject to

and without waiving the foregoing objections, Defendant responds that there were no recertification tests given in 2002 as that was the first year that TSA existed. The recertification process at HNL was administered on the following dates: October 1, 2003 through November 10, 2003; January 31, 2005 through June 4, 2005; and, February 21, 2006 through May 30, 2006.

The recertification process tests the ability of screeners (including lead and supervisory TSOs) to demonstrate various aspects of the screening function including use of the hand held metal detector, and physical searches of passengers. As the procedures for conducting proper screening has changed over time so has the recertification process, which tests the screener personnel's knowledge of the screening procedures by having them demonstrate the screening procedures. With respect to Module 3 of the recertification process, which is the module that Plaintiff failed, it has remained over the years that a screener personnel's failure to discover the prohibited item during the testing causes an automatic failure.

2. State the dates in which the above tests were initiated. If any tests were discontinued please state the date and reason for discontinuance.

**ANSWER:** Defendant incorporates its response to Interrogatory No. 1. Additionally, the Defendant responds that the recertification process is required by statute, and as such, it has not discontinued the recertification process.

3. State the names, address, and phone numbers of all persons who designed the test recertification or the names and address of the persons or entity from which the test was purchased or design.

**ANSWER:** Defendant objects to this request on the grounds that it is vague, overbroad, unduly burdensome, and because it is not calculated to lead to the discovery of admissible evidence. Subject to and without waiving the forgoing objections, Defendant responds that numerous individuals within TSA's Office of Human Capital were involved in the formulation, structuring, and design of the recertification process. The Defendant further responds that Elizabeth B. Kolmstetter, Ph.D., was a principal designer of the

recertification process and she can be contacted through counsel.

4. Please state the names, address and persons responsible for the administration score/grading the recertification test used for TSA screeners in Honolulu from 2003 to 2006.

**ANSWER:** Defendant responds that it has contracted with Lockheed Martin to conduct the administration of the recertification process for all screener personnel nationwide. At various airports Lockheed Martin subcontracted the administration of the recertification process to other companies. Defendant is unaware of the names and addresses of the Lockheed Martin (or subcontract) employees who administered the recertification process in Honolulu from 2003 to 2006.

5. Were the recertification tests given to TSA Honolulu screeners validated? If so, please state the last date on which the tests for recertification were validated, and the name and address of the persons, entities or agencies who validated test.

**ANSWER:** Defendant responds that because the recertification process requires screener personnel to demonstrate actual screening procedures, it is per se valid. The Defendant further responds that it never conducted an independent validation of the recertification process.

6. Please state whether the recertification test results used on TSA Honlulu screeners from 2003 to 2006 were made available to Plaintiff and TSA screeners. If so, how were the test results made available.

**ANSWER:** Defendant objects to this request on the grounds that it is vague, overbroad, unduly burdensome, and because it is not calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, Defendant responds that actual electronic checklists are not made available to screener personnel during the recertification process; however, screener personnel are apprised of the areas of the recertification process where they struggled or had a failing score so that they can focus their remediation efforts in those areas. In Plaintiff's case, in addition to the above, test results were made known to him during the administrative EEO Investigation and through the discovery process related to this judicial complaint.

7. Were the recertification test results for Mr. Ware made available for him to review? If so, when and who mentioned the test results with him.

**ANSWER:** Defendant incorporates its response to Interrogatory 6. Additionally, Warren Kadokawa advised Mr. Ware of the results of the recertification test as set forth in the attached memorandum, which has been previously provided to Plaintiff.

8. Please state the method of scoring the recertification test for TSA Honolulu screeners.

**ANSWER:** The administrators of the recertification process observed the screener personnel demonstrate screening functions and then noted whether or not the employee properly demonstrated specific aspects of the screening process. Notations were made on an electronic PDA device while the employee was in the process of demonstrating the screening process. The administrators then uploaded the PDA to a database at TSA Headquarters where the employee's score was calculated to determine whether the employee passed or failed the recertification process. In the case of Plaintiff, he failed to detect prohibited items during the initial recertification and re-test, and as such, he automatically failed the recertification process.

9. Please indicate whether studies were conducted for the purpose of evaluating the validity of the recertification test used on TSA Honolulu screeners. If so, please state the name and address of each person involved in test the evaluation and period covered by the evaluation.

**ANSWER:** Defendant incorporates its response to Interrogatory 5.

10. Please provide a copy of any studies pertaining to the evaluation and/or the certification regarding the TSA recertification screeners test performed upon screeners in 2003 through 2007.

**ANSWER:** Defendant has no documents responsive to this request.

11. Have the recertification tests of TSA Honolulu screeners changed from 2003 to present. If so, what are the changes?

**ANSWER:** Defendant objects to this request on the grounds that it is vague, overbroad, unduly burdensome, and because

4

it is not calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, Defendant incorporates its response to Interrogatory No. 1. The Defendant further responds that effective 2006, Federal Security Directors had the option of providing an employee a third attempt to pass module 3 of the recertification process. Additionally, effective 2007, TSA is no longer required to automatically remove screener personnel who fail the recertification process but, under some circumstances, there is an option to retain and retrain the employee.

12. Is there a bargaining agreement between Defendant TSA and TSA screeners? If so, please provide a copy of said bargaining agreement.

**ANSWER:** Defendant responds that there is no bargaining agreement.

13. Does the bargaining agreement cover the recertification testing of TSA screeners? If so, what do the terms of the bargaining agreement state pertaining to said retesting?

**ANSWER:** Defendant responds that there is no bargaining agreement.

14. Before terminating a TSA screener for failing a test, does Defendant TSA look at the test results to verify a failure? If so, what criteria is used to verify failure?

**ANSWER:** Defendant objects to this request on the grounds that it is vague. Subject to and without waiving the foregoing objection, Defendant responds that the screener personnel recertification scores are reviewed prior to initiating a removal action. To the extent that the employee raises any concerns about the recertification process, those issues would likewise be reviewed. Defendant further responds that once it has been determined that the screener personnel has failed the recertification process, no additional verification is done of the employee's scores.

15. Was this verification done with regards to Raymond Ware's "failure" of the recertification test?

**ANSWER:** Defendant objects to this request on the grounds that it is vague. Subject to and without waiving the

5

forgoing objection, Defendant responds that Plaintiff's recertification results were reviewed prior to his removal action.

16. Please state the date name, and address of the person who verified Raymond Ware "failed" the recertification test.

**ANSWER:** Defendant objects to this request on the grounds that it is vague. Subject to and without waiving the forgoing objection, Defendant responds that prior to the removal action, Ken Kamahele, the proposing official, and Sidney Hayakawa, the deciding official, reviewed Plaintiff's recertification test results; however, a precise date that the review occurred is unknown. Additionally, Peter Marcello has also reviewed Plaintiff's recertification results but again, a precise date is unknown.

17. Is there a procedure which allows the TSA screener to see the test results? If so, describe the procedure.

**ANSWER:** Defendant objects to this request on the grounds that it is vague. Subject to and without waiving the foregoing objection, Defendant incorporates its response to Interrogatory No. 6.

18. Is there a procedure which allows the TSA screener to contest and dispute the failure of the test result prior to termination? If so, please describe this procedure and provide any rules and regulations in support of the answer.

**ANSWER:** Defendant objects to this request on the grounds that it is not calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, Defendant responds employees are able to raise any concerns that they have about the recertification process with management. Additionally, employees are able to raise any concerns that they have with TSA's Office of the Ombudsman.

19. Do you understand your answers to the Interrogatories may be used at trial?

**ANSWER:** Defendant is aware that the Interrogatories may be used in accordance with the Federal Rules of Civil Procedure.

20. Do you verify that your answers to the Interrogatories are true and correct?

**ANSWER:** Defendant verifies that the answers are true and correct.

21. Please identify by address all persons you consulted with and all documents you reviewed in answering these Interrogatories.

**ANSWER:** Defendant consulted with Peter Marcello, Ann Quigley, Phil Anderson, and Kevin Byrnes (all of whom may be contacted through counsel) and reviewed the attached memorandum and its prior responses to Plaintiff's discovery requests.

I, Jeffrey Velasco, I swear or affirm that the foregoing Responses are true and correct to the best of my knowledge based on information provided to me in the course of my official duties.

_____   Dated: 6/20/07
Jeffrey J. Velasco
Attorney-Advisor

As to form and objections only:   EDWARD H. KUBO, JR.
UNITED STATES ATTORNEY

By: _____
THOMAS A. HELPER
ASSISTANT UNITED STATES ATTORNEY

-6-