EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

THOMAS A. HELPER     5676
Room 6-100, PJKK Federal Bldg.
Assistant U.S. Attorney
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG LEK |
| | ) | |
| Plaintiff, | ) | CONCISE STATEMENT IN SUPPORT |
| | ) | OF DEFENDANT'S THIRD MOTION |
| v. | ) | FOR SUMMARY JUDGMENT; |
| | ) | DECLARATION OF PETE MARCELLO; |
| MICHAEL CHERTOFF, Secretary, | ) | EXHIBITS "A"-"B"; DECLARATION |
| DEPARTMENT OF HOMELAND | ) | OF THOMAS A. HELPER, EXHIBITS |
| SECURITY, | ) | "H"-"K"; CERTIFICATE OF |
| Defendant. | ) | SERVICE |
| _____ | ) | |

CONCISE STATEMENT IN SUPPORT OF DEFENDANT'S
THIRD MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56.1, of the Local Rules of Practice for the United States District Court for the District of Hawaii, defendant submits his separate concise statement of material

facts in support of his third motion for summary judgment.[1]  The motion is being filed contemporaneously with this statement.

| FACTS | EVIDENTIARY SUPPORT |
|---|---|
| 1.  As of October 2003, all Screeners employed by the Transportation Security Administration, including Lead and Supervisory Transportation Security Screeners, were required to have an annual proficiency review (re-certification). Aviation and Transportation Security Act (ATSA), Public Law 107-71, 115 Stat. 597. Under TSA rules, Screeners who initially failed the re-certification process were given an opportunity to complete remedial training.  If the Screener again failed, the Screener must be removed. | Marcello Decl., ¶ 2; Ex A. |
| 2.  The recertification test consisted of three Modules.  Raymond Ware, like all other screeners, was required to pass three modules.  Module 1 was a job knowledge, occupation specific (Baggage or passenger) multiple choice test that assessed a screener's knowledge of standard operating procedures.  Module 2 measured a screener's skill and ability in the detection of | Marcello Decl., ¶ 4. |

---

[1]  For the sake of simplicity, defendant has retained the exhibit lettering system used in defendant's prior summary judgment motions.  The originals of the Marcello declaration and Exhibits A and B attached to this statement are already in the court file, attached to defendant's concise statement in support of his first motion for summary judgment, filed June 14, 2006.  Defendant has not used letters C, D and E because the exhibits using those letters in prior motions were relevant to issues already finally ruled on by the August 1, 2007 Order.  Exhibit F, a letter from TSA to plaintiff informing him of his termination, is in the court file as Exhibit 11 to plaintiff's Second Concise Statement. Exhibit G, plaintiff's declaration, is already in the court's file as Exhibit 11 to plaintiff's Second Concise Statement. Exhibits H, I, J and K are new and are authenticated through the attached Declaration of Thomas A. Helper.

threat/prohibited items within x-ray images of baggage. Module 3 was a practical skills or hands-on skills demonstration used to evaluate a screener's knowledge, skill, and ability when performing specific screener tasks.

| | |
|---|---|
| 3. TSA records show that a TSA employee administered Modules 1 and 2 to Mr. Ware, and found that he had passed those Modules. Module 3 was administered by employees or contractors of Lockheed Martin. No TSA employees at an airport were involved in the scoring of any screener's performance in Module 3. The Lockheed Martin employee or subcontractor would observe the screener performing the tasks on Module 3 and enter scores into a handheld electronic device. At the end of the test the employee or subcontractor would link the device to the TSA database and transmit the recertification test results to the database. | Marcello Decl., ¶ 5. |
| 4. Module 3 had six sections. In order to pass the test, screeners were required to demonstrate proficiency in each section. According to the TSA database, on November 6, 2003 Mr. Ware failed four sections of module 3. TSA records indicate that Mr. Ware was provided a second attempt to pass module 3 on November 7, 2003 and failed three sections. | Marcello Decl., ¶ 7. |
| 5. Between the first and second tests, Ware was given "the opportunity for remedial training and additional practice"; plaintiff concedes that he was retrained twice after failing the first recertification test and before retaking the test. | Ex. F; Ex. G, 7th unnumbered page |
| 6. A screener must score 80% or higher on <u>each</u> section to pass module 3. Mr. Ware twice scored under 80% on sections within Module 3. TSA policy required that Mr. Ware be removed from his screener position. | Marcello Decl., ¶ 7, Ex. B |

3

| | |
|---|---|
| 7. Screener Milagros Drake went through the recertification process in November 2003. She failed the hand-on portion of the test on her first try, She was then retrained, and passed the test on the second try.  She was not aware of any screener who took the recertification test more than twice, or of any direction from any TSA supervisor that anyone should be allowed to take the test more than twice. | Exhibit H at 13-20, 36-37, 48. |
| 8. On at least three occasions – on June 2, 2004, February 6, 2006 and August 6, 2007 – plaintiff has received contact information regarding the contractor or subcontractor employees responsible for Module 3 of his recertification testing. | Exhibits I, J and K |

DATED: September 27, 2007, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By    /s/ Thomas A. Helper
   THOMAS A. HELPER
   Assistant U.S. Attorney

Attorneys for Defendant
MICHAEL CHERTOFF

4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG LEK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL CHERTOFF, Secretary, | ) | |
| DEPARTMENT OF HOMELAND SECURITY, | ) | |
| Defendant. | ) | |
| _____ | ) | |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF:

Daphne E. Barbee                    September 27, 2007
desekmet@aloha.net

DATED: September 27, 2007, at Honolulu, Hawaii.

/s/ Coleen Tasaka-Shoda
_____