UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE,<br><br>Plaintiff,<br><br>vs.<br><br>SIDNEY HAYAKAWA, Director of Transportation Security Administration-Honolulu, KEN KAMAHELE, Deputy Director, Transportation Security Administration-Honolulu; TRANSPORTATION SECURITY ADMINISTRATION; MICHAEL CHERTOFF, SECRETARY, Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; JOHN DOES 1-5<br><br>Defendant. | Case No. CV:04-00671-HG-LEK |

## DECLARATION OF PETE MARCELLO

I, Pete Marcello, make the following declaration in lieu of an affidavit, as permitted by Section 1746 of Title 28 of the United States Code. I am aware that this declaration will be filed with the United States District Court for the District of Hawaii and that it is the legal equivalent of a statement under oath.

1. I am the Program Manager for re-certification in the Office of Human Capital for the Transportation Security Administration (TSA) in Arlington, Virginia. I have served in that capacity since October 2003. My office is responsible for the development and implementation of the assessment test modules that are used in the re-certification of Screeners. I helped design the TSA database that contains the results of the re-certification tests for all Screeners nationwide. The

1

*P.m.*

information contained in this declaration that is specific to Plaintiff Raymond Ware is based on information that I obtained from the TSA database

2. The Aviation and Transportation Security Act (ATSA), Public Law 107-71, 115 Stat. 597, requires that all Screeners, including Lead and Supervisory Transportation Security Screeners, have an annual proficiency review (re-certification). Effective October 17, 2003, TSA Management Directive 1900.4, Annual Proficiency Review, governed Screener re-certification tests. A copy of that Directive is attached as Exhibit A. As set forth in Section 6.2, on page 6, Screeners who initially fail the re-certification process are provided an opportunity to complete remedial training. If the Screener again fails the re-certification process, the Screener must be removed.

4. In 2003, Raymond Ware, like all other passenger Screeners, was required to pass three modules. Module 1 was a job knowledge, occupation specific (baggage or passenger) multiple choice test that assessed a Screener's knowledge of the standard operating procedures. Module 2, for passenger Screeners only, measured a screener's skill and ability in the detection of threat/prohibited items within x-ray images of baggage. Module 3 was an occupation specific (baggage or passenger) practical skills or hands-on skills demonstration, used to evaluate a Screener's knowledge, skill, and ability when performing specific Screener tasks.

5. A TSA employee administered Modules 1 and 2 to Mr. Ware, and found that he had passed those modules. Module 3 was administered by employees or contractors of Lockheed Martin. No TSA employees at an airport were involved in the evaluation/scoring of any Screener's performance in Module 3. The Lockheed Martin employee or subcontractor would observe the Screener performing the tasks on Module 3 and mark results on a checklist which was on a handheld electronic device. At the end of the test the Lockheed Martin employee or subcontractor would link

2

Q.M.

the device to a laptop computer. In turn, the re-certification test results on the laptop would be transmitted to the TSA database.

6.. Module 3 had six discrete sections for passenger Screeners. In order to pass the test and remain employed, the Screeners were required to demonstrate proficiency in each section. I have reviewed Mr. Ware's scores in the TSA database from the 2003 re-certification process and have confirmed that on November 6, 2003 Mr. Ware failed four sections of Module 3. My records indicate that Mr. Ware was provided a second attempt on November 7, 2003 to pass the four sections of Module 3 that he initially failed. Mr. Ware failed three sections of Module 3 on the retest.

7. I have attached a printout of Mr. Ware's scores to this declaration as Exhibit B. A Screener must score 80% or higher on <u>each</u> section to pass module 3. Because Mr. Ware scored under 80% on three (3) sections within Module 3, TSA policy required that Mr. Ware be removed from his screener position.

I have read the above pages, and I declare under penalty of perjury that the information stated there is true and correct to the best of my knowledge.

Executed on May 10, 2006

_____
PETE MARCELLO