

DAPHNE E. BARBEE   2911
Attorney & Counselor at Law
Century Square, Suite 1909
1188 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 533-0275



Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE,<br><br>  Plaintiff,<br><br>vs.<br><br>MICHAEL CHERTOFF, Secretary, Department of Homeland Security, DEPARTMENT OF HOMELAND SECURITY; JOHN DOES 2-5,<br><br>  Defendants. | CIVIL NO. 04-00671 HG/LEK<br><br>**PLAINTIFF WARE'S CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANT'S THIRD MOTION FOR SUMMARY JUDGMENT; DECLARATION OF PLAINTIFF; PLAINTIFF'S THIRD DECLARATION ; DECLARATION OF WARE; EXHIBITS 13, 14; DECLARATION OF COUNSEL, EXHIBITS 24, 26, 29, 33; DECLARATION OF MILAGROS DRAKE; CERTIFICATE OF COMPLIANCE; CERTIFICATE OF SERVICE**<br><br>DATE:  December 10, 2007<br>TIME:  10:30 a.m.<br>JUDGE: Hon. Helen Gillmor |

## PLAINTIFF WARE'S CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANT'S THIRD MOTION FOR SUMMARY JUDGMENT

Plaintiff RAYMOND WARE hereby submits his Concise Statement of Facts in Opposition to Defendant's Third Motion for Dismissal and Summary Judgment filed September 27, 2007, pursuant to Rule 56.1 of the local rules for the U.S. District Court for the District of Hawaii. Plaintiff's numbers refer to defense's Statement of Facts.

Facts 1 through 8 correspond to the facts and supporting evidence presented in Defendant's Separate Concise Statement in Support of Federal Defendant's Motion for Summary Judgment. Where appropriate, Plaintiff has indicated that the facts relied on by Defendants are controverted. These are followed by additional material facts and supporting evidence that Plaintiff intends to demonstrate the existence of a genuine issue of material fact.

### PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF FACTS

### EVIDENTIARY SUPPORT:

1. Plaintiff is unable to admit or deny as he is not familiar with the requirements of whether all TSA screeners and supervisors had to undergo a recertification test in 2003. See Declaration of Ware. Plaintiff is aware that another screening supervisor failed the written portion and kept his job up through an appeal. See Declaration of Plaintiff pg. 2; Exhibit 26 p. 77-78.

2. Plaintiff admits with the exception that all other screeners similarly were required to pass the 3 modules. Plaintiff does not have access to the

2

information as to whether other screeners had to take all three portions of the test.

3. Plaintiff admits in part, denies in part. Plaintiff passed modules 1 and 2, which were administered by TSA employees, of the recertification test. Plaintiff disputes that he failed module 3 of the recertification test and that Lockheed Martin administered module 3. See Exh. 33.

4. Plaintiff denies that he failed the hands-on screening test module 3. See Plaintiff Declaration and Plaintiff's Third Declaration.

5. Plaintiff denies that the testers retrained him twice after failing the first module 3 hands-on recertification test. Plaintiff was not retrained by any of the testers 6 to 7 times, as were other screeners. See Declaration of Plaintiff; Defendant's Exh. K.

6. Plaintiff denies that he failed the test. Plaintiff also denies TSA policy required that he be removed from the screener position when others who failed the test were not removed right away. See Declaration of Plaintiff.

7. Plaintiff admits in part, denies in part. Screener Drake testified that she was retrained several times by the testers and then passed the test once she was "comfortable". See Defendant's Exh. K, pg 17.

8. Plaintiff admits in part, denies in part. Defendants asserted in discovery that they did not know who performed the recertification test module 3. Defendants stated that the recertification test was done by Lockheed Martin. Plaintiff contacted Lockheed Martin's attorney, who denied doing the recertification test. See Exh. 33. Defendant's Exh H does not identify the testers who administered the hands on portion to Plaintiff, as they are female. Defendant's Exh. I names persons different than H and J. Defendant's Exh J was not given to plaintiff's counsel until after the last hearing for the 2nd Summary Judgment in August 2007. The case was filed in 2004. Exh J was only given to plaintiff's counsel after the Court questioned defendant's attorney about the lack of information concerning the testers and contains different names never previously disclosed. Exh H inaccurately states that Lockheed Martin's employees performed the recertification test. Lockheed

Martin's attorney denied that any of its employees performed the recertification test. See <u>Declaration of Counsel; Pl. Exh. 33.</u>

## PLAINTIFF SUBMITS THE FOLLOWING ADDITIONAL FACTS IN SUPPORT OF HIS OPPOSITION TO DEFENDANT'S MOTION.

9. Plaintiff filed a formal EEO complaint in August 2003, which was pending investigation. After filing the discrimination complaints and informing TSA management about perceived discriminatory acts, he was told he had to undergo a recertification test in November 2003. See <u>Declaration of Ware</u>.

10. The recertification test module 3 was given by 2 unknown male testers. Plaintiff passed all written objective tests. The hands-on test was subjective. See <u>Defendant's Exh K</u>. <u>Plaintiff's Declaration</u>, <u>Plaintiff's Exh 25 Under Seal, presented at prior Motion for Summary Judgment, July 23, 2007.</u>

11. Plaintiff disputes that he failed the recertification module 3 hands-on portion of the test as he found objects on the testers, contrary to defendant's assertion. See <u>Plaintiff's Declaration</u> and <u>Plaintiff's 3rd Declaration</u>.

12. Plaintiff disputes failing the test and requested to review the test results. Defendant refused. After filing a complaint in Federal Court, defendant TSA finally provided "recertification test results", which show a pass fail. See <u>Exh. 13.</u> Later, Defendant presented a different test result showing a percentage grade for the recertification test. See <u>Exh. 14</u>. Later, Defendant submitted test results which do not show any grading criteria, are not verified, and have no explanation regarding the test. See <u>Exh 25</u> previously submitted Under Seal; <u>Plaintiff's Declaration and Plaintiff's Third Declaration.</u>

13. Plaintiff was given inconsistent test scores when told that he failed the recertification test. He was first told he failed 4 parts, then 3 parts, then two parts. When he asked to see the results, defendant's refused. See <u>Plaintiff's Third Declaration, Declaration of Ware pge 6</u>.

14. Defendant TSA no longer terminates screeners for failing the recertification test. See <u>Exh 24, pg 5</u>.

4

15. The declaration of Milagros Drake was not repudiated except for the term "arbitrary". See Declaration of Ware, Exh K, and Declaration of Milagros Drake.

16. As stated at Ms. Drake's deposition, the screeners were retrained by the testers 6 to 7 times until Ms. Drake felt "comfortable" and then was able to pass the hands-on test. See Exh K, pg 11.

17. Ms. Drake confirms the recertification hands-on test was subjective and not fair. See Exh K, pg 31 and 48.

18. Plaintiff has never met Pete Marcello and never performed any test in front of him. Mr. Marcello's declaration is based upon hearsay and should not be considered. Declaration of Plaintiff.

DATED: Honolulu, Hawaii, 11-21-07.

_____
DAPHNE E. BARBEE
Attorney for Plaintiff RAYMOND WARE

5