IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG/LEK |
| | ) | |
| Plaintiff, | ) | **DECLARATION OF PLAINTIFF** |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL CHERTOFF, Secretary, | ) | |
| Department of Homeland Security; | ) | |
| JOHN DOES 2-5, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF PLAINTIFF

I, RAYMOND E. WARE, declare under penalty of perjury as follows:

1. I am the plaintiff in the above-entitled discrimination action against TSA Honolulu.

2. In reviewing Ms. Drake's deposition testimony, I noticed significant differences in the manner in which the subjective physical test was administered to Ms. Drake and myself.

3. In my testing, the testers only allowed me to take one practice run and then to take the test. There was no encouragement and the testers were harsh with me. According to Ms. Drake's deposition, she was given a number of practice runs until she got the test right, allowed to become comfortable and then take the test.

4.    The testers never informed me whether I passed or failed. Ms. Drake was told by the testers whether she passed or failed.

5.    Ms. Drake had a different tester than I did, as one of the testers was female. The testers who administered the exam were both male.

6.    Mr. Pete Marcello was not present at my testing. Since the tests were subjective, he cannot testify as to personal knowledge as to the veracity of the grading by the testers and as to whether or not I actually failed.

7.    I recall that on October 6, 2003, the testers requested to enter through the check point without badges and I informed them that they had to obtain proper identification. The testers became upset that I did not allow them to pass through. This  factored into their subjective decision that I failed the test.

8.    Had I been promoted to screening manager from screening supervisor, I would not have been required to take the recertification test.

9.    No other screening supervisor failed the subjective phase of the hands-on test other than me. Another screening supervisor, Mr. Kidani, who had failed the written recertification test was not terminated immediately, but allowed to remain on the payroll until exhausting his appeal. I also appealed, however, I was immediately terminated. Thus, I was again subjected to differential treatment.

10.    Ms. Drake's deposition testimony does not confirm that I was treated

2

the same as other screeners. To the contrary, it proves I was treated differently. Ms. Drake's deposition shows that the tester gave the retraining before the retesting. See <u>Defendant's Exh K, Drake Depo, page 16, line 23</u>.

11.    Ms. Drake states that she practiced several times in front of the tester until she was comfortable, approximately 6 or 7 times. See <u>page 11, line 1</u>. I was not allowed to retrain 6 to 7 times, but only once without the tester present.

12.    During my single time being retrained, I was told by the tester that the screeners showed me the wrong way to screen. Then immediately I was told to take the test.

13.    I did not tell Ms. Drake that I failed, I told her that I was "told that I failed". <u>Page 23, line 3</u>.

14.    Although Ms. Drake changed her mind concerning the term arbitrary, she reinforces that whether or not you pass the recertification test was totally up to the testers and that the testing was subjective. See <u>Defense Exh K, page 30, line 23</u>.

15.    Ms. Drake also confirms that the recertification hands-on test was not fair. See <u>Id page 31, line 4</u>.

16.    At the deposition Ms. Drake initially stated that the test was arbitrary. She later testified that she did not know what the term arbitrary means. She admitted

that she read the declaration before she signed it. Ms. Drake confirms that I was a very thorough and professional screening supervisor. See Id page 49. Ms. Drake also confirms that other screeners would ask my advice whenever they had problems and needed an interpretation of the SOP. This contradicts any statement that I did not know the SOP and did not have common sense.

17.    Ms. Drake also reinforces that the checkpoint which I supervised functioned better than other checkpoints and had less problems. See page 49, Defendant's Exh K.

18.    Ms. Drake reiterated that the test was "unfair". When asked whether she thought the hands-on test was unfair in any way, she stated "Well I think it unfair at the time, it was because we were never trained. That was not part of our training and for the testers to come to Honolulu and give us that kind of exam when we never been trained before, yes, for that I thought that it was unfair". See Id page 23.

19.    I was not provided the same treatment in retraining and testing as other screeners and supervisors.

20.    I attach and incorporate all of my previous declarations in Opposition to Defendant's Motions for Summary Judgment.

21.    All of my declarations are made with personal knowledge.

4

FURTHER DECLARANT SAYETH NAUGHT.

DATED:    Honolulu, Hawaii    1/2007

RAYMOND E. WARE