IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG/LEK |
| Plaintiff, | ) | **PLAINTIFF'S THIRD DECLARATION** |
| vs. | ) | |
| MICHAEL CHERTOFF, Secretary, Department of Homeland Security; JOHN DOES 2-5, | ) | |
| Defendants. | ) | |

## PLAINTIFF'S THIRD DECLARATION

I, RAYMOND E. WARE, declare under penalty of perjury as follows:

1. I dispute that any complaints were made about me or considered by Mr. Kamahele in his decision not to promote me in June 2003 and September 2003.

2. In reviewing the personnel files of the persons who were promoted by Mr. Kamahele, none contained letters of reference from their supervisors stating they were "top performers".

3. The rotating screening manager positions were ongoing up until my termination. See Exh 5 and 7 verifying on September 6, 2003, I was once again denied a rotating screening manager position.

4. Information was requested about my performance in September 2003,

after my EEO complaint and complaint to Mr. Hayakawa. See <u>Exhibit 4</u>.

5. Subsequent to filing my federal lawsuit, Mr. Kamahele was terminated for misconduct for being unfair in promotion opportunities at TSA Honolulu, and for not being credible. See <u>Exh 27 and 28</u>.

6. I appealed Defendant's decision to terminate me, just as Mr. Kidani did. See <u>Exh 24</u>. Mr. Kidani was allowed ro remain on the payroll pending a decision. Furthermore, Mr. Kidani failed the written objective portion of the recertification test, which was graded by objective criteria and standards. I was immediately let go, demonstrating unfair discrimination treatment.

7. Lizette Haneberg was not my supervisor and I worked a different shift from her. I was unaware of complaints by Robin Wong and Leonard Ventura, who were my supervisors. I did not receive any verbal or written disciplinary actions or notices while I worked at TSA-Honolulu.

8. I have reviewed the documents which are submitted under seal and considered SSI by Defendant.

9. Based upon my review of the documents, they do not establish by an objective standard that I failed the hands on performance test given to me in November 2003.

10. The recertification tests were performed November 6 and November 7,

2003. I passed the objective written test.

11. On November 6, 2003, the documents show I found a prohibited item. There is no percentage pass rate indicated on any of the forms. There is no criteria indicating how the scores are tallied, and what points or percentages are given to the scores. In the November 6, 2003 test, it indicates that I did not follow SOP. There is no identification of what the SOP is, or in what manner I did not follow the SOP. It is completely conclusory and subjective. There is an indication that I did not use correct "HW Outline". There is no identification of what the "HW Outline" is, or how I failed to comply with this "Outline". For the HHMD1 test, there is no November 7th printout. I passed this test. On the ETD test for November 6, it indicates that there is a sampling procedure. No sampling procedure has been identified.

12. I specifically remember finding prohibited items on both days I took the test. The item I found was a knife.

13. I dispute that I did not wand the testor's feet. I specifically recall that he had beige socks, and I wanded his feet after asking him to take off his shoes. There would be no need to ask him to take off his shoes if I was not going to wand his feet.

14. Reviewing the SSI documents does not clarify or explain the grading

3

procedures, the criteria or the manner in which I allegedly failed, the names and identification of the testors. The documents are hearsay. There is no verification by the testors that this is the result. I was not given an opportunity to dispute these "results".

15. After being told on November 7, 2003 that I failed the test by TSA, I was immediately suspended and then terminated by Sidney Hayakawa. I am aware that another Screener who failed the written objective portion, Mr. Kidani, was allowed to remain as a Screening Supervisor throughout his appeal process. Mr. Kidani was not African American. Mr. Kidani did not previously file an EEO complaint.

16. Mr. Kamahele was aware of my EEO complaints prior to his decision not to promote me or interview me for Screening Manager, as I had written to Mr. Hayakawa and cc'd Mr. Kamahele concerning my discrimination complaint. See Exhibit 5.

17. Other airports in the United States hired the Mobile Screeners to be the Screening Manager. I was a Mobile Screener, yet in Hawaii, Mr. Kamahele hired persons with no screening experience to be Screening Managers. See Depo. of Kamahele, Exhibit 32.

18. Screening Managers did not have to undergo the recertification test.

19. Had I been selected as a Screening Manager, I would not have been given the recertification test.

20. I was the only Screening Supervisor terminated under the pretext of failing the recertification test, practical section. When I requested the results of the test, I was not given an explanation by Mr. Hayakawa, or Mr. Kamahele or anyone. I never spoke with Mr. Marcell or Mr. Kadokawa.

21. I understand that TSA has now changed its rules and Screeners who failed the recertification test are not automatically terminated. See Exhibit 24, pg 5. This is due to the tremendous amount of criticisms of the test nationwide. See Exhibit 23.

22. I am aware that other screeners who failed the performance hands on portion of the recertification test were given more than two opportunities to pass the test. See Decl. of Drake.

23. In my EEO complaint, I allege retaliation. The hostile work environment at TSA Honolulu was well known, and even received media attention when an independent investigator arrived in Honolulu. Furthermore, according to the management investigative report, retaliation and a hostile work environment was confirmed in addition to wrongful promotions at TSA Honolulu.

24. I reaffirm my two prior declarations and Affidavit, which were

previously filed in Court, attached.

25. In addition to Mr. Kamahele being terminated from TSA as Deputy Director for dishonesty and retaliation towards screeners, Mr. Hayakawa has also been "let go" of his employment as Director of TSA for unspecified reasons.

26. I make the above statements based upon my personal knowledge.

FURTHER DECLARANT SAYETH NAUGHT.

DATED:   Honolulu, Hawaii   070207

_____
RAYMOND E. WARE