IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG/LEK |
| | ) | |
| Plaintiff, | ) | **DECLARATION OF COUNSEL** |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL CHERTOFF, Secretary, | ) | |
| Department of Homeland Security; | ) | |
| JOHN DOES 2-5, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF COUNSEL

DAPHNE E. BARBEE declare under penalty of perjury as follows:

1. She is the attorney representing plaintiff Raymond Ware.

2. She makes this declaration upon personal knowledge.

3. At a prior Summary Judgment hearing on July 23, 2007, a true and accurate copy of the recertification test results for module 3, which were presented to plaintiff, were filed under seal. Plaintiff requests this Court review this document. See Exh 25, submitted Under Seal. The documents show there was no objective criteria or SOP given for these test "results" and it was administered in a subjective

manner. The documents do not show how Mr. Ware "failed", nor identify the testers.

4.   Exh 24 was previously submitted in the 2nd Motion for Summary Judgment and is a true and accurate copy of Defendant's Response to Plaintiff's 4th Request for Interrogatories which establish that as of June 20, 2007, the US Attorney indicates "Defendant is unaware of the names and addresses of the Lockheed Martin or subcontract employees who administered the recertification process in Honolulu from 2003 to 2006." See page 3. The exhibit also establishes that there was no evaluation of validity of the recertification test. See page 4. The document also admits that "TSA is no longer required to automatically remove screener personnel who fail the screener recertification process...".

5.   Exh 26 is a true and accurate copy of a portion of Plaintiff's Ken Kamahele's deposition establishing that Richard Kadani was allowed to remain as a screener while his appeal was pending.

6.   Exh 29 was previously submitted at the prior Summary Judgment hearing and establish that plaintiff appealed his termination on December 31, 2003.

7. Exh.33 is a true and accurate copy of a portion of Lockheed Martin's memorandum in opposition to Plaintiff's Motion to Compel Discovery filed December 12, 2005.

2

FURTHER DECLARANT SAYETH NAUGHT.

DATED:   Honolulu, Hawaii   11-21-07

_____
DAPHNE E. BARBEE
Attorney for Plaintiff