EDWARD H. KUBO, JR.   2499
United States Attorney
District of Hawaii

THOMAS A. HELPER     5676
Room 6-100, PJKK Federal Bldg.
Assistant U.S. Attorney
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE, ) | CIVIL NO. 04-00671 HG LEK |
| ) | |
| Plaintiff, ) | REPLY MEMORANDUM IN SUPPORT OF |
| ) | DEFENDANT'S THIRD MOTION FOR |
| v. ) | SUMMARY JUDGMENT; DECLARATION |
| ) | OF JOHNALYN NAKAMURA; |
| MICHAEL CHERTOFF, Secretary, ) | CERTIFICATE OF SERVICE |
| DEPARTMENT OF HOMELAND ) | |
| SECURITY, ) | |
| Defendant. ) | |
| _____ ) | |

REPLY MEMORANDUM IN SUPPORT
OF DEFENDANT'S THIRD MOTION FOR SUMMARY JUDGMENT

PRELIMINARY STATEMENT

In his Third Motion for Summary Judgment, defendant demonstrated that Transportation Security Administration (TSA) employees at Honolulu International Airport terminated plaintiff from his screening supervisor position in November 2004 as required by law after plaintiff failed a mandatory recertification test. Defendant showed that the central factual assertion raised by plaintiff to defeat Defendant's Second Motion

for Summary Judgment – that TSA supervisors arranged for numerous other TSA employees to take the test more than two times allowed plaintiff  – was unsupported in the record.  Defendant produced deposition testimony from TSA screener Milagros Drake, whose declaration was the source of plaintiff's assertion about multiple testing of other employees, establishing that although testers employed by a contractor gave her practice run-throughs of the recertification test, she only took the test itself twice, and she was unaware of any TSA employee who was allowed to take the test more than twice by either the contractor or by TSA.  Drake also made clear that no TSA employees were involved in the practice tests.  Ex. K to Concise Statement at 17-18.

    None of plaintiff's legal or factual assertions requires much in the way of rebuttal.  This court is familiar with the factual and legal background to this case through its prior summary judgment orders, which have substantially narrowed the issues in the instant motion.  Defendant will briefly address each of the points raised by plaintiff.

ARGUMENT

I.   <u>PLAINTIFF HAS FAILED TO SHOW ANY DISCRIMINATORY ACTION BY CONTRACTOR EMPLOYEES</u>.

    Plaintiff's central argument is now that he was treated unfairly by the contractors who administered the recertification test.  This argument is fatally flawed both legally and factually.

As a matter of law, even if plaintiff could establish that the contractor retrained him differently than all other TSA employees, that would not create a genuine issue of material fact on the issue of whether TSA was motivated by a discriminatory animus. As this court has recognized, plaintiff must show discriminatory animus by TSA, not by the contractor testers:

> To support his discrimination claim, Plaintiff must show an adverse action by *Defendant*....Even if Lockheed-Martin improperly administered, or unfairly graded, the test (*e.g.* Plaintiff actually found a knife during the screening test when the testers said he did not), this is not evidence of discrimination by Defendant.

Order at 26 (emphasis in original).

Almost all of plaintiff's allegations concern actions by the contractor testers, not by TSA employees. Plaintiff presents a lengthy quotation from Poland v. Chertoff, 494 F.3d 1174, 1183 (9th Cir. 2007) in support of the proposition that an employer can be held liable for retaliation if the plaintiff shows that a biased subordinate has influenced the decision-maker. Even assuming that such a proposition applies where the discriminatory motive was supposedly harbored by an independent contractor, not a subordinate employee as in Poland, plaintiff here has failed to show two independent elements of a claim based on subordinate bias. First, he provides no evidence that he was treated disparately. Second, he provides no evidence that the

subordinates (the testers) were biased against him for some protected characteristic such as race or prior EEO activity.

On the disparate treatment issue, plaintiff's only contention is that he was retrained differently from one of the hundreds of employees tested at the same time. The only evidence plaintiff presents that the contractors treated him differently from others is that Drake says the testers gave her six or seven practice run-throughs of the "lava-lava" portion of the test (which Drake said she had not received an training on before) before administering the test. Plaintiff says that testers did not give him practice run-throughs. He concedes that he and Drake had different testers (November 20, 2006 Decl. ¶ 5), and he does nothing to show that the practice run-throughs given Drake was given to anyone else, or to show that lack of practices given to him was uncommon. He does nothing to rule out possibility that different testers followed different retraining protocols, or the possibility that the contractor followed different protocols for supervisors such as himself and line screeners such as Drake. Plaintiff's allegation that he was treated differently from one other employee out of hundreds falls well short of showing disparate treatment.

Even assuming that he had shown disparate treatment by the contractors, he fails to show that the testers were motivated by discriminatory animus. To the contrary, he suggests they were

motivated by resentment of his enforcement of a rule requiring them to produce proper identification before they could pass through a checkpoint.  November 20, 2006 Declaration, ¶ 7. Accordingly, defendant is entitled to summary judgment on plaintiff's claim that the contractors' actions amounted to a violation of Title VII.

II.  <u>PLAINTIFF FAILS TO PRODUCE EVIDENCE OF DISCRIMINATORY ACTIONS BY TSA EMPLOYEES</u>.

Plaintiff's current claims contain only one allegation of improper action by TSA employees.  His current declaration (dated November 20, 2007), alleges (at ¶ 12): "During my <u>single time</u> being retrained, I was told by the tester that the screeners showed me the wrong way to screen.  Then I was told <u>immediately</u> to take the test."  Emphasis added.  As an initial matter, even in this version, there is no allegation that the unnamed TSA screeners who retrained him deliberately retrained him incorrectly, much less that they did so with a discriminatory intent.  Defendant is entitled to summary judgment on this ground alone.

Another fatal flaw problem with plaintiff's current version of how he was retrained is that it directly contradicts his previous version.  In a statement he signed on March 30, 2004,[1]

---

[1] This relevant portion of the statement is on the seventh page of Exhibit 18 to Plaintiff's Concise Statement in Response to Defendant's Second Motion for Summary Judgment.  Defendant's Concise Statement ¶ 5 contained an erroneous citation to this

plaintiff asserted: "The first time I took the test I was told that I had failed four parts.  I was allowed to take retraining from subordinates but when I went to take a retest I was told they had trained me incorrectly <u>and I returned to training again</u>."  Emphasis added.  Plaintiff did not suggest that the second round of training was incorrect.

To the extent plaintiff's current version asserts disparate treatment in retraining by TSA employees, the court should disregard it under the sham affidavit rule.  Under that rule, "a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."  <u>Kennedy v. Allied Mut. Ins. Co.</u>, 952 F.2d 262, 266 (9th Cir. 1991).  Here, plaintiff attempts to create an issue of fact by contradicting his prior affidavit, not his deposition testimony.  Since a party has even greater control over and opportunity to think about an affidavit than he does about testimony, the court should apply the sham affidavit rule here and disregard plaintiff's most recent version of what occurred during retraining by TSA employees.

---

document in support of defendant's assertion that "plaintiff concedes that he was retrained twice after failing the first recertification test and before retaking the test."

III. <u>PLAINTIFF'S CLAIM THAT HE WAS DISCRIMINATED AGAINST BECAUSE HE WAS NOT PLACED ON ADMINISTRATIVE LEAVE PENDING TERMINATION WAS NOT ALLEGED IN THE COMPLAINT AND IS NOT SUPPORTED IN THE EVIDENCE</u>.

Plaintiff contends that he was treated differently from another screening supervisor, Richard Kidani. As set forth in the previously filed declarations, Richard Kidani failed the recertification test in November 2003, appealed the failure, had the appeal denied, and was terminated in April 2004. Def. First Reply Memorandum, Second Marcello Dec. ¶ 3; Vasper Dec. ¶ 2. Plaintiff, on the other hand, was terminated at the end of November 2003, two weeks after failing the recertification test. Complaint, Para. 31.

Plaintiff apparently argues that TSA's failure to keep him on the payroll pending the conclusion of his appeal was a discriminatory adverse personnel action. Plaintiff's First Amended Complaint, however, makes no reference to such a personnel action. Indeed, plaintiff has never raised such a claim until his opposition memorandum. Instead, the complaint alleges that he should not have been terminated at all. Complaint, Para. 35. Plaintiff cannot now raise a claim not referred to in his complaint.

Even if plaintiff had properly raised a claim of disparate treatment because he did not receive a few months of administrative leave, defendant would be entitled to summary judgment on such a claim. The different treatment accorded

plaintiff and Kidani arose because the nature of Kidani's termination differed sharply from plaintiff's.  As set forth in the attached declaration of Johnalyn Nakamura, TSA Honolulu supported Kidani's appeal of his termination to TSA headquarters for two reasons.  First, Kidani had been on sick leave undergoing chemotherapy for extended periods prior to the recertification testing; at lest eleven other employees on sick, workers compensation or maternity leave had not been required to take the test at all.  Second, Kidani had waived his right to retraining between his first and second failures, and a TSA lawyer had opined that the waiver might have violated TSA policy.  Based on these circumstances, TSA Honolulu officials allowed him to remain on administrative leave pending outcome of his appeals to TSA headquarters.  When those appeals failed in April 2004, TSA Honolulu terminated Kidani.

   No such circumstances existed for plaintiff or other employees who failed recertification.  TSA Honolulu did not place him on administrative leave pending the outcome of his appeals; instead he was terminated after 18 days on administrative leave between the date he failed the test and the date his termination became effective.  TSA Honolulu terminated three employees even more quickly than Ware (after 1, 2 and 4 days on administrative leave) because those employees were probationary employees with fewer rights than a permanent employee such as Ware.  Because

plaintiff is unable to show that this explanation is a pretext for discrimination, defendant would be entitled to summary judgment if plaintiff had raised it in his complaint.

IV. <u>PLAINTIFF CANNOT SHIFT THE BURDEN TO DEFENDANT TO DISPROVE HIS UNSUPPORTED ALLEGATIONS</u>.

Plaintiff argues that defendant bears the burden of proving that the test was valid, that he really failed it, and that the contractors administered it fairly. "Once a defense is raised, it is the burden on defendant to present evidence of this defense." Pl. Mem. at 7. Plaintiff cites no authority to support this proposition, and it directly conflicts with the burden-shifting scheme that is perhaps the most firmly established aspect of Title VII case law. <u>See</u> <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973). Under that scheme, plaintiff must establish a prima facie case of discrimination. A rebuttable presumption then shifts the burden of production (not the burden of proof) to the employer to articulate some legitimate, non-discriminatory reason for its decision. <u>Id.</u> The employer's burden is one of production, not persuasion, and requires no credibility assessment. <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 142 (2000). The burden then shifts back to the plaintiff to prove that the employer's stated reason is merely pretextual. <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 507-08 (1993). The burden of persuasion, as opposed to production, remains with the plaintiff at all times. <u>Id.</u> at 511

Here, defendant has assumed that plaintiff can set forth a <u>prima facie</u> case of discrimination.  Defendant has certainly met its burden of producing a nondiscriminatory reason for terminating plaintiff:  the contractors who administered the test reported to TSA headquarters that he had failed it.  Thus plaintiff has the burden of producing evidence that this is a pretext for discrimination.

Plaintiff has failed to carry this burden, as set forth above.  Plaintiff has not deposed or produced evidence from anyone with personal knowledge of how the tests were graded or how the results were reported.[2]  Accordingly, the court should grant summary judgment to defendant on plaintiff's claim that the test was invalid, or that the testers made some mistake in administering it or in reporting that plaintiff had failed it.

---

[2] Although he does not deny receiving contact information, including telephone numbers, for the subcontractors responsible for recertification testing, plaintiff apparently has made no effort to contact those subcontractors: "It is not plaintiff's burden to go on a wild goose chase, searching throughout the entire United States for a person who may have tested him."  Pl. Mem. at 9.

CONCLUSION

For the foregoing reasons, the court should grant summary judgment to defendant on plaintiff's termination claim.

DATED: November 29, 2007, at Honolulu, Hawaii.

            EDWARD H. KUBO, JR.
            United States Attorney
            District of Hawaii


               /s/ Thomas A. Helper
By  _____
    THOMAS A. HELPER
    Assistant U.S. Attorney

Attorneys for Defendant

```
            IN THE UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF HAWAII

RAYMOND WARE,                 )    CIVIL NO. 04-00671 HG LEK
                              )
          Plaintiff,          )    CERTIFICATE OF SERVICE
                              )
     v.                       )
                              )
MICHAEL CHERTOFF, Secretary,  )
DEPARTMENT OF HOMELAND        )
SECURITY,                     )
          Defendant.          )
                              )
                              )
_____)
```

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF:

Daphne E. Barbee                November 29, 2007
desekmet@aloha.net

DATED: November 29, 2007, at Honolulu, Hawaii.

/s/ Coleen Tasaka-Shoda
_____