ORIGINAL

DAPHNE E. BARBEE   #2911
ATTORNEY AT LAW
1188 BISHOP STREET
CENTURY SQUARE, SUITE 1909
HONOLULU, HI 96813
TELEPHONE: 808-533-0275

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 17 2007

at____o'clock and____min.___M.
SUE BEITIA, CLERK

ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND E. WARE; | ) | CIVIL NO. CV  04-00671 HG/LEK |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S PRETRIAL |
| | ) | STATEMENT; |
| vs. | ) | CERTIFICATE OF SERVICE |
| vs. | ) | |
| | ) | |
| MICHAEL CHERTOFF, Secretary, | ) | |
| Department of Homeland Security; | ) | Trial Date:  February 5, 2008 |
| JOHN DOES 2-5, | ) | Pretrial Date:  December 26, 2007 |
| | ) | Time:  9:00a.m. |
| Defendants. | ) | Judge:  Helen Gillmor |
| | ) | |

PLAINTIFF'S PRETRIAL STATEMENT

The Plaintiff RAYMOND E. WARE, through his undersigned attorney of

record, DAPHNE E. BARBEE, hereby files this Pretrial Statement pursuant to

Local Rule 16.6.

**(a) Party.**

This Pretrial Statement is filed on behalf of the Plaintiff.

**(b) Jurisdiction and Venue.**

The Federal Constitution and Civil Rights law violations confer original jurisdiction upon this court pursuant to Federal Civil Rights Law pursuant to Title VII, 42 USC Sec. 2000 et seq. and 28 USC Sec. 1331. All underlying events occurred in Honolulu Hawaii, therefor venue is proper under 42 USC Sec. 2000e and 28 USC 1391(b)(2)and (c).

**(c) Substance of Action.**

The Plaintiff's causes of action against the Defendants are the following:

1.    TITLE VII Race Discrimination

This is a race discrimination in promotion and termination by defendants' against an African American employee in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2.

2.    TITLE VII RETALIATION.

This action is also brought against defendants for retaliation for Plaintiff's opposing and complaining about discriminatory practices in violation of Sec.704 (a) of Title VII of the Civil Rights Act of 1964 , 42 U.S.C. Sec. 2000e-3(a) of the Civil Rights Act of 1964.

**(d) Undisputed Facts.**

1.    The Plaintiff RAYMOND E. WARE is a male African American and was at all times relevant employed by the Defendants as a screening supervisor at the Honolulu Airport up until November 2003. He is and was at all times relevant a citizen of the United States and a resident of the County of Honolulu, State of Hawaii.

2.    Defendant Defendant TRANSPORTATION SECURITY ADMINISTRATION (TSA) is a federal agency which at all times alleged employed more than forty (40) federal employees in Honolulu, Hawaii.

At all times relevant herein, Defendant DEPARTMENT OF HOMELAND SECURITY ("DHS") is situated in Washington, D.C., and is the Federal Agency which enables and empowers the Federal TRANSPORTATION SECURITY ADMINISTRATION (TSA)for its operations in providing airport security in the State of Hawaii, and at all times alleged herein employed more than forty (40) Federal employees.

Defendant MICHAEL CHERTOFF is the Secretary of Defendant DEPARTMENT OF HOMELAND SECURITY, and is named herein in his official capacity.

3

**(e) Disputed Factual Issues.**

    1.    The parties dispute liability and damages.

**(f) Relief Prayed.**

    The Plaintiff prays for monetary damages and injunctive relief.

**(g) Points of Law.**

    1.    **Defendant Discriminated Against Plaintiff Due to His <u>Race</u>**

        a.    <u>**Failure To Promote, Train, Place In Rotating Screening Manager Position.**</u>

Under   Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2, an employer shall not discriminate against an employee on the basis of race in terms and conditions of employment, including promotions, transfers and other employment acts. Under <u>McDonnell Douglas</u> , a the plaintiff can make out a <u>prima facie</u> case of discrimination in a failure to promote case by showing that (1) he belongs to a statutorily protected class, (2) he applied for and was qualified for an available position, and (3) he was rejected despite his qualifications.  "The burden of establishing a prima facie case of disparate treatment is not onerous."  <u>Texas Dpt. of Community Affairs v. Burdine</u>, 450 U.S.248 , 253 (1981).  At the summary judgment stage, the "requisite degree of proof necessary to establish a prima facie case ... is minimal and does not even need to rise to the level of a preponderance

of the evidence." <u>Wallis v. J.R. Simplot Co.</u>, 26 F.3d 885, 889 (9th Cir. 1994);

accord <u>Cordova v. State Farms Inc. Co.</u>, 124  F.3rd 1145, 1148, (9th Cir. 1997);

<u>Sicsho- Nowvejad v. Merced Community College</u> Deist., 934 F. 2d 1104, 1111 (9th

Cir. 1991) ( the amount of evidence for prima facie case is "very little").

    Plaintiff was an African-American Screening Supervisor who worked for

TSA Honolulu from September 2002 up until  November 7, 2003.  Plaintiff was

qualified for the job as was a screening manager before being hired by TSA.

While Plaintiff worked in Honolulu, Defendant TSA did not promote African

American screening supervisors into its vacant screening manager positions.

Defendant filled six Screening Manager positions in **June 2003** with people who

had no screening experience, without considering Plaintiff.  Defendant promoted

three other screeners to screening manager positions in **September 2003**.  Plaintiff

applied for the Screening Manager positions and was not selected.

    Plaintiff was discriminated against when Defendant did  not promote

plaintiff to become a Screening Manager and terminated him in November 2003.

Other non African American employees were treated more favorably than Plaintiff

by being promoted to Screening manager positions. In the Screening Manager

position, a recertification test was not required.

    Defendant's explanation for failing to promote and for terminating Plaintiff

is pretextual.

Defendant alleged that Plaintiff had complaints about his performance. Plaintiff was never told about complaints until <u>after</u> he filed an EEO complaint, complained about discrimination and requested a meeting with Ken Kamahele and Sidney Hiyakawa.  Plaintiff's written performance evaluation was "excellent".

Defendants terminated Plaintiff for allegedly failing a test. The test was subjective and not valid. Plaintiff disputes he failed the test.

**2. Retaliation**. Sec. 704(a) of Title VII, Civil Rights Act of 1964 protects an employee from discriminatory retaliation if he "has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing regarding an employer's unlawful employment practices." <u>EEOC v. Crown Zellerbach Corp,</u> 720 F. 2d 1008 (9th Cir. 1994) The elements of a prima facie case for retaliation are set forth in <u>Wrighten v. Metropolitan Hospitals, Inc.,</u> 726 F.2d 1346, 1354 (9th Cir. 1984).  In order to prevail on a claim of unlawful retaliation, a plaintiff must establish (1) that he engaged in a protected activity, (2) that he suffered an adverse employment decision, and (3) that there was a causal link between plaintiff's activity and the employment decision.  <u>Hashimoto v. Dalton,</u> 118 F.3d 671, 679 (9th Cir. 1997).

      **a.**    <u>**Defendants September 2003 Failure to promote Plaintiff to**</u>

## Vacant Screening Manager Position Was Retaliation for filing an EEO complaint.

Plaintiff has presented material issues of facts which establish a prima facie case of retaliation as:  1) Plaintiff complained of prior discriminatory activity through the EEO at the time of the September 2003 promotions; 2) Plaintiff applied for the promotion; 3) Plaintiff did not receive the promotion shortly after he complained about discrimination; and 4) Defendants' explanations for not giving him the promotion are not adequate.

Plaintiff was qualified for the promotion.  Plaintiff's informal discrimination complaint was made in June 2003 and his formal EEO complaint was filed in August 2003, before the decision on the September 2003 promotion.

### b.    Defendants Termination of Plaintiff was Retaliation.

Plaintiff was terminated in November 2003 after allegedly failing a recertification test given by unknown testers at TSA-Honolulu.  Plaintiff passed the written performance portion of the test. Plaintiff requested copies of the test results for which he allegedly failed.  TSA initially refused to give Plaintiff the test results claiming it is SSI privileged information. Motions to Compel Discovery by Plaintiff were filed. Only after Congress passed a law which authorized TSA to turn over the test results were documents purporting to be test results disclosed.

Plaintiff disputes that the recertification test and requested the grading criteria which was never produced. Title VII prohibits employers from retaliation for complaining about discrimination.

Defendant gave Plaintiff a cursory test result with no grading criteria nor explanation for grading. Plaintiff requests this Court make an adverse inference against the test. Under the law, an employment test has to be job-related. If it is not job-related, it can be deemed discriminatory. See 29 C.F.R. Sec. 1607.16(f). Furthermore, failure of the recertification test is no longer automatic grounds for termination. The recertification and rules for airport screeners change constantly.

Defendants previously filed motions for judgment on the pleadings. Summary judgment was granted in part and denied in part. The remaining claims are failure to promote in September 2003 and termination in November 2003.

**(i) Witnesses.**

The following witnesses are believed to have discoverable information that tend to support the Plaintiff's claims:

1.     RAYMOND WARE, Plaintiff
       c/o Daphne E. Barbee
       Attorney at Law
       1188 Bishop Street
       Suite 1909
       Honolulu, HI 96813
       Will testify on liability, working conditions, discrimination and

damages.

2.  Ken Kamahele, Former Deputy Director, Honolulu TSA
    c/o Christoher Cole
    Attorney at Law
    500 Ala Moana Blvd.
    4th Floor
    Honolulu, HI 96813
    Will testify on liability.

3.  Sidney Hayakawa, TSA Director
    c/o Thomas Helper
    Asst. U. S. Attorney
    300 Ala Moana Blvd.
    Honolulu, HI 96813
    Will testify on liability.

4.  Johnalyn Abreu Nakamura, TSA Employee
    c/o Thomas Helper
    Asst. U. S. Attorney
    300 Ala Moana Blvd.
    Honolulu, HI 96813
    Will testify on liability.

5.  Miligros Drake, TSA Employee
    91-1033 Hokuwekiu Street
    Kapolei, Hawaii 96707
    Will testify on liability.

6.  Roger Aoyagi, TSA Employee
    c/o Attorney Thomas Helper
    Asst. U. S. Attorney
    300 Ala Moana Blvd.
    Honolulu, HI 96813
    Will testify on liability.

7.  Jose Abrante, TSA Employee
    c/o Attorney Thomas Helper
    Asst. U. S. Attorney
    300 Ala Moana Blvd.
    Honolulu, HI 96813
    Will testify regarding good work habits and evaluation of Plaintiff.


8.  Cynthia Albert, TSA Employee
    c/o Attorney Thomas Helper
    Asst. U. S. Attorney
    300 Ala Moana Blvd.
    Honolulu, HI 96813


9.  Allen Wiley, Former TSA Employee, Personnel Officer
    1916 Pike Place
    Suite 12, Box 8,
    Seattle, WA 98101-1097
    Will testify regarding retaliation and work atmosphere at TSA.


10. Ching Chu Ware
    c/o Daphne E. Barbee
    Attorney at Law
    1188 Bishop Street
    Suite 1909
    Honolulu, HI 96813
    Wife of Plaintiff, will testify regarding damages.


11. Harold Bellamy
    Address to be provided.
    Will testify regarding damages.


12. Haneef Bilal Abdul Shafiq
    1624 Liholiho Street #1
    Honolulu, Hawaii 96822
    Will testify regarding damages.

13.  Eli Waters, Sr., Former TSA Employee
     145 Molywar Avenue
     Wahiawa, HI 96786
     Will testify regarding work atmosphere at TSA and Plaintiff's good
     work habits.

14.  Dennis Clark, TSA Western Area Director
     c/o Attorney Thomas Helper
     Asst. U. S. Attorney
     300 Ala Moana Blvd.
     Honolulu, HI 96813
     Will testify regarding credibility and retaliation remarks of Defendant
     Kamahele.

15.  Christian Hansen
     Will testify regarding retaliation and credibility of Kamahele.

16.  Terry Sudoval
     808-699-1886
     Will testify concerning Plaintiff's professionalism and understanding
     of SOP as Screening Supervisor.

17.  Robin Wong, TSA Employee
     c/o Attorney Thomas Helper
     Asst. U. S. Attorney
     300 Ala Moana Blvd.
     Honolulu, HI 96813

18.  Warren Kadakawa, TSA Employee
     c/o Attorney Thomas Helper
     Asst. U. S. Attorney
     300 Ala Moana Blvd.
     Honolulu, HI 96813
     Will testify about being hired by TSA without an interview.

19.  CTSS Earl Yanasulu, TSA Employee
     c/o Attorney Thomas Helper

Asst. U. S. Attorney
300 Ala Moana Blvd.
Honolulu, HI 96813
Retaliation remarks by Kamahele.

20.    TSS Lauren McMillan, TSA Employee
       c/o Attorney Thomas Helper
       Asst. U. S. Attorney
       300 Ala Moana Blvd.
       Honolulu, HI 96813
       Retaliation remarks and acts by Kamahele.

21.    Kevin Byrnes, TSA Employee
       c/o Attorney Thomas Helper
       Asst. U. S. Attorney
       300 Ala Moana Blvd.
       Honolulu, HI 96813
       Will testify regarding recertification test and Plaintiff's results.

22.    Pete Marcello, TSA Employee
       c/o Attorney Thomas Helper
       Asst. U. S. Attorney
       300 Ala Moana Blvd.
       Honolulu, HI 96813
       Will testify regarding Plaintiff's test results.

23.    Representative for Lockheed Martin
       Will testify about not giving the recertification test.

24.    Ron G. Lehman, EEO Investigator
       1631 Avenida del Manzano
       Camarillo, CA 93010-1805

25.    Any witness listed by Defendant.

**(j) Exhibits.**
    1.    TSA Employment records of Plaintiff.

2.    TSA employment applications for hiring screen manager jobs.

3.    Defendant Kenneth Kamahele's disciplinary reports.

4.    Plaintiff's work evaluation at TSA.

5.    Correspondence from Ken Kamahele to Plaintiff.

6.    Correspondence from Sidney Hayakawa to Plaintiff.

7.    Documentation of complaints regarding TSA hostile environment.

8.    Termination letter to Ken Kamahele.

9.    Correspondence to and from the Plaintiff to Hayakawa.

10.    All EEO documents contained in the EEO investigation file.

11.    Test results from Recertification for Plaintiff.

12.    Termination letters to Plaintiff.

13.    Rules and Regulations for employers at Honolulu TSA.

14.    Reports concerning problems at Honolulu TSA.

15.    Exhibits identified by Defendants in this litigation.

16.    Plaintiff's request for reconsideration.

17.    Plaintiff's appeal to TSA and request for information on test.

18.    Defendant's answers to interrogatories.

19.    Deposition of Kenneth Kamahele.

20.    Declaration of Milagros Drake.

21.   Deposition of Milagros Drake.

22.   IM report concerning Honolulu TSA

23.   Plaintiff's resume.

24.   Any exhibits introduced by Defendant

25.   Plaintiff reserves the right to add to exhibit list as discovery is still on

going.

**(k) Further Discovery or Motions.**

**There are discovery matters pending.**

**(l) Stipulations.**

No stipulations have been requested or proposed for pretrial or trial

purposes. Plaintiff is amenable to stipulation of certain facts such as date of hire

and date of termination.

**(m) Amendments, Dismissals.**

Stipulated dismissal as to individual defendants.

**(n) Settlement Discussion.**

**None.**

(o) Agreed Statement.

Plaintiff does not agree to have any portion of his presentation based upon

agreed facts, except that he filed an EEO complaint before defendant did not

promote him and terminated him.

(p) Bifurcation, Separate Trial of Issues.

      Not necessary.

(q) Reference to Master or Magistrate Judge.

      For Discovery matters.

(r) Appointment and Limitation of Experts.

      None.

(s) Trial.

      Jury trial was timely requested.

**(t) Estimate of Trial Time.**

      Plaintiff estimates five days.

**(u) Claims of Work Privilege or Work Product.**

      Unidentified at this time. However, Plaintiff anticipates that Defendant will

claim some evidentiary matter, once privileged.

      DATED: Honolulu, Hawaii       12-17-07

                                DAPHNE E. BARBEE
                                Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE, ) | CIVIL NO. 04-00671 HG LEK |
| ) | |
| Plaintiff, ) | CERTIFICATE OF SERVICE |
| ) | |
| vs. ) | |
| ) | |
| MICHAEL CHERTOFF, Secretary, ) | |
| Department of Homeland Security, ) | |
| DEPARTMENT OF HOMELAND ) | |
| SECURITY;  JOHN DOES 2-5, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly served

upon the following parties at their last known addresses by means of hand delivery

on this date.

> EDWARD H. KUBO, JR., ESQ.
> U.S. Attorney
> THOMAS A. HELPER, ESQ.
> Assistant U.S. Attorney
> Rm. 6-100, PJKK Federal Building
> 300 Ala Moana Blvd.
> Honolulu, Hawaii  96850

Attorneys for Federal Defendants

DATED:  Honolulu, Hawaii, _____ 12 17 07 _____.

_____
DAPHNE E. BARBEE
Attorney for Plaintiff

2