EDWARD H. KUBO, JR.   2499
United States Attorney
District of Hawaii

THOMAS A. HELPER     5676
Room 6-100, PJKK Federal Bldg.
Assistant U.S. Attorney
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG LEK |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S FINAL PRETRIAL |
| | ) | STATEMENT; CERTIFICATE OF |
| v. | ) | SERVICE |
| | ) | |
| MICHAEL CHERTOFF, Secretary, | ) | Date: January 3, 2008 |
| DEPARTMENT OF HOMELAND | ) | Time: 9:30 a.m. |
| SECURITY, | ) | Judge: Hon. Leslie Kobayashi |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

DEFENDANT'S FINAL PRETRIAL STATEMENT

Comes now defendant, Secretary of Department of Homeland Security, by and through his undersigned counsel, and hereby makes his Pretrial Statement pursuant to Rule 16.6, Local Rules of the United States District Court for the District of Hawaii.

(a)  PARTY.

This pretrial statement is submitted on behalf of defendant, Secretary of Department of Homeland Security.

(b)  JURISDICTION AND VENUE.

Jurisdiction and venue appear proper in this court.

(c)  SUBSTANCE OF ACTION.

Plaintiff Raymond Ware alleges that defendant discriminated against him in connection with his employment as a TSA airport security screening supervisor.  The court has granted summary judgment or dismissal to defendant on most of the claims in his First Amended Complaint ("Complaint").  Most recently, on December 20, 2007, the court granted defendant's summary judgment motion on plaintiff's claim that he was terminated in November 2003 on the basis of his race and protected EEO activity.  The only remaining claim is that the defendant discriminated against him on the basis of race and protected activity in a decision not to select him for a screening manager position in September 2003.

The evidence will show TSA did not select plaintiff for screening manager position in September 2003 because, unlike the successful applicants, TSA supervisors had expressed substantial concerns about plaintiff's performance and skills.  Plaintiff will be unable to demonstrate that these reasons are a pretext for discrimination.

(d)  UNDISPUTED FACTS.

The basic chronology of plaintiff's employment and of the adverse employment actions are undisputed.

(e)  <u>DISPUTED FACTUAL ISSUES</u>.

The motivations for the nonpromotion are at issue, as will be set forth at greater length in defeat's trial brief.

(f)  <u>RELIEF PRAYED</u>.

Defendant seeks judgment in its favor on all counts and to recover its costs.

(g)  <u>POINTS OF LAW</u>.

The relevant points of law will be set forth in defendant's trial brief.  This appears to be a relatively straightforward Title VII race and retaliation case.  One legal dispute that is certain to arise should be highlighted, however.  Because plaintiff filed his final pretrial statement early, the defendant has the benefit of seeing plaintiff's intended witness list.  The statement lists 24 witnesses.  At least half of these witnesses -- including witnesses Aoyagi, Albert, Wiley, Bellamy, Shafiq, Waters, Clark, Hansen, Sudoval, Yanasulu, and McMillan – have never been identified, by plaintiff or defendant, as having information relevant to this case, nor were those witnesses identified in the investigative report or in summary judgment proceedings, nor did plaintiff identify them in answers to relevant interrogatory questions.  Defendant will therefore move to exclude them as untimely named.

In addition, even if the witnesses were named on time, it is doubtful that they have any relevant evidence to offer.

Plaintiff may attempt to spend a substantial amount of trial time on other personnel decisions, involving other employees. As far as defendant is aware, the named witnesses were uninvolved, either directly or indirectly, in the nonpromotion decision at issue in this case. Plaintiff apparently will seek to have them testify about other personnel actions.

Evidence regarding personnel decisions other than the one directly at issue in a Title VII case may, in some limited circumstances, be admissible to show the deciding official's motivation in the personnel decision that is at issue. Heyne v. Caruso, 69 F.3d 1475 (9th Cir. 1995). To be admissible, the evidence in question must show that the employer "was hostile toward a well-defined and protected group such as persons of a particular race, persons of a particular gender, or persons who are disabled." Beachy v. Boise Cascade, 191 F.3d 1010, 1014 (9th Cir. 1999). In that case of disability discrimination, the Ninth Circuit upheld exclusion of evidence that the employer "did not like its employees to miss work for medical appointments or family illness" because the group was "not clearly defined and not clearly protected under the law." Id.

Given the late naming of the witnesses and the lack of specificity in the pretrial statement, it is impossible to determine what purpose plaintiff has in naming these witnesses. Defendant will therefore request that plaintiff be directed to

make a proffer for each witness, describing the personnel action of which the witness supposedly has personal knowledge and establishing the relevance to this case.  If plaintiff makes such a proffer, defendant should be afforded the chance outside the presence of the jury to object to the admission of the evidence.  If plaintiff fails to produce any such proffer, the court should bar the evidence.  Judge Seabright recently issued an order requiring just such a proffer.  <u>Bruno v. Chertoff</u>, Civ. No. 03-567 JMS BMK, Order of April 11, 2007.

    (h)   <u>PREVIOUS MOTIONS</u>.

In its rulings on defendant's first two dispositive motions, the court granted summary judgment or dismissal on plaintiff's claim against TSA supervisors Sidney Hayakawa and Kenneth Kamahele in their individual capacities, on his claims arising from two earlier nonpromotion decisions, one from the period between October 2002 and February 2003, and another in June 2003.  The court also rejected plaintiff's hostile work environment claim.  The court recently granted summary judgment on the termination claim as set forth above.

    (i)   <u>WITNESSES TO BE CALLED</u>.

        <u>Expert Witness</u>

Neither side has designated any experts.

Fact Witnesses

Unless noted otherwise, all of defendant's witnesses are current or former federal employees, called to testify regarding matters within the scope of their employment, and so should be contacted only through government counsel.

The following witnesses will be called regarding plaintiff's nonpromotion claim:

1. Kenneth Kamahele
2. Sidney Hayakawa
3. Robin-Ann K. Wong
4. Lizette Haneberg
5. Leo Ventura
6. Jose Abrante
7. Johnelle Chun, AKAL Security
8. Charles DuBoyce
9. Witnesses named by plaintiff.
10. Witnesses identified through further discovery or investigation.
11. Witnesses as necessary for rebuttal.

(j) EXHIBITS, SCHEDULES AND SUMMARIES.

Defendant will produce its exhibit list by the time set forth in the pretrial order.

(k)  FURTHER DISCOVERY OR MOTIONS.

The parties have informally agreed to allow depositions of plaintiff and of government employees designated by plaintiff.

(l)  STIPULATION.

No stipulations are now planned.

(m)  AMENDMENTS, DISMISSALS.

No amendments or dismissal are anticipated.

(n)  SETTLEMENT DISCUSSIONS.

Further settlement discussions are unlikely to bear fruit.

(o)  AGREED STATEMENT.

An agreed statement appears unnecessary.

(p)  BIFURCATION, SEPARATE TRIAL OF ISSUES.

No bifurcation or separate trial of issues appear necessary.

(q)  REFERENCE TO A MASTER OR MAGISTRATE JUDGE.

No reference to a Master or Magistrate Judge appears necessary.

(r)  APPOINTMENT OR LIMITATION OF EXPERTS.

Not applicable.

(s)  ESTIMATE OF TRIAL TIME.

Two or three days following jury selection.

(t)  CLAIMS OF PRIVILEGE OR WORK PRODUCT.

The parties have previously litigated the discoverability of the test taken by plaintiff that resulted in his termination.  Initially, TSA declined to produce the test,

citing the Sensitive Security Information statutory protection. This position was upheld by the Magistrate, the district court and the Ninth Circuit.  Subsequently, after Congress amended the SSI law to allow release of some of the material sought by plaintiff, TSA released the information.  TSA has continued to decline to release other information, such as the answer key to the test.  Plaintiff has not sought to overturn this decision. December 21, 2007.  Defendant does not anticipate that SSI issues will arise in the context of the nonpromotion claim.

    (u)  <u>MISCELLANEOUS</u>.

    No other matters must be discussed at this time.

    DATED: December 19, 2007, at Honolulu, Hawaii.

                               EDWARD H. KUBO, JR.
                               United States Attorney
                               District of Hawaii

                                  /s/ Thomas A. Helper
                          By _____
                              THOMAS A. HELPER
                              Assistant U.S. Attorney

                              Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG LEK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL CHERTOFF, Secretary, | ) | |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF:

Daphne E. Barbee            December 19, 2007
desekmet@aloha.net

DATED: December 19, 2007, at Honolulu, Hawaii.

/s/ Coleen Tasaka-Shoda
_____