IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG LEK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | DEFENDANT'S MOTION IN LIMINE |
| v. | ) | REGARDING PERSONNEL DECISIONS |
| | ) | OTHER THAN PLAINTIFF'S |
| MICHAEL CHERTOFF, Secretary, | ) | TERMINATION |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE REGARDING
PERSONNEL DECISIONS OTHER THAN PLAINTIFF'S TERMINATION

The single claim at issue for trial is whether defendant declined to promote plaintiff Raymond Ware ("plaintiff") to screening manager on the basis of his race or his previous Equal Employment Opportunity (EEO) activity in September 2003. Plaintiff has named over a dozen witnesses who, as far as defendant is aware, were uninvolved, either directly or indirectly, in the decision not to promote plaintiff.[1] Apparently, plaintiff will offer these witnesses to testify about other personnel decisions, involving other employees, or on to

---

[1] The witnesses are Drake, Aoyagi, Albert, Wiley, Waters, Bellamy, Shafiq, Clark, Hansen, Sudoval, Yanasulu, McMillan, and McMillan. Plaintiff has informally indicted that she will withdraw witnesses Kadakawa, Byrnes, Marcello, and a Lockheed-Martin representative.

attempt to attack the credibility of defendant's decision-makers.[2]

There are two problems with plaintiff's apparent attempt to introduce evidence regarding other personnel decisions or attacks on credibility. First, it comes far too late in this litigation. Defendant did not name any other personnel decision, or any witness whose knowledge is limited to such actions in the administrative process, in response to defendant's interrogatories, in response to defendant's summary judgment motions, or at any other point in this litigation prior to his final pretrial statement filed six weeks prior to trial. This issue is addressed in defendant's Motion to Strike Witnesses Not Disclosed by Plaintiff Disclosed Prior to Discovery Deadline.

To the extent that any witness or issue regarding other personnel decisions survives that motion, potentially fatal

---

[2] Defendant is aware of three sources of information available to plaintiff on these issues. The first is an extensive 2005 Management Inquiry into TSA operations at Honolulu International Airport, in which over two hundred witnesses gave statements regarding scores of issues. The Ware nonpromotion decision was not an issue in the inquiry. The second source is a personnel action and litigation arising from that inquiry. TSA proposed the termination of decision-maker Kamahele, which he challenged. After a four-day Merit Systems Protections Board, with testimony from two dozen witnesses, the MSPB judge issued an initial decision finding that many of the charges against Kamahele were not sustained, and for those which were sustained the appropriate penalty was a 90-day suspension, not termination. The third source is eleven EEO complaint files arising at HNL alleging a broad variety of discriminatory actions; these files were disclosed during discovery.

problems arise under Federal Rules of Evidence 402 and 403, governing relevance, and Rule 608, governing attacks on credibility.  Those problems are the subject of the instant motion.

As to the relevance of the anticipated evidence, the Ninth Circuit has found evidence regarding personnel actions other than the one directly at issue to be admissible where it is relevant to show the motive of the decision-maker in the personnel action that is directly at issue:  "It is clear that an employer's conduct tending to demonstrate hostility towards a certain group is both relevant and admissible where the employer's general hostility towards that group is the true reason behind firing an employee who is a member of that group."  Heyne v. Caruso, 69 F.3d 1475 (9th Cir. 1995).  To be admissible, the evidence in question must show that the employer "was hostile toward a well-defined and protected group such as persons of a particular race, persons of a particular gender, or persons who are disabled."  Beachy v. Boise Cascade, 191 F.3d 1010, 1014 (9th Cir. 1999).  In that case of disability discrimination, the Ninth Circuit upheld exclusion of evidence that the employer "did not like its employees to miss work for medical appointments or family illness" because the group was "not clearly defined and not clearly protected under the law."  Id.

If plaintiff intends to try to introduce evidence of other personnel actions, in response to this motion he should make a proffer plainly describing the action, the similarity to his case, and the documents and witnesses he intends to introduce regarding the action.[3]  If plaintiff makes such a proffer, defendant should be afforded the chance outside the presence of the jury to object to the admission of the evidence.  If plaintiff fails to produce any such proffer, the court should bar the evidence.

In a case directly on point in this district, the court issued just such an order to a race discrimination plaintiff who sought to introduce substantial evidence regarding personnel actions other than his own termination to show that that termination was motivated by racial animus:

> [P]laintiff is ordered to provide the court
> with a written proffer as to <u>each</u> witness
> that would testify, or exhibit offered, as to
> the matters the defendants seek to exclude.
> In other words, plaintiff is ordered to
> provide, in writing, a proffer as to each
> witness that would testify as to the
> treatment of anyone other than plaintiff, and
> explain the relationship between that action
> and the alleged discrimination against
> plaintiff.  The proffer should include, is
> not limited to, the race of the witness, the
> time of the alleged discriminatory act or

---

[3]  Plaintiff has been on notice that defendant would seek such a proffer since the December 19, 2007 filing of defendant's Final Pretrial Statement, discussing the proffer issue at some length.

>    acts against the witness, and the person who
>    discriminated against the witness.

"Order Requiring Written Proffer From Plaintiff As to Defendant's Motion In Limine To Exclude Evidence Regarding Personnel Decisions Other Than Plaintiff's Termination", April 11, 2007 <u>Bruno v. Chertoff</u>, Civ. No. 03-567 JMS/BMK (emphasis in original); a copy of the Order is attached as Exhibit A.

    The court should enter a similar order here.  Since plaintiff here has brought a retaliation claim, his proffer should also include information about whether any proposed witness was involved in protected EEO activity.

    Requiring a proffer would serve two purposes.  First, it will allow defendant and the court to make an orderly examination to determine if plaintiff can lay a proper foundation for the evidence.  Second, to the extent the court determines that evidence of other personnel actions is admissible, it will allow defendant at least a few days to prepare for what essentially will be trials or minitrials of issues other than plaintiff's termination.  If the court does admit some such evidence, defendant should be allowed to supplement its witness and exhibit lists to rebut plaintiff's arguments on the other actions.

    Similar considerations govern any attempt plaintiff may make to attack the credibility of Kamahele or other government decision-makers.  Rule 608(b) of the Federal Rules of Evidence generally bars use of extrinsic evidence to support such attacks.

That Rule allows inquiry into such matters on cross-examination "in the discretion of the court." Rule 403 considerations of unfair prejudice and waste of time are relevant here as well.

These rules cannot, however, be applied in a vacuum. Until it is clear exactly what evidence plaintiff seeks to bring before the jury, other than evidence regarding his own nonpromotion, defendant and the court will be unable to conduct the appropriate analysis as to the admissibility of the evidence. Rather than conducting such an analysis on the fly, after the jury is empaneled, a detailed proffer will allow the analysis to be conducted in an orderly fashion. The court should therefore direct plaintiff to make a proffer along the lines set forth herein.

DATED: January 15, 2008, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By   /s/ Thomas A. Helper
THOMAS A. HELPER
Assistant U.S. Attorney

Attorneys for Defendant