IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG LEK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | DEFENDANT'S MOTION IN LIMINE |
| v. | ) | TO EXCLUDE WITNESSES NOT |
| | ) | DISCLOSED BY PLAINTIFF |
| MICHAEL CHERTOFF, Secretary, | ) | DISCLOSED PRIOR TO DISCOVERY |
| DEPARTMENT OF HOMELAND | ) | DEADLINE |
| SECURITY, | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE WITNESSES NOT DISCLOSED BY PLAINTIFF
DISCLOSED PRIOR TO DISCOVERY DEADLINE

Plaintiff's pretrial statement lists at least eight witnesses who have never been disclosed in this litigation, including in the administrative processing of plaintiff's EEO complaint or in response to defendant's relevant discovery requests. These witnesses are Aoyagi, Bellamy, Shafiq, Clark, Hansen, Sudoval, Yanasulu, and McMillan. Two other witnesses, Albert and Waters, were listed only in cursory fashion, along with 28 others in a list attached to an administrative complaint of discrimination filed over four years ago. A copy of that complaint and witness list is attached as Exhibit "A".

A party cannot wait until the last hour to designate witnesses. Federal Rule 26(a) requires every party to identify individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses.

Fed.R.Civ.P. 26(a)(1)(A).  Federal Rule 26(e) requires parties to supplement their initial disclosures under Rule 26(a) "if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed.R.Civ.P. 26(e)(1).  Under Federal Rule 37(c), a party "that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."  See <u>Yeti by Molly, Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1106 (9th Cir. 2001).  Sanctions include the exclusion of the witness and/or exhibits.

Here, because both parties had access to an extensive investigative file prepared by an EEO investigator, containing witness affidavits and documents, neither party filed additional disclosures in this court.  Additional witnesses were disclosed "in writing," as required by Fed.R.Civ.P. 26(e)(1), through extensive summary judgment filings by both parties.  None of the witnesses listed above were so identified.

In addition, defendant served interrogatories on plaintiff, broadly seeking information regarding claims other than plaintiff's own:

> 5. If you are aware through any source other than your own hearing that any person employed by the defendant made any statement which you allege to be evidence that the person making the statement was biased or taking discriminatory actions on the basis of race, please quote the remark, identify the person who made it, give the date and place it was made, identify all other persons who to your knowledge heard the statement, describe what was said before and after the statement, and describe how you became aware of the statement.
>
> <u>ANSWER</u>:
>
> 7. If you are aware through any source other than your own hearing that any person employed by the defendant made any statement which you allege to be evidence that the person making the statement was biased or taking discriminatory actions on the basis of retaliation, please quote the remark, identify the person who made it, give the date and place it was made, identify all other persons who to your knowledge heard the statement, describe what was said before and after the statement, and describe how you became aware of the statement.
>
> <u>ANSWER</u>:
>
> 9. If you claim that persons outside your protected class employed by defendant were similarly situated to you but treated disparately, specifically identify such persons by name and title; describe the way in which you were

> similarly situated; and describe any incidents which show you were treated differently.

Plaintiff's answers to these interrogatories did not name any of the eleven witnesses at issue here. A copy of those answers is attached as Exhibit "B". Plaintiff has never supplemented those answers as required by Rule 26(e)(2).

Thus eight of the ten witnesses have never been identified, by plaintiff or defendant, as having information relevant to this case, nor were those witnesses identified in the investigative report, in summary judgment proceedings, or in response to defendant's relevant discovery requests. The other two witnesses were implicitly withdrawn by plaintiff's failure to name them as having relevant knowledge in summary judgment proceedings or in response to defendant's discovery requests.

At this point, with trial scheduled to begin three weeks from the date of this motion, it would be tremendously prejudicial for defendant to have to guess what these witnesses might testify about, and to try to prepare for such testimony. As one court in this circuit put it

> The prejudice resulting from an "eve-of-trial" supplemental disclosure (after the close of discovery) is the same as if no disclosure whatsoever was made prior to trial. In both circumstances, the opposing party is put to the Hobson's choice of either flying blind on cross-examination or asking for a delay to conduct discovery. This is why the Advisory Committee Notes to Rule 26 states that the supplementation must be made

>"at appropriate intervals <u>during the discovery period</u> ...." (emphasis added).

<u>Depew v. Shopko Stores, Inc.</u>, 2006 WL 47357, *3 (D. Idaho January 6, 2006).

Plaintiff will be unable here to show that the late disclosure of witnesses was either substantially justified or harmless. Accordingly, the court should strike the ten witnesses identified above from plaintiff's witness list.

DATED: January 15, 2008, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By   /s/ Thomas A. Helper
     THOMAS A. HELPER
     Assistant U.S. Attorney

Attorneys for Defendant