# EXHIBIT "B"



DAPHNE E. BARBEE      2911
Attorney & Counselor at Law
Century Square, Suite 1909
1188 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 533-0275

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE, ) | CIVIL NO. 04-00671 HG/LEK |
| ) | |
| Plaintiff, ) | PLAINTIFF'S RESPONSE TO |
| ) | DEFENDANTS' FIRST REQUEST FOR |
| vs. ) | ANSWERS TO INTERROGATORIES AND |
| ) | FIRST REQUEST FOR PRODUCTION OF |
| SIDNEY HAYAKAWA, Director of ) | DOCUMENTS |
| Transportation Security Administration - ) | |
| Honolulu, KEN KAMAHELE, Deputy ) | |
| Director, Transportation Security ) | |
| Administration–Honolulu; ) | |
| TRANSPORTATION SECURITY ) | |
| ADMINISTRATION; THOMAS J. ) | |
| RIDGE, Secretary, Department of ) | |
| Homeland Security, DEPARTMENT OF ) | |
| HOMELAND SECURITY; LOCKHEED- ) | |
| MARTIN; JOHN DOES 2-5, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST
REQUEST FOR ANSWERS TO INTERROGATORIES
AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Comes now Plaintiff RAYMOND WARE, by and through his attorney, Daphne E.

Barbee, and submits the following response to Defendants' First Request for Answers to

Interrogatories and First Request for Production of Documents to Plaintiff dated June 13, 2005.

EXHIBIT "B"

## GENERAL RESPONSES AND OBJECTIONS

1. Plaintiff objects to Defendants' requests for answers to interrogatories ("requests") on the grounds that they are vague and ambiguous.

2. Plaintiff objects to Defendants' requests insofar as they are unreasonably burdensome, oppressive or vexatious in that the information requested would be of little or no relevance to the issues in this action and/or would place an unreasonable and oppressive burden in expenditure of time and money to gather and/or produce.

3. Plaintiff objects to Defendants' requests to the extent they request information protected from disclosure by the attorney-client or work product privileges or doctor-patient privilege or any other applicable privilege or immunity.

4. Plaintiff objects to Defendants' requests to the extent they require the disclosure of medical confidential information or information that would violate privacy rights or HIPPA law.

5. Plaintiff objects to Defendants' requests on the grounds that they are overly broad and/or seek information that is not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

6. Plaintiff objects to Defendants' requests on the grounds that they are unintelligible.

7. Plaintiff objects to Defendants' requests on the grounds that they assume incorrect facts.

8. Plaintiff has not completed either discovery or preparation for the trial of this matter. Further, Plaintiff has not completed its review and analysis of the documents in its

2

possession, custody or control or which have thus far been gathered in the course of discovery. Accordingly, these responses are made without prejudice to Plaintiff's right to present additional or modified answers at trial based upon information hereinafter obtained or evaluated.

9. In answering this request, Plaintiff does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

a) All objections as to competency, relevancy, materiality, and admissibility of the responses or the subject matter thereof;

b) All objections as to vagueness, ambiguity or undue burden;

c) All rights to object on any grounds to the use of any of the responses, or the subject matter thereof and any subsequent pleading, at the trial of this or any other action; and

d) All rights to object on any ground to any request for further responses to these or to any other requests involving or relating to the subject matter of the requests. The applicable foregoing general and specific objections are hereby incorporated into each of the specific answers that follow with the same force and effect as if fully set forth therein.

DATED: Honolulu, Hawaii, 9-30-05

_____
DAPHNE E. BARBEE
Attorney for Plaintiff

3

**INTERROGATORIES**

1. Identify each high school, college and/or university you have attended, including the name and location, and years of attendance, the date of graduation, and the degree obtained.

   **ANSWER:**

   | | | |
   |---|---|---|
   | Cass Tech High School | 1966-1969 | |
   | MacKenzie High School | 1969-1970 | High school diploma |
   | University of Detroit | 1970-1973 | |

2. If you have ever been a party to any legal proceeding, including without limitation any criminal, civil, or workers' compensation action, other than this action, state the year each proceeding was commenced, the Court or other forum in which each proceeding was filed and the docket number assigned to the proceeding and a description of the type of relief sought, by you and/or against you, in each proceeding.

   **ANSWER:**

   1978  Divorce, Michigan, unknown docket number
   1993  Divorce, Texas, unknown docket number

3. If you claim that you sought any medical treatment arising from the injuries you alleged in the complaint filed in this action, for each doctor, psychiatrist, psychologist, therapist, chiropractor, osteopath, naturopath, acupuncturist, massage therapist or physical therapist, who examined or treated or you from January 1995 through the present, list the following information:

   1. Name and address of provider;

   2. Date(s) of care; and

   3. Reason for hospitalization, examination and/or treatment.

   **ANSWER:**

   Dr. Yip
   101 Beretania
   Honolulu, Hawaii
   2002

4.      If you ever heard anyone employed by the defendant make any statement which you allege to be evidence that the person making the statement was biased or taking discriminatory actions on the basis of race, please quote the remark, identify the person who made it, give the date and place it was made, identify all other persons who to your knowledge heard the statement, and describe what was said before and after the statement.

ANSWER:

I did not hear racist remarks, but absolutely felt they singled me out and treated me differently.

5.      If you are aware through any source other than your own hearing that any person employed by the defendant made any statement which you allege to be evidence that the person making the statement was biased or taking discriminatory actions on the basis of race, please quote the remark, identify the person who made it, give the date and place it was made, identify all other persons who to your knowledge heard the statement, describe what was said before an after the statement, and describe how you became aware of the statement.

ANSWER:

I heard that Ken Kamahele saw my name on a list for promotions and he removed my name from the list.

6.      If you ever heard anyone employed by the defendant make any statement which you allege to be evidence that the person making the statement was biased or taking discriminatory actions on the basis of retaliation, please quote the remark, identify the person who made it, give the date and place it was made, identify all other persons who to your knowledge heard the statement, and describe what was said before and after the statement.

ANSWER:

Had meeting with Ken Kamahele and Sidney Hayakawa. Sidney Hayakawa was upset with me and said I had to go through chain of command. I told him I tried to contact Kamahele but he never responded. I asked reasons why I was not promoted. I told him I felt discriminated against. He brushed me off.

7. If you are aware through any source other than your own hearing that any person employed by the defendant made any statement which you allege to be evidence that the person making the statement was biased or taking discriminatory actions on the basis of retaliation, please quote the remark, identify the person who made it, give the date and place it was made, identify all other persons who to your knowledge heard the statement, describe what was said before and after the statement, and describe how you became aware of the statement.

ANSWER:

Statements made by Mr. Kamahele and Mr. Hayakawa about poor work performance was not true. I believe he asked people to write letters about me <u>after</u> I complained about discrimination. I had no complaints before I requested a promotion and filed an EEO complaint.

8. Identify each full- or part-time employment or occupation you have held since graduating from high school, including your employer's name and address, your immediate supervisor's name, dates of employment, job duties, rate of pay, and reason for leaving.

ANSWER:

<u>See</u> Resume attached.

| | |
|---|---|
| 1974-1976 | Assistant manager at K-Mart in Detroit, Michigan |
| 1996-1997 | Started House of Joy restaurant in Universal City, Texas |

9. If you claim that persons outside your protected class employed by defendant were similarly situated to you but treated disparately, specifically identify such persons by name and title; describe the way in which you were similarly situated; and describe any incidents which show you were treated differently.

ANSWER:

Everyone else was treated better than me by being given promotions, rotations, and not terminated. Specifically, some supervisory screeners who were not African American, failed the certification test and were allowed to continue working. Names: John Henesy and Richard Kadani were able to remain after failing test.

3

PLAINTIFF'S RESPONSE TO DEFENDANTS'
REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1: Please provide all of plaintiff's tax records for the years of 1997 to the present. If these records are not readily available, please execute a Tax Information Authorization.

Will be provided.

REQUEST NO. 2: Please provide a copy of any document which supports the claims you have made in this action, other than documents produced by either side in the course of the administrative processing of your complaint.

Objection. Discovery still ongoing.
Will be provided.

REQUEST NO. 3: Please provide Plaintiff's Social Security Transcript of Earnings. If not readily available, please execute a Social Security Consent for release of information.

Objection. Irrelevant, burdensome, privacy.
Tax records provided establish income earned.

REQUEST NO. 4: Produce signed medical authorizations for all medical providers identified in your answer to Interrogatory No. 3.

Objection. Protective order needed.
Will provide upon execution of protective order.

REQUEST NO. 5: If you have a notebook, diary, letter, journal, calendar, or other document in which you discuss or refer to any incident described in your complaint or in your answers to interrogatories, produce those documents.

Will be produced.

# VERIFICATION

)
) SS.
)

       being first duly sworn on oath, deposes and states that he has read the foregoing responses to Defendants' First Request for Answers to Interrogatories to Plaintiff, and that the same are true and correct to the best of his knowledge and belief.

*Raymond E. Hase* (signature)

Subscribed and sworn to before me
this 30 day of September, 2005.

_____ (signature)
Notary Public

My commission expires: 7-30-09