DAPHNE E. BARBEE   2911
Attorney & Counselor at Law
Century Square, Suite 1909
1188 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 533-0275

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL CHERTOFF, Secretary,<br>Department of Homeland Security;<br>JOHN DOES 2-5,<br><br>　　　　Defendants. | CIVIL NO. 04-00671 HG/LEK<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 1; DECLARATION OF COUNSEL; EXHIBITS 1-3; CERTIFICATE OF SERVICE**<br><br>TRIAL DATE:　February 5, 2008<br>TIME:　9:00 a.m.<br>JUDGE:　Hon. Helen Gillmor |

## PLAINTIFF'S MOTION IN LIMINE NO. 1

COMES NOW, Plaintiff RAYMOND WARE, by and through his attorney, Daphne E. Barbee, and hereby requests this Court to grant this Motion In Limine prohibiting the Defendant from presenting hearsay evidence concerning complaints about Mr. Ware's work performance.

Under Rule 802, FRE, hearsay is not admissible in trial. Hearsay is an out of court statement. Under Rule 403 FRE and Rule 404(b) FRE, evidence of other crimes, wrongs or acts is not admissible to prove the character of the person in order to show action and conformity therewith.

In the instant case, the defendant will seek to introduce hearsay testimony from witness Lizette Hanenberg that unidentified passengers complained about Mr. Ware. See Exh 1. Yet no passengers filed written complaints about Mr. Ware and no such complaints were in his file at the time he applied for a promotion in August 2003.

Any testimony by Lizette Hanenberg concerning an undated, unnamed passenger complaint is irrelevant and prejudicial and violates Mr. Ware's Sixth Amendment right to confront evidence in addition to FRE Rules 802, 403 and 404(b).

Ms. Hanenberg's memo dated September 11, 2003, was written after Mr. Ware applied to become a Screening Manager and after the decision was made not to promote him and after he complained about discrimination. See Exh 1. Prior to September 11, 2003, there is no written complaint from a passenger or from Ms. Hanenberg. Ms. Hanenberg was not Mr. Ware's

2

supervisor on September 11, 2003. Therefore, this hearsay testimony should not be admitted in trial.

Federal Rule of Evidence 802 prohibits hearsay from being introduced at trial. Furthermore, under the Sixth Amendment to the U.S. Constitution, the right to confront evidence should not be violated. If this hearsay evidence is admitted at trial, plaintiff will be deprived of his right to confront and cross-examine the unknown, unidentified, undated and unavailable complainant.

Defendant also seeks to introduce evidence that a person alleged that Mr. Ware stole a jacket on March 26, 2003, and that he always steals things. There is no written complaint from the accuser concerning this alleged theft. See Exhibit 2 attached. Plaintiff adamantly denies these false allegations. See Exh 3 attached. The allegation of theft is serious enough to prejudice the jury against Mr. Ware. Noone on defendant's witness list can testify as to these allegations as they are unsubstantiated prejudicial hearsay. Mr. Ware was never punished for any alleged theft of a jacket or any other item. If there are allegations of theft, Mr. Ware should be able to confront the person who is making these accusations. Therefore, under the Sixth Amendment Right to Confrontation, and FRE Rule 802 prohibition of hearsay, FRE Rules 403 and 404 (b) plaintiff requests that this Court not allow defendant to raise these matters at trial.

Under FRE Rule 403, evidence which is prejudicial should not be admitted at trial. In the instant case, the theft allegations and alleged passenger complaint are more prejudicial than probative and therefore should not be admitted at trial.

DATED: Honolulu, Hawaii, 1-15-08 .

_____
DAPHNE E. BARBEE
Attorney for Plaintiff RAYMOND WARE