EDWARD H. KUBO, JR.   2499
United States Attorney
District of Hawaii

THOMAS A. HELPER     5676
Room 6-100, PJKK Federal Bldg.
Assistant U.S. Attorney
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE,  ) | CIVIL NO. 04-00671 HG LEK |
| ) | |
| Plaintiff,  ) | DEFENDANT'S MEMORANDUM IN |
| ) | OPPOSITION TO PLAINTIFF'S |
| v.  ) | MOTION IN LIMINE NO. 1; |
| ) | CERTIFICATE OF SERVICE |
| MICHAEL CHERTOFF, Secretary, ) | |
| DEPARTMENT OF HOMELAND  ) | |
| SECURITY,  ) | Date: January 25, 2008 |
| ) | Time: 2:00 p.m. |
| Defendant.  ) | Judge: Hon. Helen Gillmor |
| ) | |
| _____) | |

DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION IN LIMINE NO. 1

Plaintiff's first motion in limine seeks to bar defendant from presenting what he calls hearsay. Specifically, he seeks to bar manager Lizette Haneberg from testifying regarding passenger complaints she received about the plaintiff. He also seeks to bar defendant's witnesses from testifying about a screener's allegation that he stole a sweater from a checkpoint.

The court should deny plaintiff's motion.  As to the hearsay issue generally, it is well settled in Title VII cases that reports of employee misconduct go directly to the key issue of whether decision-makers were motivated by a discriminatory animus.  The inquiry into the state of mind of these decision-makers requires the trier of fact to consider out-of-court statements made to them.  Here, the passenger complaint to Haneberg (that Ware had confiscated syringes the passenger needed to treat her diabetes) are directly relevant to showing why defendant decided to promote other employees ahead of Ware.  The complaint that Ware stole a sweater is relevant not because any manager at TSA ever concluded that the accusation was accurate (in fact, TSA decided not to take any action when the screener declined to put the accusation in writing the matter), but because in the course of looking into the complaint Ware admitted making a poor decision by leaving the sweater in the bathroom rather than taking it to lost and found or filling out an incident report.  Thus the background to the incident is relevant to show that Ware sometimes showed poor judgment, and to show that his superiors were not out to get him; instead, they acted reasonably toward him in not pursuing the accusation.

I.   HEARSAY IN TITLE VII CASES

Hearsay is an out-of-court statement used to prove the truth of the matter asserted.  Fed.R.Evid. 801(c).[1]  Courts have routinely held that decision-makers in Title VII cases may testify about reports from others to the extent they relied on those reports in making personnel decisions.  Garner v. Missouri Dept. of Mental Health, 439 F.3d 958, 959 (8th Cir. 2006) (reports to decision-maker of employee's wrongdoing offered to explain why decision-maker suspended employee, not for truth that employee committed wrongdoing); Capobianco v. City of New York, 422 F.3d 47, 55-56 (2d Cir. 2005) (document in discrimination plaintiff's file was admissible to show the employer's state of mind in firing him); Luckie v. Ameritech Corp., 389 F.3d 708 (7th Cir. 2004) (decision-maker's account of negative information about employee given to decision-maker by another admissible to show decision-maker's state of mind, not truth of information); Aucutt v. Six Flags Over Mid-America, Inc., 85 F.3d 1311, 1317 (8th Cir. 1996) (affidavit of a supervisor containing a third party's description of an incident involving discrimination plaintiff was properly considered because the affidavit "was based on [the supervisor's] personal knowledge of the reasons underlying the challenged employment decision"); Wallace v. Texas

---

[1]  Plaintiff's memorandum (at 2)omits the "used to prove the truth of the matter asserted" part of the definition.

Tech. Univ., 80 F.3d 1042, 1048, n. 4 (5th Cir. 1996) (supervisor's knowledge of reports of employee's misconduct admissible as offered to show supervisor's state of mind, not truth of reports).

Plaintiff's motion does not cite any case law, much less case law in the Title VII context.  Plaintiff claims that allowing Haneberg to testify about the passenger complaint violates the confrontation clause to the Sixth Amendment.  That Amendment, by its plain language, applies only to "criminal prosecutions."

Plaintiff also cites Federal Rules of Evidence 403 and 404(b) for the proposition that "evidence of other crimes, wrongs or acts is not admissible to prove the character of the person in order to show action and conformity therewith."  Rule 404(b) explicitly states, however, that such evidence "may, however, be admissible for other purposes, such as proof of motive."  Here, the evidence is offered to show the nondiscriminatory motives of plaintiff's supervisors for expressing concern about his performance, and the nondiscriminatory motives for the decision-makers who decided not to promote him.

The foregoing shows that out-of-court statements regarding a discrimination plaintiff's job performance are admissible to show the state of mind of managers who based in part the decisions challenged by the plaintiff on the statements.

4

II.  <u>THE EVIDENCE AT ISSUE HERE IS NOT HEARSAY</u>

Under the foregoing legal standards, the relevance of the passenger complaint issue to the state of mind of plaintiff's superiors is obvious.  Haneberg will testify that she spoke to a passenger who complained that Ware confiscated her syringes, that Ware denied doing any such thing, but that other screeners confirmed that it had happened.  Haneberg will testify that these circumstances raised serious concerns in her mind about plaintiff's honesty and judgment, and that she shared these concerns with Ken Kamahele, the primary decision-maker on the September 2003 promotion.

As to the sweater incident, defendant has never contended that plaintiff stole a sweater (he would have been fired if he had).  Rather, screening manager Wong will testify that Ware himself reported to Wong an allegation from screener Talbot that Ware had stolen a sweater.  Ware told Wong that the sweater had been left at the checkpoint, that a law enforcement officer who he tried to give the sweater to would not take it to lost and found, and that he therefore left the sweater in the men's bathroom.  Talbot never pursued his allegation that Ware stole the sweater, and neither Wong nor any other manager made any finding against Ware or took any action against him for theft.

Wong will testify, however, that Ware admitted responsibility for making an incorrect decision.  The incident is

relevant for two reasons.  First, it was another example of plaintiff's poor judgment and indecision.  Second, it shows a lack of discriminatory motive on the part of Ware's superiors; if they were prejudiced against him they could easily have pushed Talbot to put something in writing or otherwise make more of the theft allegation than they believed it warranted in the circumstances.

Based on the foregoing, the court should deny plaintiff's Motion In Limine No. 1.

DATED: January 22, 2008, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By  /s/ Thomas A. Helper
    _____
    THOMAS A. HELPER
    Assistant U.S. Attorney

Attorneys for Defendant

```
             IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF HAWAII

RAYMOND WARE,                  )   CIVIL NO. 04-00671 HG LEK
                               )
          Plaintiff,           )   CERTIFICATE OF SERVICE
                               )
     v.                        )
                               )
MICHAEL CHERTOFF, Secretary,   )
DEPARTMENT OF HOMELAND         )
SECURITY,                      )
          Defendant.           )
                               )
_____ )
```

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF:

Daphne E. Barbee                    January 22, 2008
desekmet@aloha.net

DATED: January 22, 2008, at Honolulu, Hawaii.

/s/ Coleen Tasaka-Shoda
_____