EDWARD H. KUBO, JR.   2499
United States Attorney
District of Hawaii

THOMAS A. HELPER     5676
Room 6-100, PJKK Federal Bldg.
Assistant U.S. Attorney
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE, ) | CIVIL NO. 04-00671 HG LEK |
| ) | |
| Plaintiff, ) | DEFENDANT'S MEMORANDUM IN |
| ) | OPPOSITION TO PLAINTIFF'S |
| v. ) | MOTION IN LIMINE TO DISQUALIFY |
| ) | KENNETH KAMAHELE FROM AGENCY |
| MICHAEL CHERTOFF, Secretary, ) | REPRESENTATIVE AT TRIAL; |
| DEPARTMENT OF HOMELAND ) | EXHIBIT "1"; CERTIFICATE OF |
| SECURITY, ) | SERVICE |
| ) | |
| Defendant. ) | Date: January 25, 2008 |
| ) | Time: 2:00 p.m. |
| _____ ) | Judge: Hon. Helen Gillmor |

DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION IN LIMINE TO DISQUALIFY KENNETH KAMAHELE
FROM AGENCY REPRESENTATIVE AT TRIAL

Plaintiff contends that the court should exclude witness Kenneth Kamahele from serving as defendant's representative in the courtroom at trial. The legal basis for plaintiff's motion is unclear. The rule governing witness exclusion, not cited by plaintiff, is Federal Rule of Evidence 615:

> At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses.... This rule <u>does not authorize</u> exclusion of ... an officer or employee of a party which is not a natural person designated as its representative by its attorney...."

Emphasis added.  The rule appears to vest complete discretion in the party and its attorney to designate an agency representative. <u>See</u> <u>United States v. Thompson</u>, 835 F.2d 219, 223 (9th Cir.1987).

Even if the court did have discretion to overrule that choice, plaintiff presents no evidence to support any exercise of that discretion here.  Plaintiff argues that Kamahele should not be permitted to serve as agency representative while he has pending complaints against the agency.[1]  This seems to be a complete <u>non sequitur</u>; plaintiff cites no case law (and no policy argument) to support witness exclusion simply because the party representative and the party have a dispute (however serious) on entirely unrelated issues.

Plaintiff asks that defendant "reveal to Plaintiff whether there are any "deals made with Mr. Kamahele which may explain why they want him to be their agency representative."  Although it seems clear that Kamahele is the natural agency representative,

---

[1] Plaintiff cites a letter from TSA's management to Kamahele accusing him of various misdeeds.  Significantly, management found that the only charge even tangentially related to the allegations in this case – arising from his decision not to consider current TSA employees for temporary screening manager positions in June 2003 – was not sustained.  Pl. Ex. 1 at 5.

since he was the key decision-maker, plaintiff has all the documents related to Kamahele's employment history, and is free to cross-examine him on this subject.

Plaintiff also asserts that Kamahele should not be allowed to act as agency representative because he "no longer works for TSA Honolulu." This is factually incorrect. As of July 31, 2007, plaintiff was reinstated as Assistant Federal Security Director at HNL as a result of his MSPB challenge to the proposed removal. See Ex. 1 (personnel form for the reinstatement).

Based on the foregoing, the court should deny plaintiff's motion to exclude Kamahele from serving as party representative at trial.

DATED: January 22, 2008, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By  /s/ Thomas A. Helper
THOMAS A. HELPER
Assistant U.S. Attorney

Attorneys for Defendant

```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

RAYMOND WARE,                  )   CIVIL NO. 04-00671 HG LEK
                               )
            Plaintiff,         )   CERTIFICATE OF SERVICE
                               )
     v.                        )
                               )
MICHAEL CHERTOFF, Secretary,   )
DEPARTMENT OF HOMELAND         )
SECURITY,                      )
            Defendant.         )
                               )
_____)
```

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF:

Daphne E. Barbee                January 22, 2008
desekmet@aloha.net

DATED: January 22, 2008, at Honolulu, Hawaii.

/s/ Coleen Tasaka-Shoda
_____