EDWARD H. KUBO, JR.   2499
United States Attorney
District of Hawaii

THOMAS A. HELPER     5676
Room 6-100, PJKK Federal Bldg.
Assistant U.S. Attorney
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE, ) | CIVIL NO. 04-00671 HG LEK |
| ) | |
| Plaintiff, ) | DEFENDANT'S OBJECTIONS TO |
| ) | PLAINTIFF'S EXHIBITS; |
| v. ) | CERTIFICATE OF SERVICE |
| ) | |
| MICHAEL CHERTOFF, Secretary, ) | |
| DEPARTMENT OF HOMELAND ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBITS

Exhibit 1 is plaintiff's resume. It is almost identical to the resume in defendant's Exhibit 204, which was the one he submitted in his application for the promotion at issue. There appears to be no point in submitting a different version of this document. In addition, the document is hearsay not within any exception under FRE 803 or 804.

Exhibits 2 through 6 are authentic documents from the administrative process for plaintiff's EEO complaint regarding TSA's decision not to promote him (or any other current TSA employee) into temporary screening manager positions in June 2003.  Although the court granted summary judgment on this claim, the fact that plaintiff filed the EEO complaint is relevant to his claim that TSA retaliated against him in an August 2003 promotion decision.  The fact of filing is not, however, in dispute.  The documents reflecting plaintiff's claims and their processing from June and August 2003 would be relevant only to the extent he can show that the decision-makers on the August 2003 promotion were aware of the documents, which he will not be able to do.  Indeed, part of Exhibit 4 is relevant to showing that the decision-makers were not aware of plaintiff's EEO complaint; box 18, on the fourth page, indicates that Ware himself was the only witness the EEO investigator had contacted as of August 8, 2003.  The remainder of the exhibit, and the rest of Exhibits 2 through 6, are irrelevant and hearsay not within any exception.

Exhibits 8 and 9 are plaintiff's own EEO affidavits.  They are hearsay not within any exception as to plaintiff.  Defendant may use them for impeachment or as direct evidence as statements by a party opponent.

Exhibit 10 is an undated memorandum from Kenneth Kamahele to "All Screeners" regarding promotions and hirings. The body of the memorandum refers only to promotions from screener to lead screener or screening supervisor. The instant case, however, concerns plaintiff's nonpromotion from screening supervisor to screening manager. Moreover, the memorandum indicates on its face that no screener had been promoted because TSA had not yet released promotion policies. Plaintiff will be unable to establish a foundation to show the relevance of this document.

Exhibit 12 is the Certificate of Candidates for the August 2003 promotion that plaintiff obtained from the EEO investigative report. It is similar to Defendant's Exhibit 208, with two major exceptions. First, it redacts the names of all the persons other than plaintiff. Second, it has handwritten designations of the races of the three selectees. Kamahele will testify that when he signed the document it appeared as shown in Exhibit 208, not Exhibit 12. Apparently the EEO investigator redacted the names and inserted the races. Plaintiff will be unable to lay a foundation as to relevance; moreover, any minimal relevance of the document is far outweighed by the probability of unfair prejudice and jury confusion that would result from a completely unfounded suggestion that the selecting official explicitly considered the races of the applicants.

Exhibit 14 is another document apparently generated by the EEO investigator, appearing to show the races of the selectees for screening manager positions between April 2002 and April 2004 (although the document also says "updated 03-30-03").  The court has already granted summary judgment on plaintiff's claims on nonpromotion claims other than the August 2003 nonpromotion, so it is hard to see how plaintiff could lay the foundation for the relevance of this list.

Exhibit 17 is Ware's formal complaint of discrimination, signed in 2004.  It is hearsay not within any exception as to plaintiff.

Exhibits 18 is the deposition transcript of current TSA employee Kamahele.  Defendant's counsel believes that plaintiff will use the deposition only for the purpose of impeaching Kamahele's trial testimony.  Since Kamahele is available to testify in plaintiff's case, and will certainly testify in defendant's case, defendant objects to any attempt to have the deposition read in its entirety to the jury.

Exhibit 19 is the deposition transcript of former employee Milagros Drake.  It is inadmissible hearsay unless plaintiff shows that Drake is unavailable to testify.  In addition, Drake's testimony is irrelevant, since it concerns the termination claim on which the court has granted summary judgment.

Exhibit 20 is a pay statement.  Since back pay is an issue for the court, not the jury, to determine, the document is irrelevant under Federal Rule of Evidence 402; to the extent it has any probative value, that value is far outweighed by the potential for jury confusion.

Exhibit 22 is the declaration of former TSA employee Allen Willey.  The statement is hearsay not within any exception; moreover, Willey's vague and conclusory allegations are covered by defendant's Motion In Limine Regarding Personnel Decisions Other than Plaintiff's Termination.

Exhibit 24 is an excerpt of notes taken by a Management Inquiry Team that looked into operations at HNL in 2006, and two pages from the report.  The Management Inquiry is the subject of defendant's Motion In Limine Regarding Personnel Decisions Other than Plaintiff's Termination.  The conclusory assertions in the excerpted pages do not refer to Ware, to anyone who applied for screening manager positions, or to allegations of race or retaliation discrimination.  Plaintiff will therefore be unable to lay a foundation for the exhibit or the underlying subject matter.

Exhibit 25 concerns the June 2003 appointments of several individuals to temporary screening managers positions.  The court has granted summary judgment to defendant on this action, finding no evidence of discriminatory intent.  At trial of this matter

the court should allow limited evidence -- the fact that Ware was not promoted, the fact that Kamahele did not consider any current employee, and the fact that Ware filed an EEO complaint – but should not allow a full mini-trial on the issue.  This exhibit is therefore irrelevant.

Exhibits 27 and 28 are (respectively) Ware's September 16 and September 8, 2003 letters to Sidney Hayakawa regarding the nonpromotion decision at issue.  Although the document is inadmissible if offered by plaintiff for the truth of the matters asserted, it may be admissible on other grounds.

Exhibit 33 is a portion of a December 2002 TSA personnel policy.  Plaintiff may be offering in connection with his argument regarding the June 2003 nonpromotion.  If so, the discussion of Exhibit 25, above, applies here.

Exhibit 34 is a chronology of events apparently prepared by plaintiff or his counsel.  It may be appropriate argument if plaintiff can establish the various assertions in the chronology, but the document is not evidence.

Exhibit 35 is a newspaper article from January 2003 in which screeners complained about the promotion process to screening supervisor.  The article does not refer to Ware, to anyone who applied for screening manager positions, or to allegations of race or retaliation discrimination.  Plaintiff will therefore be

unable to lay a foundation for the exhibit or the underlying subject matter.

Exhibit 36 is a March 9, 2003 TSA memorandum reflecting statistics over a two-week period for the various checkpoints. Plaintiff apparently will offer it to show that his checkpoint performed better than others for the covered period. If so, plaintiff should be permitted to question deciding officials who would evaluate and weigh the information with respect to the promotion decision. Plaintiff's own opinion of the significance of the information, however, is irrelevant.

Exhibit 37 is a incomplete form letter dated August 30, 2002, on TSA letterhead, with no names in the addressee or signature spaces. It does not appear admissible for any purpose. Similarly, Exhibit 38, although signed, also appears irrelevant.

Exhibits 39 and 40 are apparently emails from TSA employees on the mainland to Ware regarding the employment status of other members of the Mobile Screening Force who trained with Ware. Plaintiff will apparently offer the exhibit to show that others who trained with him had received various promotions around the country. Since the other employees did not work at HNL, and there is no evidence that any of the deciding officials in Ware's promotion had anything to do with the other decisions, the exhibit, and the underlying argument, are irrelevant.

Exhibit 41 is a certification of training from TSA Norfolk regarding Ware's training on various machines and protocols. Since the document was not considered by the decision-makers on the promotion at issue, it appears to lack relevance.

Exhibit 43 is a collection of schedules for checkpoint supervisors and leads, apparently offered to support plaintiff's assertion that he had less supervisory help at Checkpoint 5 than other supervisors at other checkpoints.  Defendant does not object to this use of the document.

Exhibit 47 is a July 26, 2006 letter from AFSD Kamahele from Dennis Clark, then Western Area Director for TSA, outlining certain charges against Kamahele arising from the Management Inquiry discussed in connection with Exhibit 24.  The same arguments apply to this document; moreover, most of the charges against Kamahele ultimately were not sustained after an extensive Merit System Protections Board hearing.

DATED: January 22, 2008, at Honolulu, Hawaii.

                                       EDWARD H. KUBO, JR.
                                       United States Attorney
                                       District of Hawaii

                                              /s/ Thomas A. Helper
                               By _____
                                       THOMAS A. HELPER
                                       Assistant U.S. Attorney

                               Attorneys for Defendant

```
               IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

RAYMOND WARE,                   )   CIVIL NO. 04-00671 HG LEK
                                )
           Plaintiff,           )   CERTIFICATE OF SERVICE
                                )
     v.                         )
                                )
MICHAEL CHERTOFF, Secretary,    )
DEPARTMENT OF HOMELAND          )
SECURITY,                       )
           Defendant.           )
                                )
_____ )
```

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF:

Daphne E. Barbee                    January 22, 2008
desekmet@aloha.net

DATED: January 22, 2008, at Honolulu, Hawaii.

/s/ Coleen Tasaka-Shoda
_____