EDWARD H. KUBO, JR.   2499
United States Attorney
District of Hawaii

THOMAS A. HELPER  5676
Room 6-100, PJKK Federal Bldg.
Assistant U.S. Attorney
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Federal Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE,      ) | CIVIL NO. 04-00671 HG LEK |
|                   ) | |
|      Plaintiff,   ) | DEFENDANT'S PROPOSED JURY |
|                   ) | INSTRUCTIONS; CERTIFICATE OF |
|      vs.          ) | SERVICE |
|                   ) | |
| MICHAEL CHERTOFF, Secretary, ) | |
| DEPARTMENT OF HOMELAND   ) | Date: February 5, 2008 |
| SECURITY,         ) | Time: 9:30 a.m |
|      Defendant.   ) | Judge: Helen Gillmor |
| _____) | |

<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS (ANNOTATED)</u>

Comes now Defendant, by and through its undersigned counsel, and hereby submits its Proposed Jury Instructions (Annotated).

DATED: Honolulu, Hawaii, January 22, 2008.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

/s/ Thomas A. Helper
By _____
    THOMAS A. HELPER
    Assistant U.S. Attorney

Attorneys for Federal
  Defendant

2

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1

Members of the Jury:

You have now heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties. It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in this case.

In any jury trial there are, in effect, two judges. I am one of the judges, the other is the jury. It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

United States District Judge Helen Gillmor's General Federal Jury Instructions in Civil Cases, Instruction No. 1.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2

You, as jurors, are the judges of the facts.  But in determining what actually happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now in the process of defining for you.

You must follow all of my instructions as a whole.  You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

In deciding the facts of this case you must not be swayed by sympathy, bias or prejudice as to any party.  This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life.  All persons stand equal before the law and are to be dealt with as equals in a court of justice. The government and its employees are entitled to the same fair trial at your hands as is a private individual.


United States District Judge Helen Gillmor's General Federal Jury
Instructions in Civil Cases, Instruction No. 2B.  (Modified to
change "corporation" to "government and its employees".)

4

<u>DEFENDANTS PROPOSED JURY INSTRUCTION NO. 3</u>

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

United States District Judge Helen Gillmor's General Federal Jury Instructions in Civil Cases, Instruction No. 3.

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4</u>

There are rules of evidence which control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered and the exhibit cannot be received.

Whenever I sustain an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection.  You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

United States District Judge Helen Gillmor's General Federal Jury Instructions in Civil Cases, Instruction No. 4.

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5</u>

During the course of a trial I may have occasionally made comments to the lawyers, or asked questions of a witness, or admonished a witness concerning the manner in which he should respond to the questions of counsel.  Do not assume from anything I have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

United States District Judge Helen Gillmor's General Federal Jury Instructions in Civil Cases, Instruction No. 5.

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6</u>

The court may take judicial notice of certain facts or events.  When the court declares it will take judicial notice of some fact or event, you may accept the court's declaration as evidence, and regard the fact or event which has been judicially noticed as conclusively proved.

United States District Judge Helen Gillmor's General Federal Jury Instructions in Civil Cases, Instruction No. 6.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7

In this case, the parties have agreed, or stipulated, as to certain facts.  This means that they both agree that these facts are true.  You should therefore treat these facts as having been conclusively proved.

United States District Judge Helen Gillmor's General Federal Jury Instructions in Civil Cases, Instruction No. 7.

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8</u>

During the course of the trial you have heard reference made to the word "interrogatory". An interrogatory is a written question asked by one party of another, who must answer it under oath in writing. You are to consider interrogatories and the answers thereto the same as if the questions had been asked and answered here in court.

United States District Judge Helen Gillmor's General Federal Jury Instructions in Civil Cases, Instruction No. 9.

10

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

United States District Judge Helen Gillmor's General Federal Jury
Instructions in Civil Cases, Instruction No. 10.

11

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10</u>

Now, I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the testimony.  In weighing the testimony of a witness you should consider the witness' (1) relationship to the plaintiff or to the defendant, (2) interest, if any, in the outcome of the case, (3) manner of testifying, (4) opportunity to observe or acquire knowledge concerning the facts about which the witness testified, and (5) candor, fairness, and intelligence.  You should also consider the extent to which the witness has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.


United States District Judge Helen Gillmor's General Federal Jury
Instructions in Civil Cases, Instruction No. 11.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that, at some other time, the witness said or did something that is inconsistent with the witness' present testimony or failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

United States District Judge Helen Gillmor's General Federal Jury Instructions in Civil Cases, Instruction No. 13.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12

A witness may also be discredited or impeached by evidence that the general reputation of the witness for truth and veracity is bad in the community where the witness now resides, or has recently resided.

United States District Judge Helen Gillmor's General Federal Jury
Instructions in Civil Cases, Instruction No. 14 .

14

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13

When a government agency is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of the government may bind the government by acts and declarations made while acting within the scope of the authority delegated to him or her by the government, or within the scope of the agent's or employee's duties to the government.

United States District Judge Helen Gillmor's General Federal Jury Instructions in Civil Cases, Instruction No. 16.  (Modified to change "corporation" to "government agency".)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14

In a civil action such as this, each party asserting a claim, as hereafter described, has the burden of proving every essential element of his claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

Where more than one claim is involved, as in this case, you should consider each claim, and the evidence pertaining to it, separately, as you would had each claim been tried before you separately; but in determining any fact in issue, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

If a preponderance of the evidence does not support each essential element of a claim, then the jury should find against the party having the burden of proof as to that claim.

United States District Judge Helen Gillmor's General Federal Jury Instructions in Civil Cases, Instruction No. 17B.

16

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15</u>

As to the plaintiff's claim that his race or prior EEO complaint was a motivating factor for the defendant's decision to not to promote him, the plaintiff has the burden of proving, by a preponderance of the evidence, that the plaintiff's race or prior EEO complaint was a motivating factor in the defendant's decision not to promote the plaintiff.

If plaintiff has failed to prove this claim, your verdict should be for the defendant.  If plaintiff has proved this claim, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason.  The plaintiff is entitled to monetary damages if you find that the defendants decision was motivated both by race and/or retaliation and a lawful reason, unless the defendant proves by a preponderance of the evidence that the defendant would have made the same decision even if the plaintiffs race and prior EEO activity had played no role in the employment decision.[1]

---

[1]  From 9th Circuit Model Civil Instruction 12.1C and 12.3A.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16

Non-Discriminatory reason – Pretext

In determining whether the defendant discriminated against plaintiff, you must consider whether management honestly believed its justifications for discharging plaintiff.  If you find that management's stated reasons were actually a pretext for race and/or retaliation, you must find for plaintiff.  If, on the other hand, you believe those justifications were honestly believed by management, you must find for the defendant, even if you believe management's justification was foolish or trivial.[2]

---

[2] Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1063 (9th Cir. 2002).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17

Business Judgment

Your duty is not to decide whether the defendant's business judgment was sound.  An employer is entitled to decline to promote or to give an adverse performance evaluation to an employee for any reason that is not unlawfully retaliatory or discriminatory.  As long as the employer had a legitimate, non-discriminatory reason for taking action affecting an employee, the employer has not violated the law.  You must bear in mind that an employer is entitled to make its own subjective business judgments, however misguided they may appear to you, and may overlook one employee in favor of another, select one person over the another, reassign, demote, or discharge an employee for any reason that is not illegally retaliatory or discriminatory.  The relevant question is simply whether the employer's stated reasons were not true and whether the actions taken were actually intended to retaliate against the plaintiff for prior EEO activity.  The fact that you may disapprove of the defendant's stated reasons in this regard is irrelevant.[3]

---

[3] This instruction is derived from Casillas v. Navy, 735 F.2d 338 (9th Cir. 1984); Texas Dept. Of Cmty. Affairs v. Burdine, 450 U.S. 248, 259 (1981); Loeb v. Textron, Inc., 600 F.2d 1003, n. 6 (1st Cir. 1979).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 18

Of course, the fact that I have given you instructions concerning the issue of plaintiff's damages should not be interpreted in any way as an indication that I believe the plaintiff should, or should not, prevail in this case.

United States District Judge Helen Gillmor's General Federal Jury Instructions in Civil Cases, Instruction No. 21.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19

Damages

In calculating damages, you must not attempt to calculate an amount of back pay or future pay lost. If you find for the plaintiff, this court will determine the appropriate amount of backpay and future pay to compensate the plaintiff. Likewise, you may not consider the cost to the Plaintiff of hiring an attorney and the costs associated with pursuing this litigation. Those amounts, if any, are determined by the Court and may not be included in your damage award.[4]

Of course, the fact that I have given you instructions concerning the issue of plaintiff's damages should not be interpreted in any way as an indication that I believe the plaintiff should, or should not, prevail, in this case.[5]

---

[4] 42 U.S.C. §§ 1981a(b), 2000e-5(g) and (k).

[5] United States District Helen Gillmor's General Federal Jury Instructions in Civil Case on the website for the United States District Court for the District of Hawaii, Instruction No. 21.

21

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20</u>

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.  A verdict form has been prepared for your convenience.

(Explain verdict)

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson.  The foreperson will then contact the Courtroom Deputy via the telephone located in the hallway outside the jury room.  The Courtroom Deputy will pick up the note and bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.


United States District Judge Helen Gillmor's General Federal Jury Instructions in Civil Cases, Instruction No. 22.

22

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21</u>

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

United States District Judge Helen Gillmor's General Federal Jury Instructions in Civil Cases, Instruction No. 20.

23

INSTRUCTION NO.

Members of the Jury:

You have now heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties. It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in this case.

In any jury trial there are, in effect, two judges. I am one of the judges, the other is the jury. It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

INSTRUCTION NO. _____

You, as jurors, are the judges of the facts. But in determining what actually happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now in the process of defining for you.

You must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

In deciding the facts of this case you must not be swayed by sympathy, bias or prejudice as to any party. This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice. The government and its employees are entitled to the same fair trial at your hands as is a private individual.

25

INSTRUCTION NO.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

INSTRUCTION NO.

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered and the exhibit cannot be received.

Whenever I sustain an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection. You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

INSTRUCTION NO.

During the course of a trial I may have occasionally made comments to the lawyers, or asked questions of a witness, or admonished a witness concerning the manner in which he should respond to the questions of counsel.  Do not assume from anything I have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

INSTRUCTION NO.

     The court may take judicial notice of certain facts or events.  When the court declares it will take judicial notice of some fact or event, you may accept the court's declaration as evidence, and regard the fact or event which has been judicially noticed as conclusively proved.

INSTRUCTION NO.

In this case, the parties have agreed, or stipulated, as to certain facts.  This means that they both agree that these facts are true.  You should therefore treat these facts as having been conclusively proved.

INSTRUCTION NO.

During the course of the trial you have heard reference made to the word "interrogatory".  An interrogatory is a written question asked by one party of another, who must answer it under oath in writing.  You are to consider interrogatories and the answers thereto the same as if the questions had been asked and answered here in court.

<u>INSTRUCTION NO.</u>

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

INSTRUCTION NO.

Now, I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the testimony.  In weighing the testimony of a witness you should consider the witness' (1) relationship to the plaintiff or to the defendant, (2) interest, if any, in the outcome of the case, (3) manner of testifying, (4) opportunity to observe or acquire knowledge concerning the facts about which the witness testified, and (5) candor, fairness, and intelligence.  You should also consider the extent to which the witness has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

INSTRUCTION NO.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that, at some other time, the witness said or did something that is inconsistent with the witness' present testimony or failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

INSTRUCTION NO.

A witness may also be discredited or impeached by evidence that the general reputation of the witness for truth and veracity is bad in the community where the witness now resides, or has recently resided.

INSTRUCTION NO. _____

When a government agency is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of the government may bind the government by acts and declarations made while acting within the scope of the authority delegated to him or her by the government, or within the scope of the agent's or employee's duties to the government.

INSTRUCTION NO.

In a civil action such as this, each party asserting a claim, as hereafter described, has the burden of proving every essential element of his claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

Where more than one claim is involved, as in this case, you should consider each claim, and the evidence pertaining to it, separately, as you would had each claim been tried before you separately; but in determining any fact in issue, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

If a preponderance of the evidence does not support each essential element of a claim, then the jury should find against the party having the burden of proof as to that claim.

INSTRUCTION NO. ___

As to the plaintiff's claim that his race or prior EEO complaint was a motivating factor for the defendant's decision to not to promote him, the plaintiff has the burden of proving, by a preponderance of the evidence, that the plaintiff's race or prior EEO complaint was a motivating factor in the defendant's decision not to promote the plaintiff.

If plaintiff has failed to prove this claim, your verdict should be for the defendant. If plaintiff has proved this claim, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason. The plaintiff is entitled to monetary damages if you find that the defendants decision was motivated both by race and/or retaliation and a lawful reason, unless the defendant proves by a preponderance of the evidence that the defendant would have made the same decision even if the plaintiffs race and prior EEO activity had played no role in the employment decision.

<u>INSTRUCTION NO.</u>

<u>Non-Discriminatory reason – Pretext</u>

In determining whether the defendant discriminated against plaintiff, you must consider whether management honestly believed its justifications for discharging plaintiff. If you find that management's stated reasons were actually a pretext for race and/or retaliation, you must find for plaintiff. If, on the other hand, you believe those justifications were honestly believed by management, you must find for the defendant, even if you believe management's justification was foolish or trivial.

<u>INSTRUCTION NO.</u>

<u>Business Judgment</u>

Your duty is not to decide whether the defendant's business judgment was sound. An employer is entitled to decline to promote or to give an adverse performance evaluation to an employee for any reason that is not unlawfully retaliatory or discriminatory. As long as the employer had a legitimate, non-discriminatory reason for taking action affecting an employee, the employer has not violated the law. You must bear in mind that an employer is entitled to make its own subjective business judgments, however misguided they may appear to you, and may overlook one employee in favor of another, select one person over the another, reassign, demote, or discharge an employee for any reason that is not illegally retaliatory or discriminatory. The relevant question is simply whether the employer's stated reasons were not true and whether the actions taken were actually intended to retaliate against the plaintiff for prior EEO activity. The fact that you may disapprove of the defendant's stated reasons in this regard is irrelevant.

INSTRUCTION NO.

Of course, the fact that I have given you instructions concerning the issue of plaintiff's damages should not be interpreted in any way as an indication that I believe the plaintiff should, or should not, prevail in this case.

<u>INSTRUCTION NO.</u>

<u>Damages</u>

In calculating damages, you must not attempt to calculate an amount of back pay or future pay lost.  If you find for the plaintiff, this court will determine the appropriate amount of backpay and future pay to compensate the plaintiff. Likewise, you may not consider the cost to the Plaintiff of hiring an attorney and the costs associated with pursuing this litigation.  Those amounts, if any, are determined by the Court and may not be included in your damage award.

Of course, the fact that I have given you instructions concerning the issue of plaintiff's damages should not be interpreted in any way as an indication that I believe the plaintiff should, or should not, prevail, in this case.

INSTRUCTION NO.

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.  A verdict form has been prepared for your convenience.

(Explain verdict)

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson.  The foreperson will then contact the Courtroom Deputy via the telephone located in the hallway outside the jury room.  The Courtroom Deputy will pick up the note and bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

43

INSTRUCTION NO.

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

44

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG LEK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| 5. | ) | |
| | ) | |
| MICHAEL CHERTOFF, Secretary, | ) | |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of
service noted below, a true and correct copy of the foregoing was
served on the following at their last known address:

Served Electronically through CM/ECF:

Daphne E. Barbee                    January 22, 2008
desekmet@aloha.net

DATED: January 22, 2008, at Honolulu, Hawaii.

/s/ Coleen Tasaka-Shoda
_____