DAPHNE E. BARBEE   2911
Attorney & Counselor at Law
Century Square, Suite 1909
1188 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 533-0275

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE, | CIVIL NO. 04-00671 HG/LEK |
| Plaintiff, | **PLAINTIFF'S REPLY MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE WITNESSES NOT DISCLOSED BY PLAINTIFF PRIOR TO DISCOVERY DEADLINE; DECLARATION OF COUNSEL; EXHIBITS 1-3; CERTIFICATE OF SERVICE** |
| vs. | |
| MICHAEL CHERTOFF, Secretary, Department of Homeland Security; JOHN DOES 2-5, | |
| Defendants. | |
| | TRIAL DATE:  February 5, 2008 |
| | TIME:   9:00 a.m. |
| | JUDGE:  Hon. Helen Gillmor |

**PLAINTIFF'S REPLY MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE WITNESSES NOT DISCLOSED BY PLAINTIFF PRIOR TO DISCOVERY DEADLINE**

COMES NOW, Plaintiff RAYMOND WARE, by and through his attorney, Daphne E. Barbee, and hereby files this Reply Memorandum in Opposition to Defendant's Motion in Limine to Exclude Witnesses Not Disclosed by Plaintiff

Prior to Discovery Deadline.

Defendant seeks to exclude witnesses, arguing that witnesses Aoyagi, Shafiq, Clark, Sudoval, Yamasaki, and McMillian were not disclosed before the discovery deadline. This is incorrect. The discovery deadline was extended to Friday, January 11, 2008. This was at the request of AUSA Tom Helper, who wanted more time to depose Mr. Ware. Out of courtesy, plaintiff allowed the extension of the deadline with the understanding that the AUSA attorney would likewise allow further discovery on Request for Production of Documents. See Exhibit 1. Prior to the deposition and at the deposition of Mr. Ware, defendant's counsel AUSA Tom Helper had the names of witnesses and questioned Mr. Ware as to what the witnesses would say at trial. Defendant's are estopped from arguing plaintiff's witnesses were not listed before discovery cutoff as the discovery cutoff was extended at the request of AUSA Helper. Furthermore, pursuant to the Court's deadline, a final naming of witnesses with a proffer as to their testimony was filed in Court on January 15, 2008.

There is no surprise at all as to the testimony of the witnesses. Most of the witnesses work for TSA Honolulu, and AUSA Tom Helper has refused to allow plaintiff's counsel to speak with the witnesses without him being present, as they are employees and agents of defendant. Therefore, the AUSA has more access to

the witnesses than plaintiff and had time to question and depose them. Defendant has the unfair advantage and access to with these witnesses.

Three of the witnesses who work for defendant TSA, Dennis Clark, Lauren McMillian, and Earl Yamasaki, were discovered in documents provided by defendants. See <u>Exhibit 2</u>. Plaintiff was unaware of their identities and knowledge of Mr. Kamahele's threatening behaviors and attitudes towards screeners before receiving documents such as the termination letter from defendant. Therefore he could not list them in his initial disclosure, nor in his EEO complaint. These witnesses' observation of Mr. Kamahele's behavior and attitude are circumstantial evidence of intentional discrimination claim on plaintiff's retaliation claim and describe the hostile work environment Mr. Ware and others suffered at TSA Honolulu.

Defendant's interrogatories, which are attached to as Exhibit A to their motion, do not request names of witnesses from plaintiff in its questions. Defendants never filed a supplemental request for answers to interrogatories nor a motion to compel for a list of witnesses. It is defendant who waited until the last minute to review documents provided to plaintiff, and did not note the names of plaintiff's witnesses.

The witnesses and their proffer have been listed in the final witness list. See

Exhibit 3. The witnesses were identified prior to Mr. Ware's deposition on January 11, 2008. Defendant has the unfair advantage as these witnesses still work for TSA and plaintiff's counsel had not been able to speak with them privately, because defense counsel objected. Their testimony is documented in the letter of termination to Mr. Kamahele. Many of their witnesses also testified at the MSPB hearing against Mr. Kamahele. Thus, any unfair advantage is to plaintiff and not to defendant, who has full access to TSA's attorneys who represented defendant in Mr. Kamahele's action against TSA. Therefore, the Court should not exclude these witnesses from testimony.

As for witness Haneef Bilal Abdul Shafiq, this witness goes to the damage portion of plaintiff's claim. He was disclosed to defendant prior to any discovery deadline and is listed in plaintiff's pretrial statement. Witnesses Cynthia Albert, Eli Waters, and Terri Sudoval worked for TSA and defendants has had access to them for over 4 years. Witness Sudoval worked for TSA and her phone number was provided in the pretrial statement. Defendant chose not to contact them before trial. This is not a matter of plaintiff waiting for the last hour. These witness were in all documents provided by defendants and worked for defendant TSA.

As to witnesses Bellamy and Hansen, plaintiff has not listed them in the final naming of witnesses and does not plan to call them in its case in chief.

DATED: Honolulu, Hawaii, 1-22-08.

_____
DAPHNE E. BARBEE
Attorney for Plaintiff RAYMOND WARE