DAPHNE E. BARBEE   2911
Attorney & Counselor at Law
Century Square, Suite 1909
1188 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 533-0275

Attorney for Plaintiff Raymond Ware



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 22 2008

at 5 o'clock and 0 4 min. P M.
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND E. WARE; | ) | CIVIL NO. CV  04-00671 HG/LEK |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S PROPOSED JURY |
| | ) | INSTRUCTIONS AND VERDICT |
| vs. | ) | FORMS; CERTIFICATE OF |
| | ) | SERVICE |
| MICHAEL CHERTOFF, Secretary, | ) | |
| Department of Homeland Security; | ) | |
| JOHN DOES 2-5, | ) | Trial Date:  February 5, 2008 |
| | ) | Time:  9:00a.m. |
| Defendants. | ) | Judge:  Helen Gillmor |
| | ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS

The Plaintiff RAYMOND WARE, through his undersigned attorney of

record, Daphne E. Barbee, pursuant to the Court's Order, Local Rule 2.16, and

Rule 51 of the Federal Rules of Civil Procedure, submits the following proposed

jury instructions, in addition to general jury instructions 1-14, 16-17, and 20.

DATED: Honolulu, Hawaii _____1-22-08_____

_____

DAPHNE E. BARBEE
Attorney for Plaintiff

2

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1

In a civil action such as this, each party asserting a claim has the burden of proving every essential element of that claim by a "preponderance of the evidence". A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

Where more than one claim is involved, as in this case, you should consider each claim, and the evidence pertaining to it, separately, as you would had each claim been tried before you separately; but in determining any fact in issue, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If a preponderance of the evidence does not support each essential element of a claim, then the jury should find against the party having the burden of proof as to that claim.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2

Under Title VII of the 1964 Civil Rights Act, it is unlawful to retaliate against a person because he or she opposed a practice prohibited by Title VII of the Civil Rights Act of 1964.

This retaliation claim is against TSA Honolulu. Plaintiff alleges that TSA Honolulu retaliated against him, because he complained that he was being discriminated against on the basis of race. Defendant TSA Honolulu denies that it retaliated against Plaintiff because he complained that he was being discriminated against on the basis of race.

As to this retaliation claim, the Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.    The Plaintiff engaged in or was engaging in a protected activity under federal law; and

2.    TSA Honolulu, as his employer, subjected the Plaintiff to an adverse employment action; and

3.    The protected activity was a substantial or motivating factor in the adverse employment action.

"Protected activity" is an employee's conduct in opposing a discriminatory practice, making a charge of discrimination, or testifying, or assisting, or participating in any manner in an investigation.

An employer's action is an "adverse employment action" if it is materially adverse to the employee. However, not all actions taken by an employer are materially adverse to an employee. Plaintiff must show that a reasonable employee would have found the challenged employment action materially adverse, which means that it might well have dissuaded a reasonable employee from making or supporting a charge of discrimination. In determinating whether Plaintiff suffered an adverse employment action, you are to consider the totality of the circumstances, including the particular circumstances of Plaintiff's employment.

If you find that each of the elements on which the Plaintiff has the burden of proof has been proved, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove any one of these elements, your verdict should be for TSA Honolulu.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3

## DISCRIMINATORY INTENT

Proof of discriminatory intent is critical in this case. Discrimination is intentional if it is done voluntarily, deliberately, and willfully. Discriminatory intent may be proved either by direct evidence such as statements made by a person whose intent is at issue, or by circumstantial evidence from which you can infer a person's intent. Thus, in making a determination as to whether there was intentional discrimination in this case, you may consider any statement made or act done or omitted by a person whose intent is in issue as well as all other facts and circumstances that indicate his or her state of mind. You may also infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. In order to prevail on his claim, plaintiff must show that he was qualified for the position that he sought, that he was not selected for the position, and that his race was a motivating factor in the decision not to select plaintiff. Remember that the plaintiff must show only that race was a motivating factor in the defendant's decision not to select him for the position he applied. He does not have to show that it was the only or even a major factor in the defendant's decision. If defendant has offered a non-discriminatory reason or reasons for its not selecting plaintiff and you believe that reason or reasons, then your verdict should be for the defendant. If, however, you do not believe that this reason or

reasons were the real reason or reasons for the failure to select plaintiff, you may

find that plaintiff has proven his/her claim of intentional employment

discrimination, particularly if you believe that the defendant's representatives did

not put forth honestly the reasons or reasons for their decision.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4

### DISPARATE TREATMENT

Plaintiff claims that he suffered an adverse employment practice because the defendant intentionally discriminated against him on a prohibited basis.

Defendant responds that the adverse employment action was based on a legitimate nondiscriminatory reason and was not motivated in whole or in part by plaintiff's status.

To prevail on a claim of disparate treatment discrimination, the plaintiff must prove by a preponderance of the evidence that he suffered an adverse employment practice because the defendant intentionally discriminated against her on a prohibited basis. This can be proven either by direct or by indirect evidence.

Direct evidence is evidence of oral or written remarks that, if believed, directly prove that the plaintiff's status was a factor in the plaintiff's adverse employment action.

Indirect or circumstantial evidence includes proof or circumstances that allow you to reasonably believe that a prohibited basis was a motivating factor in the plaintiff's adverse employment action. In so deciding, you should consider all the evidence produced by plaintiff, all the evidence produced by defendant that a legitimate nondiscriminatory reason rather than plaintiff's status motivated defendant's decision, and all the evidence produced by plaintiff that defendant's

asserted legitimate nondiscriminatory reason was in fact a pretext for a decision instead of motivated by plaintiff's status (race, protective activity).

In so deciding, you are to determine only whether plaintiff's status was a motivating factor in defendant's decision. If plaintiff's status did not play a role in that decision, you must find for defendant. You are not to determine whether the reasons defendant offered for its decision were justifiable or otherwise second-guess the defendant's decision if you determine that plaintiff's status played no part in that decision.

Plaintiff has the ultimate burden of persuading you that the defendant intentionally discriminated against him because of his status. Therefore, the defendant is not required to prove that its decision was actually motivated by legitimate nondiscriminatory reason it has put into evidence. Rather, plaintiff must prove by a preponderance of evidence that defendant's decision was motivated by plaintiff's status, and not by defendant's stated reason. This is called proving that defendant's stated reason was a "pretext" for an unstated but real discriminatory reason. The plaintiff can attempt to prove pretext directly by persuading you by a preponderance of the evidence that his status was more likely the reason for the defendant's decision than the reason stated by the defendant. The plaintiff can also attempt to prove that the defendant's stated reason for the adverse employment action is a pretext by persuading you that it is just not believable. However, it is

not enough for the plaintiff simply to prove that the defendant's stated reason for its decision was not true reason. Plaintiff must also prove that the true reason was his status. Therefore, even if you decide that the defendant did not truly rely on the stated reason for its decision you cannot decide in favor of the plaintiff unless you further decide that the plaintiff's status was a motivating factor in that decision. In making the determination whether the plaintiff's status was a motivating factor, you may take into account all the evidence, including the fact (if you so find) that defendant's stated reason was untrue.

You must decide whether plaintiff's status was a motivating factor in the defendant's decision to take the adverse employment action at issue in this case. That means you must determine if plaintiff's status played a role in the defendant's decision. You may find that plaintiff's status was a motivating factor, even though other factors may have also played roles in that decision. However, defendant claims that, whether or not plaintiff's status played a role in that decision, it would have taken the same adverse employment action even if plaintiff were of a different status. Therefore, if you do find that plaintiff's status was a motivating factor in the defendant's decision, you must still determine whether defendant would have reached the same decision had plaintiff's status not played a role in its decision. If you also decide that the defendant demonstrated that it would have reached the same decision irrespective of the plaintiff's status, then you cannot

award damages to the plaintiff.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5

You have heard evidence that the defendant's treatment of the plaintiff was motivated by the plaintiff's status and also by other lawful reasons. If you find that the plaintiff's retaliation or race was a motivating factor in the defendant's treatment of the plaintiff, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason. However, if you find that the defendant's treatment of the plaintiff was motivated by both retaliation or race and lawful reasons, you must decide whether the plaintiff is entitled to damages. The plaintiff is entitled to damages unless the defendant proves by a preponderance of the evidence that the defendant would have treated plaintiff similarly even if plaintiff's race had played no role in the employment decision. See Desert Palace, Inc. v. Costa, 539 U.S. 90, 97 (2003).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4

Plaintiff Ware must show that Defendant intentionally discriminated against him. Plaintiff, however, is not required to produce direct evidence of intentional discrimination. Intentional discrimination may be inferred from the existence of other facts.

Submitted by Plaintiff Helms

4    Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions 104.04 (Supp. 1994)

PLAINTIFF'S INSTRUCTION NO.  7

As to the plaintiff's claim that his race was a motivating factor for the defendant's decision to not promote him, the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1.    the plaintiff was not promoted by the defendant; and

2.    the plaintiff's race was a motivating factor in the defendant's decision to not promote the plaintiff.

If you find that the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.  If the plaintiff has proved both of these elements, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason.  If, however, the defendant proves by a preponderance of the evidence that the defendant would have made the same decision even if the plaintiff's race had played no role in the employment decision, your verdict should be for the defendant.

**Comment**

*See* Comment to Instruction 10.1A (Disparate Treatment—Where Evidence Supports "Sole Reason" or "Motivating Factor").

**10.1C  CIVIL RIGHTS—TITLE VII—DISPARATE TREATMENT—"MOTIVATING FACTOR"—ELEMENTS AND BURDEN OF PROOF**

PLAINTIFF'S INSTRUCTION NO. ⚲

The plaintiff seeks damages against the defendant for retaliation. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.  the plaintiff engaged in or was engaging in an activity protected under federal law, that is complained about discrimination to EEO counselor and filed a written complaint about discrimination;

2.  the employer subjected the plaintiff to an adverse employment action, that is failed to promote ; and

3.  the protected activity was a motivating factor in the adverse employment action.

If you find that the plaintiff has failed to prove any of these elements, your verdict should be for the defendant. If the plaintiff has proved all three of these elements, the plaintiff is entitled to your verdict, unless the defendant has proved by a preponderance of the evidence that it would have made the same decision even if the plaintiff's participation in a protected activity had played no role in the employment decision. In that event, the defendant is entitled to your verdict, even if the plaintiff has met his burden of proof on all three of the above elements.

## Comment

### 10.3  CIVIL RIGHTS—TITLE VII—RETALIATION—ELEMENTS AND BURDEN OF PROOF

Title VII makes it an unlawful employment practice for a person covered by the Act to discriminate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9

Plaintiff can prove pretext either by (1) indirectly by showing that the employer's proffer explanation is unworthy of credence because it is internally inconsistent or otherwise not believable, or (2) directly by showing that the unlawful discrimination more likely motivated the employer. Source <u>Goodwin V. Hunt Wesson, Inc.</u>, 150 F.3d 1217, 1220-22 (9th Cir. 1998).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. *10*

Federal law provides that it is unlawful for an employer to retaliate against an employee who expresses a good faith belief that the employer has engaged in discriminatory practices. Plaintiff Raymond Ware claims that Defendant retaliated against him for expressing a good faith belief that Defendant was discriminating against him by refusing to promote him and giving him undesirable work assignments. The defendant denies this charge. It is your responsibility to decide whether Plaintiff Ware has proven his claim against defendant by a preponderance of the evidence.

Your verdict must be for the Plaintiff Bruce Ware against defendant if you believe:

**First**, that Raymond Ware engaged in a protected activity by complaining about discrimination, and

**Second**, that Defendant's failure to promote Ware occurred after he opposed alleged discriminatory treatment, and

**Third,** that there is a causal link between Ware's opposition to racial discrimination against defendant and the failure to promote him, and

**Fourth,** that the defendant has failed to prove that Ware would not have been promoted regardless of his opposition to alleged discriminatory treatment.

In proving that there is a causal link between Ware's opposition to alleged

racial discrimination and the failure to promote him, Ware is not required to prove

that his opposition to alleged discrimination was the sole motivation or even the

primary motivation for defendant's decision not to promote. Ware need only prove

that his opposition to alleged discrimination played a part in the defendant's

decision not to promote him.

> Model Civil Rights in Employment Jury Instructions for the Eighth Circuit
> j1989), as amended, 1990, Section 7.02 (b), p.64. As modified by the plaintiff.

> Wentz v. Maryland Casualty Company, 869 F.2d 1153, 49 FEP 705 (8th
> Cir. 1989); Evans v. School District of Kansas City, 1994 WL 462148 (W.D. Mo
> 1994).

> 4,     Devitt, Blackmar and Wolff, Federal Jury Practice and
> Instructions, 104.01 (Supp. 1994)

> _____

> Estes v. Dick Smith Ford, Inc. 856 F.2d 1097, 1102 (8th Cir. 1988). See
> also Village of Arlington Heights v. Metropolitan Housing Development Corp.,
> 429 U.S. 252, 265-66 (1977); Grebin v. Sioux Falls Independent School Dist. No.
> 49-5, 779 F.2d 18, 20, n.l (8th Cr. 1985).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _1)_

Federal law provides that it is unlawful for an employer to intentionally deny a promotion, terminate or to otherwise discriminate against any employee because of that person's race. Plaintiff Raymond Ware claims that Defendant Dpt.of Homeland Security intentionally discriminated against him. Defendant denies this charge. It is your responsibility to decide whether the Plaintiff has proven his claim against the defendant by a preponderance of the evidence.

Your verdict will be for the plaintiff Raymond Ware on his claim of unlawful termination if you find:

First, that plaintiff Ware has proved that his race was, more likely than not, a motivating factor in defendant 's decision not to promote him; and

Second, that defendant has failed to prove that plaintiff Ware would not have been promoted, regardless of his race.

In showing that plaintiff Ware' race was a motivating factor, Ware is not required to prove that his race was the sole motivation or even the primary motivation for defendants' decision to terminate him. Ware need only prove that his race played a part in the defendant's decision not to promote him. 2/

Submitted by the Plaintiff

4      Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions 104.01 (Supp.1994), as modified by Plaintiff Helms. BAMSL, Model Civil Rights in Empl. Jury Inst. 7.02 (b) (1989) (1990

Supp.); <u>Wentz v. Industrial Automation</u>, 847 S.W.2d 877(Mo.App. 1993).

———————————

2/ Estes v. Dick Smith Ford, Inc., 856 F.2d 1097, 1102 (8th Cir. 1988).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _12_

If a party fails to produce evidence which is under his control and

reasonably available to him and not reasonably available to the adverse party, then

you may infer that the evidence is unfavorable to the party who could have

produced it and did not.

E. Devitt, C. Blackmar & M. Wolff, 3 Federal Jury Practice and Instructions

§§ 72.16 (4th ed. 1987)

LEWY v. REMINGTON ARMS CO., INC., 836 F.2d 1104 (8th Cir. 1988)

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13

## DISCRIMINATION & RETALIATION UNDER TITLE VII

SEPARATE VERDICTS ON EACH CLAIM

The plaintiff in this case is Raymond Ware. The defendant in this case is Department of Homeland Security. There are two positions at issue in this case and plaintiff makes claims of discrimination and retaliation as to both. The two positions are: he was discriminated against on the basis of (1) race and/or (2) retaliation when defendant did not promote him. Defendant denies both claims of discrimination and retaliation. Defendant also claims that plaintiff would not have been selected for the position under the circumstances because there were better qualified candidates who would have been selected before plaintiff. By your verdict, you will decide all disputed issues of fact. I have decided all questions of law that arose during the trial and will now instruct you on the law you must follow and apply in deciding your verdict. Because you are being called upon to decide the facts of this case, you should give careful attention to the testimony and exhibits presented for your consideration, bearing in mind how I have instructed you concerning the manner in which you should determine the credibility or "believability" of each witness and the weight to be given to his or her testimony.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 14

If you find that plaintiff Ware is entitled to a verdict on his claim of race discrimination, you should award him an amount which would compensate him for the salary and benefits (i.e., health and life insurance), he would have earned or received if the defendant had not terminated him. If you find under Instruction No. _____ that defendant unlawfully failed to promote Ware, you may also take into account what amounts he would have earned had he received the promotions unlawfully denied him. Plaintiff is not required to prove with unrealistic precision the amount of lost earnings or benefits, if any, due him. Any ambiguities in determining what he would have earned or received should be resolved against the defendant.

There are certain deductions and offsets to be subtracted from the salary and benefits amount. First, you must subtract the value of any salary, income or benefits plaintiff received from other jobs he has held since his employment ended with defendant. Second, if defendant proves that the plaintiff failed to make reasonable efforts to find work and that there were jobs available which plaintiff could have discovered and for which plaintiff was qualified, you must subtract from the salary and benefits sum any amount you find plaintiff could reasonably have earned since his termination.

Submitted by Plaintiff.

Model Civil Rights in Employment Jury Instructions for the Eighth Circuit (1989)., 8.01.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 15

If you find that plaintiff Ware is entitled to a verdict on his claim of unlawful retaliation, you should award him an amount which would compensate him for the salary and benefits (i.e., health and life insurance), he would have earned or received if the defendant had not terminated him. If you find under Instruction No. _____ that defendant unlawfully failed to promote Ware, you may also take into account what amounts he would have earned had he received the promotions unlawfully denied him. Plaintiff is not required to prove with unrealistic precision the amount of lost earnings or benefits, if any, due him. Any ambiguities in determining what he would have earned or received should be resolved against the defendant.

There are certain deductions and offsets to be subtracted from the salary and benefits amount. First, you must subtract the value of any salary, income or benefits plaintiff received from other jobs he has held since his employment ended with defendant. Second, if defendant proves that the plaintiff failed to make reasonable efforts to find work and that there were jobs available which plaintiff could have discovered and for which plaintiff was qualified, you must subtract from the salary and benefits sum any amount you find plaintiff could reasonably have earned since his termination.

Submitted by Plaintiff.

<u>Model Civil Rights in Employment Jury Instructions for the Eighth Circuit</u> (1989)., 8.01.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _1_

## TITLE VII BACK PAY

If you find that Defendant DEPARTMENT OF HOMELAND SECURITY, TRANSPORTATION SECURITY ADMINISTRATION ["TSA"] racially discriminated against the Plaintiff in denying him a promotion to screening manager, and or that it subsequently illegally retaliated against him for complaining about discrimination then you must determine the amount of back pay he is entitled to receive.

The purpose of back pay damages is to make the victim whole for any wages or benefits he would have earned. Back pay is the amount of money the Plaintiff would have earned at the TSA as a full-time screening manager from the date of his availability to the time he found actual employment earning at least as much money; minus any actual wages or benefits he received during this period.

In calculating the amount of back pay, unrealistic precision is not required and uncertainties in the amount he would have earned should be resolved in favor of the Plaintiff. You may estimate the amount of back pay that will constitute just and reasonable compensation for lost wages and benefits based upon the facts before you. You must also add an amount for prejudgment interest on the back pay.

AUTHORITY:


ADAPTED FROM BELLO, DESMARAIS & HARRISON, MODEL JURY

INSTRUCTIONS, EMPLOYMENT LITIGATION, §107[1]; MANUAL OF

MODEL CIVIL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT, 3RD

EDITION, §7.01; 42 U.S.C. §2000E-5(G); ALBEMARLE PAPER CO. V.

MOODY, 422 U.S. 405, 425 (1975); FORD MOTOR CO. V. EEOC, 458 U.S. 219

(1982); GALINDO V. STOODY CO., 793 F.2D 1502, 1507 (9TH CIR. 1986);

FORD V. ALFARO, 785 F.2D 835, 842 (9TH CIR. 1986).


GIVEN AS REQUESTED        _____

GIVEN AS MODIFIED         _____

REFUSED                   _____

WITHDRAWN                 _____


_____

UNITED STATES DISTRICT COURT JUDGE

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _17_

## COMPENSATORY DAMAGES - NON PECUNIARY

If you find that the Plaintiff has proven by a preponderance of the evidence that Defendant TSA, and/or any of the named Defendants, illegally discriminated against him or retaliated against him for opposing the illegal discrimination, you must consider whether he is entitled to compensatory damages.

The Plaintiff has claimed that, because of the Defendants' illegal discrimination, he suffered emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. Compensatory damages are intended to make a victim whole for such injuries. If you find that the Plaintiff has proven this by a preponderance of the evidence, you must award him compensatory damages for those injuries.

No evidence of the monetary value of such pain and suffering has been, or needs to be, introduced into evidence. No exact standard exists for fixing the compensation to be awarded for these injuries. The monetary damages that you award must be reasonable and fair compensation.

When considering the monetary amount of compensatory damages to which a victim is entitled, you should consider the nature, character, and seriousness of any emotional pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that he felt. You must also consider its extent and duration, as

any award you make must cover the damages endured by the victim since the wrongdoing to the present time, and even into the future if you find as fact that the proofs presented justify the conclusion that the victim's emotional stress and its consequences have continued to the present time or can reasonably be expected to continue in the future.

AUTHORITY:

ADAPTED FROM BELLO, DESMARAIS, HARRISON, <u>MODEL JURY INSTRUCTIONS, EMPLOYMENT LITIGATION</u>, §1.07[3] (1994); DEVITT, BLACKMAR AND WOLFF, <u>FEDERAL JURY PRACTICE AND INSTRUCTIONS</u> §§104.05, 104.06, 104A.11 (4th ED. 1987 & SUPP. 1995); 42 U.S.C. §1981a AND b.

GIVEN AS REQUESTED        _____

GIVEN AS MODIFIED        _____

REFUSED        _____

WITHDRAWN        _____

_____
UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO.** $18$

(TO BE GIVEN AT THE CLOSE OF THE EVIDENCE IF EQUITABLE

REINSTATEMENT IS INAPPROPRIATE)

### DAMAGES - FRONT PAY

A special type of future damages, called front pay, is awarded if I determine that reinstating the Plaintiff to the job is inappropriate or not feasible.

The purpose of front pay is to put the victim into the same position he would have occupied had there not been illegal discrimination or retaliation. I instruct you to consider the following in awarding front pay: (1) the Plaintiff's future in the position he would have been employed in at the time of illegal discrimination or retaliation; (2) his remaining work until retirement and life expectancy; (3) his obligation to mitigate future lost earnings; (4) the availability of virtually identical employment opportunities and the time reasonably required to find such comparable employment; and (5) the present value of future lost earnings. I also instruct you that the Plaintiff has presented his evidence on this issue in year 2007 dollars.

If you find for the Plaintiff and I instruct you that his reinstatement is inappropriate, you are to decide his amount of front pay.

AUTHORITY:

Schwartz v. Gregori, 45 F.3d 1017, 1022 (6th Cir.), cert. denied, __ U.S. __, 116
S.Ct. 77 (1995); Griffin v. Michigan Dept. of Corrections, 5 F.3d 186, 189 (6th
Cir.1993); Roush v. KFC National Mgmt. Co., 10 F.3d 392, 399-400 (6th
Cir.1993), cert. denied, __ U.S. __, 115 S.Ct. 56, (1994).

GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____

_____
UNITED STATES DISTRICT COURT JUDGE

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 19

## DUTY TO DELIBERATE

When you retire to the jury room you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you, but do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict, but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

AUTHORITY:

MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE NINTH

CIRCUIT, 3RD EDITION, §3.14.

GIVEN AS REQUESTED        _____

GIVEN AS MODIFIED         _____

REFUSED                   _____

WITHDRAWN                 _____

_____

UNITED STATES DISTRICT COURT JUDGE

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 20

## ELECTION OF FOREPERSON - SPECIAL VERDICT

Upon retiring to the jury room you will select a foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court. Special verdict forms have been prepared for your convenience. You will take these verdict forms to the jury room. When you have reached unanimous agreement on the verdicts, have your foreperson fill them in, date them and sign them. The jury will then return with the completed forms to the courtroom.

AUTHORITY:

ADAPTED FROM DEVITT, BLACKMAR & WOLFF, <u>FEDERAL JURY PRACTICE AND INSTRUCTIONS</u>, § 74.05 (4th ED. 1987 & SUPP. 1995).


GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____


_____
UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO.** 21

## RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached

unanimous agreement on a verdict, your presiding juror will fill in the form that

has been given to you, sign and date it, and advise the court that you are ready to

return to the courtroom.

AUTHORITY:

ADAPTED FROM DEVITT, BLACKMAR & WOLFF, <u>FEDERAL JURY</u>
<u>PRACTICE AND INSTRUCTIONS</u>, § 74.05 (4th ED. 1987 & SUPP. 1995).


GIVEN AS REQUESTED        _____

GIVEN AS MODIFIED         _____

REFUSED                   _____

WITHDRAWN                 _____


_____
UNITED STATES DISTRICT COURT JUDGE