ce: H6

DAPHNE E. BARBEE    2911
Attorney & Counselor at Law
Century Square, Suite 1909
1188 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 533-0275

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 22 2008

at 4 o'clock and 12 min. P M
SUE BEITIA, CLERK

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE, | CIVIL NO. 04-00671 HG/LEK |
| Plaintiff, | **PLAINTIFF'S REPLY TO DEFENDANT'S MOTION IN LIMINE REGARDING PERSONNEL DECISIONS OTHER THAN PLAINTIFF'S TERMINATION; DECLARATION OF COUNSEL; EXHIBITS 1 & 2; CERTIFICATE OF SERVICE** |
| vs. | |
| MICHAEL CHERTOFF, Secretary, Department of Homeland Security; JOHN DOES 2-5, | |
| Defendants. | |
| | **TRIAL DATE:    February 5, 2008** |
| | **TIME:         9:00 a.m.** |
| | **JUDGE:    Hon. Helen Gillmor** |

### PLAINTIFF'S REPLY TO DEFENDANT'S
### MOTION IN LIMINE REGARDING PERSONNEL
### DECISIONS OTHER THAN PLAINTIFF'S TERMINATION

COMES NOW, Plaintiff RAYMOND WARE, by and through his attorney,

Daphne E. Barbee, and hereby files Plaintiff's Reply to Defendant's Motion in

Limine Regarding Personnel Decisions Other than Plaintiff's Termination.

Testimonial evidence about an employer's work environment, observations, and knowledge of other employees about discriminatory practices are admissible at trial in discrimination cases. In <u>Obrey v. Johnson</u>, 400 F.3d 691 (9th Cir. 2005) the Ninth Circuit reversed a trial court's decision to exclude evidence concerning the racial composition of the labor force, background information concerning remarks indicating prejudice, and testimony of three other workers who were not promoted to supervisory positions. The Court ruled:

> "like statistical evidence, anecdotal evidence of past discrimination can be used to establish a general discriminatory pattern in an employer's hiring or promotional practices". <u>Id pg 698</u>.

See also <u>Brown v. Trustees of Boston University</u>, 891 F.3d 337 (1st Cir. 1989) at pg 346.

Federal Courts have admitted evidence of other discriminatory conduct by the employers as:

> "the probative value of (evidence) the employer's (discrimination) of other...employees is especially high because of the inherit difficulty of proving state of mind". <u>Heyne v. Caruso</u>, 69 F.3d 1475, 1480 (9th Cir. 1995).

See also <u>Estes v. Dick Smith Ford, Inc.</u>, 856 F.2d 1097, 1104 (8th Cir. 1988) (evidence of prior acts of discrimination is relevant to an employer's motive even where this evidence is not extensive enough to establish discriminatory in amidst

2

itself); Spulak v. Kmart Corp., 894 F.2d 1150, 1156 (10th Cir. 1990) ("as a general

rule, the testimony of other employees about their treatment by defendant is relevant

to the issue of the   employer's discriminatory intent"); Aman v. Cort Furniture

Rental, 85 F.3d 1074, 1086 (3rd Cir. 1996); and EEOC v. Farmer Bros., 31 F.3d

819, 897-898 (9th Cir. 1994) where the court ruled evidence to prove discriminatory

intent can consist of remarks made to other employees as background information.

       In the instant case, former employees and present employees of defendant

will give background information regarding defendant's intent and defendant's work

atmosphere on the issue of retaliation. Plaintiff filed the retaliation charge of

discrimination when after he filed an informal EEO charge in June 2003 and a

formal EEO charge in August 2003, he was not promoted to the Screening Manager

position. Former employee Allen Wiley was the Customer Complaint and Quality

Control  director and privy to the number of complaints filed at TSA

Honolulu against screeners, supervisor s and managers by customers and

employees. He will testify about knowledge of discrimination complaints and

observance of the manner in which management retaliated against employees.  He

will further testify about the lack of customer complaints against Mr. Ware and Mr.

Ware's knowledge about the SOP.  This testimony rebuts defendant's assertions

about Mr. Ware's work performance. Mr. Wiley testified against Mr. Kamahele at

3

the MSPB Board. Mr. Wiley signed the declaration for plaintiff's Memorandum in Opposition to Second Summary Judgment filed by defendant. His declaration is attached to this reply as Exhibit 1. Mr. Wiley's testimony gives background information on TSA Honolulu and is relevant to defendant's intent and pretext.

TSA Western Director Dennis Clark is called as a witness to provide background information of TSA Honolulu and to his knowledge regarding credibility of Mr. Ken Kamahele during the management inquiry concerning violations of policy on promotions and prohibition against discrimination. Attached Exhibit 2 is a copy of the termination letter Dennis Clark wrote Mr. Kamahele wherein it is specifically stated Mr. Kamahele lied to the management inquiry team, threatened TSA employees by actions and words, and violated policy and prohibitions against discrimination. See attached Exhibit 2.

Defendant has listed Mr. Kamahele not only as its witness, but as its agency representative, despite the fact that Mr. Kamahele no longer works for TSA Honolulu. Dennis Clark's testimony and the letter of termination against Mr. Kamahele is relevant to the matter of credibility. Mr. Kamahele was one of the decision makers who retaliated against Mr. Ware after he filed an EEO complaint by not promoting him to Screening Manager.

In Seller v. Mineta, 350 F.3d 706 (8th Cir. 2003) the court ruled that

4

admission of a reprimand letter against a supervisor in a discrimination case was properly admitted. Similarly in the instant case, Mr. Kamahele's letter of termination for his lack of credibility, for the manner in which he failed to abide by EEO policy and the manner in which he retaliated against employees should be admitted. The evidence goes to show background, work atmosphere, in addition to credibility, or lack thereof. See Glass v. Philadelphia Elec. Co., 34 F.3d 188 (9rd Cir. 1994). Such evidence is relevant to establish pretext and intent. See Estes v. Dick Smith Ford Inc., 856 F.2d 1097, 1103 (8th Cir. 1988); also Hunter v. Allis-Chalmer Scrop, 798 F.2d 1417, 1421 (7th Cir. 1986) (district court decision to admit plaintiff's evidence of harassment of other employees was admitted because evidence was relevant to show the employer condoned this harassment and rebutted its defense).

Witnesses TSA employees Earl Yamasaki and Lauren McMillian were identified in the management inquiry report and termination letter and were witnesses against Mr. Kamahele during his MSPB hearing. See Exhibit 2. Witness Yamasaki and witness McMillian were present when Mr. Kamahele used his fingers in a gun-like fashion and pointed to several screeners saying that he knew he "will pick off those of you that are becoming a problem" and "I know who to get rid of". This is clearly relevant to establish the retaliatory hostile environment in which Mr. Ware worked. Mr. Kamahele was the person who decided Mr. Ware would not be

5

promoted and then went on to say it was due to undocumented complaints against

Mr. Ware as a reason for his decision not to promote him. At the MSPB hearing Mr.

Kamahele asserted he did not use his finger in such fashion. Thus the witnesses are

important to establish credibility in addition to the work atmosphere at TSA

Honolulu and the deciding personnel managers intent to create a retaliatory work

environment. These witnesses were identified through documents provided by

defendants. As defendant's attorney has refused to allow plaintiff's lawyer to speak

with TSA employees alone, and AUSA Helper has more access to the witnesses

than plaintiff, there should be no claim of "surprise".

Witnesses Drake, Aoyagi, Albert, and Waters worked for TSA Honolulu as

screeners with plaintiff. Defendant's reason for not promoting Mr. Ware was that

his work generated complaints. These witnesses counter this false explanation, as

they worked directly with Mr. Ware and stated he understood the SOPs, took time

to explain the SOPs to them, and was a good Screening Supervisor. Ms. Drake has

direct knowledge that Mr. Ware never stole any items from TSA Honolulu, as has

been hinted at in the memorandum from Robin Wong, which is listed as an exhibit

by defendants. Her testimony goes towards the credibility and pretext provided by

Mr. Kamahele and defendant TSA.

Witness Shafiq will testify about the emotional suffering plaintiff endured

6

from his discriminatory treatment while working at TSA Honolulu, and how it affected him. His testimony goes toward compensatory damages, as requested by Plaintiff in the Complaint.

Defendant cites to a case AUSA Tom Helper was directly involved in, Bruno v. Chertoff, for precedential value. See Exhibit A to defendant's Motion in Limine. Bruno v. Chertoff involved different sets of facts and was presented to a different judge than the instant Court. In Bruno, the Court did not grant a Motion in Limine to the evidence, but requested additional proffer. Thus this order does not have precedential value to the evidence and testimony plaintiff proposes to present in his case. Furthermore, the Court did not limit and exclude such testimony.

The case Obrey v. Johnson, 400 F.3d 691 (9th Cir. 2005) is precedential and dispositive as the Ninth Circuit ruled such background information, observations, and employer remarks by others are admissible in a retaliation discrimination failure to promote cases. Therefore, this Court should deny defendant's Motion in Limine regarding personnel decisions other than plaintiff's termination.

DATED: Honolulu, Hawaii, _____.

_____
DAPHNE E. BARBEE
Attorney for Plaintiff RAYMOND WARE