```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF HAWAII

RAYMOND WARE,                    )   CIVIL NO. 04-00671 HG-LEK
                                 )
                                 )
            Plaintiff,           )
                                 )
      vs.                        )
                                 )
MICHAEL CHERTOFF, Secretary,     )
Department of Homeland           )
Security; John Does 2-5,         )
                                 )
            Defendants.          )
                                 )
_____  )
```

**ORDER REQUIRING WRITTEN PROFFER FROM PLAINTIFF AS TO DEFENDANT'S MOTION IN LIMINE REGARDING PERSONNEL DECISIONS OTHER THAN PLAINTIFF'S TERMINATION AND AS TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE WITNESSES NOT DISCLOSED BY PLAINTIFF PRIOR TO DISCOVERY DEADLINE**

On January 15, 2008, the Defendant filed a "Motion in Limine Regarding Personnel Decisions Other than Plaintiff's Termination [sic - should read promotion]" and a "Motion in Limine to Exclude Witnesses Not Disclosed By Plaintiff Prior to Discovery Deadline". Through these motions, Defendant seeks exclusion of testimony regarding personnel actions as to employees other than Plaintiff and the exclusion of testimony from witnesses who Plaintiff did not previously disclose to Defendant in discovery.

At the January 25, 2008 hearing on these motions, Defendant identified the following witnesses, listed in Plaintiff's January 15, 2008 Witness Statement, as being at issue: Milagros Drake, Cynthia Albert, Allen Wiley, Eli Waters, Sr., Ching Chu Ware,

1

Terry Sudoval, Earl Yamasaka, Lauren McMillian, Dennis Clark, Roger Ioyagi, and Haneef Bilal Abdul Shafiq.

Generally, "an employer's conduct tending to demonstrate hostility towards a certain group is both relevant and admissible where the employer's general hostility towards that group is the true reason behind firing an employee who is a member of that group." Heyne v. Caruso, 69 F.3d 1475 (9th Cir. 1995).  The evidence, however, must show that the Defendant "was hostile toward a well-defined and protected group such as persons of a particular race, persons of a particular gender, or persons who are disabled."  Beachy v. Boise Cascade Corp., 191 F.3d 1010, 1014 (9th Cir. 1999).

In order for the Court to be fully informed of all facts necessary to rule on this matter, Plaintiff is ordered to provide the Court with a written proffer as to the testimony of each of these witnesses.  As to each of the witnesses anticipated to testify as to the treatment of anyone other than Plaintiff, Plaintiff must explain the relationship between that action and the alleged discrimination and/or retaliation against Plaintiff. The proffer should include, but is not limited to, the nature of the alleged discriminatory act(s) against the witness, the time of the alleged discriminatory act(s) against the witness, the person who discriminated against the witness, and the relevance of the witness' testimony.

Moreover, in resolving whether a witness designation is timely the Court asks the following questions: (1) Was the person identified in the Rule 26(f) initial disclosures? (2) If not, was the person identified in a supplemental disclosure pursuant to Rule 26(e)? (3) If not, has the person and his connection to the claims or defenses of the proffering party otherwise been made known to the other parties during the discovery process or in writing thereby excusing the failure to supplement under Rule 26(e)? (4) If not, has the proffering party shown that its failure was substantially justified to avoid Rule 37 sanctions? (5) If not, has the proffering party shown that its failure was harmless to avoid Rule 37 sanctions?

For witnesses Defendant contends were not previously disclosed in discovery, Plaintiff's proffer must address each of these questions.

//
//
//
//
//
//
//
//
//

Plaintiff's proffer is to be filed no later than 3:00 p.m. on Monday, January 28, 2008.  The pretrial conference is continued until Tuesday, January 29, 2008 at 10:00 a.m. and Defendant will have an opportunity to address Plaintiff's proffer at that time.

IT IS SO ORDERED.

Dated:   January 25, 2008, Honolulu, Hawaii.



/s/ **Helen Gillmor**_____
Chief United States District Judge