DAPHNE E. BARBEE   #2911
Attorney at Law
Suite 1909, Century Square
1188 Bishop Street
Honolulu, Hawaii 96813
Telephone No.: (808) 533-0275

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND E. WARE, | ) | CIVIL NO. CV 04-00671 HG/LEK |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S SECOND RESPONSE |
| | ) | TO ORDER REQUIRING |
| vs. | ) | WRITTEN PROFFER; EXHIBIT 1-4; |
| | ) | CERTIFICATE OF SERVICE |
| MICHAEL CHERTOFF, Secretary, | ) | |
| Department of Homeland Security; | ) | |
| JOHN DOES 2-5, | ) | Trial Date: March 11, 2008 |
| | ) | |
| Defendants. | ) | Judge: Helen Gillmor |
| | ) | |

**PLAINTIFF'S SECOND RESPONSE
TO ORDER REQUIRING WRITTEN PROFFER**

Comes now Plaintiff RAYMOND E. WARE, by and through his attorney,

Daphne E. Barbee, and submits the following second response to the Court's Order

Requiring Written Proffer As To Defendant's Motion In Limine Regarding

Personnel Decision Other Than Plaintiff's Termination And As To Defendant's

Motion In Limine To Exclude Witnesses Not Disclosed By Plaintiff Prior To

Discovery Deadline.

**WITNESSES**

1. **ROGER AOYAGI, TSA Employee c/o AUSA Helper, 300 Ala Moana Blvd., Room 6-100, Honolulu, Hawaii 96850.**

Mr. Aoyagi worked with Mr. Ware at TSA Honolulu. He will testify that Mr. Ware is a very good supervisor who has full knowledge of the Standard Operating Procedures. Mr. Aoyagi was interviewed by Mr. Helper recently. According to Mr. Ware, Mr. Aoyagi's testimony will rebut defendant's pretextual reason for not promoting Mr. Ware and the credibility of Mr. Kamahele. Additionally, Mr. Aoyagi was called by TSA attorney as a witness at the MSPB concerning Mr. Kamahele because he observed Mr. Kamahele use his finger in a gun-like motion towards airport screeners at a meeting. See Exhibit 1, pages 16-18, a portion of TSA Appellate brief outlining this proffer. The meeting occurred at TSA Honolulu in 2003 and concerned screeners employees use of sick leave. Mr. Aoyagi will testify that the manner in which Mr. Kamahele used his fingers was threatening towards screeners and indicative of retaliatory intent towards employees who exercise their rights. Mr. Kamahele denied he made any such gesture which raises credibility problems with his testimony and demonstrates his lack of candor. This evidence is important to establish pretext. See Exhibit 2 p.g 3,

portion of termination letter to MR. Kamahele from Dennis Clark.

 2. **CYNTHIA ALBERT, TSA Employee, c/o Assistant U.S. Atty Tom Helper, 300 Ala Moana Blvd., Room 6-100, Honolulu, Hawaii 96850.**

Ms. Albert worked with Mr. Ware. She has knowledge of Mr. Ware's good work habit and ability to be a Screening Manager. She will testify Mr. Ware knew the Standard Operating Procedures (SOP) and did not have complaints against him. She worked with Mr. Ware while he was at Checkpoint 5. She will testify that when Mr. Ware was her supervisor there were no problems with the screening and everything ran smoothly. Once Mr. Ware was reassigned or not there at the Checkpoint problems arose because other Screening Supervisors/Managers did not know the SOP.

 3. **ALLEN WILLEY, Former TSA Customer Complaint and Quality Control Manager, 1916 Pike Place, Suite 12, Box 8, Seattle, Washington 98101-1097.**

Mr. Willey will testify that plaintiff was one of the best Screening Supervisors at Honolulu TSA. Whenever he had a question about the SOP he always went to plaintiff. This will rebut defendant's pretext that plaintiff had numerous customer complaints. Mr. Willey will testify that there were no complaints about Mr. Ware except for one complaint which was unfounded pertaining to a passenger who was upset because he could not take his cane on the airplane after the airlines

3

(Northwest) refused to allow him to do so. Mr. Willey will testify that he spoke with Mr. Hayakawa about the incident and both he and Mr. Hayakawa agreed that Mr. Ware did nothing wrong and wrote a letter to the customer. Mr. Willey will testify there were a lot of complaints about other screeners ranging from having to take off their shoes to not allowing syringes through the screening process. Mr. Willey will testify that the TSA Prohibited Items list constantly changed.

Mr. Willey will testify that he served on several promotion board interview panels. He was present when Mr. Kamahele entered a promotion interview room and stood behind a woman who was being interviewed in May 2005. See Exh.2 . The manner in which Mr. Kamahele stood behind the woman was intimidating and threatening. Mr. Kamahele did not do this towards other candidates. Mr. Willey testified at the MSPB hearing against Mr. Kamahele.

Mr. Willey will also testify that in 2005 after he reported an allegation of sex harassment as a civil rights complaint on behalf of a female employee, Mr. Hayakawa began to retaliate against him.  In 2006 Mr. Willey reported sex harassment to Mr. Hayakawa on behalf of a 69 year old woman.  Mr. Hayakawa retaliated against Mr. Willey by taking  away job duties, prohibited him from contacting internal affairs directly and TSA attorney M. Buxton. Attached Exhibit 3 is Mr. Willey's declaration . Exhibit 4 is a portion of his  complaint regarding the

sex harassment allegation and retaliation. Mr. Willey will testify that during the management inquiry investigation, several persons who were interviewed were concerned about retaliation and did suffer retaliation from Mr. Kamahele and Mr. Hayakawa.

Mr. Willey no longer works at TSA Honolulu and left in part because of the hostile work environment.

4. **ELI WATERS, SR., Former AKAL and TSA Employee, 145 Muliwai Avenue, Wahiawa, Hawaii 96786.**

Mr. Waters worked at TSA Honolulu as an AKAL, then as a TSA Screener with Mr. Ware. He will testify that Mr. Ware did his work very well and was extremely helpful in explaining the SOP and answering any questions that he had. He will testify that he knows Mr. Kamahele and that Mr. Kamahele has a reputation in the community for untruthfulness.

5. **HANEEF BILAU ABDUL SHAFIQ, 1624 Liholiho Street #1, Honolulu, Hawaii 96822.**

Mr. Shafiq is a friend of Mr. Ware. He will testify about the emotional damage and pain and suffering that Mr. Ware experienced when he was not promoted to Screening Manager. Mr. Shafiq knew Mr. Ware both before he applied for Screening Manager and after he applied and was rejected as a Screening

Manager. Mr. Ware confided his hurt feelings and frustrations with Mr. Shafiq. Mr. Shafiq was so concerned about Mr. Ware's hurt feelings that he recommended Mr. Ware seek professionally counseling about his emotional distress.

6. **CHING CHU WARE, c/o Attorney Daphne E. Barbee, 1188 Bishop Street, Suite 1909, Honolulu, Hawaii 96813.**

Ms. Ching Chu Ware is Mr. Ware's wife and will testify about the damages Mr. Ware suffered. She will testify how the lack of promotion affected Mr. Ware emotionally. She will verify that he was depressed, upset and traumatized as a result of not being promoted to Screening Manager. She will testify about the difference in Mr. Ware's demeanor and emotional behavior before and after defendant failed to promote Mr. Ware. She will testify that MR. Ware became withdrawn, unhappy, had poor self esteem and less affectionate after he was not promoted.

7. **TERRY SANDABAL, Former TSA Employee, 11C Dole Road, Wahiawa, Hawaii 96786.**

Ms. Sandabal worked with Mr. Ware. She will testify that Mr. Ware was a very good Screening Supervisor and that he trained her. She will testify that he had a good understanding of the Standard Operating Procedure and that he was one of the best screening supervisors. She will rebut any testimony that Mr. Ware took a sweater/jacket and other items as alleged by Mr. Talbot.

8.   **CTSS Earl Yamasaka**
     **TSA Employee**
     **c/o Assistant U.S. Atty Tom Helper**
     **300 Ala Moana Blvd., Room 6-100**
     **Honolulu, Hawaii 96850**

Will testify about credibility of Mr. Kamahele and retaliation. He heard Mr. Kamahele make statements such as " he is loading bullets into is gun, and when he fired it, he was going to make sure it all came out". Mr. Kamahele made these statements at the TSA workplace while referring to screeners employees in 2003. Mr. Yamasaka's statements are contained in the MSPB decision which AUSA Helper sent to the Court and Plaintiff's Counsel on January 23, 2008.The Statements are also found in the personnel files of Mr. Kamahele which were given to Plaintiff after January 11, 2008. Mr. Kamahele denied making these statements despite several persons hearing and seeing it.

9.   **Dennis Clark**
     **Former TSA Western Director**
     **1125 Kent Ave. NW**
     **Albuquerque, NM 87112**

Will testify regarding credibility of Mr. Kamahele. Mr. Clark wrote the termination letter to Mr. Kamahele after reviewing the Management Inquiry report, interviewing witnesses and reviewing the numerous complaints about

7

Mr. Kamahele and the retaliatory work environment Mr. Kamahele created at TSA Honolulu. Mr. Clark's name is on the termination letter, and on documents contained in MR. Kamahele's personnel file which AUSA Helper gave to Plaintiff on January 11, 2008, after the deposition of Plaintiff. Mr. Clark will authenticate the termination letter and explain the reasons for his decision to terminate Mr. Kamahele. See Exhibit 2. Mr. Clark previously testified at the MSPB hearing on behalf of TSA against Mr. Kamahele. Mr. Clark will testify regarding the credibility of Mr. Kamahele.

Exhibit 1 was given to Plaintiff on January 30, 2008 by AUSA Tom Helper. Exhibit 4 was given to Plaintiff on February 4, 2008 by AUSA Tom Helper. Given the late disclosure of these documents, there should be no claim of surprise or prejudice to the Defendants about the proffer. Plaintiff therefore requests this Court permit the witnesses to testify.

DATED: Honolulu, Hawaii, 2-7-08

_____
DAPHNE E. BARBEE
Attorney for Plaintiff