IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL CHERTOFF, Secretary, | ) | |
| Department of Homeland | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE REGARDING PERSONNEL DECISIONS OTHER THAN PLAINTIFF'S TERMINATION (SIC. - FAILURE TO PROMOTE)**
**AND**
**DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE WITNESSES NOT DISCLOSED BY PLAINTIFF PRIOR TO DISCOVERY DEADLINE**
**AND**
**DENYING PLAINTIFF'S MOTION IN LIMINE NO. 1 - TO PROHIBIT DEFENDANT FROM PRESENTING HEARSAY EVIDENCE OF COMPLAINTS ABOUT PLAINTIFF'S WORK PERFORMANCE**

In this case, Plaintiff Raymond Ware, a former airport screener at the Honolulu International Airport, alleges that his employer, Department of Homeland Security, Transportation Security Administration, failed to promote him due to unlawful race discrimination and in retaliation for his filing an Equal Employment Opportunity complaint.  Both Plaintiff and Defendant have filed various motions in limine. The Court ruled on some of those motions in its January 29, 2008 Minute Order.  The Court's

                                 1

Order regarding the remaining motions is as follows.

**A.   Defendant's Motions**

    **1.   *Defendant's Motion in Limine to Exclude Witnesses Not Disclosed by Plaintiff Prior to Discovery Deadline***

Defendant has moved, pursuant to Fed. R. Civ. P. 26 and 27, to exclude certain witnesses identified by Plaintiff on the grounds that they were not properly disclosed in response to the Defendant's discovery requests or otherwise, prior to the discovery cut-off in this action.  Rule 26(a) requires every party to identify individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses.  Parties are also under a continuing duty to supplement their disclosures.  Fed. R. Civ. P. 26(e).  "Rule 37(c)(1) provides, in relevant part:  A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."  Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 n. 1 (9th Cir. 2001) (upholding exclusion of expert witness for failure to disclose expert report).  The district court has wide latitude to issue sanctions under Rule 37(c)(1).  Id. at 1106.  A showing of bad faith or willfulness is not required.  Id.

The court in Depew v. ShopKo Stores, Inc., 2006 WL 47357, at *1 (D. Idaho Jan. 6, 2006) articulated "a five-step "decision tree" for resolving whether a witness designation is timely: (1) Was the person identified in the Rule 26(f) initial disclosures? (2) If not, was the person identified in a supplemental disclosure pursuant to Rule 26(e)? (3) If not, has the person and his connection to the claims or defenses of the proffering party "otherwise been made known to the other parties during the discovery process or in writing" thereby excusing the failure to supplement under Rule 26(e)? (4) If not, has the proffering party shown that its failure was substantially justified to avoid Rule 37 sanctions? (5) If not, has the proffering party shown that its failure was harmless to avoid Rule 37 sanctions?"  If the witnesses have not been disclosed, the key question is whether Plaintiff is able to show the failure to disclose these witnesses was substantially justified or harmless. Yeti by Molly, Ltd., 259 F.3d at 1106-07.

2. ***Defendant's Motion in Limine Regarding Personnel Decisions Other Than Plaintiff's Termination***

Defendant also moved, pursuant to Fed. R. Evid. 401, 402, 403, and 608, for a court order directing Plaintiff to make a detailed proffer regarding evidence of personnel decisions other than the decision not to promote Plaintiff, and to exclude such evidence to the extent the proffer fails to establish an

appropriate foundation.

Fed. R. Evid. 401, 402, and 403 pertain to the relevancy of evidence and the exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time. Fed. R. Evid. 608 pertains to the admissibility of character evidence. Fed. R. Evid. 608 provides:

> (a) Opinion and reputation evidence of character. The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.
>
> (b) Specific instances of conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

There is also case law, in the employment context, governing when an employer's conduct toward other employees may be admissible. Generally, "an employer's conduct tending to demonstrate hostility towards a certain group is both relevant and admissible where the employer's general hostility towards

that group is the true reason behind firing an employee who is a member of that group." Heyne v. Caruso, 69 F.3d 1475 (9th Cir. 1995).  Evidence of personnel action other than the one at issue may be relevant to show motive.  To be admissible, however, the evidence must show that the Defendant "was hostile toward a well-defined and protected group such as persons of a particular race, persons of a particular gender, or persons who are disabled."  Beachy v. Boise Cascade Corp., 191 F.3d 1010, 1014 (9th Cir. 1999).

**B.    Court's Order Requiring Written Proffer and Plaintiff's Response**

On January 25, 2008, the Court entered an "Order Requiring Written Proffer from Plaintiff as to Defendant's Motion in Limine Regarding Personnel Decisions Other than Plaintiff's Termination and as to Defendant's Motion in Limine to Exclude Witnesses not Disclosed by Plaintiff Prior to the Discovery Deadline."  (Doc. 168.)  The Court's Order required Plaintiff to make a written proffer as to both the relevancy of the Defendant's other personnel decisions and as to the timeliness of Plaintiff's disclosure of his listed witnesses.  In particular, as to each of the witnesses anticipated to testify as to the treatment of anyone other than Plaintiff, the Court ordered Plaintiff to explain the relationship between that action and the alleged discrimination and/or retaliation against Plaintiff.

5

On January 28, 2008, Plaintiff filed a written proffer in response to the Court's order.

On January 29, 2008, the Court held a further final pretrial conference and gave Plaintiff additional time to file a response to the Court's order requiring a written proffer. At the hearing, Plaintiff's counsel conceded that none of the identified witnesses would testify as to alleged instances of discrimination against African-Americans. The Court ordered Plaintiff to again specify the precise nature of the protected activity at issue and the precise nature of the retaliation which allegedly took place as a result of the protected activity.

On February 7, 2008, Plaintiff filed a second response to the Court's order requiring a written proffer. On February 11, 2008, the Court held a further final pretrial conference at which the Defendant orally responded to Plaintiff's proffer.

C. **Court's Ruling as to Anticipated Testimony of Witnesses Identified in Plaintiff's Written Proffer**

Having reviewed all of the parties' filings, the Court considers the admissibility of the testimony for each witness identified in Plaintiff's second response to the Court's order requiring written proffer.

**Roger Aoyagi:** Mr. Aoyagi is a TSA employee.

*Testimony regarding Plaintiff's work performance*

Plaintiff represents that Mr. Aoyagi "will testify that Mr.

Ware is a very good supervisor who has full knowledge of the Standard Operating Procedures." Defendant objects that such testimony is irrelevant because the issue is not what other employees, in particular, subordinate employees, thought of Plaintiff's work performance; but rather, what Plaintiff's supervisors thought of his work performance. While of limited relevance, the Court will allow brief inquiry into Mr. Aoyagi's experience working with Plaintiff.  Defendant may, of course, cross-examine Mr. Ayogai regarding the basis for, and limited extent of, his knowledge.

### *Mr. Aoyagi cannot testify regarding Mr. Kamahele's gun-like finger pointing*

Plaintiff also represents that Mr. Aoyagi will testify regarding a specific instance of alleged misconduct by Mr. Kamahele, in particular, that Mr. Kamahele used his finger in a gun-like motion towards airport screeners at a meeting called to discuss employee abuse of sick leave.  Plaintiff states: "Mr. Aoyagi will testify that the manner in which Mr. Kamahele used his fingers was threatening towards screeners and indicative of retaliatory intent towards employees who exercise their rights." This specific instance of alleged misconduct is not relevant to show motive because there is no evidence that Mr. Aoyagi is a member of the same protected group as Plaintiff either because of his race or because he filed a charge of employment discrimination.

7

Evidence that Mr. Kamahele used his finger in a gun-like motion toward airport screeners is also a specific instance of conduct, the admissibility of which is governed by Fed. R. Evid. 608. Fed. R. Evid. 608(b) generally forbids the use of extrinsic evidence to attack credibility. Under Fed. R. Evid. 608(b), Plaintiff cannot introduce such evidence through Mr. Aoyagi on direct examination.

### *Plaintiff cannot cross-examine Mr. Kamahele regarding the gun-like finger pointing*

Plaintiff's proffer as to Mr. Aoyagi's testimony raises the question of whether Plaintiff may inquire into Mr. Kamahele's alleged use of his finger in a gun-like manner during cross-examination. Defendant contends that Plaintiff cannot because such evidence is irrelevant and unduly prejudicial. Plaintiff counters that such evidence is relevant to show Mr. Kamahele's character. The Court finds that such evidence is irrelevant and unduly prejudicial. Contrary to Plaintiff's contention, the evidence does not go to Mr. Kamahele's credibility or alleged lack of candor. Although it may be an inappropriate management technique, it does not shed light on Mr. Kamahele's character for truthfulness or untruthfulness. As set forth above, it is not relevant to motive because there is no evidence that Mr. Kamahele made such a gesture to a particular group of employees similarly situated to Plaintiff. Finally, even if evidence that Mr. Kamahele used his finger in a gun-like fashion were relevant, the

Court excludes it under Fed. R. Evid. 403 because of the danger of unfair prejudice.

### *Additional witnesses proffered by Plaintiff anticipated to testify regarding Plaintiff's work performance*

Plaintiff proffers the following witnesses for the purposes of testifying as to Plaintiff's work habits and job performance and/or as to Mr. Kamahele's reputation in the community for untruthfulness: **Cynthia Albert, Eli Waters, Sr., and Terry Sandabal**.  As set forth above, the Court will allow limited testimony by these witnesses regarding Plaintiff's work habits and job performance.

To the extent Defendant seeks to exclude these witnesses on the grounds that Plaintiff failed to timely disclose them, the Court is not persuaded that Rule 37 sanctions are appropriate under the circumstances.  Any failure to disclose these witnesses was harmless.  This is particularly true in light of the limited nature of the anticipated testimony of these witnesses.

### *Damages witnesses*

Plaintiff represents that **Haneef Bilau Abdul Shafiq** and **Ching Chu Ware** will testify as to emotional damages suffered by Plaintiff.  Defendants only objection is that Plaintiff failed to timely disclose these witnesses.  Plaintiff has proffered sufficient evidence to show that the failure to disclose was harmless.  The nature of the witnesses' anticipated testimony is

9

not complex.  Moreover, Ms. Ware is Plaintiff's wife and was listed as a witness in Plaintiff's EEO Complaint.

   ***Other witnesses***

   **Allen Willey**: Mr. Willey is the former TSA Customer Complaint and Quality Control Manager.  Plaintiff represents that Mr. Willey will testify: (1) as to Plaintiff's job performance, including the lack of customer complaints against him and the number of customer complaints against other screeners; (2) that he saw Mr. Kamahele stand behind a woman being interviewed for a promotion in an intimidating and threatening manner; and (3) as to alleged retaliation against him for reporting an allegation of sexual harassment as a civil rights complaint on behalf of a female employee.

   (1)  Mr. Willey's anticipated testimony as to Plaintiff's job performance and the lack of customer complaints is relevant and admissible.
   (2)  Mr. Willey's anticipated testimony as to Mr. Kamahele's allegedly intimidating behavior toward an interviewee is inadmissible as irrelevant.
   (3)  Mr. Willey's anticipated testimony as to alleged retaliation against him for reporting sexual harassment against another employee is admissible as it is relevant to show motive.  While Mr. Willey did not make a civil rights complaint on his own behalf, he is a

>member of the same protected group - persons lodging civil rights complaints - as Plaintiff.  See Heyne, 69 F.3d 1475 (district court committed reversible error in failing to allow plaintiff to introduce testimony of other female employees who also claimed to have been sexually harassed).

**CTSS Earl Yamasaka**: Plaintiff represents that Mr. Yamasaka will testify about statements Mr. Kamahele made about loading bullets into a gun.  Just as Mr. Aoyagi's proffered statements are inadmissible, such statements are inadmissible as irrelevant, unfairly prejudicial, and improper specific act character evidence.  The fact that, in another proceeding, Mr. Kamahele denies making such statements is a *disputed fact* in that other proceeding and is not evidence as to his character for truthfulness or untruthfulness.

**Dennis Clark**: Dennis Clark is the former TSA Western Director.  Plaintiff represents that Mr. Clark will testify as to specific instances of alleged misconduct by Mr. Kamahele that were part of a separate investigation regarding Mr. Kamahele that led to a Merit System Protection Board hearing.  The proffered testimony by Dennis Clark is inadmissible as irrelevant and as specific act character evidence under Fed. R. Evid. 608(b).

D.  **Plaintiff's Motion in Limine No. 1 - Prohibiting Defendant from Presenting Hearsay Evidence Concerning Complaints About Work Performance**

Plaintiff moves to exclude what he contends is hearsay evidence concerning complaints about Plaintiff's work performance. Plaintiff cites to Federal Rules of Evidence 802, 403 and 404(b). Fed. R. Evid. 802 provides that hearsay is inadmissible. Hearsay is an out-of-court statement used to prove the truth of the matter asserted. Fed. R. Evid. 801(c).

Fed. R. Evid. 403 provides for the exclusion of relevant evidence when its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waster of time, or needless presentation of cumulative evidence. Fed. R. Evid. 404(b) makes evidence of other crimes, wrongs or acts inadmissible to prove the character of the person or to show action in conformity therewith.

Plaintiff is concerned about two pieces of evidence: (1) testimony from Lizette Haneberg, as documented in a 9/11/03 inter-office memorandum, that passengers complained to Haneberg about Plaintiff; and (2) evidence that a person alleged that Plaintiff stole his jacket as documented in a 3/26/03 memorandum from Screening Manager, Robin Ann K. Wong to Kamahele.

As Defendant points out, the Haneberg memo and the passenger complaints are directly relevant to showing why Defendant decided

12

to promote other employees ahead of Plaintiff.  The complaint that Plaintiff stole a jacket is relevant to Plaintiff's work performance.  Defendant does not contend that Plaintiff stole the jacket, but Wong will testify that in the course of the incident Plaintiff admitted responsibility for making an incorrect decision.  Fed. R. Evid. 404(b) allows for the admissibility of other act evidence for other purposes, such as proof of motive.

The Court finds, as other courts have, that in the Title VII context, such evidence is admissible as relevant to the decision-maker's state of mind.  See, e.g., Garner v. Missouri Dept. of Mental Health, 439 F.3d 958, 959 (8th Cir. 2006) (reports to decision-maker of employee's wrongdoing offered to explain why decision-maker suspended employee, not for truth that employee committed wrongdoing); Capobianco v. City of New York, 422 F.3d 47, 55-56 (2nd Cir. 2005) (document in discrimination plaintiff's file was admissible to show the employer's state of mind in terminating employee).  In this case, evidence of passenger complaints and as to the jacket incident is relevant to the issue of why Defendant decided not to promote Plaintiff -- whether for for a legitimate reason or due to an unlawful discriminatory motive.  Plaintiff's Motion in Limine No. 1 is DENIED.

**CONCLUSION**

For the foregoing reasons,

(1) **DEFENDANT'S MOTION IN LIMINE REGARDING PERSONNEL DECISIONS OTHER THAN PLAINTIFF'S TERMINATION (SIC. - FAILURE TO PROMOTE)** (Doc. 136) is **GRANTED IN PART AND DENIED IN PART;**

(2) **DEFENDANT'S MOTION IN LIMINE TO EXCLUDE WITNESSES NOT DISCLOSED BY PLAINTIFF DISCLOSED PRIOR TO DISCOVERY DEADLINE** (Doc. 137) is **DENIED**; and

(3) **PLAINTIFF'S MOTION IN LIMINE NO. 1** (Doc. 138) is **DENIED.**

IT IS SO ORDERED.

DATED: March 10, 2008, Honolulu, Hawaii.



　　　　　　　　　　　　　　　　　　/s/ Helen Gillmor
　　　　　　　　　　　　　　　　　　Chief United States District Judge

_____
Raymond Ware v. Michael Chertoff, Secretary, Department of Homeland Security, CV 04-00671, **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE REGARDING PERSONNEL DECISIONS OTHER THAN PLAINTIFF'S TERMINATION (SIC. - FAILURE TO PROMOTE)AND DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE WITNESSES NOT DISCLOSED BY PLAINTIFF PRIOR TO DISCOVERY DEADLINE AND DENYING PLAINTIFF'S MOTION IN LIMINE NO. 1 - TO PROHIBIT DEFENDANT FROM PRESENTING HEARSAY EVIDENCE OF COMPLAINTS ABOUT PLAINTIFF'S WORK PERFORMANCE**