IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG LEK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | DEFENDANT'S MOTION TO |
| v. | ) | BIFURCATE TRIAL |
| | ) | |
| MICHAEL CHERTOFF, Secretary, | ) | |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO BIFURCATE TRIAL

Federal Rule of Civil Procedure 42(b) provides, in pertinent part:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or any number of claims, cross-claims, counterclaims, third party claims, or issues . . .

Under the rule, courts have discretion to bifurcate trials in order to avoid prejudice, to promote expedition and economy, or to further convenience. Ellingson Timber Co. v. Great N. Ry. Co., 424 F. 2d 497, 499 (9th Cir. 1970). The decision whether to bifurcate proceedings is within a court's sound discretion. See Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004).

The moving party has the "burden of proving that bifurcation will promote judicial economy and avoid inconvenience or prejudice to the parties." Deguchi v. Allstate Insurance Co., 2007 WL 3022235, *5-6 (D. Haw., October 10, 2007) (citations omitted). Factors that courts consider in determining whether bifurcation is appropriate include: (1) whether the issues are significantly different from one another; (2) whether the issues are to be tried before a jury or to the court; (3) whether the posture of discovery on the issues favors a single trial or bifurcation; (4) whether the documentary and testimonial evidence on the issues overlap; and (5) whether the party opposing bifurcation will be prejudiced if it is granted. Id.

Bifurcation is particularly appropriate when the resolution of a single claim or issue could be dispositive of the entire case. Id. Bifurcation is inappropriate where the issues are so intertwined that separating them would "tend to create confusion and uncertainty." See Miller v. Fairchild Indus., Inc., 885 F.2d 498, 511 (9th Cir. 1989).

In this case, bifurcation of damages from the liability portion of the case will promote expedition and economy because it will ensure the completion of testimony on liability by Friday March 14. Bifurcation will mitigate the time constraints created by plaintiff's counsel's illness, which required a short delay in the start of the trial following jury selection, and by defense

counsel's upcoming trial in another matter that is set to commence on March 25, 2008. Only March 12 through March 14, the afternoon of March 17 and March 21 remain to complete this case. By delaying the testimony on damages, the parties should be able to make closing arguments by Monday, March 17, and jury deliberation on liability could begin thereafter. This would prevent ending presentation of evidence on March 17 and then having the jury wait until March 21 for closing arguments and the start of deliberations. If necessary, testimony and argument on the damages issue could be taken on March 21, 2008.

Because bifurcation of the damages and liability issues will promote judicial economy and because it will not result in any prejudice to the plaintiff, the defendant respectfully requests that this Motion be granted.

DATED: March 11, 2008, at Honolulu, Hawaii.

>                 EDWARD H. KUBO, JR.
>                 United States Attorney
>                 District of Hawaii
>
>                        /s/ Thomas A. Helper
>                 By _____
>                 THOMAS A. HELPER
>                 Assistant U.S. Attorney
>
>                 Attorneys for Defendant