DAPHNE E. BARBEE  2911
Attorney & Counselor at Law
Century Square, Suite 1909
1188 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 533-0275

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 12 2008

at 9 o'clock and 12 min. 9 M.
SUE BEITIA, CLERK

Attorney for Plaintiff Raymond Ware

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND E. WARE; | ) | CIVIL NO. CV 04-00671 HG/LEK |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S SECOND |
| | ) | PROPOSED JURY |
| | ) | INSTRUCTIONS |
| | ) | FORMS; CERTIFICATE OF |
| | ) | SERVICE |
| MICHAEL CHERTOFF, Secretary, | ) | |
| Department of Homeland Security; | ) | |
| JOHN DOES 2-5, | ) | Trial Date: March 11 5, 2008 |
| | ) | Time: 9:00a.m. |
| Defendants. | ) | Judge: Helen Gillmor |
| | ) | |

PLAINTIFF'S SECOND PROPOSED JURY INSTRUCTIONS

The Plaintiff RAYMOND WARE, through his undersigned attorney of

record, Daphne E. Barbee, pursuant to the Court's Order, Local Rule 2.16, and

Rule 51 of the Federal Rules of Civil Procedure, submits the following second

proposed jury instructions: Juge Gilmor standard instructions Nos. 1,2(Defendant

as Federal party) 3-14, 16,17B, 20 21 22, Ninth Circuit Jury Instructions No.

10.1C Civil rights, Race as Motivating Factor, Retaliation as Motivating Factor, 10.3 Retaliation, 10.4B Civil Rights Tangible Action, 5.1 Damages and 5.2 Damages and the following attached Special Instructions.

DATED: Honolulu, Hawaii    3-12-08

DAPHNE E. BARBEE
Attorney for Plaintiff

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. ____

Plaintiff can prove pretext either by (1) indirectly by showing that the employer's proffer explanation is unworthy of credence because it is internally inconsistent or otherwise not believable, or (2) directly by showing that the unlawful discrimination more likely motivated the employer. Source Goodwin V. Hunt Wesson, Inc., 150 F.3d 1217, 1220-22 (9th Cir. 1998).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO.

If a party fails to produce evidence which is under his control and reasonably available to him and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

E. Devitt, C. Blackmar & M. Wolff, 3 Federal Jury Practice and Instructions §§ 72.16 (4th ed. 1987)

LEWY v. REMINGTON ARMS CO., INC., 836 F.2d 1104 (8th Cir. 1988)