EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

THOMAS A. HELPER  5676
Room 6-100, PJKK Federal Bldg.
Assistant U.S. Attorney
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Federal Defendant

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 12 2008

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG LEK |
| | ) | |
| Plaintiff, | ) | STIPULATED JOINT JURY |
| | ) | INSTRUCTIONS |
| vs. | ) | |
| | ) | Date: March 11, 2008 |
| MICHAEL CHERTOFF, Secretary, | ) | Time: 9:00 a.m. |
| DEPARTMENT OF HOMELAND | ) | Judge: Helen Gillmor |
| SECURITY, | ) | |
| Defendant. | ) | |

## STIPULATED JOINT JURY INSTRUCTIONS

The undersigned parties hereby stipulate to the following court's general jury instructions:

Instruction No. 1;

Instruction No. 2B (modified to change "corporation" to "government and its employees");

Instruction No. 3;

Instruction No. 4;

Instruction No. 5;

Instruction No. 6;

    Instruction No. 7;

    Instruction No. 9;

    Instruction No. 10;

    Instruction No. 11;

    Instruction No. 13;

    Instruction No. 14;

    Instruction No. 16 (modified to change "corporation" to "government agency");

    Instruction No. 17B;

    Instruction No. 20; and

    Instruction No. 22.

  The parties further stipulate to the following joint specific jury instructions:

    Instruction No. 1 (attached); and

    Instruction No. 2 (attached).

  DATED: Honolulu, Hawaii, March _____, 2008.

           EDWARD H. KUBO, JR.
           United States Attorney
           District of Hawaii

_____   By _____
DAPHNE E. BARBEE       THOMAS A. HELPER
Attorney for Plaintiff     Assistant U.S. Attorney

           Attorneys for Federal
            Defendant

JOINT SPECIFIC JURY INSTRUCTION NO. 1

You have heard evidence that the defendant's treatment of the plaintiff was motivated by the plaintiff's status and also by other lawful reasons. If you find that the plaintiff's prior EEO complaint or race was a motivating factor in the defendant's treatment of the plaintiff, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason. However, if you find that the defendant's treatment of the plaintiff was motivated by both plaintiff's prior EEO complaint or race and lawful reasons, you mst decide whether the plaintiff is entitled to damages. The plaintiff is entitled to damages unless the defendant proves by a preponderance of the evidence that the defendant would have treated plaintiff similarly even if plaintiff's race had played no role in the employment decision.

See Desert Palace, Inc. v. Costa, 539 U.S. 90, 97 (2003).

<u>JOINT SPECIFIC JURY INSTRUCTION NO. 2</u>
Compensatory Damages - Non Pecuniary

In you find that the plaintiff has proven by a preponderance of the evidence that defendant illegally discriminated against him or retaliated against him for opposing the illegal discrimination, you must consider whether he is entitled to compensatory damages.

The plaintiff has claimed that, because of the defendant's illegal discrimination, he suffered emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. Compensatory damages are intended to make a victim whole for such injuries. If you find that the plaintiff has proven this by a preponderance of the evidence, you must award him compensatory damages for those injuries.

No evidence of the monetary value of such pain and suffering has been, or needs to be, introduced into evidence. No exact standard exists for fixing the compensation to be awarded for these injuries. The monetary damages that you award must be reasonable and fair compensation.

When considering the monetary amount of compensatory damages to which a victim is entitled, you should consider the nature, character, and seriousness of any emotional pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that he felt. You must also consider its extent and duration, as any award you make must cover the damages endured by

the victim since the wrongdoing to the present time, and even into the future if you find as fact that the proofs presented justify the conclusion that the victim's emotional stress and its consequences have continued to the present time or can reasonably be expected to continue in the future.

Adapted from Bello, Desmarais, Harrison, <u>Model Jury Instructions, Employment Litigation</u> § 1.07[3] (1994); Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> §§ 104.05, 104.06, 104A.11 (4th Ed. 1987 & Supp. 1995); 42 U.S.C. § 1981a and b.