# ORIGINAL

EDWARD H. KUBO, JR.   2499
United States Attorney
District of Hawaii

THOMAS A. HELPER      5676
Room 6-100, PJKK Federal Bldg.
Assistant U.S. Attorney
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov
Attorneys for Defendant

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 12 2008

at __ o'clock and __ min. __ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE, | CIVIL NO. 04-00671 HG LEK |
| Plaintiff, | DEFENDANT'S PROPOSED SUPPLEMENTAL INSTRUCTIONS; CERTIFICATE OF SERVICE |
| v. | |
| MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY, | Date:   March 12, 2008 Time:   9:00 a.m. Honorable Helen Gillmor |
| Defendant. | |

DEFENDANT'S PROPOSED SUPPLEMENTAL INSTRUCTIONS

        Comes now Defendant, by and through its undersigned

counsel, and hereby submits its Proposed Supplemental Instruction

Nos. 1, 2, and 19.

        Dated:  March 12, 2008, at Honolulu, Hawaii.

                        EDWARD H. KUBO, JR.
                        United States Attorney
                        District of Hawaii

                        By _____
                          THOMAS A. HELPER
                          Assistant U.S. Attorney
                        Attorneys for Defendant

DEFENDANT'S PROPOSED SUPPLEMENTAL INSTRUCTION NO. 1

As to the plaintiff's claim that his race or prior EEO complaint was a motivating factor for the defendant's decision to not to promote him, the plaintiff has the burden of proving, by a preponderance of the evidence, that the plaintiff's race or prior EEO complaint was a motivating factor in the defendant's decision not to promote the plaintiff.

If plaintiff has failed to prove this claim, your verdict should be for the defendant.  If plaintiff has proved this claim, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason.  The plaintiff is entitled to monetary damages if you find that the defendants decision was motivated both by race and/or retaliation and a lawful reason, unless the defendant proves by a preponderance of the evidence that the defendant would have made the same decision even if the plaintiffs race and prior EEO activity had played no role in the employment decision.[1]

_____

[1]  From 9th Circuit Model Civil Instruction 10.1(C) and 10.3.

DEFENDANT'S PROPOSED SUPPLEMENTAL INSTRUCTION NO. 2

Business Judgment

Your duty is not to decide whether the defendant's business judgment was sound. An employer is entitled to decline to promote or to give an adverse performance evaluation to an employee for any reason that is not unlawfully retaliatory or discriminatory. As long as the employer had a legitimate, non-discriminatory reason for taking action affecting an employee, the employer has not violated the law. You must bear in mind that an employer is entitled to make its own subjective business judgments, however misguided they may appear to you, and may overlook one employee in favor of another, select one person over the another, reassign, demote, or discharge an employee for any reason that is not illegally retaliatory or discriminatory. The relevant question is simply whether the employer's stated reasons were not true and whether the actions taken were actually intended to retaliate against the plaintiff for prior EEO activity. The fact that you may disapprove of the defendant's stated reasons in this regard is irrelevant.[2]

---

[2] This instruction is derived from Casillas v. Navy, 735 F.2d 338 (9th Cir. 1984); Texas Dept. Of Cmty. Affairs v. Burdine, 450 U.S. 248, 259 (1981); Loeb v. Textron, Inc., 600 F.2d 1003, n. 6 (1st Cir. 1979).

<u>DEFENDANT'S PROPOSED SUPPLEMENTAL INSTRUCTION NO. 3</u>

<u>Damages</u>

In calculating damages, you must not attempt to calculate an amount of back pay or future pay lost.  If you find for the plaintiff, this court will determine the appropriate amount of back pay and future pay to compensate the plaintiff. Likewise, you may not consider the cost to the Plaintiff of hiring an attorney and the costs associated with pursuing this litigation.  Those amounts, if any, are determined by the Court and may not be included in your damage award.[3]

Of course, the fact that I have given you instructions concerning the issue of plaintiff's damages should not be interpreted in any way as an indication that I believe the plaintiff should, or should not, prevail, in this case.[4]

_____

[3]  42 U.S.C. §§ 1981a(b), 2000e-5(g) and (k).

[4]  United States District Helen Gillmor's General Federal Jury Instructions in Civil Case on the website for the United States District Court for the District of Hawaii, Instruction No. 21.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG LEK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL CHERTOFF, Secretary, | ) | |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF:

Daphne E. Barbee                March 12, 2008
desekmet@aloha.net

DATED: March 12, 2008, at Honolulu, Hawaii.

_Coleen Sasaka-Rhoda_