EDWARD H. KUBO, JR.   2499
United States Attorney
District of Hawaii

THOMAS A. HELPER   5676
Room 6-100, PJKK Federal Bldg.
Assistant U.S. Attorney
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Federal Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL CHERTOFF, Secretary,<br>DEPARTMENT OF HOMELAND<br>SECURITY,<br>　　　　Defendant. | CIVIL NO. 04-00671 HG LEK<br><br>SECOND STIPULATED JOINT JURY<br>INSTRUCTIONS; CERTIFICATE OF<br>SERVICE<br><br><br>Trial: March 11, 2008<br> Time: 9:00 a.m.<br>Judge: Helen Gillmor |

SECOND STIPULATED JOINT JURY INSTRUCTIONS

　　　This stipulation supercedes the stipulation filed on March 12, 2008, which can now be disregarded.  Plaintiff will submit a new set of proposed supplemental instructions.  Defendant's March 12, 2008 submission of proposed supplemental jury instructions remains operative.

　　　The undersigned parties hereby stipulate to the following court's general jury instructions:

　　　　　　Instruction No. 1;

   Instruction No. 2B (modified to change

    "corporation" to "government and its employees");

   Instruction No. 3;

   Instruction No. 4;

   Instruction No. 5;

   Instruction No. 6;

   Instruction No. 7;

   Instruction No. 9;

   Instruction No. 10;

   Instruction No. 11;

   Instruction No. 13;

   Instruction No. 14;

   Instruction No. 16 (modified to change "corporation" to

    "government agency");

   Instruction No. 17B;

   Instruction No. 20; and

   Instruction No. 22.

   The parties further stipulate to the following joint specific jury instructions 1 through 4, (attached).

   DATED: Honolulu, Hawaii, March 13, 2008.

```
                                EDWARD H. KUBO, JR.
                                United States Attorney
                                District of Hawaii
/s/ Daphne E. Barbee                /s/ Thomas A. Helper
_____  By _____
DAPHNE E. BARBEE                    THOMAS A. HELPER
Attorney for Plaintiff              Assistant U.S. Attorney
                                    Attorneys for Defendant
```

## JOINT SPECIFIC JURY INSTRUCTION NO. 1

As to the plaintiff's claim that his race was a motivating factor for the defendant's decision to not promote him, the plaintiff has the burden of proving the plaintiff's race was a motivating factor in the defendant's decision to not promote the plaintiff.  If you find that the plaintiff has failed to this, your verdict should be for the defendant.  If the plaintiff has proved this, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason.  If, however, the defendant proves by a preponderance of the evidence that the defendant would have made the same decision even if the plaintiff's race had played no role in the employment decision, your verdict should be for the defendant.

JOINT SPECIFIC JURY INSTRUCTION NO. 2

The plaintiff seeks damages against the defendant for retaliation.  The plaintiff has the burden of proving that his filing of an EEO complaint in June 2003 was a motivating factor in the decision not to promote him in August 2003.  If you find that the plaintiff has failed to prove this, your verdict should be for the defendant.  If the plaintiff has proved this, the plaintiff is entitled to your verdict, unless the defendant has proved by a preponderance of the evidence that it would have made the same decision even if the plaintiff's participation in a protected activity had played no role in the employment decision.  In that event, the defendant is entitled to your verdict, even if the plaintiff has met his burden of proof.

JOINT SPECIFIC JURY INSTRUCTION NO. 3

You have heard evidence that the defendant's treatment of the plaintiff was motivated by the plaintiff's status and also by other lawful reasons.  If you find that the plaintiff's prior EEO complaint or race was a motivating factor in the defendant's treatment of the plaintiff, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason.  However, if you find that the defendant's treatment of the plaintiff was motivated by both plaintiff's prior EEO complaint or race and lawful reasons, you mst decide whether the plaintiff is entitled to damages.  The plaintiff is entitled to damages unless the defendant proves by a preponderance of the evidence that the defendant would have treated plaintiff similarly even if plaintiff's race had played no role in the employment decision.

See Desert Palace, Inc. v. Costa, 539 U.S. 90, 97 (2003).

JOINT SPECIFIC JURY INSTRUCTION NO. 4
Compensatory Damages - Non Pecuniary

In you find that the plaintiff has proven by a preponderance of the evidence that defendant illegally discriminated against him or retaliated against him for opposing the illegal discrimination, you must consider whether he is entitled to compensatory damages.

The plaintiff has claimed that, because of the defendant's illegal discrimination, he suffered emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. Compensatory damages are intended to make a victim whole for such injuries.  If you find that the plaintiff has proven this by a preponderance of the evidence, you must award him compensatory damages for those injuries.

No evidence of the monetary value of such pain and suffering has been, or needs to be, introduced into evidence.  No exact standard exists for fixing the compensation to be awarded for these injuries.  The monetary damages that you award must be reasonable and fair compensation.

When considering the monetary amount of compensatory damages to which a victim is entitled, you should consider the nature, character, and seriousness of any emotional pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that he felt.  You must also consider its extent and duration, as any

award you make must cover the damages endured by the victim since the wrongdoing to the present time, and even into the future if you find as fact that the proofs presented justify the conclusion that the victim's emotional stress and its consequences have continued to the present time or can reasonably be expected to continue in the future.

Adapted from Bello, Desmarais, Harrison, <u>Model Jury Instructions, Employment Litigation</u> § 1.07[3] (1994); Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> §§ 104.05, 104.06, 104A.11 (4th Ed. 1987 & Supp. 1995); 42 U.S.C. § 1981a and b.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG LEK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| 5. | ) | |
| | ) | |
| MICHAEL CHERTOFF, Secretary, | ) | |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF:

Daphne E. Barbee            March 13, 2008
desekmet@aloha.net

DATED: March 13, 2008, at Honolulu, Hawaii.

/s/ Coleen Tasaka-Shoda
_____