IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE | ) | CR NO. 04-00671 HG LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL CHERTOFF, Secretary, | ) | |
| Department of Homeland | ) | |
| Security | ) | |
| | ) | |
| Defendants. | ) | |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 18 2008

at 10 o'clock and 07 min a M.
SUE BEITIA, CLERK

## JURY INSTRUCTIONS

The Court's jury instructions in the numerical order as read to the jury are attached hereto.

DATED: March 17, 2008, Honolulu, Hawaii.

HELEN GILLMOR,
Chief United States District Judge

INSTRUCTION NO. 1

Members of the Jury:

You have now heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties. It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in this case.

In any jury trial there are, in effect, two judges. I am one of the judges, the other is the jury. It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

INSTRUCTION NO. 2

You, as jurors, are the judges of the facts. But in determining what actually happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now in the process of defining for you.

You must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

In deciding the facts of this case you must not be swayed by sympathy, bias or prejudice as to any party. This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. The law is no respecter of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of justice. The government and its employees are entitled to the same fair trial at your hands as is a private individual.

INSTRUCTION NO. 3

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

INSTRUCTION NO. 4

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered and the exhibit cannot be received.

Whenever I sustain an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection. You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

INSTRUCTION NO. 5

During the course of a trial I may have occasionally made comments to the lawyers, or asked questions of a witness, or admonished a witness concerning the manner in which he should respond to the questions of counsel. Do not assume from anything I have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

INSTRUCTION NO. 6

In this case, the parties have agreed, or stipulated, as to certain facts. This means that they both agree that these facts are true. You should therefore treat these facts as having been conclusively proved.

INSTRUCTION NO. 7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 8

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the testimony. In weighing the testimony of a witness you should consider the witness' (1) relationship to the plaintiff or to the defendant, (2) interest, if any, in the outcome of the case, (3) manner of testifying, (4) opportunity to observe or acquire knowledge concerning the facts about which the witness testified, and (5) candor, fairness, and intelligence. You should also consider the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

COURT'S INSTRUCTION NO. 9

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that, at some other time, the witness said or did something that is inconsistent with the witness' present testimony or failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

INSTRUCTION NO. 10

A witness may also be discredited or impeached by evidence that the general reputation of the witness for truth and veracity is bad in the community where the witness now resides, or has recently resided.

INSTRUCTION NO. 11

When a government agency is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of a government agency may bind the government agency by acts and declarations made while acting within the scope of the authority delegated to him or her by the government agency, or within the scope of the agent's or employee's duties to the government agency.

INSTRUCTION NO. 12

In a civil action such as this, each party asserting a claim, as hereafter described, has the burden of proving every essential element of his claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

Where more than one claim is involved, as in this case, you should consider each claim, and the evidence pertaining to it, separately, as you would had each claim been tried before you separately; but in determining any fact in issue, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

If a preponderance of the evidence does not support each essential element of a claim, then the jury should find against the party having the burden of proof as to that claim.

INSTRUCTION NO. 13

Plaintiff Ware has brought a claim of employment discrimination based on race and a claim of retaliation based on plaintiff's protected activity of making an Equal Employment Opportunity (EEO) complaint in June 2003 against Defendant Department of Homeland Security, Transportation Security Administration (TSA).

The plaintiff claims that his race and/or his protected activity of making an EEO complaint in June 2003 was a motivating factor for the defendant's decision not to promote him to a screening manager position in August 2003. The defendant denies that the plaintiff's race and/or his protected activity of making an EEO complaint in June 2003 was a motivating factor for the defendant's decision not to promote him.

INSTRUCTION NO. 14

Defendant Department of Homeland Security, Transportation Security Administration (TSA) did not promote Plaintiff Ware to a screening manager position in August 2003. Plaintiff alleges that his race and his protected activity of making an Equal Employment Opportunity (EEO) complaint in June 2003 were motivating factors for TSA's decision not to promote him in August 2003. Plaintiff Ware has the burden of proving, by a preponderance of the evidence, that either plaintiff's race or his protected activity of making an EEO complaint, or both, were motiving factor(s) in defendant's decision not to promote plaintiff.

If you find that plaintiff has failed to prove that plaintiff's race and/or his protected activity of making an EEO complaint was a motivating factor in defendant's decision not to promote plaintiff, your verdict should be for defendant. If the plaintiff has proved this, the plaintiff is entitled to your verdict, unless the defendant has proved by a preponderance of the evidence that it would have made the same decision even if the plaintiff's race and/or EEO complaint had played no role in the decision not to promote him. In that event, the defendant is entitled to your verdict, even if plaintiff has met his burden of proof.

INSTRUCTION NO. 15

If you find that the plaintiff has proven by a preponderance of the evidence that defendant illegally discriminated against him or retaliated against him for opposing the illegal discrimination, you must consider whether he is entitled to compensatory damages.

The plaintiff has claimed that, because of the defendant's illegal discrimination, he suffered emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. Compensatory damages are intended to make a victim whole for such injuries. If you find that the plaintiff has proven this by a preponderance of the evidence, you must award him compensatory damages for those injuries.

No evidence of the monetary value of such pain and suffering has been, or needs to be, introduced into evidence. No exact standard exists for fixing the compensation to be awarded for these injuries. The monetary damages that you award must be reasonable and fair compensation.

When considering the monetary amount of compensatory damages to which a victim is entitled, you should consider the nature, character, and seriousness of any emotional pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that he felt. You must also consider its extent and duration, as any award you make must cover the damages endured by the victim since the wrongdoing to the present time, and even into the future if you find as fact that the proofs presented justify the conclusion that

the victim's emotional stress and its consequences have continued to the present time or can reasonably be expected to continue in the future.

INSTRUCTION NO. 16

In calculating damages, you must not attempt to calculate an amount of back pay or future pay lost. If you find for the plaintiff, this court will determine the appropriate amount of backpay and future pay to compensate the plaintiff. Those amounts, if any, are determined by the Court and shall not be included in your damage award.

Of course, the fact that I have given you instructions concerning the issue of plaintiff's damages should not be interpreted in any way as an indication that I believe the plaintiff should, or should not, prevail, in this case.

INSTRUCTION NO. 17

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

INSTRUCTION NO. 18

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. A verdict form has been prepared for your convenience.

(Explain verdict)

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson. The foreperson will then contact the Courtroom Manager via the telephone located in the hallway outside the jury room. The Courtroom Manager will pick up the note and bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.