IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE, ) | CIVIL NO. 04-00671 HG/LEK |
| ) | |
| Plaintiff, ) | **DECLARATION OF COUNSEL;** |
| ) | **EXHIBITS 1, 2, and 3** |
| vs. ) | |
| ) | |
| MICHAEL CHERTOFF, Secretary, ) | |
| Department of Homeland Security; ) | |
| JOHN DOES 2-5, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DECLARATION OF COUNSEL

I, Daphne E. Barbee, declare under penalty of perjury as follows:

1.     Declarant is the attorney of record for Plaintiff Raymond E. Ware in the above-entitled matter and has been the attorney since September 2003, after plaintiff found out that he was not selected as a Screening Manager at TSA Honolulu.

2.     Declarant has a BA from the University of Wisconsin-Madison (1975) and a Juris Doctor Degree from the University of Washington Law School in Seattle, Washington (1979). A copy of my resume is attached as Exhibit 1.

3.     Declarant was first employed by the City of Seattle for the Office of Women's Rights, which later merged into the Office of Human Rights in 1979 as

my first job post law school, gaining knowledge and experience with civil rights laws and enforcement of civil rights for plaintiffs.

4. Declarant worked for State of Hawaii Public Defenders Office from 1981 up until 1984 gaining litigation experience with over 30 jury trials.

5. From 1984 up and through 1998 declarant worked as private solo practitioner specializing in civil rights matters and litigation.

6. Declarant was one of the first commissioners of the newly created Hawaii State Civil Rights Commission in 1989, appointed by Governor Waihe'e. While on the HCRC, I heard and issued numerous decisions concerning civil rights. One of the cases is reported as <u>Sam Teague v. Hawaii Civil Rights Commission</u>, 89 Haw. 269 (1999).

7. Declarant became the first trial attorney for the U.S. Equal Employment Opportunity Commission (EEOC) Honolulu Office in 1998 until 2001 litigating civil rights matters for the federal government. I litigated several class action cases in Saipan, Guam and Hawaii. See Exhibit 1 (Resume).

8. Declarant has a license in Hawaii State Bar, is licensed in the Ninth Circuit Court of Appeals, the Seventh Circuit Court of Appeals, and licensed to practice before the US Supreme Court.

9. Declarant also is a member of the Washington State Bar (inactive).

10. Since 1984 declarant has practiced law in a solo capacity. Declarant has settled a number of civil rights cases and litigated civil rights cases.

11. In most civil rights cases, because the plaintiffs have been fired and do not have much income, declarant takes the case on a contingency fee rate.

12. Plaintiff's case was taken on a contingency rate of 33⅓% attorney's fees prior to commencement of trial and 40% contingency rate of any recovery in the event the case went to trial.

13. The instant case included a long procedural process which included administrative complaint with the EEO office, investigation with the EEO TSA Department of Homeland Security, researching and filing a federal complaint, Initial Disclosures, Discovery, pretrial motions, preparation for trial, trial, and post trial motions. Work on this case lasted four and a half years.

14. Cases against Department of Homeland Security (TSA) for race/ retaliation discrimination are undesirable and very few cases have resulted in liability.

15. Plaintiff has no relationship with declarant that would act to reduce compensation for legal services. The total number of hours incurred in this case is reasonable in light of the amount of discovery, legal research and memoranda, trial, and post trial motions.

16. Declarant has reviewed and approved the time and charges set forth in the itemization of work performed and the time spent and expenses incurred were reasonable and necessary under the circumstances. See Exhibit 2.

17. My time records reflect the actual expended time in litigation of plaintiff's claim between the dates of September 2003 to present as expended by the Law Office of Daphne E. Barbee. Included therein is a description of each service performed by myself. I expended a total of 369.45 hours in preparation of plaintiff's claims and case. None of my expended time as reflected in Exhibit 2 could have been effectively accomplished by a non-lawyer. The complex issues of plaintiff's claim and the gravity of plaintiff's loss dictated my direct involvement in all aspects of the case.

18. Plaintiff's Title VII civil rights case involved complex and difficult issues justifying appropriate compensation for counsel for accepting the challenge posed by this case.

19. Federal civil rights employment discrimination cases require a higher degree of preparation and skill to litigate than other cases. Race discrimination and retaliation claims such as plaintiff's are difficult to litigate successfully especially against a federal agency, and are very unpopular with attorneys. The high level of skill required to properly litigate plaintiff's case justifies the hourly rate submitted

by plaintiff. As shown by Exhibit 2, I spent over 369.45 hours on this case over a period of approximately four and a half years. The tremendous time and effort required of me in this matter necessarily precluded other employment. Specifically, I received referrals of employment law matters on a regular basis as well as other types of cases including divorce, adoptions, criminal defense, and appeals. Because of my commitment to plaintiff I had to turn away several prospective clients and cases and referred them to other attorneys to pursue their legal claims. This resulted in a loss of income to myself.

20.   In determining the total hours incurred in this case I have exercised billing judgment and have not billed for appealing Magistrate Judge's decision regarding SSI information, matters pertaining to Lockheed Martin, including a deposition, reviewing discovery and subpoena duces tecum for records from Lockheed Martin.

21.   Employment defense firms such as Goodsill Anderson Quinn & Stifel, Marr Jones Hipp, and Torkildson Katz, who usually defend employment discrimination cases and whom I previously posed frequent charge for $350 to $515 dollars an hour for more senior trial counsel on an hourly basis, plus additional fees of junior attorneys and paralegals to employers they defend. See Exhibit B, attached to Declaration of Michael Nauyokas.

22. On the other hand, plaintiff civil rights attorneys are not paid hourly basis by plaintiffs who are often without work and can barely afford legal counsel.

23. Declarant had to pay overhead for rent, supplies, copying documents, secretarial service, and legal messenger and research service all from her own business account, in order to properly prepare this case.

24. I have incurred costs totaling $1,651.06 from September 2003 up to present. See <u>Exhibit 3</u>.

25. Declarant requests that attorneys fees in the amount of $129,307.50 plus 4.7GE Tax, $6,077.45 for a total of $135,384.95 be granted along with costs of $1,651.06.

26. Pursuant to Local Rule 54.3, Declarant has spoken with AUSA Thomas Helper in an attempt to settle this matter and he does not agree to the requested attorney fee amount, but does not oppose the costs amount.

FURTHER DECLARANT SAYETH NAUGHT.

DATED: Honolulu, Hawaii   4-7-08

DAPHNE E. BARBEE
Attorney for Plaintiff