IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE, ) | CIVIL NO. 04-00671 HG/LEK |
| ) | |
| Plaintiff, ) | PLAINTIFF'S MEMORANDUM IN |
| ) | SUPPORT OF MOTION FOR |
| vs. ) | ATTORNEY'S FEES AND RELATED |
| ) | NON-TAXABLE EXPENSES |
| MICHAEL CHERTOFF, Secretary, ) | |
| Department of Homeland Security; ) | |
| JOHN DOES 2-5, ) | |
| ) | |
| Defendants. ) | |
| ) | |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION
FOR ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES

TO THE HONORABLE COURT:

Raymond Ware ("Plaintiff"), Plaintiff in the above-captioned matter, files his Memorandum in Support of Motion for Attorneys' Fees and Related Non-Taxable Expenses, pursuant to LR 54.3(d) and in support thereof shows the following:

I. NATURE OF THE CASE

This is a case of racial discrimination and retaliation against the defendant Department of Homeland Security. The Plaintiff was an African American TSA

Screening Supervisor who applied for three vacant Screening Manager positions. Defendant did not promote plaintiff even though he was qualified. No African Americans were promoted as Screening Managers at TSA Honolulu from 2002 to 2003. Plaintiff filed an EEO complaint against TSA Honolulu in June and August 2003. Defendant did not promote plaintiff August 29, 2003 and selected other non-African American screeners, and did not follow Human Resource policy on promotions.

## II.   THE CLAIM AS TO WHICH THE MOVING PARTY PREVAILED

### 1.   Race and/or Retaliation Discrimination for Non Promotion

On March 20, 2008, the jury found that defendant discriminated against Plaintiff by not promoting him to Screening Manager in August 2003. Plaintiff was the prevailing party.

## III.   THE APPLICABLE AUTHORITY ENTITLING THE MOVING PARTY TO THE REQUESTED AWARD

Title VII of the Civil Rights Act of 1964, as amended, provides that the prevailing party may be awarded reasonable attorneys' fees within the discretion of the Court. 42 U.S.C. § 2000e-5(k).

### A.   Plaintiff Is Entitled To Attorney Fees.

Entitlement to attorneys' fees is expressly provided by Title VII of the Civil

Rights Act of 1964, 42 U.S.C. Section 2000e-5(k). Plaintiff is, therefore, entitled to reasonable attorneys' fees and costs.

Fee awards are calculated using the twelve factors set forth in the 5th Circuit's seminal opinion in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), and adopted by the 9th Circuit in Kerr v. Screen Extras Guild, 526 F.2d 67 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976). These factors are:

(1) the time and labor required,
(2) the novelty and difficulty of the questions involved,
(3) the skill requisite to perform the legal service properly,
(4) the preclusion of other employment by the attorney due to acceptance of the case,
(5) the customary fee,
(6) whether the fee is fixed or contingent,
(7) time limitations imposed by the client or the circumstances,
(8) the amount involved and the results obtained,
(9) the experience, reputation, and ability of the attorneys,
(10) the "undesirability" of the case,
(11) the nature and length of the professional relationship with the client, and
(12) awards in similar cases.

Kerr, 526 F. 2d at 70.

The most widely accepted framework for establishing the amount of a recoverable fee under an applicable civil rights fee statute was first set forth by the Third Circuit in Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp., 487 F.2d 161 (3d Cir. 1979). Under Lindy, the number of hours reasonably worked is multiplied by the reasonable hourly rate to arrive at a base

hourly recovery, or the "lodestar of the court's fee determination." Id. at 168.

The most important factor in calculating appropriate recovery of attorneys' fees in civil rights cases is the determination of the "lodestar" figure. Abrams v. Baylor College of Medicine, 805 F.2d 528, 535 (5th Cir. 1986). To determine a reasonable fee, the district court considers the twelve factors enumerated in Johnson v. Georgia Highway Express, 488 F.2d 714 (5th Cir. 1974), in a three-step process:

(1)   Ascertain the nature and extent of the services supplied by the attorney;

(2)   Value the services according to the customary fee and quality of the legal work; and

(3)   Adjust the compensation on the basis of the other Johnson factors that may be of significance in the particular case. Alberti v. Kelvenhagen, 896 F.2d 927 (5th Cir. 1990) (citing Leroy v. City of Houston, 831 F.2d 576, 583, n. 11 (5th Cir. 1987), cert. denied, 486 U.S. 1008, 108 S.Ct. 1735 (1988)).

(1)   The Time and Labor Required.

The Declaration of Daphne E. Barbee ("Attorney Barbee") , Plaintiff's counsel, and her time records (Exhibit 2) reflects Attorney Barbee's actual expended time in the litigation of Plaintiff's claims between the dates of

September 2003 to the present as expended by the law office of Daphne E. Barbee. Included therein is a description of each service performed by Attorney Barbee. Attorney Barbee expended a total of 369.45 hours in the preparation of Plaintiff's claims and case. As stated in the Declaration of Daphne E. Barbee, none of Attorney Barbee's expended time, as reflected in Exhibit 2, could have been effectively accomplished by a non-lawyer. The complex issues of Plaintiff's claims and the gravity of Plaintiff's loss dictated her direct involvement in all aspects of the case (Exhibit 2, Declaration of Attorney Barbee).

 (2) The Novelty and Difficulty of the Questions.

Plaintiff's Title VII claim involved many complex and difficult issues, justifying appropriate compensation to counsel for accepting the challenge. There were very few precedential cases against Department of Homeland Security, a newly created agency. Furthermore, the case required analysis of complicated proof schemes, particularly in light of the developing evidential matters case law as the Motion in Limine established. See Declaration of Attorney Barbee at paragraph 5.

 (3) The Skill Requisite to Perform the Legal Service Properly.

Federal civil rights employment discrimination claims require a higher degree of preparation and skill to litigate than other cases. Race and retaliation

discrimination claims, such as Plaintiff's, are difficult to litigate successfully, and are unpopular with attorneys. Moreover, as stated in the paragraph (2) above, Plaintiff's case involved particularly complex and difficult issues. The high level of skill required to properly litigate Plaintiffs' case aids in justifying hourly rates submitted by Plaintiff. (Exhibit 2, Declaration of Daphne E. Barbee at paragraph 6).

(4)    The Preclusion of Other Employment by the Attorney Due to Acceptance of the Case.

As shown by Exhibit 2, Plaintiff's attorney expended over 369.45 hours on this case over a period of over four years (September 2003 to March 2008). The tremendous time and effort required of counsel in this matter necessarily precluded other employment. Specifically, Plaintiff's counsel receives many referrals of employment law matters on a regular basis. Because of her commitment to Plaintiff, she was often unable to commit the time to interview prospective clients, accept their cases, and pursue their legal claims. (Exhibit 2, Declaration of Daphne E. Barbee). Plaintiff turned down cases and referred potential clients to other attorneys.

(6)    Whether Fee is Fixed or Contingent.

Although not decisive, the existence of a contingency arrangement is

helpful in demonstrating the attorney's fees expectations when the attorney accepted the case. Johnson, supra, 488 F.2d 718. In this case, Plaintiff's case was taken on a contingency rate of *33-1/3%* prior to commencement of trial and *40%* contingency rate of any recovery if the case went to trial (Declaration of Attorney Barbee at paragraph 12).

(7) Time Limitations Imposed by the Client or the Circumstances.

The long procedural process of this case, including administrative activity, initial disclosures, discovery, motions to compel, the motion for summary judgment, preparation for trial, trial, and post-trial motions caused Plaintiff's counsel to place a priority on bringing this case to a rapid resolution due to the difficulty of litigating claims such as these. Additionally, Plaintiff's counsel was moved to speed this case because of the overall impact upon Plaintiff, as a result of his discriminatory treatment. The placing of this priority on Plaintiff's claim has therefore imposed delays upon Plaintiff's counsel's other work, resulting in loss of compensation. The loss of compensation as detailed above will partially be satisfied by Plaintiff's reasonable request to bill out her counsel's expended hours at the rate of $350 per hour. (Exhibit 2, Declaration of Daphne E. Barbee at paragraph 19).

(9) The Experience, Reputation, and Ability of the Attorney.

Plaintiff's counsel, Daphne E. Barbee, was admitted to the Hawaii State Bar in 1981 and has specialized in the areas of Employment and Labor Law. Attorney Barbee has engaged in the practice of this area of law for approximately twenty-four years, with a certain measure of success. Declaration of Daphne E. Barbee. Exhibit 1, Resume. Attorney Barbee has a reputation with other attorneys in the community for possessing the highest degree of experience and skill in litigating plaintiff's civil rights employment discrimination cases. See Declaration of Michael Nauyokas at paragraph 4, 5; Declaration of Ronald Albu at paragraph 4, 5.

(10)   The "Undesirability" of the Case.

Although the acceptance of Plaintiff's case has not resulted in any negative backlash against Plaintiff's counsel from the community like that envisioned by the Johnson court, the undesirability of the case has resulted in detrimental economic impact in those ways described in Paragraphs (4) and (7) above. Further, cases against Department of Homeland Security, a newly created federal agency, are undesirable. There have been very few federal cases brought against TSA, Department of Homeland Security. Declaration of Daphne E. Barbee at paragraph 14;

(11)   The Nature and Length of the Professional Relationship with the

Client.

Plaintiff has no relationship with his counsel that would act to reduce compensation for legal services (Declaration of Daphne E. Barbee at paragraph 15).

The customary fee for like work prevailing in the attorney's community is $350-$515 per hour for Daphne E. Barbee. Declaration of Daphne E. Barbee, Attachment 1. Declarations of Nauyokas, Exhibit B, Declaration of Albu, Exhibit B, attest that the requested rates are reasonable and at or below the prevailing market rates.

In light of the foregoing factors, a reasonable rate of $350 per hour is justified for the 369.45 hours expended by Plaintiff's counsel, Daphne E. Barbee, all in the preparation and assistance in the litigation of Plaintiff's claim.

The lodestar, in this case, is calculated in accordance with the overwhelming weight of authority by using Plaintiff's counsel's current 2008 hourly rates. See, e.g., White v. City of Richmond, 559 F. Supp. 127, 132 (N.D. Cal.), aff'd, 713 F.2d 458 (9th Cir. 1986); Davis v. City and County of San Francisco, 976 F. 2d at 1548 (9th Cir. )(current rates supported by "wealth of precedent"); Norman v. Housing Authority, 836 F. 2d 1292, 1302 (11th Cir. 1988)("the court should . . . award compensation at current rates rather than

historic rates"). These "lodestar" of fees and costs for the case is as follows:

| Attorney | Hourly Rate | Hours | Total |
|---|---|---|---|
| Daphne E. Barbee | $350.00 | 369.45 | $129,307.50 |

| | |
|---|---|
| 4.7% Hawaii General Excise Tax | $6,077.45 |
| TOTAL ATTORNEYS' FEES & EXCISE TAX: | $135,384.95 |
| Costs | $1630.68 |
| Total Attorneys' Fees and Costs | $137,015.63 |

The total number of hours incurred in this case is reasonable in light of the administrative process, legal research, discovery, briefing, trial and completion.

B.  There Is No Artificial Ceiling On Fees.

There is no artificial ceiling on the amount of attorneys' fees that are recoverable as the amount of monetary recovery poses no limitation on the amount of reasonable fees. Allen v. Iranon, Hawaii State Dep't of Public Safety, CV-97-00175-ACK, aff'd, 283 F. 3d 1070 (9th Cir. 2002) (Ninth Circuit affirmed Judge Kay's award of $111,000 in damages and over $495,317.56 in fees); Riverside v. Rivera, 477 U.S. 561 (1986)($33,350 in damages and $245,456.00 in fees), aff'd 763 F. 2d 1580 (9th Cir. 1985); Grant v. Martinez, 973 F. 2d 96 (2d Cir. 1992)($60,000 in damages and more than $500,000.00 in fees); Wilcox v. Reno,

42 F. 3d 550 (9th Cir. 1994)($1 in nominal damages plus a change in defendant's unconstitutional policy supported a fee award of $66,535); Mangold v. California Public Utilities Commission, 67 F.3d 1470 (9th Cir. 1995)($151,920 and $164,052 in damages and $724,380 in attorneys' fees); see also Bonnette v. California Health and Welfare Agency, 704 F. 2d 1465 (9th Cir. 1983)(FLSA); Kabatoff v. Safeco Insurance Co., 627 F. 2d 207 (9th Cir. 1980)(state law); Russell v. Price, 612 F. 2d 1123 (9th Cir. 1979)(Copyright Act), cert. denied, 446 U.S. 952 (1980).

Services rendered unsuccessfully at a trial are compensable where plaintiff ultimately prevails after a successful appeal. NAACP, Western Region v. Richmond, 743 F. 2d 1346 (9th Cir. 1984). Stated otherwise: "A plaintiff who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage." Cabrales v. Los Angeles, 935 F. 2d 1050, 1053 (9th Cir. 1991), quoted with approval in Romberg v. Nichols, 970 F. 2d 512, 524 (9th Cir. 1992).

C.   There Is No Legal Basis To Deny A Full Award.

The issue of awards of attorney's fees for work on non-prevailing claims was addressed by the U.S. Supreme Court in Hensley v. Eckerhardt, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). In Hensley, the Court held that where a party prevails on only some of the claims, he or she may be awarded attorney's

fees for unsuccessful claims if they are "related" to the successful claims (i. e., the claims arose out of a common core of facts and involved related legal theories). In the instant case, all claims are related and derive from a common core of facts. Hence, all legal services performed on this case are, no doubt, compensable. Odima v. Westin Tucson Hotel, 53 F. 3d 1484 (9th Cir. 1995)(since plaintiff's unsuccessful tort claims were factually related to the employment discrimination claims on which plaintiff prevailed, full fees were properly awarded); Morales v. City of San Rafael, 96 F. 3d 359 (9th Cir. 1996)(reduction of fees was improper as the damage award, although small, constituted a warning to law enforcement officers not to treat civilians unconstitutionally); Coder v. Gates, 947 F. 2d 374 (9th Cir. 1991)(trial court erred in adjusting fee downward by twenty percent, although plaintiff had prevailed against only three of the original fifty defendants: reduction had been based on clearly erroneous reasoning relating to plaintiff's rejection of pretrial settlement offer); Gates v. Deukmejian, 977 F. 2d 1300, modif., 987 F. 2d 1392 (9th Cir. 1992)(vacating trial court's findings regarding partial success for failing to distinguish that inquiry from prevailing party inquiry; explaining that Hensley's results obtained factor is normally subsumed within other factors used to calculate reasonable fee); Schwartz v. Secretary of Health & Human Services, 73 F. 3d 895 (9th Cir. 1995)(claim is "unsuccessful" under Hensley once dismissed

by plaintiff or court, regardless of whether dismissal would have been upheld on appeal, and regardless of whether dismissal was based on legal or factual inadequacy).

In this case plaintiff omitted billing on matters involving Lockheed Martin and appeal of discovery orders.

Finally, It is well settled that attorney's fees and costs for work on the fee motion (or "fees on fees") are compensable. See White v. City of Richmond, supra. These "fees on fees" can be substantial. See Bockman v. Lucky Stores, Inc., 42 FEP Cases (BNA) 935 (awarding $70,636 for work performed on the fees motion).

IV.   DESCRIPTION OF THE WORK PERFORMED

See time entries attached hereto as Exhibit 2.

V.   THE ATTORNEY'S CUSTOMARY FEE FOR LIKE WORK

The customary fee for like work is $350 per hour for Daphne E. Barbee. See Declaration of Daphne E. Barbee. The hourly rates are reasonable for employment discrimination cases. Indeed, they are lower than the $515.00 per hour sought be defense firms. See Exhibit B, Declaration of Michael Nauyokas.

In Bauer v. Sampson, 261 F.3d 775 (9th Cir. 2001) Ninth Circuit trial court approved attorneys fees in the amount of $375.00 per hour in a civil rights case.

The $350.00 per hour sought in the instant case is lower than approved in Bauer, supra.

VI. THE CUSTOMARY FEE FOR LIKE WORK PREVAILING IN THE ATTORNEY'S COMMUNITY

The customary fee for like work prevailing in the attorney's community is $350 per hour for Daphne E. Barbee. Declaration of Daphne E. Barbee, Exhibit 2; Declarations Michael Nauyokas, Exhibit B, and Ronald Albu, Exhibit B, attest that the requested rates are reasonable and at or below the prevailing market rates.

VII. CONCLUSION

Plaintiff requests that this Court grant attorneys fees for Daphne E. Barbee in the amount of $135,384.90 and costs in the amount of $1,651.06.

DATED: Honolulu, Hawaii   4-7-08

DAPHNE E. BARBEE
Attorney for Plaintiff

MICHAEL F. NAUYOKAS, ESQ.

Among the numerous organizations he has served as a lecturer are: the U.S. Department of Labor, the EEOC, the Office of Federal Contract Compliance Programs (OFCCP), the Society for Professionals in Dispute Resolution (now ACR), National Employment Lawyers Association (NELA), the American Arbitration Association, the Society for Human Resource Management and the Hawaii Employers Council.

Mr. Nauyokas' experience covers private and public sector disputes in many fields. He has authored voluminous and numerous nationally published arbitration decisions (many of which have been cited by other arbitrators) and is listed as a panelist by nearly every provider of these services in the State of Hawaii. Some examples of the over 450 permanent ADR panels he is specifically named on include: Aloha Airlines/ALPA, Island Air/ALPA, AT&T/Communications Workers of America, American Airlines (pending), U.S.D.C. for the District of Hawaii Mediation Panel, CAAP of the Judicial Circuit Pilot Program, Access Lifts of Hawaii, Inc./Elevator Constructors, U.S. Department of Interior Panel, Local 126, Master Hotel Agreement UNITE HERE, Hilton Hawaiian Village/UNITE HERE, Hotel Hana Maui/UNITE HERE, Sheraton Hotels/UNITE HERE, Hyatt Regency Waikiki/UNITE HERE, Sheraton Maui/UNITE HERE, The Kahala/UNITE HERE (pending), Hilton/UNITE HERE, Hyatt/UNITE HERE, Ilikai/UNITE HERE, Council of Hawaii Hotels/UNITE HERE, Hilton Hotels/UNITE HERE, Ala Moana Hotel/UNITE HERE, Royal Kona Resort/UNITE HERE, Kahala Mandarin/UNITE HERE, Renaissance Ilikai Waikiki/UNITE HERE, Turtle Bay/UNITE HERE, Holiday Inn Waikiki/UNITE HERE, Holiday Inn Airport/UNITE HERE, Honolulu Country Club/UNITE HERE.

U.S. EEOC, AAA (mediation, labor, employment, commercial, large complex commercial disputes, expedited, international & GSA/EEO panels), International Centre For Dispute Resolution (ICDR), Hawaii Labor Relations Board (mediation, arbitration & fact-finding), Aloha Airlines/AFA, United Airlines/AFA, DPR (mediation & arbitration), Honolulu Advertiser/Hawaii Newspaper Guild 39117, Honolulu Advertiser/Hawaii Newspaper Guild 39117(Editorial), Honolulu Star-Bulletin/Hawaii Newspaper Guild 39117, Hawaii Publications, Inc./Hawaii Newspaper Guild 39117 (Editorial), Aloha Airlines/IAM, Honolulu Advertiser/IAM, Honolulu Shipyard, Inc./IAM, Honolulu Advertiser/Honolulu Typographical Union 501-M, Honolulu Advertiser/Graphic Communications 501-M, Honolulu Advertiser/Hawaii Printing and Graphic Communications 413-N, Master Agreement Covering Carpenters in the State of Hawaii, Masons Contractors Association, Tile Contractors Association, Wall & Ceiling Contractors Association, Tileworkers, Master Agreement Covering the Cement Finishing and Masonry Trades, ADR Hawaii (mediation & arbitration), NASD (mediation & arbitration), USPS/APWU (Regular & Expedited Arbitration Panels), USPS/National Postal Mail Handlers Union (Regular Contract & Discipline & Expedited Arbitration), USPS/NALC, USPS/NRLCA, Asbestos Workers, Local 132, and GCLA and BILA Master Agreements.