EDWARD H. KUBO, JR.   2499
United States Attorney
District of Hawaii

THOMAS A. HELPER     5676
Room 6-100, PJKK Federal Bldg.
Assistant U.S. Attorney
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG LEK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN OPPOSITION TO |
| | ) | PLAINTIFF'S MOTION FOR |
| v. | ) | ATTORNEY'S FEES AND RELATED |
| | ) | NON-TAXABLE EXPENSES; |
| MICHAEL CHERTOFF, Secretary, | ) | CERTIFICATE OF SERVICE |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, | ) | |
| | ) | Date:  May 8, 2008 |
| Defendant. | ) | Time:  9:00 a.m. |
| | ) | Judge: Hon. Leslie Kobayashi |
| _____ | ) | |

MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
AND RELATED NON-TAXABLE EXPENSES

     Plaintiff seeks $135,384.95 in attorney's fees and $1651.06

in costs as a result of the jury trial that concluded on

March 20, 2008.  Defendant does not oppose plaintiff's claim for

costs.  However, his attorney's fees claim is significantly

inflated.  The court should sharply reduce the fee award on

number of grounds.  First, plaintiff's claimed hourly rate of

$350 per hour is unreasonable; this court has held that generally $275 is the maximum rate for senior litigation counsel. Plaintiff's counsel's experience does not qualify her for the maximum rate; the court should instead award $200 per hour.  This would reduce plaintiff's total fee claim to $73,890.  Second, the court should not award any fees for many hours spent on unsuccessful claims that are unrelated to the claim n which he prevailed at trial.  Most significantly, plaintiff's unsuccessful claim that he was wrongfully terminated in November 2003 is unrelated to his successful claim that he was wrongfully not promoted in September 2003; the claims involved different decision-makers and different legal theories.  Plaintiff's counsel spent at least 47 hours entirely devoted to the unsuccessful claim, and 194.7 hours which were at least half devoted to the unsuccessful claim.  Subtraction of these hours results in a reduction of plaintiff's claim of $28,870, resulting in a total claim of $45,020 (plus excise tax).

Third, in the alternative to defendant's second argument, even if the successful claims were related to the unsuccessful ones, the court should reduce plaintiff's hours because of his limited success.  Plaintiff prevailed on only one of his initial five claims, and did not obtain any compensatory damages even on that claim.  Paying plaintiff's counsel at the $200 rate and

reducing plaintiff's overall claim by 50% results in an award of $36,945 plus tax.

FACTUAL BACKGROUND

Plaintiff originally brought claims against the Transportation Security Administration (TSA) and against several individual defendants in both their official and individual capacities.  His First Amended Complaint ("Complaint") alleged that TSA and the individual defendants discriminated and/or retaliated against him in five separate decisions (1) not rotating him into screening manager positions between October 2002 and February 2003 (2) not selecting him for a screening manager position in June 2003; (3) not selecting him for a screening manager position in September 2003, (4) terminating his employment in November 2003; and (5) subjecting him to a hostile work environment.

These claims were the subject of significant motions practice.  On September 18, 2006, the court granted defendant's motion to dismiss the individual defendants, and denied the remainder of defendant's dispositive motion without prejudice. Essentially, the court ruled that plaintiff was entitled to further discovery before the court would rule on dispositive motions.

In the ensuing months, the termination claim was the subject of substantial discovery and discovery litigation.  Most

significantly, plaintiff sought to compel TSA to release testing

protocols and related materials, which TSA asserted were covered

by the Sensitive Security Information (SSI) protections of  49

U.S.C. § 114(s)(1)(c).  The magistrate judge found that TSA's

assertion of the SSI protections was appropriate, and denied

plaintiff's motions to compel.  See Orders of May 5, 2006 and May

20, 2006.  Plaintiff unsuccessfully appealed these rulings.  See

Order of September 13, 2006.

    Following resolution of the SSI matters and further

discovery, defendant again moved for summary judgment on all of

plaintiff's claims.  On August 1, 2007, the court dismissed or

granted summary judgment on plaintiff's claims of hostile work

environment, failure to promote to rotating screening manager

between October 2002 and February 2003, and failure to promote to

temporary screening manager in June 2003.  The court denied

summary judgment on plaintiff's claims of discrimination in TSA's

failure to hire him for a permanent screening manager position in

September 2003, and in TSA's termination of him in November 2003.

However, the court extended the motions deadline to allow

defendant to file another dispositive motion if subsequent

discovery should warrant such a motion.  The court's denial of

the motion regarding the termination rested mainly on the

plaintiff's submission of an ambiguous declaration from a TSA

screener named Milagros Drake, which could have been read to

assert that TSA treated plaintiff differently from other

screeners in the testing process.  The court allowed defendant to

take Drake's deposition and to file a third dispositive motion.

Drake's deposition revealed that she had no evidence that

TSA treated plaintiff differently than other employees who took

the recertification test.  Accordingly, on December 20, 2007, the

court granted defendant's third motion for summary judgment,

finding that defendant's decision to terminate plaintiff's

employment in November 2003 was nondiscriminatory.  The court

found that the decision was made because plaintiff failed a

mandatory screening recertification test, administered and graded

by TSA contractors, not by the local TSA supervisors involved in

the nonpromotion decisions.  The court ruled that plaintiff had

failed to show any discriminatory or retaliatory intent in the

termination decision.

Thus the matter went to trial on the single issue of whether

plaintiff's nonpromotion in August 2003 was discriminatory or

retaliatory.  On March 20, 2008, the jury returned a verdict.

Although the jury found that TSA had discriminated against

plaintiff on the basis of his race or prior EEO activity, the

jury declined to award compensatory damages to plaintiff.  As a

result of the finding of liability, however, plaintiff was

entitled to equitable relief to make him whole.  This is because,

if plaintiff had been promoted in September 2003, he would not

have been required to take the recertification test that he
failed in November 2003, resulting in his termination.  Thus TSA
has conceded that plaintiff is entitled to reinstatement.

ARGUMENT

I.   THE LODESTAR METHOD

Use of the "lodestar method" to calculate attorney's fees
under a federal fee-shifting statute is proper.  Staton v. Boeing
Co., 327 F.3d 938, 965 (9th Cir. 2003) (citing Ferland v. Conrad
Credit Corp., 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001)). The
lodestar method requires the court to multiply the number of
hours reasonably expended on the litigation by a reasonable
hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 432 (1983); Van
Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir.
2000).  In calculating the number of hours reasonably expended, a
district court is to exclude hours that are "excessive,
redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434,
103 S.Ct. 1933; Van Gerwen, 214 F.3d at 1045 (citation omitted).
"The district court need only provide a 'concise but clear
explanation of its reasons' for reducing the numbers of hours
included in the fee award." Id. (quoting Hensley, 461 U.S. at
437).

II.  PLAINTIFF'S COUNSEL'S HOURLY FEE IS EXCESSIVE

In determining a reasonable hourly rate, the court considers
the experience, skill, and reputation of the attorney requesting
fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n. 6 (9th Cir.

2002).   The reasonable hourly rate should reflect the prevailing

market rates in the community.   See id.; see also Gates v.

Deukmejian, 987 F.2d 1392, 1405 (9th Cir.1992), as amended on

denial of reh'g, (1993) (noting that the rate awarded should

reflect "the rates of attorneys practicing in the forum

district").

Plaintiff seeks fees of $350 per hour.   A review of the

attorney's fees cases in this district indicates that this is

substantially higher than the reasonable rate in this district.

Typically, the highest rate awarded is $275.   "In general, the

prevailing maximum hourly rate this Court has awarded senior

attorneys in the Hawaii community is $275/hour."   Aloha Airlines,

Inc. v. Mesa Air Group, Inc., CIV 07-00007 DAE-KSC, 2007 WL

2320672, at *5 (D. Hawaii Aug. 10, 2007) (reducing claims of up

to $600 per hour to $275).   A search of all the relevant cases

since 2005[1] indicates only a handful of award greater than $275.

See Kajitani v. Downey Sav. & Loan Ass'n, CIV 07-00398 SOM-LEK,

2008 WL 906851, at *1 (D. Hawaii Apr. 1, 2008) ($280 per hour

without opposition from other party); Ireijo v. Agnew, CIV 07-

00290 JMS LEK, 2007 WL 4190694, at *2 (D. Hawaii Nov. 20, 2007)

(awarding fees totaling about $2800 at a rate of up to $375 per

---

[1]   Undersigned counsel searched the Westlaw "Allfeds"
database for all cases containing the term "lodestar" in this
district.   The search returned 33 cases since the beginning of
2005, of which about 30 contained an analysis of reasonable
attorney's hourly rates.

hour); <u>Synagro Technologies, Inc. v. GMP Hawaii, Inc</u>., CIV 04-00509 SPK-LEK, 2007 WL 851271, at *11 (D. Hawaii Mar. 15, 2007) (awarding $300 per hour to senior name partner in prominent Hawaii law firm; rejecting claim for $450 per hour); <u>Alicia F. v. Dep't of Educ</u>., CIV 06-00268 HG-BMK, 2006 WL 4079884, at *3 (D. Hawaii Dec. 29, 2006) ($285 per hour for "top-notch federal litigation attorney"; rejecting request for $300 per hour); <u>World Triathalon Corp. v. Dunbar</u>, CIV 05-00351 JMS-KSC, 2008 WL 763238, at *9 (D. Hawaii Mar. 19, 2008) (reducing claim for mainland attorney from $375 to $285).

In other cases the court has reduced request for hourly fees to $250 or below.  See <u>Paramount Pictures Corp. v. Carroll</u>, CIV 05-00260 ACK-LEK, 2006 WL 1990815, at *4 (D. Hawaii Jul. 12, 2006) (reducing claim for $208.25 per hour to $130 per hour; <u>Berry v. Hawaiian Express Serv., Inc</u>., CIV 03-00385 SOM-LEK, 2006 WL 4102120, at *13 (D. Hawaii Oct. 25, 2006) (reducing claim of $300 per hour to $250 per hour); <u>Kotoshirodo v. Cart, Inc</u>., CIV 05-00035 DAE-LEK, 2006 WL 2682676, at *6 (D. Hawaii Sep. 18, 2006) (reducing claim of $300 per hour from former Hawaii Attorney General to $250 per hour).

Plaintiff's counsel, although experienced, has not shown entitlement to the maximum rate for senior litigation attorneys. The affidavits she submits from other counsel do not overcome the demonstration above that the maximum reasonable hourly rate is

about $275.  Based on the foregoing, defendant believes that $200

per hour would be a reasonable hourly rate for plaintiff's

counsel.

III.  <u>PLAINTIFF IS NOT ENTITLED TO RECOVER FEES FOR TIME
      SPENT ON UNSUCCESSFUL CLAIMS</u>

After determining the hourly rate, the court must calculate

the number of hours for which payment is appropriate.  This

requires an examination of the claims on which plaintiff

prevailed.  "Where the plaintiff has failed to prevail on a claim

that is distinct in all respects from his successful claims, the

hours spent on the unsuccessful claim should be excluded in

considering the amount of a reasonable fee." <u>Hensley v.

Eckerhart</u>, 461 U.S. 424, 440 (1983).  Unrelated claims are

"distinctly different" and based on different facts and legal

theories, while related claims "involve a common core of facts or

[are] based on related legal theories."  <u>Hensley</u>, 461 U.S. at

434-35, 437 n. 12.  The Ninth Circuit applies a "course of

conduct" benchmark to determine whether claims are related or

unrelated: "the test is whether relief sought on the unsuccessful

claim 'is intended to remedy a course of conduct entirely

distinct and separate from the course of conduct that gave rise

to the injury on which the relief granted is premised.'" <u>Thorne

v. City of El Segundo</u>, 802 F.2d 1131, 1141 (1986) (citation

omitted).

Here, as noted above, plaintiff brought five claims. Three of those claims concerned nonpromotion to screening manager. Although defendant prevailed on summary judgment on two of these claims, these unsuccessful claims are clearly related to plaintiff's successful claim. All three nonpromotion claims involved the same legal theory (nonpromotion), the same decision-makers (Ken Kamahele and Sidney Hayakawa), and the same central issue (whether plaintiff was among the best qualified candidates for screening manager). Plaintiff's unsuccessful hostile work environment claim is not related to the successful nonpromotion claim, since it involved a different legal theory and different facts; however, plaintiff's counsel apparently spent minimal time on this claim.

Plaintiff's unsuccessful termination claim, however, is unrelated to his successful claim, and plaintiff's counsel spent significant time on the claim. As the court found in its December 20, 2007 decision, the termination was required by TSA policy because plaintiff failed a mandatory recertification test administered by TSA contractors. The termination decision came from TSA in Washington, and local officials had no discretion to overturn it. Accordingly, the court should find the termination claim to be unrelated to the nonpromotion claim, and subtract from plaintiff's claims the hours expended on the unsuccessful termination claim.

Plaintiff's counsel's hours itemization (Exhibit 2 to his motion), can be broken down into three categories: hours wholly devoted to the unsuccessful claim, hours devoted to both successful and unsuccessful claims, and hours wholly devoted to the successful claim.  In the first category fall the hours devoted to plaintiff's attempts to compel production of SSI material (since that material was relevant only to the testing failure that led to plaintiff's termination), and the hours devoted to defendant's third motion for summary judgment (which involved only the termination issue).  These hours total at least 47.9.  In the second category fall all the remaining hours prior to the court's ruling on the third motion for summary judgment.  Prior to this ruling, both counsel (estimating conservatively) spent at least 50% of their time in discovery, motions practice and related matters on the termination claim.  These hours total 194.7.  In the third category fall the hours following the third summary judgment ruling on December 30, 2007.  All these hours were devoted to the successful claim.  These hours total 127.75.  Accordingly, plaintiff is entitled to half payment for 194.7 hours and full payment for 127.75 hours.  At $200 per hour, this results in a total payment of $45,020 plus tax.

IV.  THE COURT SHOULD SHARPLY REDUCE THE AWARD TO REFLECT PLAINTIFF'S LIMITED DEGREE OF SUCCESS

Even if the court were to find that all of plaintiff's claims were related to his successful claim, a reduction in fees

11

would be required to reflect plaintiff's limited success.  "If

... a plaintiff has achieved only partial or limited success, the

product of hours reasonably expended on the litigation as a whole

times a reasonable hourly rate may be an excessive amount.  This

will be true even where the plaintiff's claims were interrelated,

non-frivolous, and raised in good faith.... Again, the most

critical factor is the degree of success obtained." Hensley, at

436; see also Lytle v. Carl, 382 F.3d 978, 989 (9th Cir.

2004)(affirming the district court's reduction of the attorney's

fees award by approximately 25% due to limited success; plaintiff

failed to prevail on a majority of her original claims); Harris

v. Marhoefer, 24 F.3d 16, 19 (9th Cir. 1994)(affirming the

district court's reduction of the attorney's fees award by

approximately 50% due to a limited degree of success; plaintiff

sued 5 defendants and obtained a judgment against only one

defendant).

Here, plaintiff originally brought five claims against three

defendants.  He ultimately prevailed on one claim against one

defendant.  Even on that claim he did not receive any

compensatory damages.  If not for the quirk in TSA policy by

which screening managers were not required to test for

recertification (of which the jury was unaware), plaintiff would

not have been entitled to reinstatement, and would have received

in equitable relief only the pay he lost as a result of the

nonpromotion between September 2003 (when the promotion took

effect) and November 2003 (when he was terminated).  Based on

this very limited success, a reduction of 50% in plaintiff's fees

is appropriate.  This would mean an award of $36,945 plus tax at

the $200 per hour rate.

<u>CONCLUSION</u>

For the foregoing reasons, the court should award plaintiff

$1651.06 in costs and between $36,945 and $45,020 in attorney's

fees.

DATED: April 18, 2008, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


/s/ Thomas A. Helper
By _____
   THOMAS A. HELPER
   Assistant U.S. Attorney

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL CHERTOFF, Secretary, | ) | |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing document was served on the following at their last known address:

Served Electronically through CM/ECF:

Daphne Barbee                          April 18, 2008
desekmet@aloha.net

DATED: April 18, 2008, at Honolulu, Hawaii.

/s/ Coleen Tasaka-Shoda

_____