DAPHNE E. BARBEE  2911
Attorney & Counselor at Law
Century Square, Suite 1909
1188 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 533-0275

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG/LEK |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S REPLY** |
| | ) | **MEMORANDUM TO** |
| vs. | ) | **DEFENDANT'S MEMORANDUM** |
| | ) | **IN OPPOSITION TO PLAINTIFF'S** |
| MICHAEL CHERTOFF, Secretary, | ) | **MOTION FOR ATTORNEY'S** |
| Department of Homeland Security; | ) | **FEES AND COSTS; EXHIBIT 4;** |
| JOHN DOES 2-5, | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| Defendants. | ) | Magistrate Judge: Leslie Kobayashi |
| | ) | Hearing Date:   May 8, 2008 |

**PLAINTIFF'S REPLY MEMORANDUM TO
DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Defendant Chertoff opposes Plaintiff's attorneys fees request, filed on April 7, 2008. Plaintiff replies to defendant's opposition as follows

1.   RELATED CLAIMS

Under <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983) the court ruled that "where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." <u>Id</u>. page 436.

In the instant complaint, plaintiff alleged race discrimination and retaliation by defendant (Count 1 and 3) in his amended complaint. Plaintiff voluntarily dismissed individual defendants and the tort claims from his original complaint. Plaintiff's counsel did <u>not</u> include hourly billing for amending the complaint.

Defendant argues that plaintiff's five claims against three defendants were not successful. The record shows plaintiff did not file five claims as defendant asserts. There were only three claims. See <u>Amended Complaint filed 7-26-05 with only two counts against defendant</u>. It should be noted that plaintiff voluntarily dismissed the claims against two of the defendants as individuals, Ken Kamahele and Sidney Hayakawa, and did not bill attorney's fees for the Amended Complaint which dismissed tort claims and individual defendants, or time spent on researching and negotiations with AUSA Helper to dismiss these claims. Plaintiff's counsel also did not charge for hourly time spent on the claim against defendant Lockheed Martin, (Count 2 of amended complaint). Therefore defendant's argument that plaintiff's counsel included unrelated claims in the attorney's fee request is erroneous.

The primary basis for defendant's opposition is the argument that plaintiff billed for working on the SSI discovery issue. Defendant misconstrues plaintiff's billing. As stated in Plaintiff's Request for Attorney's Fees, plaintiff's counsel did <u>not</u> bill for appealing SSI discovery ruling and excluded that portion from the attorney's fees request. Plaintiff billed for discovery matters pertaining to personnel files of persons who obtained the promotion, the management inquiry concerning Ken Kamahele and Sidney Hayakawa, which went to credibility of the witnesses at trial, and obtaining information pertaining to the promotion. Defendant's reason for not promoting plaintiff to screening manager was "he did not know the SOP", and had "poor judgment" and "complaints". Thus plaintiff's counsel needed to review all the personnel files of witnesses who were testifying against plaintiff as well as the individuals who were promoted over plaintiff to prepare for trial. Plaintiff fought to get the personnel files and information pertaining to Ken Kamahele and defendant was ordered to turn them over to plaintiff by Magistrate Judge. A protective order was agreed to. This had nothing to do with the SSI matter.

Plaintiff appealed the SSI discovery matter to Judge Gillmor and Ninth Circuit but did <u>not</u> include enclose any billings pertaining to this appeal.

Although plaintiff's counsel did not charge for SSI appeals, the discovery dispute is related to the claim of race and or retaliation discrimination and under Hensley, compensable. Using the test in Hensley a claim is related if it is a common core of facts or are based on related legal theories. Hensley v. Eckerhart, 461 U.S. 424 (1983). In the instant case, there were only two legal theories against defendant, ie. discrimination on the basis of 1) race and or 2) retaliation. Thus, the SSI cannot be separated as being based upon a different legal theory.

Defendant argues that plaintiff's attorney's fees should be reduced by 50%, but does not explain why or how the 50% was determined. Plaintiff can only speculate that defendant pulled the 50% out of the air. In opposing attorney's fees, defendants did not explicitly explain why a certain percentage reduction was warranted.

Claims are unrelated when they allege "distinctly different claims for relief that are based on different facts and legal theories from the other cause of action in the overall litigation". Entmt Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1230 (9th Cir. 1997), Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). In the instant case plaintiff's claim was discrimination under Title VII. Retaliation and race discrimination were the basis of the complaint. There was no unrelated claim such as FMLA violations alleged in the complaint. Defendant's

argument that plaintiff's attorney's fees were spent on unrelated claims is incorrect and not supported by the files and records in this case.

Defendant's argument that plaintiff counsel's hours can be broken down into hours wholly devoted to unsuccessful claims is inaccurate. All claims were related to discrimination and retaliation in violation of Title VII of the Civil Rights Act.

As previously explained plaintiff's counsel did not bill for the appeal of the SSI discovery, amending the complaint, for work relating to defendant Lockheed Martin, which would total over twenty five hours. The discovery dispute billed in plaintiff's attorney fee request included defendant's refusal to provide the personnel files and other information such as the TSA management inquiry pertinent to the non-promotion and retaliation and discrimination and credibility of the defendant's witnesses Sidney Hayakawa and Ken Kamahele.

Defendant's argument that 194.7 hours were spent on the termination claim is inaccurate. According the defendant's argument, items such as the deposition of Mr. Kamahele, the deposition of Milagros Drake, status conferences with the Court, are all to be reduced by 50% merely because the termination portion of the retaliation and race claim was dismissed by summary judgment in December 2007. The work hours in plaintiff's counsel billings were spent on investigations, EEO interviews and research, preparing the case for trial, meeting with client, meeting

with witnesses, reviewing discovery, filing necessary documents, reviewing protective orders related to personnel matters, preparing deposition, research, investigation, interviews, amongst other work essential for trial. Defendant includes plaintiff's pretrial statement, concise trial statement submitted for trial, and all legal documents which were filed before December 30, 2007.

Defendant argues plaintiff's counsel should not be paid for time spent on a deposition with Milagros Drake. It should be noted that defendant filed the Notice of Deposition for witness Drake. Plaintiff's counsel would be negligent had she not shown up to represent plaintiff's interest in this deposition. The deposition not only included evidence on the recertification test (termination), but also evidence concerning plaintiff's ability to understand the SOPs and his good work habits as a Screening Supervisor at TSA Honolulu (failure to promote claim). Therefore, time spent at this deposition should not be excluded.

2.  HOURLY RATE

Defendant argues that plaintiff's counsel should only receive $200 per hour. This is contrary to prior court rulings and even some of the decisions cited by defendants which give successful attorneys a higher amount than $200 per hour.

In the Ninth Circuit case, Bauer v. Samson, 261 F.3d 775 (9th Cir. 2001) the court deemed $375 per hour as reasonable hourly wage for plaintiff's counsel in a civil rights case.

In Ireijo v. Agnew, 2007 WL 4190694 (D. Hawaii Nov. 20, 2007) the District Court Judge awarded the hourly rate of $375 to the attorney (Mr. Park) and $300/ hour (for Ms. Nicholson), after declarations were submitted establishing the average hourly rate. The $375 per hour rate is above the $350 per hour rate requested by plaintiff's counsel and was awarded for a Motion to Interplead. The case did not involve a jury trial, and 4 ½ years of work, yet $375/hour was awarded to counsel.

In the instant fee request, plaintiff's counsel has provided the court with declarations from Attorney Michael Nauyokas and Ronald Albu, attesting that the hourly rate of $350.00 is the reasonable hourly fee for civil rights cases in the community. See Steel Workers v. Retir. Income, 512 F. 3d 555 (9th Cir. 2008) (Affidavits of other attorneys are evidence of prevailing rate in the community). Furthermore, $350.00 is lower that $375.00 awarded in Ireijo v. Agnew, 2007 WL 4190694 (D. Hawaii Nov. 20, 2007)and Bauer v. Samson, 261 F.3d 775 (9th Cir. 2001).

It should be noted that none of the cases relied upon by defendant in its memorandum are Title VII civil rights cases. Additionally, none of the cases cited by defendant were prosecuted before a jury, and lasting 4 ½ years in duration.

In <u>Kajitani v. Downey Sav. & Loan Ass'n</u>, 2008 WL 906851 (D. Haw. Apr. 1, 2008) the court awarded an attorney $280 per hour to set aside a default judgment. This was not a jury trial. Setting aside a default is not a complex matter, and is granted as a matter of course in most cases.

In <u>Alicia F. v. Department of Education</u>, 2006 WL 4079884 (D. Hawaii Dec. 29, 2006), the court awarded $285 per hour to an attorney who prevailed in an administrative hearing in State Court. The attorney received $285 per hour for a total amount of $34,410.58. There was <u>no</u> jury trial and indeed the federal court matter consisted of briefings, no trial. The court nevertheless awarded the amount of $34,410.58 to the prevailing attorney. In the instant case the trial was not an administrative matter requiring a single briefing, but rather a jury trial which was hotly contested by defendant, which lasted several days. As stated earlier, legal representation began in 2003. Yet defendant requests that plaintiff receive the same amount as in <u>Alicia F.</u>, an administrative hearing held in State proceedings lasting less than a day, as opposed to a federal civil rights jury trial against a federal agency, Department of Homeland Security.

Since 2006 to 2008 when this matter when to trial, the hourly rate for "top notch federal litigation attorneys" has increased, as is demonstrated by the request by attorneys to this Court for hourly rates in up to $600 per hour, according to Exh B, the survey of attorney's fees by Pacific Business News. See Exh B attached in Declarations of Michael Nauyokas and Ronald Albu. Plaintiff's counsel's request for $350 per hour is much less than those requested by other Honolulu attorneys, who charge up to $600 per hour.

Other cases cited by defendant include World Triathalon Corp. v. Dunbar, 2008 WL 763238 (D. Hawaii Mar. 19, 2008) a trademark infringement case in which a preliminary injunction was granted and a stipulated amended judgment was filed in 2007. There was no jury trial. Attorney's fees in the amount of $161,147.05 were awarded in that case. Plaintiff's attorney in the instant case asks for $30,000.00 less (for a contested jury trial) than was awarded in the case with a stipulated judgment.

The Berry v. Hawaii Express Serv., Inc., 2006 WL 4102120 (D. Hawaii Oct. 25, 2006) was a copyright case. The Paramount Pictures Corp. v. Carroll, 2006 WL 1990815 (D. Hawaii Jul. 12, 2006) case was decided on default judgment. The Kotoshirodo v. Cart, Inc., 2006 WL 2682676 (D. Hawaii Sep. 18, 2006) was a

bankruptcy matter involving a claim. These cases did not require jury trial work and expertise in employment discrimination.

Defendant argues plaintiff's counsel is not entitled for the maximum rate for senior litigation attorneys. The maximum rate for senior litigation attorneys is not $350 an hour but $600 an hour, as the exhibits and survey from Pacific Business News establish. Nonetheless, plaintiff's attorney is a senior litigation attorney. She was the senior trial attorney for the EEOC several years ago in 1998 through 2001, and is more senior now in 2008.

In the instant case plaintiff's counsel is a solo practitioner and therefore did not use second chairs and paralegals which would have increased the amount of attorney's fees requested. Each second chair and paralegal could have presented their own hourly rates which would be included in the attorney's fees request, as was done in all of the cases cited by defendant. In this case, defendant was represented by two attorneys at trial, and one paralegal. Defendant therefore benefitted by being opposed by a solo practitioner rather than a large law firm in this fee request.

In sum, the cases cited by defendants are cases which did not entail jury trials and Title VII, civil rights litigation. Most of them involved default judgments, amended judgments, stipulated judgments, all of which do not requiring that same

amount of time and skill as a hotly contested jury trial full Title VII civil rights race/retaliation case. The request of $350 per hour for plaintiff's counsel is reasonable and is within community standards in Hawaii for Title VII discrimination cases and below the hourly amount awarded in other cases in this community. See Nauyokas, Albu, and plaintiff's counsel's Declarations, and Ireijo v. Agnew (awarding $375 per hour).

3.   LIMITED SUCCESS

Defendant argues plaintiff's counsel should not be paid the requested attorney's fee amount, $129,307.50 plus 4.7% GE tax, as there was limited success. Defendant argues since the jury did not award plaintiff compensatory damages that this was a limited success. There is no case law supporting defendant's argument. Indeed, in cases where plaintiffs have received small damages, attorney's fees tend to be much greater than plaintiff's damages. See attached Exh 4 as an example where plaintiff received $30,000 in compensatory damages and the attorney received $1,000,000 in attorney's fees for a airport screener discrimination case in California.

As stated in Aguirre v. Los Angeles Unified School Dist., 461 F.3d 1114, 1121-1122 (9th Cir. 2006):

> "The school district contends that, because Aguirre prevailed on only a fraction of her challenges, her success was de minimus and that, had the district court applied the "degree of success" rather than the "significant issue" test, the attorney fee award would have been substantially lower. I disagree....The monetary value of this relief may be but a portion of all the relief sought in the twenty seven claims, but that does not render this relief de minimus. See Thomas v. City of Tacoma, 410 F.3d 644, 649 (9th Cir. 2005) ("To deny an award of attorney's fees notwithstanding Plaintiff's clear victory on one of his claims for relief is an abuse of discretion; a reasonable fee in this case is not no fee at all.")."

During trial, the jury was informed by the Court's instruction that if they found for plaintiff the Court would decide back pay. This may explain why the jury did not award plaintiff compensatory damages. Nevertheless, all of the jurors unanimously found plaintiff was discriminated against on the basis of retaliation and/or race by defendant.

As a consequence of the jury's findings, back pay will be awarded to plaintiff. The amount of back pay is presently in dispute, however, the amount may be as high as $360,000 or as a low figure $250,000. This is not an insignificant amount or "limited success". In addition to back pay, plaintiff will be reinstated. Reinstatement to a job with pay of $70,000 per year plus 25% COLA plus benefits is not insignificant limited success, nor de minimus. If calculations were to be made on future pay in lieu of reinstatement, the figure for plaintiff's damages would be

over $1,000,000. This is not limited success or de minimus, warranting a low attorney fee award. Therefore plaintiff's counsel should receive the full amount requested as attorney's fees.

Defendant argues it was merely a "quirk in its employment policy" which allowed plaintiff to obtain back pay and reinstatement as a TSA Screening Manager. If it was as simple as a quirk, there would be no need for a trial or attorney. A quirk did not get plaintiff a successful verdict and his job back, plaintiff's counsel did. The attorney fought and advocated for plaintiff's civil rights. Such advocacy cannot be minimized as a "quirk" and must be paid for. But for the discriminatory conduct of defendant, plaintiff would not have had to hire an attorney and fight for 4 ½ years for his civil rights. As stated in Thomas v. City of Tacoma, 410 F. 3d 644,649-649 (9th Cir. 2005), "To require Defendants to pay reasonable attorneys fees relevant to the prosecution of the successful claim does not create a windfall, but fulfills the Congressional purpose (the concern to attract competent counsel to prosecute civil rights cases)." See also Morales v. City of San Rafael, 96 F. 3d 359 (9th Cir. 1996) (Court ruled that attorneys fee should not be reduced even though the damage award was nominal) and other cases cited in plaintiff's memorandum in support of motion for attorneys fees at page 12.

## CONCLUSION

13

Plaintiff requests that his attorney be compensated as requested, as the fee is reasonable and related to successful claims of race discrimination and retaliation under Title VII of the Civil Rights Act. See 42 U.S.C. 2000e.5(k)

DATED: Honolulu, Hawaii     4-26-08

DAPHNE E. BARBEE
Attorney for Plaintiff