EDWARD H. KUBO, JR. 2499
United States Attorney
District of Hawaii

THOMAS A. HELPER 5676
Room 6-100, PJKK Federal Bldg.
Assistant U.S. Attorney
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendant. | CIVIL NO. 04-00671 HG LEK<br><br>DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ADDITUR OF COMPREHENSIVE DAMAGES; CERTIFICATE OF SERVICE |

DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR ADDITUR OF COMPREHENSIVE DAMAGES

Plaintiff seeks an additur of $1.00 or more in nominal damages. Because there is no basis in either Title VII law or the facts of this case for such a motion, the court should deny plaintiff's motion.

The only case plaintiff cites in support of the proposition that additur may be appropriate in a Title VII case in which no damages were awarded is Abner v. Kansas City Southern RR, 513 F.3d 154 (5th Cir. 2008). In that case, however, the court did

not award nominal damages; instead, it upheld an award of punitive damages even though no other damages had been awarded. "[W]e do not require a ceremonial anchor of nominal damages to tie to a punitive damages award." Id. at 165.

There is, however, some authority outside the Title VII context for the proposition that the court may award nominal damages where a violation of law has been found but no damages have been awarded. See Carey v. Piphus, 435 U.S. 247, 266 (1978). "[N]ominal damages ... are the appropriate means of 'vindicating' rights whose deprivation has not caused actual, provable injury." Memphis Community Sch. Dist. v. Stachura, 477 U.S. 299, 308 n.11 (1986) (citing Carey, 435 U.S. at 266). "Carey obligates a court to award nominal damages when a plaintiff establishes the violation of his [constitutional] right ... but cannot prove actual injury." Farrar v. Hobby, 506 U.S. 103, 112 (1992) (citing Carey, 435 U.S. at 266).

At least one court has cited Carey to support a nominal damages award in the Title VII context. Jimenez v. Paw-Paw's Camper City, 2002 WL 257691, *6 (E.D.La., February 22, 2002). Other courts in Title VII cases, however, have found that a jury verdict of liability without damages did not require a court to enter nominal damages award. Kerr-Selgas v. American Airlines, Inc., 69 F.3d 1205, 1215 (1st Cir. 1995); Walker v. Anderson Elec. Connectors, 944 F.2d 841, 844 (11th Cir. 1991), cert.

denied, 506 U.S. 1078 (1993) (Carey does not compel an award of nominal damages for "a violation of purely statutory rights under Title VII").

The court here need not resolve the issue because, even under Carey, the nominal damages issue does not arise unless the plaintiff has proven a violation but not an injury. Here, plaintiff has shown a violation, but he has also shown injury. There is no dispute that he lost his job and substantial pay. Nor is their any dispute that he is entitled to damages and other equitable relief, in the form of back pay and reinstatement. Accordingly, there is no need for nominal damages to vindicate plaintiff's rights.

Moreover, there is no factual basis for additur. Plaintiff testified that he suffered emotional distress as a result of the nonpromotion, but the jury was free to reject that testimony or to decide that any distress did not rise to the level of a compensable injury. Accordingly, the court should deny plaintiff's motion for additur.

DATED: May 28, 2008, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

/s/ Thomas A. Helper
By ______________________________
THOMAS A. HELPER
Assistant U.S. Attorney

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

RAYMOND WARE, Plaintiff,

v.

MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY, Defendant.

CIVIL NO. 04-00671 HG LEK

CERTIFICATE OF SERVICE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing document was served on the following at their last known address:

Served Electronically through CM/ECF:

Daphne Barbee May 28, 2008
desekmet@aloha.net

DATED: May 28, 2008, at Honolulu, Hawaii.

/s/ Coleen Tasaka-Shoda