EDWARD H. KUBO, JR.   2499
United States Attorney
District of Hawaii

THOMAS A. HELPER     5676
Room 6-100, PJKK Federal Bldg.
Assistant U.S. Attorney
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG LEK |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S MEMORANDUM IN |
| | ) | PARTIAL OPPOSITION TO |
| v. | ) | PLAINTIFF'S MOTION TO AMEND |
| | ) | JUDGMENT FILED MARCH 27, 2008 |
| MICHAEL CHERTOFF, Secretary, | ) | TO INCLUDE BACK PAY AND |
| DEPARTMENT OF HOMELAND | ) | REINSTATEMENT OR FUTURE PAY; |
| SECURITY, | ) | DECLARATION OF JONATHAN |
| Defendant. | ) | PEIKEN; EXHIBIT "1"; |
| | ) | CERTIFICATE OF SERVICE |
| | ) | |

DEFENDANT'S MEMORANDUM IN PARTIAL OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND JUDGMENT FILED MARCH 27, 2008
TO INCLUDE BACK PAY AND REINSTATEMENT OR FUTURE PAY

PRELIMINARY STATEMENT

Defendant hereby opposes in part plaintiff's motion for back pay and for reinstatement or front pay.  Defendant opposes only plaintiff's calculation of back pay, and his calculation of the salary he should receive on reinstatement.  Defendant agrees that plaintiff is entitled to reinstatement; as plaintiff recognizes, this renders moot the front pay demand.

Although plaintiff is certainly entitled to back pay, plaintiff's calculations are deeply flawed. Plaintiff calculates gross salary, not the net he would actually have received had he obtained the promotion at issue. Plaintiff also uses inflated base salary and prejudgment interest figures. Finally, plaintiff's calculations fail to include benefits which he would have received had he received the promotion at issue, such as periodic pay raises, sick leave and vacation time accruals, retirement credits, and matching employer payments into the federal Thrift Savings Plan (TSP).

The key starting point is plaintiff's gross salary. As demonstrated in the accompanying declaration of Jonathan Peiken, the appropriate figure for the date plaintiff would have started as a Screening Manager, October 19, 2003, is $56,230 (including the 25% Cost of Living Allowance (COLA) received by Oahu-based federal employees), rising over the years to a present figure of $63,615. The government will provide a spreadsheet that provides a full calculation of Mr. Ware's net take-home pay, accounting for all deductions, and adding pre-judgment interest at the appropriate rate.

The court should enter an order directing the government to pay the net take-home figure to Mr. Ware, to pay all other sums to other sources as if Mr. Ware had been employed continuously by TSA without interruption, and to ensure that Mr. Ware receives

the benefits he would have received had he remained employed. The court should also direct defendant to reinstate plaintiff to a screening manager position at a salary of $63,615.

ARGUMENT

I. LEGAL PRINCIPLES.

Title VII of the Civil Rights Act of 1964 permits courts to grant equitable remedies to employees who have been impermissibly discriminated against by employers with fifteen or more employees. See 42 U.S.C. § 2000e-5(g) (1994). The purpose of Title VII is to make whole persons who suffer injury on account of unlawful employment discrimination. Albemarle Paper Co. v. Moody, 422 U.S. 405, 419 (1975). Courts must "as nearly as possible, "recreate the conditions and relationships that would have been had there been no "unlawful discrimination." International Bhd. of Teamsters v. United States, 431 U.S. 324, 372 (1977) (citations and internal quotation marks omitted). "[D]amages awards under Title VII should not result in a "windfall" or "double recovery" to the plaintiff...." Hill v. England, 2006 WL 1452675, *3 (E.D. Cal., May 25, 2006), quoting Galliher v. Rubin, 969 F.Supp. 1329 (S.D.Ga. 1997).

II. APPLICATION OF PRINCIPLES TO FACTS PRESENT HERE.

A. Reinstatement and Front Pay

Plaintiff is entitled to be reinstated into the position he would have been in had he received the promotion at issue at

trial. Accordingly, defendant agrees that plaintiff should be reinstated; the only issue is the amount of his starting salary. As set forth in the discussion of back pay, below, defendant submits that the appropriate figure is $63,615.

    B.    <u>Calculating Gross Back Pay</u>

Plaintiff takes the highest base salary in the job announcement for the screening manager position, $68,800 per year; adding the 25% COLA, he seeks $86,000 per year. He provides no evidence that he actually would have received this salary had he been promoted effective October 2003.

Instead, as set forth in the attached Declaration of Jonathan Peiken, the appropriate starting figure is $56,230. This figure is obtained by looking at the salaries given to the three screening supervisors who received the promotion sought by plaintiff in 2003. As Peiken explains, TSA employees were placed in different pay bands, depending upon their job title, experience and performance. Each pay band has a range of salaries. As screening supervisors, the three successful applicants and Ware were all in Pay Band G. Upon their promotion, the three successful applicants were promoted to Pay Band H. Two of the successful applicants received the bottom of the range for Pay Band H, $44,000 (a nationwide figure that does not include COLA; with COLA, the salary was $55,000). The third applicant was already recieving a salary higher than the H Band

minimum as a screening supervisor; he received an eight percent raise, to $51,665 ($64,581 with COLA).

Mr. Ware's salary at the time of the promotion decision was below the H Band minimum, so he would arguably have received an increase to the H-Band minimum. Because this calculation would mean that Mr. Ware would receive a smaller percentage raise than the three successful applicants, Peiken instead calculates an eight percent raise. This results in the $56,230 figure (including COLA), a figure higher than two of the three successful applicants.[1]

As set forth in Exhibit 1, Ware also would have received periodic pay raises over the years to the present. Assuming that he performed at a satisfactory level (i.e., not poorly and not outstandingly), he would have received the pay increases set forth in the exhibit. Defendant's calculations incorporate these raises to reach a current gross salary (including COLA) of $63,615.

C. <u>Calculating Deductions</u>

Plaintiff's back calculations do not include any deductions for the inevitable withholdings that would have been deducted from his paycheck had he remained employed. Plaintiff makes no allowance for local, state or federal taxes or for the deductions

---

[1] Alternatively, the average of the three salaries awarded to the successful applicants was $58,193.

for retirement or insurance benefits.  Accepting plaintiff's calculations would result in a windfall to plaintiff of the amounts that would have been deducted.

Instead, to make plaintiff whole, he should receive neither more nor less than what he would have received had he been promoted and remained employed.  He should receive his net pay, after all appropriate deductions for taxes and benefits.  He should also receive the benefits for which he would have paid (or otherwise been entitled to) had he remained employed, including retirement credits, savings plans matching contributions, and sick and annual leave.  Defendant will provide a spreadsheet detailing the appropriate calculations on these issues.

E.   Calculating Prejudgment Interest

28 U.S.C. § 1961 sets forth a rate for calculating post-judgment interest by looking to the "weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System."  The Ninth Circuit has used the same standard for fixing the rate of pre-judgment interest "unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate."  Western Pacific Fisheries, Inc. v. S.S. President Grant, 730 F.2d 1280, 1289 (9th Cir. 1984).  Here, there appears to be no reason to depart from the statutory rate, which can be found at www.moed.uscourts.gov/financial/postjudgmentinterestrate.asp.

Defendant will provide a spreadsheet calculating prejudgment interest through the end of June, 2008.

E.   Mitigation

Defendant accepts plaintiff's assertion of $13,906 in mitigation earnings.

CONCLUSION

For the foregoing reasons, the court should reject plaintiff's calculations of back pay and current salary, and accept the figures proffered by defendant.

DATED: May 28, 2008, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By   /s/ Thomas A. Helper
   THOMAS A. HELPER
   Assistant U.S. Attorney

Attorneys for Defendant

```
              IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF HAWAII

RAYMOND WARE,                    )   CIVIL NO. 04-00671 HG LEK
                                 )
            Plaintiff,           )   CERTIFICATE OF SERVICE
                                 )
     v.                          )
                                 )
MICHAEL CHERTOFF, Secretary,     )
DEPARTMENT OF HOMELAND           )
SECURITY,                        )
                                 )
            Defendant.            )
                                 )
_____)
```

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing document was served on the following at their last known address:

Served Electronically through CM/ECF:

    Daphne Barbee            May 28, 2008
    desekmet@aloha.net

DATED: May 28, 2008, at Honolulu, Hawaii.

                                                                    /s/ Coleen Tasaka-Shoda
                                                                  _____