IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE, | CIVIL NO. 04-00671 HG LEK |
| Plaintiff, | DECLARATION OF JONATHAN PEIKEN |
| v. | |
| MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY, | |
| Defendant. | |

## DECLARATION OF JONATHAN PEIKEN

I, JONATHAN PEIKEN, hereby declare as follows:

1. I am a Human Resources Specialist with the Transportation Security Administration (TSA) Office of Human Capital. I make this declaration from my personal knowledge and from information available to me in my official capacity.

2. As of October 18, 2003, Raymond Ware's base salary as a Supervisory Transportation Security Screener was $41,652. In addition to his base salary, Mr. Ware also received a 25% Cost of Living Allowance (COLA). Thus his total gross salary was $52,065.

3. If Mr. Ware had been promoted to Screening Manager on October 19, 2003, in accordance with TSA practice, he would have received a salary increase of up to 8% so that his base salary would become no more than $44,984, or a total gross salary of $56,230 with the COLA.

4.  With the assumption that Mr. Ware would have received performance evaluations rating him as having "achieve standards," (as opposed to fails to meet standards or exceeds standards), his salary increases and bonuses would have progressed as follows:

| Date | Percentage Increase | Base | Total Salary with COLA |
|---|---|---|---|
| 1/11/04 | 3.2% pay increase | $46,424 | $58,030 |
| 1/9/05 | 3% pay increase | $47,817 | $59,771 |
| 1/8/06 | 2.1% pay increase | $48,821 | $61,026 |
| 3/19/06 | $488 Bonus | | |
| 1/7/07 | 1.7% pay increase | $49,651 | $62,064 |
| 1/7/07 | $500 Bonus | | |
| 1/6/08 | 2.5% pay increase | $50,892 | $63,615 |
| 1/20/08 | $1,000 Bonus | | |

5.  Using the above salary progression, my office has produced a Retro Pay Calculation Summary that is being attached as Exhibit 1. This Summary sets forth Mr. Ware's Gross Pay from pay period 21 of 2003 through pay period 11 of 2008. The Gross pay is broken down by year, and shows that Mr. Ware would have earned $271,492 had he been promoted effective October 19, 2003 to a Screening Manager position. This figure does not reflect the necessary and optional withholdings that would be made to a back pay award, and it does not reflect his earnings made during that time, which would further mitigate the back pay award. Such withholdings would include withholdings for federal, state, and

2

local tax; Thrift Savings Plan; Retirement; Federal Employee Group Life Insurance, and the Federal Employee Health Benefit Plan. My Office will produce a document reflecting Mr. Ware's net pay, accounting for all of the deductions that were in place at the time of his removal. This document will be finished no later than June 6, 2008.

6. Although, not reflected in the salary calculation, for the period of time covered by the Summary, Mr. Ware will also be credited with the years of service for retirement purposes. Additionally, subject to and pursuant to TSA policy, Mr. Ware will also be credited with the annual and sick leave that he would have earned. I have reviewed the Standard Form 50s of three individuals selected for the Screening Manager positions at issue in this lawsuit. Upon their promotion to Screening Manger, the salary for Leonard Ventura and Charles DuBoyce was increased to the minimum of pay band H, which is $44,400. Mr. Abrante's salary was already above the minimum of pay band H prior to the promotion, so he received a salary increase of 8%. At the time of the promotion, Mr. Ware's salary was below the minimum of the pay band H, thus he could have received a 5.6% salary increase to the minimum of the H-band, which is $44,400. However, in calculating the salary progression set forth above, we calculated the promotion using an 8% salary increase, which is what Mr. Abrante received.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on MAY 28, 2008, at Aldie, VA.

_____
JONATHAN PEIKEN

4