**ORIGINAL**

DAPHNE E. BARBEE   2911
Attorney & Counselor at Law
Century Square, Suite 1909
1188 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 533-0275

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUN 03 2008
at __ o'clock and __ min. __ M.
SUE BEITIA, CLERK

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND WARE,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL CHERTOFF, Secretary, Department of Homeland Security; JOHN DOES 2-5,<br><br>    Defendants. | CIVIL NO. 04-00671 HG/LEK<br><br>**REPLY TO DEFENDANT'S MEMORANDUM IN PARTIAL OPPOSITION TO PLAINTIFF'S MOTION TO AMEND JUDGMENT, FILED MARCH 27, 2008, TO INCLUDE BACK PAY AND REINSTATEMENT OR FUTURE PAY; DECLARATION OF COUNSEL; EXHIBITS 1-;6 CERTIFICATE OF SERVICE** |

**REPLY TO DEFENDANT'S MEMORANDUM IN PARTIAL
OPPOSITION TO PLAINTIFF'S MOTION TO AMEND
JUDGMENT, FILED MARCH 27, 2008, TO INCLUDE
BACK PAY AND REINSTATEMENT OR FUTURE PAY**

COMES NOW, Plaintiff RAYMOND WARE, by and through his attorney,

Daphne E. Barbee, and hereby replies to Defendant's Partial Opposition to

Plaintiff's Motion for Back Pay and Reinstatement or Front Pay.

Defendant's calculations are flawed and under value, not Plaintiff's lost income and special damages. Defendant's calculations do not accurately reflect Plaintiff's benefits, medical expenses, interest, nor have there been proper comparisons to Mr. Dubois, Mr. Abrante, and Mr. Ventura's pay as a Screening Manager.

Defendant asserts Plaintiff should be in the H-category. Plaintiff notes that Mr. Dubois in 2005 was in the higher I-category and received a salary of $54,100.00. See Exhibit 2. Yet Defendants request that Plaintiff only receive $47,817.00 in 2005, $6,000.00 less than comparator Mr. Dubois. At the time Plaintiff began working for Defendant he was making more than Mr. Dubois. Plaintiff should therefore have an increase more than Mr. Dubois. Furthermore, Mr. Abrante was given a salary of $51,665.00 in September 2003, for a promotion to Screening Manager. Plaintiff requests the same base salary as Mr. Abrante at $51,665.00. Yet Defendant asserts Plaintiff should only receive $46,424.00 as a base salary, approximately $5,000.00 less than Mr. Abrante. As Plaintiff Mr. Ware and Mr. Abrante were hired at the same time, Plaintiff should receive the same amount as Mr. Abrante for the Screening Manager position.

Mr. Ventura is not a proper comparator as Mr. Ventura made approximately $5,000.00 less pay than Plaintiff upon entering the workforce at TSA Honolulu.

TSA Honolulu.

Plaintiff's pay starting at the base pay of $51,665.00, the same pay as Mr. Abrante, along with the bonus and salary increases results in the following calculations:

| Date | Annual Base Pay | +25% COLA | TOTAL |
|---|---|---|---|
| 9-2003, Promotion to Screening Manager | Two Months Difference between Screening Supervisor and Screening Manager | | $1,273.54 |
| 11-2003 | 51,666.50 (5,381.91 x 2 months = 10,763.83) | 12,916.12 | $64,583.12 |
| 1-11-2004 | 3.2% increase = 53,319.82 (5,554.14 x 12 months = 66,649.77) | 13,329.95 | $66,649.77 |
| 1-9-2005 | 3% increase = 54,919.41 (5,720.77 x 12 months = 68,649.26) | 13,729.85 | $68,649.26 |
| 1-8-2006 | 2.1% increase = 56,072.71 (5,840.90 x 12 months = 70,090.88) | 14,018.17 | $70,090.88 |
| 3-19-2006 | Bonus | | $488.00 |
| 1-7-2007 | 1.7% increase = 57,025.94 (5,940.20 x 12 months = 71,282.42) | 14,256.48 | $71,282.42 |
| 1-7-2007 | Bonus | | $500.00 |
| 1-6-2008 | 2.5% increase = 58,451.58 (6,088.70 x 6 months = 36,532.23) | 14,612.89 | $73,064.47 |

3

Total Base Pay:   $1,273.54
                        $10,763.83
                        $66,649.77
                        $68,649.26
                        $70,090.88
                        $488.00
                        $71,282.42
                        $500.00
                        $36,532.23
                        <u>$1,000.00</u>
                        $327,229.93

The total amount of back pay is $327,229.93 plus $5,064.51 medical expenses equals $332,294.44.

Plaintiff requests prejudgment interest of 10% pursuant to case law <u>Loeffler v. Frank</u>, 487 U.S. 549 (1998). Plaintiff also requests all his medical expenses be paid. The total amount should be added to the back pay award. In addition to the back pay award and interest, all of Plaintiff's benefits should be restored by Department of Homeland Security including comp time, vacation time, sick leave time and retirement.

<u>Deductions</u>. As for mitigation, Plaintiff found work at Honolulu Police Department as a dispatcher until he was terminated for not being able to pronounce Hawaiian street names. A deduction of $13,906.00 is acceptable.

<u>Taxes</u>. Defendant argues Plaintiff back pay award should be deducted by taxes. While taxes are deductible on back pay, COLA is not taxed by the federal

government and Plaintiff should receive the COLA pay without taxes. Medical expenses that Plaintiff paid likewise are reimbursement and not taxable. Plaintiff requests an opportunity to review any tax deductions Defendant proposes to make before agreeing that they are fair and accurate.

Prejudgment Interest. Plaintiff requests prejudgment interest of 10% which is the usual rate in Hawaii cases given the inequities of this particular case. Plaintiff waited from 2003 up until 2008 to receive justice. As Plaintiff prevailed, he should be made whole. Hawaii is one of the most expensive states in the nation. Defendant has provided no interest rate proposal and calculations. Plaintiff therefore requests the 10% interest rate which should be added to his damage award, for a total of $365,523.88.

Reinstatement. Plaintiff is ready to be reinstated to the position of Screening Manager. The rate Plaintiff originally requested was the highest rate, $68,800.00 per year. However Plaintiff is willing to compromise and accept $58,451.58 per year, which is more than $10,000.00 less than his original request of $68,800.00, in an effort to speed the process of his return to work. The $58,451.58 is based upon back pay calculations and bonus at same pay as Jose Abrante, a comparator. Plaintiff requests I-band as one of his comparators, Mr. Dubois received the I-band and was a comparator. Defendant, while acknowledging Plaintiff should be

reinstated, has not agreed to the I-band. In the event Defendant is unwilling to reinstate Plaintiff, front pay will be requested. Plaintiff wants Defendant to ensure there will be no retaliation against him once and if he returns to work.

## CONCLUSION

The total amount Plaintiff requests for back pay is base pay plus COLA ($327,229.93), plus medical expenses ($5,064.51), plus 10% interest ($33,229.44), plus bonuses (to be determined), plus benefits (to be determined), minus the deduction of $13,906.00, for a total amount of $351,617.88. Plaintiff is also entitled to monthly wages he would have earned had Defendant reinstated him at $58,481.58, and continuing up until the date of reinstatement.

DATED: Honolulu, Hawaii, June 3, 2008.

_____
DAPHNE E. BARBEE
Attorney for Plaintiff RAYMOND WARE