DAPHNE E. BARBEE    2911
Attorney & Counselor at Law
Century Square, Suite 1909
1188 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 533-0275

Attorney for Plaintiff

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG/LEK |
| | ) | |
| Plaintiff, | ) | **DECLARATION OF COUNSEL;** |
| | ) | **EXHIBITS 1-6** |
| vs. | ) | |
| | ) | |
| MICHAEL CHERTOFF, Secretary, | ) | |
| Department of Homeland Security; | ) | |
| JOHN DOES 2-5, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### DECLARATION OF COUNSEL

DAPHNE E. BARBEE, declares under penalty of perjury as follows:

1.    Declarant is the attorney of record for Plaintiff Raymond Ware in the above-entitled case.

2.    Exhibit 1 is a document received by Defendant's attorney Tom Helper indicating the pay received by three other persons who were promoted to Screening Manager, Charles Dubois, Jose Abrante, and Leo Ventura in September

2003. This is the position that Plaintiff should have gotten but for Defendant's discriminatory acts. See Exhibit 1.

3.    According to Exhibit 1, Mr. Dubois received a raise to the I-band and as of 2005 received an income adjusted base pay of $54,100.00 per year. See Exhibit 2.

4.    According to Defendant's attorney's back pay calculations as of May 12, 2008, the back pay figure for Plaintiff Ware using the average rate of the three persons who received the position Plaintiff applied for is $310,000.00, not $271,000.00. See Exhibits 1 and 2.

5.    According to the personnel action sheet on Jose Abrante, another person who was promoted over Plaintiff, he received adjusted base pay in the amount of $51,665.00 per year when he was promoted in 2003. See Exhibit 3 attached.

6.    The declaration of Jonathan Peiken attached to Defendant's Memorandum in Opposition to Plaintiff's back pay does not include any of these documents or figures. When discussing the salary of the three individuals who received the promotion to Screening Manager, Mr. Abrante's salary of $ 51,665.00 in September 2003 is significantly omitted.

7.    Plaintiff Ware did have a performance evaluation of 'Exceeds

Standards', and therefore should have higher increases and bonuses than what is reflected in paragraph 4, page 2 of Jonathan Peiken's declaration.

8.    Plaintiff does not have the documents pertaining to the net pay calculations and requests leave to comment on them once Defendant submits them.

9.    Part of special damages includes all benefits, such as retirement, medical insurance, comp time, vacation time, bonuses, and sick leave which accrue with the job. Plaintiff is unable to calculate the exact hours or amounts for these benefits as Plaintiff does not have access to Department of Homeland Security figures. Nonetheless, Plaintiff is entitled to hours lost and to have all of his benefits restored as if he was promoted in August 2003.

10.    As a result of not being promoted due to Defendant's discrimination against him, Plaintiff lost his health insurance. Throughout the time from the date of the discriminatory acts to present, Plaintiff has paid a total amount of $5,064.51 in medical expenses out-of-pocket. A copy of redacted medical bills were provided to Defendant for review. See Exhibit 4 attached. Had Plaintiff not been terminated due to Title VII violations these medical expenses would have been paid by his health insurance. Plaintiff therefore requests that the out-of-pocket medical expenses in the amount of $5,064.51 be included in any special damage award.

11.    Plaintiff is entitled to interest on lost wages and benefits. See <u>Loeffler v. Frank</u>, 487 U.S. 549 (1998). The purpose of interest is to account for inflation and to reflect present day value of the income he should have received in the past. See <u>EEOC v. Joe Stone Crab</u>, 15 F.Supp.2d 1364, 1379 (S.D. Fla. 1998), <u>Hudson v. Chertoff</u>, 484 F.Supp.2d 1275, 1279 (S.D. Fla. 2007). Ten percent interest is fair under the circumstances.

12.    Plaintiff Ware, former police officer, requests that he be given reinstatement and the salary of $58,481.58 at the I-band. This is the same situation as Mr. Dubois, who received $54,500.00 in 2005 when he was placed in the I-band. Plaintiff previously signed a stipulation to return to work at the annual salary of $57,500.00, however Defendant's did not agree and therefore Plaintiff requests $58,700.00. See <u>Exhibit 5</u>.

13.    <u>Exhibit 6</u> is a recalculated amount for back pay based upon the earnings of Jose Abrante, who was hired at the same time as Plaintiff.

FURTHER DECLARANT SAYETH NAUGHT.


DATED:    Honolulu, Hawaii _June 2, 2008_

_____
DAPHNE E. BARBEE
Attorney for Plaintiff


4