# MINUTES

| | |
|---|---|
| CASE NUMBER: | CV 04-00671HG-LEK |
| CASE NAME: | Raymond Ware v. Michael Chertoff in his official capacity as Secretary of the Department of Homeland Security |
| ATTY FOR PLA: | Daphne E. Barbee, Esq.<br>Raymond Ware (present) |
| ATTY FOR DEFT: | Thomas A. Helper, AUSA |

| | | | |
|---|---|---|---|
| JUDGE: | Helen Gillmor | REPORTER: | Gloria Bediamol |
| DATE: | June 20, 2008 | TIME: | 3:30 - 4:20 |

## MINUTE ORDER

**PLAINTIFF'S MOTION FOR DETERMINATION OF BACK PAY, REINSTATEMENT OR FRONT PAY, (Doc. 220), is GRANTED IN PART and DENIED IN PART.**

**Back pay**
The parties do not dispute Plaintiff is entitled to back pay.  The back pay calculation starts from October 19, 2003, the effective date of the promotion (see Exhibits 2 and 3 of Reply to Defendant's Memorandum in Partial Opposition to Plaintiff's Motion to Amend Judgment Filed March 27, 2008, to Include Back Pay and Reinstatement or Future Pay).  The Court sets Plaintiff's starting salary for back pay calculation at $47,000.00 (a figure between Defendant's proposed 8% raise and Plaintiff's proposed 18% raise).  The back pay calculation will be based on the satisfactory performance of an employee in the promotion position.  It is speculative to say Plaintiff would have received an additional competitive promotion.

Plaintiff will also receive the benefits Plaintiff was receiving before his termination, including, vacation, sick, and retirement pay.  Defendant will not deduct medical or life insurance from its back pay calculation.  Defendant agrees to pay Plaintiff $5,314.51 in medical expenses (See Exhibits 6 and 7 of Reply to Defendant's Memorandum in Partial Opposition to Plaintiff's Motion to Amend Judgment, Filed March 27, 2008, to Include Back Pay and Reinstatement or Future Pay).

Defendant will deduct all appropriate taxes from the back pay and the appropriate

state tax on Plaintiff's COLA award.  Parties agree that Plaintiff's mitigation earnings of $13,906.00 should be deducted from the ultimate back pay award.

The Court grants 10% prejudgment interest on the back pay award.

The Court orders Defendant to calculate Plaintiff's back pay award in accordance with the Court's ruling.  Defendant has until on or before **Monday, June 30, 2008** to submit revised calculations of back pay.  Plaintiff has until on or before **Thursday, July 3, 2008**  to object to Defendant's calculations.

### Reinstatement

Front pay is not an issue because Defendant agrees to reinstate Plaintiff.  Defendant must reinstate Plaintiff by the beginning of the last pay period of July 2008.  The back pay calculation will set Plaintiff's reinstatement salary.

**PLAINTIFF'S MOTION FOR ADDITUR OF COMPREHENSIVE DAMAGES, (Doc. 221), is DENIED.**

The Court denies Plaintiff's Motion for Additur of Comprehensive Damage.  Defendant does not dispute that Plaintiff is the prevailing party and does not oppose awarding Plaintiff attorney's fees and costs, although the amount is in dispute.  There is no basis to overturn the jury verdict awarding Plaintiff compensatory damages in the amount of zero.  The jury award in the amount of zero stands.

**On March 27, 2008, Plaintiff filed PLAINTIFF'S MOTION TO AMEND JUDGMENT TO INCLUDE BACK PAY, REINSTATEMENT OR FUTURE PAY, (Doc. 222), is GRANTED IN PART and DENIED IN PART.**

On March 27, 2008, the Court entered Judgment reflecting the jury's verdict, but not a final judgment in favor of Plaintiff from which an appeal may be taken as to the issue of back pay, (Doc. 219).

The Court will enter an amended judgment after receiving the parties' filings as ordered in this Minute Order.

Submitted by Mary Rose Feria, Courtroom Manager