IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND WARE, | ) | CIVIL NO. 04-00671 HG-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL CHERTOFF, Secretary, | ) | |
| Department of Homeland | ) | |
| Security; JOHN DOES 2-5,, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**REPORT OF SPECIAL MASTER ON PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND RELATED NON-TAXABLE COSTS**

Before the Court, pursuant to a designation by Chief United States District Judge Helen Gillmor, is Plaintiff Raymond Ware's ("Plaintiff") Motion for Attorney's Fees and Related Non-Taxable Costs ("Motion"), filed on April 7, 2008. Plaintiff requests an award of $134,652.05 in attorneys' fees and $1,646.86[1] in costs. Defendant Michael Chertoff, Secretary, Department of Homeland Security ("Defendant") filed his memorandum in opposition on April 18, 2008, and Plaintiff filed his reply on April 28, 2008. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"). After reviewing the parties' submissions and the relevant case law, the

_____

[1] Plaintiff requests $1,651.06 in costs, but there appears to be a mathematical error in Plaintiff's itemization of costs.

Court FINDS and RECOMMENDS that Plaintiff's Motion be GRANTED IN PART AND DENIED IN PART.  The Court recommends that the district judge award Plaintiff $96,434.98 in attorneys' fees and $1,646.86 in costs, for a total award of $98,081.84.

## BACKGROUND

Plaintiff filed the instant Title VII action on November 12, 2004.  On July 26, 2005, Plaintiff filed his First Amended Complaint against Defendants Sidney A. Hayakawa, Director of Transportation Security Administration - Honolulu ("TSA - Honolulu"), Ken Kamahele, Deputy Director of TSA - Honolulu, the TSA, Thomas J. Ridge, Secretary of the Department of Homeland Security ("DHS"), and the DHS (collectively "Federal Defendants"), and Defendant Lockheed-Martin (all defendants, collectively "Defendants").[2]

Plaintiff was a Checkpoint Screening Supervisor with TSA - Honolulu from May 2002 until his termination in November 2003.  Plaintiff is an African-American and alleged that the Federal Defendants treated him differently from non-African-Americans.  The Federal Defendants did not assign Plaintiff as a rotating screening manager from October 2002 to February 2003 and did not give him training, while non-African American Screening Supervisors were given those opportunities.  Further, in June and

---

[2] Plaintiff voluntarily dismissed all claims against Lockheed-Martin with prejudice on September 30, 2005.

2

August 2003, Plaintiff applied for promotions to the position of
screening manager.  Both times, the Federal Defendants denied
Plaintiff the promotion and gave the position to a non-African-
American.

On June 23, 2003, Plaintiff contacted a Equal
Employment Opportunities ("EEO") counselor about the alleged
discrimination.  On August 19, 2003, Plaintiff filed an EEO
complaint, alleging that he was not promoted because of his race.
He later amended the complaint to add a retaliation claim.
Plaintiff filed another EEO complaint on September 5, 2003,
alleging that he applied for promotion to screening manager and
was not selected based on his race.

On September 9, 2003, Plaintiff wrote to Mr. Hayakawa
stating that he believed he had not been promoted because of
discrimination and retaliation and asking Mr. Hayakawa to give
him reasons why he was not promoted.  Mr. Hayakawa referred
Plaintiff to Mr. Kamahele.  Plaintiff met with Mr. Kamahele, who
told him that there were complaints in his personnel file.

After his meeting with Mr. Kamahele, Plaintiff was told
the he had to undergo a recertification test.  Plaintiff
completed the test, which he alleged was administered by
Defendant Lockheed-Martin, in October 2003.  Plaintiff did not
pass the test, and was terminated on November 25, 2003.
Plaintiff asked to see his test results, but Defendants refused,

claiming they were privileged.  Plaintiff alleged that he passed
the test and was terminated in retaliation for his discrimination
complaints.  He alleged that non-African-Americans screeners and
screening supervisors were promoted and were not required to
undergo recertification.  Plaintiff also alleged that the Federal
Defendants' actions created a hostile work environment in
violation of Title VII.

Plaintiff alleged claims of racial discrimination and
retaliation and sought: compensatory, special, and punitive
damages; injunctive relief, including his reinstatement and the
modification or elimination of discriminatory policies,
practices, and customs; lost earnings, wages, and benefits; costs
of litigation, including attorneys' fees and costs; and other
appropriate relief.

On June 14, 2006, the Federal Defendants filed a Motion
to Dismiss and for Summary Judgment.  They sought, *inter alia*, to
dismiss Defendants Sidney Hayakawa, Ken Kamahele, the TSA, and
the DHS, and to have Michael Chertoff, DHA Secretary, substituted
as the only defendant because the only proper defendant in a
Title VII is the secretary in charge of the relevant Cabinet
department.  Plaintiff did not oppose this request and the
district judge granted the request on September 18, 2006.  The
district judge denied the remainder of the motion without
prejudice, but stated that the parties could file new dispositive

motions at the close of discovery.

On May 14, 2007, Defendant filed his Second Motion to Dismiss and for Summary Judgment, seeking summary judgment on all of Plaintiff's claims. On August 1, 2007, the district judge granted the motion in part and denied it part. The district judge granted the motion as to Plaintiff's claims for hostile work environment, failure to promote to a rotating screening manager position from October 2002 to February 2003, and failure to promote to a temporary screening manager position in June 2003. The district judge denied the motion as to Plaintiff's discrimination and retaliation claims for failure to hire him for a permanent screening manager position in September 2003 and his claim for unlawful termination in November 2003. The district judge, however, extended the dispositive motions deadline to allow the parties to file new motions if further discovery warranted them.

On September 27, 2007, Defendant filed his Third Motion for Summary Judgment, seeking summary judgment on Plaintiff's claim that his termination was discriminatory or retaliatory. The district judge granted Defendant's Third Motion for Summary Judgment on December 20, 2007, finding that Defendant's decision to terminate Plaintiff's employment based on his failure to pass the recertification test was nondiscriminatory.

The case went to trial on Plaintiff's claim that

Defendant's failure to promote him in August 2003 was either discriminatory or retaliatory.  On March 20, 2008, the jury returned a verdict.  The jury found in favor of Plaintiff, but declined to award compensatory damages.  As a result of the jury's finding of liability, however, Plaintiff is entitled to back pay and reinstatement because, had he been promoted in August 2003, he would not have been required to take the recertification test that he ultimately failed.  On June 20, 2008, the district judge issued a minute order granting in part and denying in part Plaintiff's Motion for Determination of Back Pay, Reinstatement, or Front Pay.  The district judge set Plaintiff's starting salary for back pay calculation at $47,000.00.  Defendant agreed to pay Plaintiff $5,314.51 in medical expenses and Defendant is to deduct the appropriate taxes from the back pay and Plaintiff's cost of living allowance.  The district judge also granted ten percent prejudgment interest on the back pay and the parties agreed that Plaintiff's mitigation earnings should be deducted from the back pay.  The district judge noted that front pay was not an issue because Defendant agreed to reinstate Plaintiff.  Plaintiff's salary upon reinstatement will be based upon the back pay calculation.

        In the instant Motion, Plaintiff argues that he is entitled to reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k) because the jury found that Defendant

discriminated against him by not promoting him to Screening Manager in August 2003. Plaintiff's counsel seeks $350 per hour for a total of 369.45 hours in this case from September 2003 to March 2008. Plaintiff argues that the requested compensation is warranted because: a non-attorney could not have performed any of the tasks counsel performed; the case was complex, in part because of the lack of precedential cases against the DHS; federal employment discrimination cases require more preparation and skill to litigate and are unpopular with attorneys; counsel's work on this case precluded other employment, resulting in a loss of compensation; counsel took this case on a contingency basis; counsel has specialized experience in labor and employment law and "has a reputation with other attorneys in the community for possessing the highest degree of experience and skill in litigating plaintiff's civil rights employment discrimination cases[;]" [Mem. in Supp. of Motion at 8;] the case was undesirable because of the economic impact and because of the lack of cases brought against the DHS and the TSA; and there is no relationship between Plaintiff and counsel to justify reduced compensation.

Plaintiff argues that counsel's requested hourly rate is at or below the customary hourly rate in the community for similar work. Plaintiff also argues that case law supports the use of counsel's 2008 hourly rate for the entire case.

Plaintiff contends that the amount of his recovery does not pose an artificial ceiling on the award of attorneys' fees and that the fee award can far exceed the award of damages. Plaintiff further argues that the Court should not reduce the fee award because he only prevailed on some of his claims. All of counsel's legal services should be compensable because all of Plaintiff's claims are related and were based on the same core of facts. Further, Plaintiff's counsel has already excluded hours spent on matters involving Defendant Lockheed-Martin and on appeals of discovery orders. Finally, Plaintiff notes that attorneys' fees and costs incurred in a motion for attorneys' fees are compensable.

In his memorandum in opposition, Defendant argues that this Court should significantly reduce Plaintiff's request for attorneys' fees. Defendant contends that the $350 requested hourly rate for Plaintiff's counsel is unreasonable because the district court has generally awarded no more than $275 for senior litigation counsel. Defendant argues that a reasonable hourly rate for Plaintiff's counsel would be $200.

Defendant next argues that this Court should not award fees for the claims that Plaintiff did not prevail on and which are unrelated to the claim which Plaintiff did prevail on. Plaintiff brought three claims based on nonpromotion to screening manager. Defendant concedes that these claims are related.

8

[Mem. in Opp. at 10.]  Defendant argues that the hostile work
environment claim is unrelated to the nonpromotion claims because
it involved a different legal theory and different facts.
Defendant, however, notes that Plaintiff's counsel spent "minimal
time on this claim."  [Id.]  Defendant also argues that the
wrongful termination claim is unrelated to the nonpromotion
claims because the termination was required by TSA policy based
on Plaintiff's failure of the recertification test.  A contractor
performed the test and the TSA in Washington made the decision to
terminate.  TSA - Honolulu had no discretion to overturn the
termination decision.  According to Defendant, Plaintiff's
counsel spent at least 47.9 hours on work wholly devoted to the
wrongful termination claim and 194.7 hours on tasks of which half
the work is attributable to the wrongful termination claim.  The
Court should deduct the 47.9 hours and should only allow half of
the 194.7 hours.  Defendant concedes that 127.75 hours were spent
wholly on Plaintiff's successful claim and that those hours are
fully compensable.  At the $200 hourly rate, this formulation
would result in an award of $45,020, plus tax.  [Id. at 11.]

        Even if Plaintiff's unsuccessful claims were related to
his successful claim, the Court should reduce counsel's time to
account for Plaintiff's limited success.  Defendant notes that
Plaintiff initially asserted five claims against three defendants
and only prevailed on one claim against one defendant.  Further,

9

the jury denied Plaintiff compensatory damages on the claim he
did prevail on.  Defendant states:

> If not for the quirk in TSA policy by which
> screening managers were not required to test for
> recertification (of which the jury was unaware),
> plaintiff would not have been entitled to
> reinstatement, and would have received in
> equitable relief only the pay he lost as a result
> of the nonpromotion between September 2003 (when
> the promotion took effect) and November 2003 (when
> he was terminated).

[Id. at 12-13.]  Defendant argues that the Court should reduce
counsel's fees by fifty percent because of Plaintiff's limited
success.  At the $200 hourly rate, this results in an award of
$36,945, plus tax.  [Id. at 13.]

Finally, Defendant states that he does not oppose
Plaintiff's request for costs.  [Id. at 1.]

In his reply, Plaintiff argues that counsel has already
excluded time spent on unrelated claims from the fee request.
Plaintiff states that he voluntarily dismissed the individual
defendants and the tort claims alleged in the original complaint.
Thus, counsel did not include time spent researching these
claims, negotiating with Defendant's counsel regarding these
claims, and amending the Complaint.  Plaintiff emphasizes that
the First Amended Complaint only raised three claims, not five as
Defendant claims.  One of the three claims was against Defendant
Lockheed-Martin and counsel has not requested time spent on that
claim.

10

Plaintiff argues that his only claims against Defendant were for racial discrimination and retaliation.  He contends that these claims are related and the time that counsel spent on them cannot be allocated to successful and unsuccessful claims. Plaintiff argues that Defendant's proposed fifty percent reduction is arbitrary and without foundation.  Further, counsel has already excluded time spent appealing this Court's ruling on the sensitive security information discovery issue to the district judge and to the Ninth Circuit Court of Appeal. Plaintiff argues that the underlying discovery dispute, however, was related to his claims of racial discrimination and retaliation.  Plaintiff specifically argues that he should be awarded attorneys' fees for counsel's appearance at the deposition of Milagros Drake.  Drake's deposition testimony did not only address Plaintiff's recertification test, it also addressed Plaintiff's work habits and performance.  Thus, the deposition was also relevant to the failure to promote claim.

Plaintiff also argues that Defendant's proposed $200 per hour rate is contrary to prior rulings by the Ninth Circuit and this district court.  Plaintiff emphasizes that none of the cases Defendant cited were Title VII civil rights cases. Further, this case lasted four-and-a-half years and eventually proceeded to a jury trial.  Plaintiff argues that the declarations he provided from other attorneys establish that

11

counsel's requested hourly rate is reasonable for civil rights cases in the community.  He asserts that the maximum hourly rate for senior litigation attorneys in the community is $600 per hour and therefore $350 per hour is reasonable for someone with counsel's specialized experience.  Plaintiff also notes that counsel is a sole practitioner and therefore the fees were minimized because counsel did not have a second-chair attorney or other support staff working with her.

Finally, Plaintiff argues that the Court should not reduce the fee award for limited success.  Plaintiff argues that plaintiffs in civil rights cases often receive small damages award and it is common for the fee award to be much larger than the damages award.  Further, Plaintiff's success was not "limited".  Plaintiff notes that, although the amount of back pay is still in dispute, it may be between $250,000 and $360,000.  He will also be reinstated to a job with an annual salary of up to $70,000, plus a twenty-five percent COLA allowance, and benefits. Plaintiff argues that, if these remedies were translated into a damages award, it could have been over $1,000,000.  [Reply at 12-13.]  Plaintiff therefore argues that the Court should award the requested attorneys' fees in full.

<u>**DISCUSSION**</u>

I.   <u>**Compliance with Local Rules**</u>

At the outset, the Court notes that, although Plaintiff

12

provided a chronological account of counsel's work in this case, Plaintiff failed to provide an itemization of counsel's work organized by litigation phase, as required in Local Rule 54.3(d)(1).  This Court does not condone Plaintiff's failure to follow the Local Rules in this regard.  The Court could deny the Motion without prejudice and require Plaintiff to re-file his Motion in a form that complies with the Local Rules, but the Court declines to do so in this case.  Defendant was able to analyze and respond to Plaintiff's request without the categorized summary and the Court is able to determine whether the number of hours spent on this case was reasonable based on the chronological itemization of counsel's work.  The Court, however, cautions counsel that any future requests for attorneys' fees in this and other cases must include an itemization of work performed according to the requirements of Local Rule 54.3(d)(1).

## II.  **Entitlement to Attorneys' Fees**

Plaintiff argues that he is entitled to attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k), which states: "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs . . . ."  Defendant does not contest Plaintiff's entitlement to attorneys' fees; Defendant's opposition focuses on the amount of the award.

The jury found that Plaintiff's nonpromotion in August 2003 was either discriminatory or retaliatory.  This Court therefore finds that Plaintiff is a prevailing party for purposes § 2000e-5(k) and is therefore entitled to an award of attorneys' fees.

## III. <u>Calculation of Award</u>

Under federal law, reasonable attorney's fees are generally based on the traditional "lodestar" calculation set forth in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).  <u>See</u> <u>Fischer v. SJB-P.D., Inc.</u>, 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." <u>Hensley</u>, 461 U.S. at 433.  Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in <u>Kerr v. Screen Extras</u> <u>Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  <u>See</u> <u>Fischer</u>, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit articulated in <u>Kerr</u> are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the

14

> attorneys, (10) the "undesirability" of the case,
> (11) the nature and length of the professional
> relationship with the client, and (12) awards in
> similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been

subsumed in the lodestar calculation.  See Morales v. City of San

Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth

Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567

(1992), held that the sixth factor, whether the fee is fixed or

contingent may not be considered in the lodestar calculation.

See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549

(9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345

(9th Cir. 1993).  Once calculated, the "lodestar" is

presumptively reasonable.  See Pennsylvania v. Delaware Valley

Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see

also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar

figure should only be adjusted in rare and exceptional cases).

Plaintiff requests the following lodestar amount for

work counsel performed in this case:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Daphne E. Barbee | 369.45 | $350 | $129,307.50 |
| | State Excise Tax of 4.7% | | $  6,077.45 |
| | TOTAL REQUESTED LODESTAR | | $135,384.95 |

[Motion, Decl. of Counsel ("Counsel Decl."), Exh. 2.]  Ms. Barbee

graduated from law school in 1979 and began practicing law in

Hawaii in 1981.  [Counsel Decl. at ¶¶ 3-4.] She became one of the

15

first commissioners of the Hawaii State Civil Rights Commission
in 1989 and became the first trial attorney for the Honolulu
office of the Equal Employment Opportunity Commission in 1998.
[Id. at ¶¶ 6-7.]

### A. **Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable,
the Court considers the experience, skill, and reputation of the
attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829,
840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should
reflect the prevailing market rates in the community.  See id.;
see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir.
1992), as amended on denial of reh'g, (1993) (noting that the
rate awarded should reflect "the rates of attorneys practicing in
the forum district").

In addition to their own statements, attorneys are
required to submit additional evidence that the rate charged is
reasonable.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263
(9th Cir. 1987).  Plaintiff submitted declarations from
Michael F. Nauyokas, Esq., and Ronald Albu, Esq., who both
practice labor and employment law, attesting to the fact that Ms.
Barbee's requested hourly rate is at or below the prevailing
market rate in the community for attorneys with similar
experience. [Motion, Decl. of Michael F. Nauyokas in Supp. of
Attorney Fee Motion ("Nauyokas Decl."), Decl. of Ronald Albu in

16

Supp. of Daphne E. Barbee's Attorney Fee Motion ("Albu Decl.").] Both Mr. Nauyokas and Mr. Albu attached tables published by the Pacific Business News summarizing the hourly rates charged by top Hawaii law firms. [Exh. B to Nauyokas Decl. (2002 survey); Exh. B. To Albu Decl. (Edition dated Jan. 21, 2005).]

Defendant, however, argues that Ms. Barbee's requested rate is excessive.  Defendant argues that a reasonable hourly rate for Ms. Barbee is $200 per hour.

Based on this Court's knowledge of the prevailing rates in the community and the submissions in this case, this Court finds that the requested hourly rate of $350 for Ms. Barbee is unreasonable and is inconsistent with this Court's recent decisions.  This Court has considered the factors that Plaintiff cited, including the demands that this case placed on counsel's time due to its duration and the fact that it proceeded to a jury trial, and the undesirability of civil rights actions against the federal government.  Even in light of these considerations, the Court is not convinced that Ms. Barbee is entitled to an hourly rate of $350.  The Court finds that an hourly rate of $280 is reasonable.

  B.  **Hours Reasonably Expended**

Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are

17

reasonably necessary to achieve the results obtained.  <u>See</u> <u>Tirona</u>
<u>v. State Farm Mut. Auto. Ins. Co.</u>, 821 F. Supp. 632, 636 (D. Haw.
1993) (citations omitted).  A court must guard against awarding
fees and costs which are excessive, and must determine which fees
and costs were self-imposed and avoidable.  <u>See</u> <u>Tirona</u>, 821 F.
Supp. at 637 (citing <u>INVST Fin. Group v. Chem-Nuclear Sys.</u>, 815
F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim
fat' from, or otherwise reduce, the number of hours claimed to
have been spent on the case." <u>Soler v. G & U, Inc.</u>, 801 F. Supp.
1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on
work deemed "excessive, redundant, or otherwise unnecessary"
shall not be compensated.  <u>See</u> <u>Gates</u>, 987 F.2d at 1399 (quoting
<u>Hensley</u>, 461 U.S. at 433-34).

        Work that counsel performed solely on Plaintiff's
unsuccessful claims was not necessary to achieve the results
achieved on his successful claim.  Defendant's Third Motion for
Summary Judgment only addressed Plaintiff's wrongful termination
claim, which was ultimately unsuccessful.  The Court will
therefore deduct 30.5 hours from counsel's time for work
associated with the Third Motion for Summary Judgment.[3]  The
Court also notes that Plaintiff's Second Motion to Compel
Discovery, filed March 20, 2006, was devoted almost exclusively

---

        [3] The Court notes that it will not exclude counsel's time
for the Drake deposition because Plaintiff has established that
the deposition was also relevant to his failure to promote claim.

to discovery relating to Plaintiff's recertification test, which was relevant to the unsuccessful wrongful termination claim.  The Court will therefore deduct 10.0 hours from counsel's time for work counsel did on the Second Motion to Compel.

The Court finds that the remainder of counsel's time cannot be discretely divided into time spent on successful and unsuccessful claims.  The Court also finds that the remainder of counsel's time was reasonable for Plaintiff's claims.  The Court now turns to Defendant's argument that the Court should reduce the fee award because of either Plaintiff's unrelated claims or Plaintiff's limited success.

**C.**    **Reduction for Unrelated Claims or Limited Success**

Where a plaintiff achieves only partial or limited success, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." Hensley v. Eckerhart, 461 U.S. 424, 436-37 (1983).  Based on Hensley, the Ninth Circuit has adopted a two-part analysis to address attorneys' fees in cases where the plaintiff prevails on some claims but not others.

> First, the court asks whether the claims upon
> which the plaintiff failed to prevail were related
> to the plaintiff's successful claims.  If
> unrelated, the final fee award may not include
> time expended on the unsuccessful claims.  If the
> unsuccessful and successful claims are related,
> then the court must apply the second part of the
> analysis, in which the court evaluates the
> "significance of the overall relief obtained by
> the plaintiff in relation to the hours reasonably

> expended on the litigation." If the plaintiff
> obtained "excellent results," full compensation
> may be appropriate, but if only "partial or
> limited success" was obtained, full compensation
> may be excessive. Such decisions are within the
> district court's discretion.

Schwarz v. Sec'y of Health & Human Servs., 73 F.3d 895, 901-02

(9th Cir. 1995) (quoting Thorne v. City of El Segundo, 802 F.2d

1131, 1141 (9th Cir. 1986) (quoting Hensley, 461 U.S. at 435, 103

S. Ct. at 1940)).

### 1.    **Related Claims**

Unrelated claims are "distinctly different claims for

relief that are based on different facts and legal theories",

whereas related claims "involve a common core of facts or [are]

based on related legal theories." Hensley, 461 U.S. at 434-35.

In the instant case, Plaintiff alleged that he was discriminated

against because of his race. This discrimination allegedly

manifested itself in the various failures to promote and the

wrongful termination.[4] Plaintiff complained about the

discrimination and he alleges that he was punished with

retaliatory actions.[5] These claims arise from a common core of

---

[4] Defendant Lockheed-Martin, as the administrator of the
recertification test, was allegedly part of the wrongful
termination. Plaintiff dismissed his claims against Defendant
Lockheed-Martin early in the litigation and counsel does not
request fees for work done on Plaintiff's claim against Defendant
Lockheed-Martin.

[5] Plaintiff conceded that his hostile work environment claim
was part of his retaliation claim and clarified that he was not
(continued...)

20

facts and are based upon related legal theories.  This Court therefore finds that Plaintiff's claims are related.

### 2.   Significance of Overall Relief

Plaintiff prevailed on his claim that his nonpromotion in August 2003 was discriminatory or retaliatory.  Although the jury did not award Plaintiff damages, he is entitled to back pay starting from October 19, 2003, and Defendant has agreed to reinstate him.  The district judge has ruled that Plaintiff's base back pay salary is $47,000, with other adjustments and prejudgment interest.  Thus, even though Plaintiff did not prevail on his other claims, the Court finds that his recovery was significant, particularly in light of the fact that the other instances of nonpromotion were based upon rotating and temporary screening positions.  The Court finds that Plaintiff achieved "excellent results" and therefore declines to reduce the fee award for limited success.

### D.   Total Lodestar Award

Based on the foregoing, this Court finds that Plaintiff has established the appropriateness of an award of attorneys' fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|

---

[5](...continued)
pursuing a separate hostile work environment claim.  [Order Granting in Part and Denying in Part Def.'s Second Motion to Dismiss and for Summary Judgment, filed Aug. 1, 2007, at 10.]

```
Daphne E. Barbee      328.95     $280          $92,106.00

          State Excise Tax of 4.7%        $ 4,328.98

          TOTAL LODESTAR AWARD            $96,434.98
```

The Court declines to reduce the award based on the remaining Kerr factors.

## IV.  Costs

A prevailing party in a Title VII is entitled to reasonable costs.  See 42 U.S.C. § 2000e-5(k).  Plaintiff seeks reimbursement of the following costs:

```
Filing Fee and Certified Copies of Complaint   $  204.00
Deposition of Kamahele                         $  399.79
Witness subpoena fees                          $   56.30
Service of Complaint                           $   25.00
Witness Fees                                   $  200.00
Copying Charges ($0.15/page)                   $  684.40
Binders                                        $   54.00
Postage                                        $   23.37
                               TOTAL    $1,646.86
```

[Exh. 3 to Counsel Decl.]

The Court notes that, although Plaintiff provided supporting information for counsel's copying charges, he did not include any supporting documentation for the other costs. Defendant, however, does not oppose Plaintiff's request for costs and the Court finds that these types of costs are typically charged to fee-paying clients.  The Court also notes that counsel's costs appear to be reasonable for this type of case. The Court therefore RECOMMENDS that the district judge GRANT Plaintiff's request for costs in full.

The Court, however, cautions counsel that, if she submits other requests for costs in this or future cases, she must include sufficient supporting documentation for each item. Generally, the Court cannot determine whether costs were reasonable and necessarily incurred in a case without supporting documentation. Future failure to submit supporting documentation may result in the denial of the request for fees.

<u>**CONCLUSION**</u>

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Plaintiff's Motion for Attorney's Fees and Related Non-Taxable Costs, filed on April 7, 2008, be GRANTED IN PART AND DENIED IN PART. The Court recommends that the district judge award Plaintiff $96,434.98 in attorneys' fees and $1,646.86 in costs, for a total award of $98,081.84.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, June 27, 2008.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**RAYMOND WARE V. MICHAEL CHERTOFF, ETC., ET AL; CIVIL NO. 04-00671 HG-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND RELATED NON-TAXABLE COSTS**

23